EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:   (916) 844-2965
Facsimile:    (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
Ronald W. Zdrojeski (*PHV* pending)
ronzdrojeski@eversheds-sutherland.com
1114 6th Avenue, 40th Floor
New York, NY 10036
Telephone:   (212) 389-5000
Facsimile:    (212) 389-5099

SERGENIAN ASHBY LLP
Joseph R, Ashby (SBN 248579)
joseph@sergenianashby.com
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:   (323) 318-7771

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BOOHOO.COM USA INC. a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company , and DOES 1-100, inclusive,<br><br>                    Defendants. | CASE NO. 2:20-cv-03332-GW-JEM<br><br>The Honorable George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT BY DEFENDANT BOOHOO.COM UK LIMITED**<br><br>Hearing Date:     November 2, 2020<br>Hearing Time      8:30 a.m.<br><br>Courtroom:  9D<br>Address:       U.S. Courthouse<br>                      350 W. First Street<br>                      Los Angeles, CA 90012 |

MOTION TO DISMISS AND STRIKE

| | |
|---|---|
| HAYA HILTON, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>PRETTYLITTLETHING.COM USA INC. a Delaware corporation, PRETTYLITTLETHING.COM LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company , and DOES 1-100, inclusive,<br><br>        Defendants. | CASE NO. 2:20-cv-04658-GW-JEM<br><br>The Honorable George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT BY DEFENDANT PRETTYLITTLETHING.COM LIMITED**<br><br>Hearing Date:    November 2, 2020<br>Hearing Time    8:30 a.m.<br><br>Courtroom: 9D<br>Address:    U.S. Courthouse<br>            350 W. First Street<br>            Los Angeles, CA 90012 |
| OLIVIA LEE, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>NASTYGAL.COM USA INC. a Delaware corporation, NASTY GAL LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company , and DOES 1-100, inclusive,<br><br>        Defendants. | CASE NO. 2:20-cv-04659-GW-JEM<br><br>The Honorable George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT BY DEFENDANT NASTY GAL LIMITED**<br><br>Hearing Date:    November 2, 2020<br>Hearing Time    8:30 a.m.<br><br>Courtroom: 9D<br>Address:    U.S. Courthouse<br>            350 W. First Street<br>             Los Angeles, CA 90012 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 2, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Courtroom 9D, U.S. Courthouse, 350 W. First Street, Los Angeles, California 90012, Defendants Boohoo.com UK Limited ("Boohoo UK"), Prettylittlething.com Limited ("PLT UK"), and Nasty Gal Limited ("NG UK") (collectively referred to as the "UK Defendants") will move this Court to dismiss the claims and strike certain allegations in Plaintiffs' Second Amended Class Action Complaint in the *Khan* Action, Case No. 2:20-cv-03332 ("Kahn SAC"), the First Amended Class Action Complaint in the *Hilton* Action, Case No. 2:20-cv-04658 ("Hilton FAC"), and the First Amended Class Action Complaint in the *Lee* Action, Case No. 2:20-cv-04659 ("Lee FAC").

Because the allegations in the three complaints are substantially similar and suffer from the same pleading deficiencies, the UK Defendants have filed identical versions of the present motion in all three cases.  Defendants Boohoo Group PLC ("Boohoo Parent") and Boohoo.com USA Inc. ("Boohoo USA"), Prettylittlething.com USA Inc. ("PLT USA") and Nastygal.com USA Inc. ("NG USA") (Boohoo USA, PLT USA, and NG USA are collectively referred to as the "US Defendants") filed their motion to strike and dismiss on September 4, 2020. **The arguments raised by the UK Defendants in this motion are identical to the arguments raised by Boohoo Parent and the US Defendants in Sections II.A and II.B and Section III of their September 4 motion to strike and dismiss.**

Plaintiffs sued the UK Defendants for the same six counts in all three cases: (1) violation of California's Unfair Competition Law ("UCL"); (2) violation of California's False Advertising Law ("FAL"); (3) violation of California's Consumer Legal Remedies Act ("CLRA"); (4) fraud; (5) fraudulent concealment; and (6) unjust enrichment. Hilton FAC ¶¶ 72-128, Kahn SAC ¶¶ 75-131, Lee FAC ¶¶ 85-

-i-
MOTION TO DISMISS AND STRIKE

141.  Plaintiffs' claims are directed solely to the online advertising on the Boohoo, Pretty Little Thing, and Nasty Gal websites.

Plaintiffs generally allege that these websites advertise "inflated reference or original prices to deceive customers into a false belief that the sale price is a deeply discounted bargain price."  Hilton FAC ¶ 1; *see also* Kahn SAC ¶ 1; Lee FAC ¶ 1. Plaintiffs do *not* allege that Defendants failed to ship the products, that the products received were not as represented, or that Plaintiffs lost any money.

This is not surprising given the prices that Plaintiffs paid for the handful of products they purchased.  Lee bought one pair of shoes for $24.  Lee FAC ¶ 19. Khan bought three polo shirts for $18 each, two polo shirts for $14 each, and seven t-shirts for $6 each.  Khan SAC ¶ 20.  Hilton bought six pairs of pants for between $14 and $22.50 each, and one shirt for $14.  Hilton SAC ¶ 21.  Despite claiming he "fell victim to the deception" of Boohoo's "50% Off Everything" advertising, for example, Khan does not allege that he is out-of-pocket anything, *e.g.*, that his $6 t-shirts were worth less than the rock-bottom price he paid for them.  Khan SAC ¶ 22.

***First***, Court should strike the non-California class allegations.  Plaintiffs plead that the three class representatives are California residents who bought a handful of items on the websites in 2019 or 2020.  Hilton FAC ¶¶ 2, 21; Kahn SAC ¶¶ 2, 20; Lee FAC ¶¶ 2, 19.  Yet Plaintiffs purport to bring six *California* claims on behalf of *every* customer in the *United States*, based on *every* product sold on the website, over the past *four years*.  The non-California class allegations fail as a matter of law because there are no non-California class representatives.  Even assuming there were, such hypothetical foreign plaintiffs would not have the requisite contacts with California to assert California claims, in violation of the presumption against extraterritorial application of California law and due process.

***Second***, the Court should strike the class allegations regarding products that Plaintiffs never purchased.  For example, although she only bought one $24-pair of

MOTION TO DISMISS AND STRIKE

shoes on the NG website, Lee seeks to serve as a class representative for claims covering every product sold on the NG website to every customer in the United States over the past four years.  Hilton bought seven items, and Khan bought twelve items (seven of Khan's items were the same $6 t-shirt).  Plaintiffs do not have standing to assert claims related to products they never purchased and online advertising they never saw or relied upon.

**Third**, the Court should dismiss all claims for failure to state a claim for the reasons described below.

The UK Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(f) and/or 12(b)(6) on the following grounds:

- Dismiss and/or strike all non-California class allegations against the UK Defendants because there are no non-California class representatives, and such hypothetical foreign class representatives would not have the requisite contacts with California to assert California claims.

- Dismiss all claims for lack of standing because Plaintiffs cannot serve as class representatives for products they never purchased and advertising they never saw or relied upon, and Plaintiffs do not plausibly allege that they lost any money or property by virtue of the alleged false advertising.

- Dismiss the CLRA claim because the CLRA notices failed to comply with statutory notice requirements.

- Dismiss all claims for failure to allege the fraud with the particularity required by Fed. R. Civ. P. 9(b).

- Dismiss the fraudulent concealment claim for failure to plausibly allege the elements of such a claim, including a special relationship or duty.

- Dismiss the unjust enrichment claim for failure to plausibly allege the elements of such claim, including the receipt of any benefit.

MOTION TO DISMISS AND STRIKE

This motion is being made following the conference of counsel, pursuant to L.R. 7-3, via telephone on July 15 and August 26, 2020, and via email on July 16 and August 28, 2020.  During the course of two telephonic conferences, the parties met and conferred for over an hour, and Defendants followed up those conversations with two emails describing the arguments raised in the present motion.  The parties were unable to resolve these issues despite their good faith efforts.

This Motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the Declarations of Neil Catto and Ian Shelton attached to the September 4 motion to strike and dismiss; the pleadings and other papers on file in this action; and such argument as may be presented before or at the hearing.

DATED:   September 14, 2020        EVERSHEDS SUTHERLAND (US) LLP


By */s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Defendants

MOTION TO DISMISS AND STRIKE

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

ARGUMENT ................................................................................................................ 1

I.      THE COURT SHOULD STRIKE THE NON-CALIFORNIA CLASS
        ALLEGATIONS ............................................................................................... 1

        A.    Legal Standard ...................................................................................... 1

        B.    The California Class Representatives Cannot Assert Claims on
              Behalf of Non-California Customers ..................................................... 2

II.     THE COURT SHOULD DISMISS FOR FAILURE TO STATE A
        CLAIM ............................................................................................................. 5

        A.    Legal Standard ...................................................................................... 5

        B.    The Court Should Dismiss All Claims for Lack of Standing ............... 6

        C.    The Court Should Dismiss the CLRA Claims because the Pre-
              Suit Notices Were Deficient .................................................................. 7

        D.    The Court Should Dismiss All Claims for Failure to Satisfy
              Federal Rule of Civil Procedure 9(b) ................................................... 8

        E.    The Court Should Dismiss the Fraudulent Concealment Claims ......... 10

        F.    The Court Should Dismiss the Unjust Enrichment Claims ................. 10

CONCLUSION ......................................................................................................... 12

MOTION TO DISMISS AND STRIKE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arris Cable Modem Consumer Litig.*,
 No. 17-CV-01834-LHK, 2018 WL 288085 (N.D. Cal. Jan. 4, 2018) ................11

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)........................................................................................6

*Brandon Banks v. Nissan N. Am.*, Inc.,
 No. C 11-2022 PJH, 2012 WL 8969415 (N.D. Cal. Mar. 20, 2012) ....................4

*Bruce v. Harley-Davidson, Inc.*
 No. CV 09-6588 CAS, 2010 WL 3521775 (C.D. Cal. Jan. 15, 2010).................8

*Carpenter v. PetSmart, Inc.*,
 441 F. Supp. 3d 1028 (S.D. Cal. 2020) ...............................................3

*Chowning v. Kohl's Dep't Stores, Inc.*,
 733 F. App'x 404 (9th Cir. 2018).........................................................6

*Churchill Vill., LLC v. Gen. Elec. Co.*,
 169 F.Supp.2d 1119 (N.D. Cal. 2000), *aff'd* 361 F.3d 566 (9th Cir.
 2004) ..............................................................................................2

*Cover v. Windsor Surry Co.*,
 No. 14-cv-05262-WHO2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ...............5

*CSI Elec. Contractors, Inc. v. Zimmer Am. Corp.*,
 No. 12-10876-CAS, 2013 WL 1249021 (C.D. Cal. Mar. 25, 2013)...................11

*Davis v. Chase Bank U.S.A., N.A.*,
 650 F. Supp. 2d 1073 (C.D. Cal. 2009) .................................................7

*Davison v. Kia Motors Am., Inc.*,
 No. SACV 15–00239–CJC(RNBx), 2015 WL 3970502 (C.D. Cal.
 June 29, 2015)...................................................................................5

*Ditropan XL Antitrust Litig.*,
 529 F. Supp. 2d 1098 (N.D. Cal. 2007).................................................4

MOTION TO DISMISS AND STRIKE

*Doe I v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009)...........................................................................10

*ESG Cap. Partners, LP v. Stratos*,
   828 F.3d 1023 (9th Cir. 2016)........................................................................11

*GCN Prod., Inc. v. O'Young*,
   22 F. App'x 772 (9th Cir. 2001)....................................................................10

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982)...........................................................................................2

*Hinojos v. Kohl's Corp.*,
   718 F.3d 1098 (9th Cir. 2013).........................................................................7

*Ivie v. Kraft Foods Global, Inc.*,
   No. 12-02554, 2013 WL 685372 (N.D. Cal. Feb. 25, 2013)...............................6

*Johns v. Bayer Corp.*,
   No. 09-1935, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ...................................6

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009).........................................................................8

*Koehler v. Litehouse, Inc.*,
   No. CV 12-04055 SI, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012)..................3

*Larsen v. Trader Joe's Co.*,
   No. 11-06188, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ............................6

*Leonhart v. Nature's Path Foods, Inc.*,
   No. 13-0492, 2014 WL 1338161 (N.D. Cal. Mar. 31, 2014) ..............................6

*Levine v. Blue Shield of Cal.*,
   189 Cal.App.4th 1117 (2010).........................................................................10

*Littlehale v. Hain Celestial Grp., Inc.*,
   No. C 11-6342 PJH, 2012 WL 5458400 (N.D. Cal. July 2, 2012) ......................5

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012)......................................................................4, 5

*Morales v. Unilever U.S., Inc.*,
   No. 2:13-2213 WBS EFB, 2014 WL 1389613 (E.D. Cal. Apr. 9,
   2014) ................................................................................................3

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009)...........................................................6

*Perez v. Nidek*,
   711 F.3d 1109 (9th Cir. 2013).........................................................5

*Philo v. Liminova, Inc.*,
   No. 13CV113-AJB WVG, 2013 WL 1628153 (S.D. Cal. Apr. 15,
   2013) ..............................................................................................10

*Pirozzi v. Apple, Inc.*,
   966 F. Supp. 2d 909 (N.D. Cal. 2013)..............................................9

*Puri v. Khalsa*,
   674 F. App'x 679 (9th Cir. 2017)....................................................11

*Quezada v. Loan Ctr. of California, Inc.*,
   No. CIV. 2:0800177WBSKJM, 2009 WL 5113506 (E.D. Cal. Dec.
   18, 2009).........................................................................................9

*Rael v. New York & Co., Inc.*,
   No. 16-CV-369-BAS(JMA), 2016 WL 7655247 (S.D. Cal. Dec. 28,
   2016) .......................................................................................4, 8, 9

*Rheem Mfg. Co. v. U.S.*,
   57 Cal. 2d 621 (1962) ....................................................................11

*Rojas-Lozano v. Google, Inc.*,
   159 F. Supp. 3d 1101 (N.D. Cal. 2016)..........................................11

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009).............................................2

*Sandoval v. Ali*,
   34 F. Supp. 3d 1031 (N.D. Cal. 2014).............................................2

*Schertzer v. Samsonite Co. Stores, LLC*,
   No. 19-CV-639 JLS (MSB), 2020 WL 4281990 (S.D. Cal. Feb. 25,
   2020) ................................................................................................9

*Shroyer v. New Cingular Wireless Servs., Inc.*,
    622 F.3d 1035 (9th Cir. 2010)................................................................5

*Sotelo v. Rawlings Sporting Goods Co., Inc.*,
    2019 WL 4392528 (C.D. Cal. May 8, 2019) ........................................7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)................................................................8

*Wilson v. Frito-Lay N.A., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ................................................6

*Zeiger v. WellPet LLC*,
    304 F. Supp. 3d 837 (N.D. Cal. 2018) ..................................................6

**Statutes**

Cal. Bus. & Prof. Code § 17204 ..................................................................7

Cal. Bus. & Prof. Code § 17535 ..................................................................7

Cal. Civ. Code § 1782 ..................................................................................7

MOTION TO DISMISS AND STRIKE

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The UK Defendants incorporate by reference, as if fully stated herein, the Factual Background and arguments raised in Sections II.A and II.B and Section III of the motion to strike and dismiss filed by Boohoo Parent and the US Defendants on September 4, 2020. *See* Dkt. 22, Case No. 2:20-cv-03332 (Kahn MTD), Dkt. 23, Case No. 2:20-cv-04658 (Hilton MTD), Dkt. 23, Case No. 2:20-cv-04659 (Lee MTD). The UK Defendants also incorporate by reference the August 7, 2020 CLRA notices. *See* Dkt. 22-9 (Kahn Ex. 7), 23-9 (Hilton Ex. 7), 23-9 (Lee Ex. 7).

For the reasons explained in Sections II.A and II.B of the September 4 motion to strike and dismiss, the Court should strike the non-California class allegations against the UK Defendants. For the reasons explained in Section III of the September 4 motion to strike and dismiss, the Court should dismiss the claims against the UK Defendants for failure to state a claim.

For the convenience of the Court, the UK Defendants have reproduced below the arguments from the September 4 motion to strike and dismiss that are applicable to the UK Defendants.

## **ARGUMENT**

## **I.    THE COURT SHOULD STRIKE THE NON-CALIFORNIA CLASS ALLEGATIONS**

### **A.    Legal Standard**

The UK Defendants seek to strike all allegations related to the non-California class and products that Plaintiffs' did not purchase. The Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). With respect to class actions, the Supreme Court has acknowledged that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named

plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Where a "complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).  Rule 23(d)(1)(D) provides that, "the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014).

## B.    The California Class Representatives Cannot Assert Claims on Behalf of Non-California Customers

All three class representatives allege that they are California residents who purchased items delivered to them in California.  Hilton FAC ¶¶ 2, 21; Kahn SAC ¶¶ 2, 20; Lee FAC ¶¶ 2, 19.  There are no class representatives from any state outside of California.  Plaintiffs assert the same six claims in all three complaints.  The three statutory claims—for violation of the UCL, FAL, and CLRA—are expressly pleaded under California's consumer protection laws.  The three common law claims—for fraud, fraudulent concealment, and unjust enrichment—invoke California law because they seek recovery of attorney fees under a California statute.  No foreign law is pleaded in the complaints.  While all class representatives are California residents, and all pleaded claims are California claims, Plaintiffs purport to seek certification of a nationwide class on behalf of all U.S. customers.

Because Plaintiffs seek to assert *California* class claims on behalf of non-California customers, the Court should strike those class allegations because they violate the rule against extraterritorial application of California law and due process. "California law embodies a presumption against the extraterritorial application of its statutes."  *Churchill Vill., LLC v. Gen. Elec. Co.*, 169 F.Supp.2d 1119, 1126 (N.D. Cal. 2000), *aff'd* 361 F.3d 566 (9th Cir. 2004).  In regard to California statutory

consumer protection claims, non-California residents' claims are not supported "where none of the alleged misconduct or injuries occurred in California." *Id.* (citing *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 222 (1999). This is because, "beyond California's presumption against the extraterritorial application of its laws, a California court's adjudication of non-residents' claims that lack a nexus with California raises significant due process problems." *Id.* at 1126-27 (internal quotations omitted).

Applying this law, the court in *Koehler v. Litehouse, Inc*., No. CV 12-04055 SI, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) dismissed the class action allegations to the extent asserted on behalf of a nationwide class. The *Koehler* court explained: "Plaintiff's UCL, FAL, and CLRA claims, purportedly brought as a nationwide class action, would necessarily include purchases outside of California made by non-California residents. These plaintiffs do not have the requisite contacts with California, and therefore violate the presumption against the extraterritorial application of California laws and raise significant due process issues." *Id.* at 7. This Court should reach the same conclusion.

To the extent Plaintiffs assert *non-California* class claims on behalf of non-California customers, the class representatives lack standing to assert claims under the laws of states in which they do not reside and have not purchased products. [1] *See Carpenter v. PetSmart, Inc*., 441 F. Supp. 3d 1028, 1039 (S.D. Cal. 2020) ("California district courts frequently address the issue of Article III standing at the pleading stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products."); *Morales v. Unilever U.S., Inc.*, Civ. No. 2:13-2213 WBS EFB, 2014 WL 1389613, at *4 (E.D. Cal. Apr. 9, 2014)

---

[1] The UK Defendants raise this issue in an abundance of caution in the event Plaintiffs argue their common law claims arise under the laws of states other than California. The Court need not address the issue if Plaintiffs concede in their opposition that all claims are brought under California law.

MOTION TO DISMISS AND STRIKE

(holding that because the named plaintiffs were only residents of two states and did not purchase defendant's products in any state but their own they did "not have standing to assert a claim under the consumer protection laws of the other states named in the Complaint.") (quoting *Pardini v. Unilever U.S., Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (holding that "[a]t least one named plaintiff must have standing with respect to each claim the class representative seek to bring" and dismissing the claims made under the laws of twenty-four states where none of the named plaintiffs resided or were alleged to have personally purchased the product); *Rael v. New York & Co., Inc.*, No. 16-CV-369-BAS(JMA), 2016 WL 7655247, at *4 (S.D. Cal. Dec. 28, 2016) ("Although Plaintiff asserts claims under the consumer-protection laws of forty other states and the District of Columbia, no other plaintiffs are named in the SAC to represent claims from these states. Subsequently, Plaintiff lacks standing to bring consumer-protection claims in these forty states and District of Columbia, warranting dismissal of Plaintiff's fourth cause of action.") (internal citation omitted).

Additionally, in light of Ninth Circuit authority holding that non-California class claims must be based upon the law of each customers' state of residence, other courts in California have routinely struck nationwide class action allegations are not limited to California customers.  Under *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."  666 F.3d at 594.  For example, in, *Brandon Banks v. Nissan N. Am.*, Inc., No. C 11-2022 PJH, 2012 WL 8969415 (N.D. Cal. Mar. 20, 2012), the plaintiffs brought claims under the UCL and CLRA on behalf of a nationwide class of consumers who allegedly purchased defective vehicles.  The defendants moved to dismiss the complaint, arguing in part that the Court should strike the nationwide

class allegations under *Mazza*. *Id.* at *1.  The Court agreed, holding that pursuant to *Mazza*, the plaintiffs "may continue to pursue their claims on behalf of a California class only." *Id.*; *Littlehale v. Hain Celestial Grp., Inc.*, No. C 11-6342 PJH, 2012 WL 5458400, at *1 (N.D. Cal. July 2, 2012) (dismissing plaintiff's UCL and CLRA claims under *Mazza* where alleged transactions occurred in Pennsylvania; holding that claims should be governed by Pennsylvania law); *Davison v. Kia Motors Am., Inc.*, No. SACV 15–00239–CJC(RNBx), 2015 WL 3970502, at *2 (C.D. Cal. June 29, 2015) (disposing of nationwide class allegations at the pleadings, noting "the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion to dismiss."); *Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016) ("Multiple California district courts have applied *Mazza* at a motion to dismiss stage.") (citing cases); *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 847 (N.D. Cal. 2018) (holding that "*Mazza* is not only relevant but controlling, even at the pleading stage," and concluding that "without named representatives from any other states, plaintiffs' nationwide class allegations must be DISMISSED"); *Perez v. Nidek*, 711 F.3d 1109, 1113-14 (9th Cir. 2013) (approving a court's consideration of standing before class certification).

## II.   THE COURT SHOULD DISMISS FOR FAILURE TO STATE A CLAIM

### A.   Legal Standard

The Court should grant a motion to dismiss for failure to state a claim if Plaintiffs either fail to plead a "cognizable legal theory" or fail to plead "sufficient factual matter to state a facially plausible claim to relief." Fed R. Civ. P. 12(b)(6); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A claim is facially plausible when "the non-conclusory 'factual content,' and reasonable inferences from that content,"

are "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. The Court Should Dismiss All Claims for Lack of Standing

Plaintiffs purport to assert class claims based on every product sold in the United States on three websites over a four-year period. It is well established that Plaintiffs lack standing to pursue a claims for products that they did not purchase and advertising they did not see. *See Leonhart v. Nature's Path Foods, Inc.*, No. 13-0492, 2014 WL 1338161, at *4 (N.D. Cal. Mar. 31, 2014) (UCL, FAL, and Article III); *Wilson v. Frito-Lay N.A., Inc.*, 961 F. Supp. 2d 1134, 1140-41 (N.D. Cal. 2013) (Article III); *Ivie v. Kraft Foods Global, Inc.*, No. 12-02554, 2013 WL 685372, at *5 (N.D. Cal. Feb. 25, 2013) (UCL, FAL, CLRA, and Article III); *Larsen v. Trader Joe's Co.*, No. 11-06188, 2012 WL 5458396, at *4-5 (N.D. Cal. June 14, 2012) (Article III); *Johns v. Bayer Corp.*, No. 09-1935, 2010 WL 476688, at *4-5 (S.D. Cal. Feb. 9, 2010) (UCL and CLRA). For example, in *Johns v Bayer*, the court held that "[Plaintiff] cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon. The statutory standing requirements of the UCL and CLRA are narrowly prescribed and do not permit such generalized allegation." 2010 WL 476688, at *5.

Even as to the few products that Plaintiffs did purchase, Plaintiffs lack standing because they do not plausibly allege that they suffered any damages, *i.e.*, that the price they paid was more than the value received. *See Chowning v. Kohl's Dep't Stores, Inc*., 733 F. App'x 404, 405 (9th Cir. 2018) (holding that in reference price false advertising cases, "[t]he proper calculation of restitution in this case is price paid versus value received"). Standing under the UCL and FAL requires

plaintiffs to "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code §§ 17204 (UCL), 17535 (materially identical standard under the FAL).

The prices that Plaintiffs paid for the items purchased from the websites range from a *high* of $24 (for Lee's shoes) (Lee FAC ¶ 19) to a *low* of $6 (for Kahn's t-shirts) (Kahn FAC ¶ 20).  Plaintiffs do not plausibly allege that they suffered *any* out-of-pocket loss when they paid these rock-bottom prices for items that were admittedly delivered to them, as represented.  While the Ninth Circuit has held that standing can exist in false advertising / reference price cases, the plaintiff must still allege sufficient facts to show some form of economic injury.  *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103-04 (9th Cir. 2013).  Based on the allegations in the three complaints, Plaintiffs have failed to do so.

### C.    The Court Should Dismiss the CLRA Claims because the Pre-Suit Notices Were Deficient

The Court should dismiss the CLRA claims because Plaintiffs failed to meet the pre-suit notice requirement to proceed with claims under the CLRA.  Cal. Civ. Code § 1782.  Under the statute, a plaintiff must notify the prospective defendant "of the particular alleged violations of" the CLRA and must "[d]emand that the person correct, repair, replace, or otherwise rectify *the goods or services alleged to be in violation of*" the CLRA.  *Id.* § 1782(a) (emphasis added).  Courts must apply the notice provision literally.  *Sotelo v. Rawlings Sporting Goods Co., Inc.*, 2019 WL 4392528 (C.D. Cal. May 8, 2019).  Even "actual notice" does not excuse a plaintiff from complying with Section 1782.  *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009).

The August 7, 2020 CLRA notices sent to the UK Defendants only discuss the alleged violations in the most abstract of terms, without *any description* of the *specific transactions* that are the basis of the class representatives' claims.  Shelton

MOTION TO DISMISS AND STRIKE

Decl. Ex. 7.  For example, in Kahn's notice, his counsel writes that Kahn is "a customer of yours who purchased items from your website (https://us.boohoo.com) on or about April 27, 2019." *Id.* at 1.  Ms. Hilton and Ms. Lee's notice contain the same vague language. *Id.* at 4, 7.  The notices do not contain any description regarding what items were purchased.  They do not give any detail that would allow Defendants to make an investigation into specific claims and provide a remedy.  Rather, the notices make broad accusations that "on a typical day, Boohoo prominently displays . . . some form of a sale where all products or a select grouping of products are supposedly marked down by a specified percentage." *Id.*   Plaintiffs did not give notice of "particular alleged violations" and an opportunity cure.  In *Bruce v. Harley-Davidson, Inc.*, the district court found a CLRA notice letter defective where it alerted the defendant of only some violations but not others. No. CV 09-6588 CAS, 2010 WL 3521775, *7 (C.D. Cal. Jan. 15, 2010).  Given the deficient notices, the Court should dismiss all CLRA claims.

### D. The Court Should Dismiss All Claims for Failure to Satisfy Federal Rule of Civil Procedure 9(b)

Because all six of the statutory and common law claims sound in fraud, Plaintiffs must satisfy a "heightened" pleading standard that must "state with particularity the circumstances surrounding fraud."  Fed. R. Civ. P. 9(b).  This means the Plaintiffs must set forth the "who, what, where, and how" of the fraud alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  The heightened pleading standard applies to all claims based on the same alleged "fraudulent" representations, including those under the CLRA and UCL. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

California courts have held that virtually identical allegations of "fraudulent" reference pricing fail to satisfy the requirements of Rule 9(b).  In *Rael v. New York & Company*, the plaintiff alleged that she had purchased shoes for $16.17—

advertised as being 70% off the "Market" price of $49.94—at the defendant's retail store in an outlet mall.  2016 WL 7655247 at *1.  She claimed that the pricing was false and misleading because the $49.94 price had not been the prevailing retail price for the shoes during the three months immediately prior to her purchase.  *Id.* at *2.  Further, she would not have purchased the shoes absent these misrepresentations.  *Id.*  The *Rael* court concluded that the plaintiff failed to meet Rule 9(b)'s pleading standards because she did "not provide any facts that demonstrate why or how the original retail price of $49.94 [wa]s false" beyond her allegation that the shoes she had purchased were not sold at the $49.94 price in the three months before her purchase.  *Id.* at *6.  This is the same theory—and the same allegations—advanced by Plaintiffs here.

Similarly, in *Schertzer v. Samsonite Co. Stores, LLC*, No. 19-CV-639 JLS (MSB), 2020 WL 4281990 (S.D. Cal. Feb. 25, 2020), the plaintiff visited an outlet store and purchased a suitcase for $167.99.  *Id.* at *1.  Samsonite advertised the Suitcase as having an "OUR PRICE" of approximately $280.00, while in-store signage advertised the Suitcase as on sale ('Take 40% off OUR PRICE') and set forth a pricing chart advertising the Suitcase as having a regular 'OUR PRICE' of $280.00 and a 40% sale price of $167.99."  *Id.*  Citing favorably to *Rael*, the *Schertzer* court held that plaintiff's complaint fails to allege facts sufficient to illustrate how Samsonite's "'OUR PRICE' and 'Now' pricing is false or misleading as required under Rule 9(b) for each of Plaintiff's causes of action."  *Id.* at *5.  This Court should dismiss all claims on the same basis.[2]

_____

[2] All of Plaintiffs' common law claims fail, and cannot proceed on a class basis, because the fraud claims require individualized showings of reliance, and the unjust enrichment claims require an individualized showing of receipt of a benefit.  *See Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 920 (N.D. Cal. 2013) ("Fraud under the UCL requires different elements than common law fraud."); *Quezada v. Loan Ctr. of California, Inc.*, No. CIV. 2:0800177WBSKJM, 2009 WL 5113506, at *8 (E.D.
(footnote continued)

### E.   The Court Should Dismiss the Fraudulent Concealment Claims

All three Plaintiffs assert claims for fraudulent concealment under California law.  Plaintiffs fail to plead necessary elements of the claim.  Parties engaged in an arm's length business transaction do not have a duty to disclose absent a "fiduciary or other similar relationship of trust and confidence."  *GCN Prod., Inc. v. O'Young*, 22 F. App'x 772, 774 (9th Cir. 2001) (citations and quotations omitted).  A cause of action for fraudulent concealment requires an allegation that the defendant owed a duty to disclose the concealed fact.  *Levine v. Blue Shield of Cal.*, 189 Cal.App.4th 1117, 1126–27 (2010).  "Where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose."  *Philo v. Liminova, Inc*., No. 13CV113-AJB WVG, 2013 WL 1628153, at *3 (S.D. Cal. Apr. 15, 2013).  Because Plaintiffs have failed to sufficiently plead the existence of such a relationship or duty, the Court should dismiss the fraudulent concealment claim. *See id.* (granting motion to dismiss fraudulent concealment claim for this reason).

### F.   The Court Should Dismiss the Unjust Enrichment Claims

Plaintiff asserts that Defendants were "unjustly enriched" by their purchases because they spent "money that they otherwise not have . . . and/or spend more money" for items than they otherwise would have. Lee FAC ¶ 140; Kahn SAC ¶ 130; Hilton FAC ¶ 127.  This claim should be dismissed for at least three reasons.

First, the remedy for unjust enrichment is restitution, but this relief cannot be awarded without a showing of fraud or wrongdoing.  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 684 (9th Cir. 2009).  As such, the unjust enrichment claim fails with

---

Cal. Dec. 18, 2009) ("The extent of each class member's reliance on the representations in the loan documents will be critical to determine whether the reliance and causation elements of the fraud claim are satisfied.").

the other claims.  *See, e.g., Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) ("[W]hen a plaintiff fails 'to sufficiently plead an actionable misrepresentation or omission, his [or her] restitution claim must be dismissed.'").

Second, "[t]o allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016).  Here, Plaintiffs do not plausibly allege these elements.  They do not allege that Defendants "unjustly" received any "benefit," that Defendants "unjustly" retained any "benefit," or that Plaintiffs were harmed by their transactions with Defendants.  The Court should dismiss the unjust enrichment claim because Plaintiffs do not plausibly alleged they paid more than the fair market value of the items purchased.  *See Rheem Mfg. Co. v. U.S.*, 57 Cal. 2d 621, 626 (1962) ("The judgment cannot be sustained on the theory of unjust enrichment.  The only finding that relates to the matter, namely, that Rheem paid the fair market value of the property at the trustee's sale, tends to show that there was no unjust enrichment."); *CSI Elec. Contractors, Inc. v. Zimmer Am. Corp.*, No. 12-10876-CAS, 2013 WL 1249021, at *5 (C.D. Cal. Mar. 25, 2013) (dismissing unjust enrichment claim because "plaintiff does not allege what benefit, if any, plaintiff conferred upon [the defendant] such that restitution would be appropriate").

Finally, where the underlying claims all sound in fraud, the unjust enrichment claim must meet the heightened pleading requirements of Rule 9(b).  *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, at *10 (N.D. Cal. Jan. 4, 2018) ("However, because the unjust enrichment/quasi-contract claim is based on the same allegedly misleading advertisements upon which Plaintiffs' UCL, FAL, and CLRA claims are based . . . the unjust enrichment/quasi-contract claim also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements.") (*citing Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017)

(unpublished) (applying Rule 9(b) to unjust enrichment claim based on fraud). Because Plaintiffs fail to satisfy Rule 9(b), their unjust enrichment claims should be dismissed.

## CONCLUSION

The Court should grant the present motion to dismiss and strike.

DATED:   September 14, 2020     EVERSHEDS SUTHERLAND (US) LLP


By */s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Defendants

MOTION TO DISMISS AND STRIKE