1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

FARID KHAN, an individual, on behalf of himself and all others similarly situated,

        Plaintiff,

   vs.

BOOHOO.COM USA INC. a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-100, inclusive,

        Defendants.

NO. 2:20-cv-03332-GW-JEM

Consolidated for Pretrial Purposes with:
NO. 2:20-cv-04658-GW-JEM
NO. 2:20-cv-04659-GW-JEM

**STIPULATED PROTECTIVE ORDER**

The Honorable George H. Wu

Action Filed:    April 9, 2020
Trial Date:      TBD

Courtroom:     9D

# **PROTECTIVE ORDER**

## 1. A. PURPOSES AND LIMITATIONS

Defendants have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Defendants' justification for a protective order is set forth in the good cause statement below. Although Plaintiffs do not believe a blanket confidentiality order is necessary in this case, and they do not concede that discovery in this action will involve the production of materials deserving of confidentiality treatment, they do not oppose the entry of the following Protective Order in the interests of convenience, judicial economy, preservation of party resources, and to avoid delays in the production of discovery in this case. In recognition of the foregoing, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

## B. GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with

1    this action, to address their handling of such material at the end of the litigation, and

2    to serve the ends of justice, a protective order for such information is justified in this

3    matter.  There is good cause for entry of a protective order.  Defendants maintain

4    that discovery in this action is likely to involve production of confidential,

5    proprietary, or private information for which special protection from public

6    disclosure and from use for any purpose other than prosecuting this litigation may

7    be warranted.  Such confidential, proprietary, or private information includes

8    business and financial information of Defendants, employment records, and

9    customer records, including customer information potentially subject to protection

10   under the California Consumer Privacy Act ("CCPA") and business information

11   potentially subject to trade secret protection.  This confidential and proprietary

12   information, which has already been requested in discovery requests propounded by

13   Plaintiffs, includes without limitation voluminous sales data, product pricing history,

14   employment records, customers' personal information related to product sales, bank

15   statements, corporate policies, procedures, and training manuals, profit and loss

16   statements, tax returns, accounting information, confidential corporate documents,

17   and proprietary surveys, analyses, studies and reports.  This is the type of

18   information for which good cause exists to enter a protective order.

19   Plaintiffs reiterate they do *not* concede that "good cause exists to protect

20   [Defendants'] information from being disclosed to the public[,]" *see Edwards v. Cty.*

21   *of Los Angeles*, No. CV 08-07428 GAF (SSX, 2009 WL 4707996, at *1 (C.D. Cal.

22   Dec. 9, 2009), but they do not oppose the entry of this Protective Order in the

23   interests of convenience, judicial economy, preservation of party resources, and to

24   avoid delays in the production of discovery in this case.  The parties shall not

25   designate any information/documents as confidential without a good faith belief that

26   such information/documents have been maintained in a confidential, non-public

27   manner, and that there is good cause or a compelling reason why it should not be

28   part of the public record of this case.

3

-cv-03332-GW-JEM   Document 56-1   Page ID #:1055

2.      <u>DEFINITIONS</u>

2.1     <u>Action</u>:  The instant actions:  *Farid Khan v. Boohoo.com USA Inc., et al.*, CV 20-3332-GW-JEMx; *Haya Hilton v. Prettylittlething.com USA, Inc., et al.*, CV 20-4658-GW-JEMx; and *Olivia Lee v. NastyGal.com USA, Inc. et al.*, CV 20-4659-GW-JEMx; all actions listed herein are consolidated under CV 20-3332-GW-JEMx as of the Court's Order dated November 30, 2020 (<u>Dkt. 28</u>).

2.2     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4     <u>Counsel</u>:  Outside Counsel and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4

2.10   <u>Outside Counsel</u>:  attorneys who are not employees of a party to this Action but represent, advise, or support a party to this Action and have appeared in this Action on behalf of that party, are affiliated with a law firm which has appeared on behalf of that party, or are working under the supervision of an attorney who has appeared in this Action on behalf of that party, and includes support staff.

2.11   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

1   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
2   under this Order must be clearly so designated before the material is disclosed or
3   produced.
4       Designation in conformity with this Order requires:
5       (a)   for information in documentary form (e.g., paper or electronic
6   documents, but excluding transcripts of depositions), that the Producing Party affix at
7   a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL
8   legend"), to each page that contains protected material.  If only a portion or portions
9   of the material on a page qualifies for protection, the Producing Party also must clearly
10  identify the protected portion(s) (e.g., by making appropriate markings in the
11  margins).
12      A Party or Non-Party that makes original documents available for inspection
13  need not designate them for protection until after the inspecting Party has indicated
14  which documents it would like copied and produced. During the inspection and before
15  the designation, all of the material made available for inspection shall be deemed
16  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants
17  copied and produced, the Producing Party must determine which documents, or
18  portions thereof, qualify for protection under this Order. Then, before producing the
19  specified documents, the Producing Party must affix the "CONFIDENTIAL legend"
20  to each page that contains Protected Material.  If only a portion or portions of the
21  material on a page qualifies for protection, the Producing Party also must clearly
22  identify the protected portion(s) (e.g., by making appropriate markings in the
23  margins).
24      (b)  for testimony given in depositions that the Designating Party identifies
25  on the record, before the close of the deposition as protected testimony.
26      (c)  for information produced in some form other than documentary and for
27  any other tangible items, that the Producing Party affix in a prominent place on the
28  exterior of the container or containers in which the information is stored the legend

"CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving

1   Party must comply with the provisions of Section 13 below.

2      Protected Material must be stored and maintained by a Receiving Party at a
3   location and in a secure manner that ensures that access is limited to the persons
4   authorized under this Order.

5      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless
6   otherwise ordered by the court or permitted in writing by the Designating Party, a
7   Receiving   Party   may   disclose   any   information   or   item   designated
8   "CONFIDENTIAL" only to:

9      (a)   the Receiving Party's Outside Counsel in this Action, as well as
10  employees and contractors of said Outside Counsel to whom it is reasonably
11  necessary to disclose the information for this Action;

12     (b) the officers, directors, and employees (including House Counsel) of the
13  Receiving Party to whom disclosure is reasonably necessary for this Action;

14     (c)   Experts (as defined in this Order) of the Receiving Party to whom
15  disclosure is reasonably necessary for this Action and who have signed the
16  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17     (d) the court and its personnel;

18     (e) court reporters and their staff;

19     (f)   professional jury or trial consultants, mock jurors, and Professional
20  Vendors to whom disclosure is reasonably necessary for this Action and who have
21  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22     (g) the author or recipient of a document containing the information or a
23  custodian or other person who otherwise possessed or knew the information;

24     (h) during their depositions, witnesses, and attorneys for witnesses, in the
25  Action to whom disclosure is reasonably necessary provided:  (1) the deposing party
26  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"
27  form attached as Exhibit A hereto; and (2) they will not be permitted to keep any
28  confidential information unless they sign the "Acknowledgment and Agreement to

Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

       (a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

       (b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

              (1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

              (2)   promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

              (3)   make the information requested available for inspection by the Non-Party, if requested.

       (c)   If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

12.     MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Case 2:20-cv-03332-GW-JEM   Document 56   Page 14 of 16   F

12.2   Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

Section 4.

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

Dated: January 11, 2021                Respectfully submitted,[1]

                                       ALMADANI LAW

                                       /s/ Yasin M. Almadani
                                       Yasin M. Almadani, Esq.


                                       AI LAW, PLC

                                       /s/ Ahmed Ibrahim
                                       Ahmed Ibrahim, Esq.

                                       *Attorneys for Plaintiff Individually and*
                                       *On Behalf of All Others Similarly Situated*


                                       EVERSHEDS SUTHERLAND (US) LLP

                                       /s/ Ian S. Shelton
                                       Ian S. Shelton, Esq.

                                       *Attorneys for Defendants*

IT IS SO ORDERED.

DATED: January 14, 2021

_____
Judge

---

[1]  Pursuant to L.R. 5-4.3.4(a)(2), the party filing this document certifies that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], of

_____ [full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Central

District of California in *Khan v. Boohoo.com USA Inc.*, No. 2:20-cv-03332-GW-JEM,

*Hilton v. Prettylittlething.com USA Inc.*, No. 2:20-cv-04658-GW-JEM, and *Lee v.*

*Nastygal.com USA Inc.*, No. 2:20-cv-04659-GW-JEM. I agree to comply with and to

be bound by all the terms of this Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of this

action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

15