ALMADANI LAW
Yasin M. Almadani, SBN 242798
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Ph.:   949-266-1240
Fax:   949-266-1280
aibrahim@ailawfirm.com

Attorneys for Plaintiffs, Individually
and On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-03332 SB(JEMx)<br><br>Consolidated for Pretrial Purposes with:<br>No. 2:20-cv-04658 GW-JEM<br>No. 2:20-cv-04659 GW-JEM<br><br>**DECLARATION OF YASIN M. ALMADANI**<br><br>**In Support of Plaintiff's Motion to Compel Further Discovery Responses and Document Production from Defendants**<br><br>HON. JOHN E. MCDERMOTT<br>United States Magistrate Judge<br><br>Action Filed:          April 9, 2020<br><br>Hearing Date:        April 13, 2021<br><br>Class Cert. Mot. Filed:   July 1, 2021<br><br>Trial Date:            TBD |

I, Yasin M. Almadani, do hereby state and declare the following:

1.     I am an attorney at law, duly licensed to practice before all state and federal courts in California, and counsel of record for Plaintiff in this action. I am submitting this declaration in support of Plaintiffs' Motion to Compel Further Discovery Responses and Document Production from Defendants. The facts stated in this declaration are based upon my own personal knowledge, and if called as a witness, I could and would testify competently about the same.

2.     Attached hereto as "Exhibit 1" are true and correct copies of Plaintiff's Interrogatories (Set One) served in the matter of *Khan v. Boohoo, et al*.

3.     Attached hereto as "Exhibit 2" are true and correct copies of Plaintiff's Requests for Production (Set One) served in the matter of *Khan v. Boohoo, et al*.

4.     Attached hereto as "Exhibit 3" are true and correct copies of Plaintiff's Requests for Admission (Set One) served in the matter of *Khan v. Boohoo, et al*.

5.     Attached hereto as "Exhibit 4" are true and correct copies of Plaintiff's Interrogatories (Set One) served in the matter of *Hilton v. PrettyLittleThing, et al*.

6.     Attached hereto as "Exhibit 5" are true and correct copies of Plaintiff's Requests for Production (Set One) served in the matter of *Hilton v. PrettyLittleThing, et al*.

7.     Attached hereto as "Exhibit 6" are true and correct copies of Plaintiff's Requests for Admission (Set One) served in the matter of *Hilton v. PrettyLittleThing, et al*.

8.     Attached hereto as "Exhibit 7" are true and correct copies of Plaintiff's Interrogatories (Set One) served in the matter of *Lee v. Nasty Gal, et al*.

9.     Attached hereto as "Exhibit 8" are true and correct copies of Plaintiff's Requests for Production (Set One) served in the matter of *Lee v. Nasty Gal, et al*.

10.     Attached hereto as "Exhibit 9" are true and correct copies of Plaintiff's

2

*Declaration of Yasin M, Almadani*
*In Support of Plaintiff's Motion to Compel*
*Further Discovery Responses from Defendants*                    *Case No. 2:20-cv-03332 SB(JEMx)*

Requests for Admission (Set One) served in the matter of *Lee v. Nasty Gal, et al.*

11.   Attached hereto as "Exhibit 10" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Interrogatories (Set One) served in the matter of *Khan v. Boohoo, et al.*

12.   Attached hereto as "Exhibit 11" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Requests for Production (Set One) served in the matter of *Khan v. Boohoo, et al.*

13.   Attached hereto as "Exhibit 12" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Requests for Admission (Set One) served in the matter of *Khan v. Boohoo, et al.*

14.   Attached hereto as "Exhibit 13" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Interrogatories (Set One) served in the matter of *Hilton v. PrettyLittleThing, et al.*

15.   Attached hereto as "Exhibit 14" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Requests for Production (Set One) served in the matter of *Hilton v. PrettyLittleThing, et al.*

16.   Attached hereto as "Exhibit 15" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Requests for Admission (Set One) served in the matter of *Hilton v. PrettyLittleThing, et al.*

17.   Attached hereto as "Exhibit 16" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Interrogatories (Set One) served in the matter of *Lee v. Nasty Gal, et al.*

18.   Attached hereto as "Exhibit 17" are true and correct copies of Defendants' Responses and Objections to Plaintiff's Requests for Production (Set One) served in the matter of *Lee v. Nasty Gal, et al.*

19.   Attached hereto as "Exhibit 18" are true and correct copies of Defendants'

3

*Declaration of Yasin M. Almadani*
*In Support of Plaintiff's Motion to Compel*
*Further Discovery Responses from Defendants*                    *Case No. 2:20-cv-03332 SB(JEMx)*

Responses and Objections to Plaintiff's Requests for Admission (Set One) served in the matter of *Lee v. Nasty Gal, et al.*

20.    In efforts to meet and confer, the parties exchanged approximately 11 letters and participated in at least three telephonic conferences.

21.    Attached hereto as "Exhibit 19" is a true and correct copy of a letter sent by Plaintiffs to Defendants on February 5, 2021.

22.    Attached hereto as "Exhibit 20" is a true and correct copy of a letter sent by Plaintiffs to Defendants on February 10, 2021.

23.    Attached hereto as "Exhibit 21" is a true and correct copy of a letter sent by Plaintiffs to Defendants on February 17, 2021.

24.    Attached hereto as "Exhibit 22" is a true and correct copy of a letter sent by Plaintiffs to Defendants on February 18, 2021.

25.    Attached hereto as "Exhibit 23" is a true and correct copy of a letter sent by Plaintiffs to Defendants on March 8, 2021.

26.    Attached hereto as "Exhibit 24" is a true and correct copy of a letter sent by Defendants to Plaintiffs on February 8, 2021.

27.    Attached hereto as "Exhibit 25" is a true and correct copy of a letter sent by Defendants to Plaintiffs on February 11, 2021.

28.    Attached hereto as "Exhibit 26" is a true and correct copy of a letter sent by Defendants to Plaintiffs on February 17, 2021.

29.    Attached hereto as "Exhibit 27" is a true and correct copy of a letter sent by Defendants to Plaintiffs on February 19, 2021.

30.    Attached hereto as "Exhibit 28" is a true and correct copy of a letter sent by Defendants to Plaintiffs on March 11, 2021.

31.    Attached hereto as "Exhibit 29" is a true and correct copy of a letter sent by Plaintiffs to Defendants on March 12, 2021.

*Declaration of Yasin M, Almadani*
*In Support of Plaintiff's Motion to Compel*
*Further Discovery Responses from Defendants*

*Case No. 2:20-cv-03332 SB(JEMx)*

32.     Defendants' production of sales data suggests that the data required to answer the requests for admission is readily available in and easily ascertainable from Defendants' own databases.

33.     Based on the foregoing, Plaintiffs believe that Plaintiffs have in good faith conferred or attempted to confer with Defendants concerning their failure to make disclosure or discovery in an effort to obtain it without court action

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


 Dated: March 16, 2021                         Respectfully submitted,


                                               */s/ Yasin M. Almadani*
                                               Yasin M. Almadani

*Declaration of Yasin M, Almadani*                          *Case No. 2:20-cv-03332 SB(JEMx)*
*In Support of Plaintiff's Motion to Compel*
*Further Discovery Responses from Defendants*

# EXHIBIT 1

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Ph.:   949-260-1240
Fax:   949-260-1280
aibrahim@ailawfirm.com

Attorneys for Plaintiff Farid Khan, Individually
and On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive.<br><br>                    Defendants.<br><br>_____<br><br>AND ALL CONSOLIDATED ACTIONS | **Case No.: 2:20-cv-03332-GW-JEMx (Lead Case), consolidated for pretrial purposes with *Hilton v. PrettyLittleThing USA Inc., et al.,* No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx**<br><br>**PLAINTIFF FARID KHAN'S INTERROGATORIES TO DEFENDANTS BOOHOO GROUP PLC, BOOHOO.COM USA, INC., AND BOOHOO.COM UK LIMITED, SET ONE** |

PROPOUNDING PARTY:        PLAINTIFF FARID KHAN

RESPONDING PARTY:         BOOHOO GROUP PLC, BOOHOO.COM USA, INC.,

AND BOOHOO.COM UK LIMITED

SET NO.:                  ONE

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Farid Khan, on behalf of himself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Boohoo.com USA, Inc., and Boohoo.com UK Limited, ("Defendants") respond, in writing, under oath, to the following Interrogatories within thirty (30) days after service hereof.

## DEFINITIONS

1.      The term "ADVERTISE" (along with any variation of the term used herein) refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without limitation, the act of posting or publishing information on YOUR WEBSITE.

2.      The term "CLASS PERIOD" refers to the time period between April 9, 2016 through the conclusion of the action.

3.      The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE for both women and men, including, without limitation, the items sold in the categories listed in "New In," "Clothing," and "Shoes & Accessories."  The terms are inclusive of all subcategories within New In, Clothing, and Shoes & Accessories, such as Tops, Dresses, Coats & Jackets, Sweaters & Cardigans, Jeans, Plus Size & Curve, Boots, Sandals, Sneakers, Bags, Jewelry, Belts, etc.  This is list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS."  The terms shall not, however, include any items in the "Beauty" category.

4.      The term "PRODUCT CODE" refers to the code you assign to each product, typically with approximately eight characters, starting with letters and also including numbers, with each PRODUCT CODE referring to a unique PRODUCT.

5.     The term "REFERENCE PRICE" refers to the higher price listed with regards to all, or nearly all, PRODUCTS on YOUR WEBSITE that is represented to consumers as being substantially marked down, and which typically, but not necessarily, may be displayed with a strikethrough.   On days YOU are running a promotion on YOUR WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g., GIMME50), the term "REFERENCE PRICE" refers to the price displayed for PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo or coupon code is applied to obtain the purported discount or markdown.  In the following example, $80.00 is the REFERENCE PRICE and the PRODUCT CODE is MZZ34843.



6.     The term "WEBSITE" refers to http://us.boohoo.com and any other web address YOU used to sell YOUR PRODUCTS in the United States during the CLASS PERIOD.

7.     The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC, Boohoo.com USA, Inc., and Boohoo.com UK Limited, and shall include their officers, directors, principals, employees, personnel, contractors, attorneys, accountants, agents,

representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their behalf.

8.    The term "ACTIVITIES" refers to any and all acts undertaken on behalf of, for the benefit of, or to the detriment of BOOHOO GROUP, Boohoo Holdings Limited, and/or the SUBSIDIARIES.

9.    Whenever the term "IDENTIFY" is used herein, it is intended for YOU to state the name, title, address, and telephone number when referring to an individual or entity, or when referring to a DOCUMENT, for YOU to describe the DOCUMENT with particularity and to IDENTIFY its current custodian(s), or when referring to a date, for YOU to state the month, day, and year.

10.    The term "PERSON/ENTITY" refers to any natural person, individual, sole proprietorship, partnership, unincorporated association, corporation, business trust, limited liability company, or other entity or form of organization or association, or public entity connected to the marketing and sale of products in California by DEFENDANTS. Such PERSONS/ENTITIES include those connected to DEFENDANTS through employment or other contract, including but not limited to, by way of example, models, social media influencers, brand ambassadors, website developers, website operators, administrators, assistants, interns, manufacturers, suppliers, shippers, marketing experts, procurement experts, products specialists, managers, supervisors, administrative assistants, etc.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please list each PRODUCT by PRODUCT CODE and product description offered for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form that includes the following information for each PRODUCT:  (a) the time period during which the PRODUCT was, or has been, offered for sale, (b) the date the PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT was offered for sale (e.g., New In, Clothing, Shoes & Accessories,

Dresses, Sale, Mens, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date, (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 2:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, including the following information: (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sale, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 3:**

Please provide the information referenced in Interrogatory No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**INTERROGATORY NO. 4:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold

PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information:  (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales on that date, of that PRODUCT, and (i) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 5:**

Please provide the information referenced in Interrogatory No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**INTERROGATORY NO. 6:**

Identify the PRODUCTS, along with dates during the CLASS PERIOD, for which YOU did not ADVERTISE a sale or promotion on YOUR WEBSITE of at least 35% off all PRODUCTS.

**INTERROGATORY NO. 7:**

Please explain is as much detail as possible why PRODUCTS YOU sell on the WEBSITE in the "NEW IN" category already have an ADVERTISED REFERENCE PRICE that is higher than the price at which it is ADVERTISED to be sold given the lack of history to establish a REFERENCE PRICE for PRODUCTS in the "NEW IN" category.

**INTERROGATORY NO. 8:**

Please provide the name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**INTERROGATORY NO. 9:**

For each purchaser identified in Interrogatory No. 8 above, describe each of their purchases by providing: (a) the date of purchase, (b) the PRODUCTS purchased, (c) the

price paid for each PRODUCT purchased, and (d) the REFERENCE PRICE of each PRODUCT purchased.

**INTERROGATORY NO. 10:**

Please state all reasons why YOU ADVERTISE REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE.

**INTERROGATORY NO. 11:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, or making decisions concerning, the REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 12:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, creating, or making decisions concerning, the ADVERTISEMENT of sales, markdowns, discounts, or promotions on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 13:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with designing, configuring, defining the requirements for, or making decisions concerning, any software, algorithms, artificial intelligence, or applications YOU use relating to the posting of REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 14:**

Please state all reasons why YOU believe the REFERENCE PRICES on PRODUCTS ADVERTISED on YOUR WEBSITE during the CLASS PERIOD are accurate and not misleading.  To the extent YOU believe the REFERENCE PRICES on

PRODUCTS offered for sale on YOUR WEBSITE during the CLASS PERIOD are inaccurate and misleading, please so state in YOUR response.

**INTERROGATORY NO. 15:**

Please IDENTIFY all offices or other physical facilities YOU have purchased, leased, rented, or otherwise used for a business purpose in the United States during the CLASS PERIOD and state the purpose and ACTIVITIES performed therein. For each such office or facility, please also IDENTIFY all PERSONS/ENTITIES who have used said office or facility and their purpose for using said office or facility.

**INTERROGATORY NO. 16:**

For each response to the Requests for Admission ("RFA") served with these Interrogatories that is not an unqualified admission: (a) state the number of the RFA; (b) state all facts upon which you base your response; (c) IDENTIFY all PERSONS who have knowledge of those facts; and (d) IDENTIFY all DOCUMENTS and other tangible things that support your response and IDENTIFY the PERSON who has each such DOCUMENT or thing.[1]

Dated:  January 5, 2021                ALMADANI LAW

                          By:  _____/s/ Yasin M. Almadani_____
                                Yasin M. Almadani, Esq.

                          AI LAW, PLC

                          By:  _____/s/ Ahmed Ibrahim_____
                                Ahmed Ibrahim, Esq.

                          Attorneys for Plaintiff, Individually and
                          On Behalf of All Others Similarly Situated

---

[1] This interrogatory is modeled after interrogatory 17.1 found in State of California Judicial Council Form DISC-001.

# EXHIBIT 2

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Ph.: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

Attorneys for Plaintiff Farid Khan, Individually
and On Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive.<br><br>               Defendants.<br><hr>AND ALL CONSOLIDATED ACTIONS | **Case No.: 2:20-cv-03332-GW-JEMx (Lead Case), consolidated for pretrial purposes with** *Hilton v. PrettyLittleThing USA Inc., et al.,* **No. 2:20-cv-04658-GW-JEMx and** *Lee v. NastyGal.com USA Inc., et al.,* **No. 2:20-cv-04659-GW-JEMx**<br><br>**PLAINTIFF FARID KHAN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS BOOHOO GROUP PLC, BOOHOO.COM USA, INC., AND BOOHOO.COM UK LIMITED, SET ONE** |

PROPOUNDING PARTY:        PLAINTIFF FARID KHAN

RESPONDING PARTY:         BOOHOO GROUP PLC, BOOHOO.COM USA, INC.,

                          AND BOOHOO.COM UK LIMITED

SET NO.:                  ONE


     PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Farid Khan, on behalf of himself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Boohoo.com USA, Inc., and Boohoo.com UK Limited, ("Defendants") respond, in writing, to the following Requests for Production of Documents within thirty (30) days after service hereof, and produce the documents, tangible things, and/or electronically stored information described below which are in Defendants' possession or under Defendants' control, or which are in the possession or under the control of the Defendants' representatives, agents, contractors, and designees, including any drafts, versions, or edited copies, and to permit inspection and copying.

## **INSTRUCTIONS**

    1.    The requested documents should be produced for inspection and copying at the offices of the undersigned counsel unless other arrangements are made by agreement of counsel.  In addition to production in hard copy, where the requested documents are also kept by Defendants as electronically stored information ("ESI"), such ESI should be produced on a CD, hard drive, flash drive, or other conventional storage medium, containing data in the form of searchable and bates-numbered images (in ".tiff" or other similar format) along with load files enabling the data to be uploaded to a database for processing and viewing on industry-standard legal software applications.   All ESI produced in this case should also be produced in native format with embedded metadata intact.

    2.    If any document identified in an answer to any REQUEST FOR PRODUCTION was, but no longer is, in your possession, state what disposition was made

of it or what became of it.

3.     If you object to any part of a REQUEST FOR PRODUCTION and refuse to answer that part, state the grounds for your objection with specificity and answer the remaining portion of that REQUEST FOR PRODUCTION.  No part of any REQUEST FOR PRODUCTION shall be left unanswered merely because an objection has been interposed to another part of that REQUEST FOR PRODUCTION.

4.     The information sought in these REQUESTS FOR PRODUCTION is not limited to your personal knowledge but extends to any knowledge or information available to you or your attorneys, employees, agents, subsidiaries, affiliates, representatives, and experts.

5.     If any information is withheld on the basis of a claim of privilege, please set forth in writing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including the following information to sufficiently identify the document, communication, or thing for which a claim of privilege is made:

i.      the exact or approximate date, and manner of recording, creating, or otherwise preparing the document, communication, or thing;

ii.     the name of each sender of the document, communication, or thing;

iii.    the name of each person (other than stenographic or clerical assistants) participating in the preparation or creation of the document, communication, or thing;

iv.     the name of each person to whom the contents, or any portions of the contents, of the document, communication, or thing have been communicated by copy, exhibition, reading, or summarization; and

v.      a statement of the basis on which privilege is claimed with respect to each document, communication, or thing.

6.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to amend or supplement all responses to these REQUESTS FOR PRODUCTION if any information requested by any REQUEST FOR PRODUCTION is discovered by you or comes into your custody or control after your initial response to the REQUEST FOR

PRODUCTION.

7.     If any of the following REQUESTS FOR PRODUCTION cannot be answered in full after exercising due diligence to secure the information, please answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.  If your answer is qualified in any way, set forth the details of such qualification.

The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used and vice versa; the use of any tense of any verb also includes within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information.

## **DEFINITIONS**

1.     The term "ADVERTISE" (along with any variation of the term used herein) refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without limitation, the act of posting or publishing information on YOUR WEBSITE.

2.     The term "CLASS PERIOD" refers to the time period between April 9, 2016 through the conclusion of the action.

3.     The terms "DOCUMENT" or "DOCUMENTS" refer to all writings, recordings and photographs as such terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all documents or electronically stored information stored in any medium from which information can be obtained either directly or after translation into a reasonably usable form (see Rule 34(a)(1) of the Federal Rules of Civil Procedure), including, without limitation, any and all documents, correspondence, communications, recordings, tapes, electronic data, electronic mail, instant messages, SMS and text messages, WhatsApp messages, postings and direct messages on social media (e.g., Facebook, Instagram, Twitter, and LinkedIn), computer printouts, records, reports, spreadsheets, slides, photographs, notes, working papers, analyses, books, agreements, contracts, memoranda, maps, charts, plans, diagrams, specifications, calculations, telegrams, telexes, transcriptions, notes or memoranda made of any telephone

communications, and all other communications.  The terms include any writing, recording, or other tangible thing consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilations from which information can be obtained or translated through detection devices into reasonably usable form.  The terms include the original and any copies thereof which differ in any manner whatsoever from the originals, and all drafts thereof.

4.     The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE for both women and men, including, without limitation, the items sold in the categories listed in "New In," "Clothing," and "Shoes & Accessories."  The terms are inclusive of all subcategories within New In, Clothing, and Shoes & Accessories, such as Tops, Dresses, Coats & Jackets, Sweaters & Cardigans, Jeans, Plus Size & Curve, Boots, Sandals, Sneakers, Bags, Jewelry, Belts, etc.  This is list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS."  The terms shall not, however, include any items in the "Beauty" category.

5.     The term "PRODUCT CODE" refers to the code you assign to each product, typically with approximately eight characters, starting with letters and also including numbers, with each PRODUCT CODE referring to a unique PRODUCT.

6.     The term "REFERENCE PRICE" refers to the higher price listed with regards to all, or nearly all, PRODUCTS on YOUR WEBSITE that is represented to consumers as being substantially marked down, and which typically, but not necessarily, may be displayed with a strikethrough.  On days YOU are running a promotion on YOUR WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g., GIMME50), the term "REFERENCE PRICE" refers to the price displayed for PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo or coupon code is applied to obtain the purported discount or markdown.  In the following example, $80.00 is the REFERENCE PRICE and the PRODUCT CODE is MZZ34843.

1
2
3
4
5
6
7
8
9
10
11
12



13    7.    The term "WEBSITE" refers to http://us.boohoo.com and any other web

14 address YOU used to sell YOUR PRODUCTS in the United States during the CLASS

15 PERIOD.

16    8.    The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC,

17 Boohoo.com USA, Inc., and Boohoo.com UK Limited, and shall include their officers,

18 directors, principals, employees, personnel, contractors, attorneys, accountants, agents,

19 representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their

20 behalf.

21              **DOCUMENTS TO BE PRODUCED**

22 **REQUEST FOR PRODUCTION NO. 1:**

23    Any and all reports, spreadsheets, or other DOCUMENTS listing each PRODUCT

24 by PRODUCT CODE and product description offered for sale in the United States on

25 YOUR WEBSITE during the CLASS PERIOD in a form that includes the following

26 information for each PRODUCT:  (a) the time period during which the PRODUCT was,

27 or has been, offered for sale, (b) the date the PRODUCT was first offered for sale, (c) the

28 date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT

-5-

was offered for sale (e.g., New In, Clothing, Shoes & Accessories, Dresses, Sale, Mens, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date,  (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, in a form that includes the following information: (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce the data referenced in Request for Production of Documents No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE. Please produce this information in a form that includes the following information: (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the total actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales on that date, of that PRODUCT, and (i) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the data referenced in Request for Production of Documents No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of REFERENCE PRICES in connection with ADVERTISING merchandise to consumers.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of offering sales,

discounts, markdowns, or promotions in connection with ADVERTISING merchandise to consumers.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of YOUR customers in the United States, including, without limitation, their age, gender, income, race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period of January 1, 2016, to the present concerning the demographics of the customers YOU seek to target in the United States, including, without limitation, the age, gender, income, race, ethnicity, location, education, and shopping preferences of YOUR target customers either identified by the customers or noted by YOU or any artificial intelligence system YOU use.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to employees or contractors within YOUR organization concerning the use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to investors, potential investors, or other third parties concerning the use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS constituting or reflecting all instances during the CLASS PERIOD on which any of the merchandise Plaintiff Farid Khan purchased from YOU sold for the REFERENCE PRICE ADVERTISED to Mr. Khan.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS constituting or reflecting the order confirmations sent to Plaintiff Farid Khan by e-mail for any of the merchandise Mr. Khan purchased from YOU.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS constituting or reflecting the shipping confirmations sent to Plaintiff Farid Khan by e-mail for any of the merchandise Mr. Khan purchased from YOU.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all correspondence, e-mails, communications, or other DOCUMENTS exchanged between YOU, on the one hand, and Plaintiff Farid Khan, on the other hand.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all information and DOCUMENTS generated and retained by YOU, relating to the sale made to Plaintiff Farid Khan reflected in the operative complaint.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all organizational charts of all departments, divisions, units, and teams within YOUR company during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all directories or listings of all of YOUR officers, directors, and employees by name, title, and location applicable during the CLASS PERIOD.  For each person, please also identify the department, division, unit, and/or team of which they are a part.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning REFERENCE PRICES ADVERTISED for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning the offering of sales, markdowns, discounts, or promotions for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all internal memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between or amongst YOUR officers, directors, employees, contractors, or agents relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between any of YOUR officers, directors, employees, contractors, or agents, on the one hand, and any other person, whether within or outside

your organization, on the other hand, relating to (a) REFERENCE PRICES ADVERTISED
on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts,
markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on
YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all memoranda, correspondence, e-mails, social media messages, or other
DOCUMENTS exchanged between Mahmud Kamani, on the one hand, and any other
person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR
WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or
promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR
WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all memoranda, correspondence, e-mails, social media messages, or other
DOCUMENTS exchanged between Carol Kane, on the one hand, and any other person on
the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR
WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or
promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR
WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all memoranda, correspondence, e-mails, social media messages, or other
DOCUMENTS exchanged between Umar Kamani, on the one hand, and any other person
on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR
WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or
promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR
WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all memoranda, correspondence, e-mails, social media messages, or other
DOCUMENTS exchanged between John Lyttle, on the one hand, and any other person on

the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR
WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or
promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR
WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all memoranda, correspondence, e-mails, social media messages, or other
DOCUMENTS exchanged between Neil Catto, on the one hand, and any other person on
the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR
WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or
promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR
WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all e-mail blasts disseminated to YOUR customers, including e-mail list
subscribers, in the United States during the CLASS PERIOD, to ADVERTISE YOUR
PRODUCTS, YOUR WEBSITE, or any sales, markdowns, discounts, or promotions on
YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all e-mails, chat logs, or other written correspondence, and other
DOCUMENTS constituting or reflecting complaints, comments, or feedback from
customers in the United States concerning REFERENCE PRICES ADVERTISED on
YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all memoranda, correspondence, e-mails, social media messages, or other
DOCUMENTS exchanged between YOU, on the one hand, and any customer in the United
States, on the other hand, relating to REFERENCE PRICES ADVERTISED on YOUR
WEBSITE.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other

DOCUMENTS YOU use to train or educate YOUR employees regarding the use of REFERENCE PRICES on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the offering of sales, markdowns, discounts, or promotions on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS relating to YOUR operations in the State of California during the CLASS PERIOD, including, without limitation, employees, independent contractors, social media influencers, models, celebrities, offices, distribution and storage facilities, manufacturing facilities, facilities and personnel used to design YOUR PRODUCTS, facilities and personnel used to create marketing materials for YOUR PRODUCTS, all forms of marketing, ADVERTISING, and promotion conducted in California, information technology infrastructure, property owned in California, and any other activity in California related to marketing, ADVERTISING, sales or operation of the WEBSITE.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS sufficient to identify by name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTS referencing any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever YOU performed regarding prices at which products comparable to YOUR PRODUCTS were sold by other companies, including which specific other companies' products in the marketplace were comparable to which specific PRODUCTS sold by YOU.

Dated:  January 5, 2021                    ALMADANI LAW

                                           By:      /s/ Yasin M. Almadani
                                                    Yasin M. Almadani, Esq.

                                           AI LAW, PLC

                                           By:      /s/ Ahmed Ibrahim
                                                    Ahmed Ibrahim, Esq.

                                           Attorneys for Plaintiff, Individually and
                                           On Behalf of All Others Similarly Situated

# EXHIBIT 3

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Ph.:  949-260-1240
Fax:  949-260-1280
aibrahim@ailawfirm.com

Attorneys for Plaintiff Farid Khan, Individually
and On Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive.<br><br>    Defendants.<br><br>―――――――――――――――――<br>AND ALL CONSOLIDATED ACTIONS | **Case No.: 2:20-cv-03332-GW-JEMx (Lead Case), consolidated for pretrial purposes with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx**<br><br>**PLAINTIFF FARID KHAN'S REQUESTS FOR ADMISSION TO DEFENDANTS BOOHOO GROUP PLC, BOOHOO.COM USA, INC., AND BOOHOO.COM UK LIMITED, SET ONE** |

PROPOUNDING PARTY:        PLAINTIFF FARID KHAN

RESPONDING PARTY:         BOOHOO GROUP PLC, BOOHOO.COM USA, INC.,

                          AND BOOHOO.COM UK LIMITED

SET NO.:                  ONE


    PLEASE TAKE NOTICE that pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Farid Khan, on behalf of himself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Boohoo.com USA, Inc., and Boohoo.com UK Limited, ("Defendants") respond, in writing, to the following Requests for Admission within thirty (30) days after service hereof.

## **DEFINITIONS**

    1.    The term "ADVERTISE" (along with any variation of the term used herein) refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without limitation, the act of posting or publishing information on YOUR WEBSITE.

    2.    The term "CLASS PERIOD" refers to the time period between April 9, 2016 through the conclusion of the action.

    3.    The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE for both women and men, including, without limitation, the items sold in the categories listed in "New In," "Clothing," and "Shoes & Accessories." The terms are inclusive of all subcategories within New In, Clothing, and Shoes & Accessories, such as Tops, Dresses, Coats & Jackets, Sweaters & Cardigans, Jeans, Plus Size & Curve, Boots, Sandals, Sneakers, Bags, Jewelry, Belts, etc. This list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS." The terms shall not, however, include any items in the "Beauty" category.

    4.    The term "REFERENCE PRICE" refers to the higher price listed with regards to all, or nearly all, PRODUCTS on YOUR WEBSITE that is represented to consumers as being substantially marked down, and which typically, but not necessarily, may be

1   displayed with a strikethrough.   On days YOU are running a promotion on YOUR
2   WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g.,
3   GIMME50), the term "REFERENCE PRICE" refers to the price displayed for
4   PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo
5   or coupon code is applied to obtain the purported discount or markdown.   In the following
6   example, $80.00 is the REFERENCE PRICE.



19      5.      The term "WEBSITE" refers to https://us.boohoo.com and any other web
20   address YOU used to sell YOUR PRODUCTS in the United States during the CLASS
21   PERIOD.
22      6.      The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC,
23   Boohoo.com USA, Inc., and Boohoo.com UK Limited, and shall include their officers,
24   directors, principals, employees, personnel, contractors, attorneys, accountants, agents,
25   representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their
26   behalf.
27
28

**PLAINTIFF FARID KHAN'S REQUESTS FOR ADMISSION, SET ONE**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that less than ten (10) percent of the total dollar amount of YOUR total sales of PRODUCTS on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 2:**

Admit that less than ten (10) percent of the total dollar amount of YOUR total sales of PRODUCTS on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 3:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 4:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 5:**

Admit that none of the PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were offered for sale by YOU at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale (*e.g.*, a PRODUCT with a REFERENCE PRICE of $25 on December 1, 2020, was not offered for sale on YOUR WEBSITE at or above that REFERENCE PRICE ($25 in this example) for 9 or more of the then-previous 90 days).

**REQUEST FOR ADMISSION NO. 6:**

Admit that in the United States during the CLASS PERIOD, YOUR PRODUCTS have been sold exclusively on YOUR WEBSITE. Please be advised that this Request is not asking YOU about sales by private individuals or sales by persons or entities who are

1    not YOUR authorized retailers or distributors.

2    **REQUEST FOR ADMISSION NO. 7:**

3        Admit that in the United States during the CLASS PERIOD, YOU have not owned

4    or operated any physical retail stores.

5    **REQUEST FOR ADMISSION NO. 8:**

6        Admit that YOU ADVERTISED REFERENCE PRICES for YOUR PRODUCTS

7    on YOUR WEBSITE during the CLASS PERIOD.

8    **REQUEST FOR ADMISSION NO. 9:**

9        Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU

10   ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were inaccurate.

11   **REQUEST FOR ADMISSION NO. 10:**

12       Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU

13   ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were misleading.

14   **REQUEST FOR ADMISSION NO. 11:**

15       Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

16   for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

17   the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR

18   WEBSITE in the previous 90 days.

19   **REQUEST FOR ADMISSION NO. 12:**

20       Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

21   for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

22   the particular PRODUCT associated with the REFERENCE PRICE had been offered for

23   sale on YOUR WEBSITE in the previous 90 days.

24   **REQUEST FOR ADMISSION NO. 13:**

25       Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

26`  for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

27   the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR

28   WEBSITE for more than 5 of the previous 90 days.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE for more than 5 of the previous 90 days.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the original (initial) price the PRODUCT sold for on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD were not created by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable to each of the individual PRODUCTS YOU sold on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the retail price of the PRODUCT as sold or made available for sale at some WEBSITE other than yours.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the regular price of the PRODUCT.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the PRODUCT was ADVERTISED to be sold for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time period (for example, as of today, for a PRODUCT with a REFERENCE PRICE of $25, that product has not had a most-frequently charged price of $25 over the previous 10 days or 20 days or 90 days, or any number of days).

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU ADVERTISED REFERENCE PRICES on YOUR WEBSITE across all of YOUR product lines (excluding beauty products) during the CLASS PERIOD.

Dated:  January 5, 2021                    ALMADANI LAW

                                           By:      /s/ Yasin M. Almadani
                                                Yasin M. Almadani, Esq.

                                           AI LAW, PLC

                                           By:      /s/ Ahmed Ibrahim
                                                Ahmed Ibrahim, Esq.

                                                Attorneys for Plaintiff, Individually and
                                                On Behalf of All Others Similarly Situated

# EXHIBIT 4

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Ph.:   949-260-1240
Fax:   949-260-1280
aibrahim@ailawfirm.com

Attorneys for Plaintiff Haya Hilton, Individually
and On Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYA HILTON, an individual, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>    vs.<br><br>PRETTYLITTLETHING.COM USA INC., a Delaware corporation, PRETTYLITTLETHING.COM LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive.<br><br>            Defendants. | Case No.: **2:20-cv-04658-GW-JEMx,** **consolidated for pretrial purposes with** *Khan v. Boohoo.com USA, Inc., et al.,* **No. 2:20-cv-03332-GW-JEMx (Lead Case) and** *Lee v. NastyGal.com USA Inc., et al.*, **No. 2:20-cv-04659-GW-JEMx**<br><br>**PLAINTIFF HAYA HILTON'S INTERROGATORIES TO DEFENDANTS BOOHOO GROUP PLC, PRETTYLITTLETHING.COM USA INC., AND PRETTYLITTLETHING.COM LIMITED, SET ONE** |
| AND ALL CONSOLIDATED ACTIONS | |

PROPOUNDING PARTY:    PLAINTIFF HAYA HILTON

RESPONDING PARTY:    BOOHOO GROUP PLC,

                           PRETTYLITTLETHING.COM USA INC., AND

                           PRETTYLITTLETHING.COM LIMITED

SET NO.:              ONE

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Haya Hilton, on behalf of herself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Prettylittlething.com USA Inc., and Prettylittlething.com Limited, ("Defendants") respond, in writing, under oath, to the following Interrogatories within thirty (30) days after service hereof.

## **DEFINITIONS**

1.    The term "ADVERTISE" (along with any variation of the term used herein) refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without limitation, the act of posting or publishing information on YOUR WEBSITE.

2.    The term "CLASS PERIOD" refers to the time period between May 19, 2016 through the conclusion of the action.

3.    The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE, including, without limitation, the items sold in the categories listed in "New In," "Clothing," "Dresses," "Tops," "Shoes," and "Accessories."  The terms are inclusive of all subcategories within New In, Clothing, Shoes, and Accessories, such as Tops, Dresses, Coats & Jackets, Sweaters, Skirts, Lingerie, Jeans, Activewear, PLT Plus, PLT Petite, PLT Tall, Boots, Heels, Flats, Bags & Purses, Jewelry, Belts, etc.  This list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS."  The terms shall not, however, include any items in the "Beauty" category.

4.    The term "PRODUCT CODE" refers to the code you assign to each product, typically with approximately seven characters, starting with letters and also including

1    numbers, with each PRODUCT CODE referring to a unique PRODUCT.

2         5.    The term "REFERENCE PRICE" refers to the higher price listed with regards

3    to all, or nearly all, of the PRODUCTS on YOUR WEBSITE that is represented to

4    consumers as being substantially marked down, and which typically, but not necessarily,

5    may be displayed with a strikethrough.  On days YOU are running a promotion on YOUR

6    WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g.,

7    GIMME50), the term "REFERENCE PRICE" refers to the price displayed for

8    PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo

9    or coupon code is applied to obtain the purported discount or markdown.  In the following

10   example, $68.00 is the REFERENCE PRICE and the PRODUCT CODE is CMN3532.

11   Home  /  PRETTYLITTLETHING Stone Colour Block Zip Sweat Jumpsuit





PRETTYLITTLETHING STONE COLOUR BLOCK ZIP SWEAT JUMPSUIT
$68.00
**$41.00** (40% OFF)

**Color:** Stone

**US Size:**
0 (XS)   2 (S)   4 (S)   6 (M)   8 (M)
10 (L)   12 (L)

Size Guide

SELECT SIZE

Pay in 4 easy instalments every 2 weeks with Klarna
Pay in 4 easy instalments every 2 weeks with afterpay

FURTHER REDUCTIONS - UP TO 80% OFF EVERYTHING* - HURRY LIMITED TIME ONLY

CMN3532

PRETTYLITTLETHING Stone Colour Block Zip Sweat Jumpsuit

Give your off-duty look a chilled vibe with this jumpsuit doll. Featuring a colour blocked design with a zip front and tie waist detail, we're obsessed. Style with fresh kicks for a statement weekend worthy combo.

- Length approx 132cm/52" (Based on a sample size UK 8)
- Model wears size UK 8/ EU 36/ AUS 8/ US 4
- Model Height - 5ft 6"

Share

6.      The term "WEBSITE" refers to https://prettylittlething.us and any other web address YOU used to sell YOUR PRODUCTS in the United States during the CLASS PERIOD.

7.      The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC, Prettylittlething.com USA Inc., and Prettylittlething.com Limited, and shall include their officers, directors, principals, employees, personnel, contractors, attorneys, accountants, agents, representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their behalf.

8.      The term "ACTIVITIES" refers to any and all acts undertaken on behalf of, for the benefit of, or to the detriment of Boohoo Group PLC, Prettylittlething.com Limited, Prettylittlething.com USA Inc. and/or any of their respective subsidiaries.

9.      Whenever the term "IDENTIFY" is used herein, it is intended for YOU to state the name, title, address, and telephone number when referring to an individual or entity, or when referring to a DOCUMENT, for YOU to describe the DOCUMENT with particularity and to IDENTIFY its current custodian(s), or when referring to a date, for YOU to state the month, day, and year.

10.    The term "PERSON/ENTITY" refers to any natural person, individual, sole proprietorship, partnership, unincorporated association, corporation, business trust, limited liability company, or other entity or form of organization or association, or public entity connected to the marketing and sale of products in California by DEFENDANTS. Such PERSONS/ENTITIES include those connected to DEFENDANTS through employment or other contract, including but not limited to, by way of example, models, social media influencers, brand ambassadors, website developers, website operators, administrators, assistants, interns, manufacturers, suppliers, shippers, marketing experts, procurement experts, products specialists, managers, supervisors, administrative assistants, etc.

# INTERROGATORIES

## INTERROGATORY NO. 1:

Please list each PRODUCT by PRODUCT CODE and product description offered for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form that includes the following information for each PRODUCT:  (a) the time period during which the PRODUCT was, or has been, offered for sale, (b) the date the PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT was offered for sale (*e.g.*, New In, Clothing, Dresses, Tops, Shoes, Accessories, Sale, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date,  (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

## INTERROGATORY NO. 2:

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, including the following information:  (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sale, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by

the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 3:**

Please provide the information referenced in Interrogatory No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**INTERROGATORY NO. 4:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE. Please produce this information in a form that includes the following information: (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales on that date, of that PRODUCT, and (i) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 5:**

Please provide the information referenced in Interrogatory No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**INTERROGATORY NO. 6:**

Identify the PRODUCTS, along with dates during the CLASS PERIOD, for which YOU did not ADVERTISE a sale or promotion on YOUR WEBSITE of at least 35% off all PRODUCTS.

**INTERROGATORY NO. 7:**

Please explain is as much detail as possible why PRODUCTS YOU sell on the WEBSITE in the "NEW IN" category already have an ADVERTISED REFERENCE

PRICE that is higher than the price at which it is ADVERTISED to be sold given the lack of history to establish a REFERENCE PRICE for PRODUCTS in the "NEW IN" category.

**INTERROGATORY NO. 8:**

Please provide the name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**INTERROGATORY NO. 9:**

For each purchaser identified in Interrogatory No. 8 above, describe each of their purchases by providing: (a) the date of purchase, (b) the PRODUCTS purchased, (c) the price paid for each PRODUCT purchased, and (d) the REFERENCE PRICE of each PRODUCT purchased.

**INTERROGATORY NO. 10:**

Please state all reasons why YOU ADVERTISE REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE.

**INTERROGATORY NO. 11:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, or making decisions concerning, the REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 12:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, creating, or making decisions concerning, the ADVERTISEMENT of sales, markdowns, discounts, or promotions on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 13:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with designing,

configuring, defining the requirements for, or making decisions concerning, any software, algorithms, artificial intelligence, or applications YOU use relating to the posting of REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 14:**

Please state all reasons why YOU believe the REFERENCE PRICES on PRODUCTS ADVERTISED on YOUR WEBSITE during the CLASS PERIOD are accurate and not misleading.  To the extent YOU believe the REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE during the CLASS PERIOD are inaccurate and misleading, please so state in YOUR response.

**INTERROGATORY NO. 15:**

Please IDENTIFY all offices or other physical facilities YOU have purchased, leased, rented, or otherwise used for a business purpose in the United States during the CLASS PERIOD and state the purpose and ACTIVITIES performed therein. For each such office or facility, please also IDENTIFY all PERSONS/ENTITIES who have used said office or facility and their purpose for using said office or facility.

**INTERROGATORY NO. 16:**

For each response to the Requests for Admission ("RFA") served with these Interrogatories that is not an unqualified admission: (a) state the number of the RFA; (b) state all facts upon which you base your response; (c) IDENTIFY all PERSONS who have knowledge of those facts; and (d) IDENTIFY all DOCUMENTS and other tangible things that support your response and IDENTIFY the PERSON who has each such DOCUMENT or thing.[1]

/ / /

/ / /

/ / /

---

[1] This interrogatory is modeled after interrogatory 17.1 found in State of California Judicial Council Form DISC-001.

Dated:  January 5, 2021                    ALMADANI LAW

                                           By:      /s/ Yasin M. Almadani
                                                   Yasin M. Almadani, Esq.

                                           AI LAW, PLC

                                           By:      /s/ Ahmed Ibrahim
                                                   Ahmed Ibrahim, Esq.

                                           Attorneys for Plaintiff, Individually and
                                           On Behalf of All Others Similarly Situated

# EXHIBIT 5

1   ALMADANI LAW
    Yasin M. Almadani, State Bar No. 242798
2   14742 Beach Blvd., Suite 410
    La Mirada, CA 90638
3   Ph: 213-335-3935
    Fax: 213-296-6278
4   yma@lawalm.com

5   AI LAW, PLC
    Ahmed Ibrahim, State Bar No. 238739
6   4343 Von Karman Ave, Suite 250
    Newport Beach, CA 92660
7   Ph.:  949-260-1240
    Fax:  949-260-1280
8   aibrahim@ailawfirm.com

9   Attorneys for Plaintiff Haya Hilton, Individually
    and On Behalf of All Others Similarly Situated
10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13   HAYA HILTON, an individual, on          **Case No.: 2:20-cv-04658-GW-JEMx,**
     behalf of herself and all others similarly  **consolidated for pretrial purposes**
14   situated,                                **with** *Khan v. Boohoo.com USA, Inc., et*
                                              *al.,* **No. 2:20-cv-03332-GW-JEMx**
15              Plaintiff,                    **(Lead Case) and** *Lee v. NastyGal.com*
          vs.                                 *USA Inc., et al.***, No. 2:20-cv-04659-**
16   PRETTYLITTLETHING.COM    USA            **GW-JEMx**
     INC.,    a    Delaware    corporation,
17   PRETTYLITTLETHING.COM
     LIMITED, a United Kingdom private       **PLAINTIFF HAYA HILTON'S**
18   limited company, BOOHOO GROUP           **REQUESTS FOR PRODUCTION OF**
     PLC, a Jersey public limited company,   **DOCUMENTS TO DEFENDANTS**
19   and DOES 1-10, inclusive.               **BOOHOO GROUP PLC,**
                                             **PRETTYLITTLETHING.COM USA**
20              Defendants.                  **INC., AND**
                                             **PRETTYLITTLETHING.COM**
21                                           **LIMITED, SET ONE**

22

23

24   AND ALL CONSOLIDATED
     ACTIONS
25

26

27

28

PROPOUNDING PARTY:     PLAINTIFF HAYA HILTON

RESPONDING PARTY:      BOOHOO GROUP PLC,

                       PRETTYLITTLETHING.COM USA INC., AND

                       PRETTYLITTLETHING.COM LIMITED

SET NO.:               ONE

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Haya Hilton, on behalf of herself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Prettylittlething.com USA Inc., and Prettylittlething.com Limited, ("Defendants") respond, in writing, to the following Requests for Production of Documents within thirty (30) days after service hereof, and produce the documents, tangible things, and/or electronically stored information described below which are in Defendants' possession or under Defendants' control, or which are in the possession or under the control of the Defendants' representatives, agents, contractors, and designees, including any drafts, versions, or edited copies, and to permit inspection and copying.

## INSTRUCTIONS

1.     The requested documents should be produced for inspection and copying at the offices of the undersigned counsel unless other arrangements are made by agreement of counsel.  In addition to production in hard copy, where the requested documents are also kept by Defendants as electronically stored information ("ESI"), such ESI should be produced on a CD, hard drive, flash drive, or other conventional storage medium, containing data in the form of searchable and bates-numbered images (in ".tiff" or other similar format) along with load files enabling the data to be uploaded to a database for processing and viewing on industry-standard legal software applications.   All ESI produced in this case should also be produced in native format with embedded metadata intact.

2.     If any document identified in an answer to any REQUEST FOR

PRODUCTION was, but no longer is, in your possession, state what disposition was made of it or what became of it.

3.     If you object to any part of a REQUEST FOR PRODUCTION and refuse to answer that part, state the grounds for your objection with specificity and answer the remaining portion of that REQUEST FOR PRODUCTION.  No part of any REQUEST FOR PRODUCTION shall be left unanswered merely because an objection has been interposed to another part of that REQUEST FOR PRODUCTION.

4.     The information sought in these REQUESTS FOR PRODUCTION is not limited to your personal knowledge but extends to any knowledge or information available to you or your attorneys, employees, agents, subsidiaries, affiliates, representatives, and experts.

5.     If any information is withheld on the basis of a claim of privilege, please set forth in writing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including the following information to sufficiently identify the document, communication, or thing for which a claim of privilege is made:

    i.      the exact or approximate date, and manner of recording, creating, or otherwise preparing the document, communication, or thing;

    ii.     the name of each sender of the document, communication, or thing;

    iii.    the name of each person (other than stenographic or clerical assistants) participating in the preparation or creation of the document, communication, or thing;

    iv.     the name of each person to whom the contents, or any portions of the contents, of the document, communication, or thing have been communicated by copy, exhibition, reading, or summarization; and

    v.      a statement of the basis on which privilege is claimed with respect to each document, communication, or thing.

6.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to amend or supplement all responses to these REQUESTS FOR PRODUCTION if any information requested by any REQUEST FOR PRODUCTION is discovered by you

or comes into your custody or control after your initial response to the REQUEST FOR
PRODUCTION.

7.     If any of the following REQUESTS FOR PRODUCTION cannot be answered
in full after exercising due diligence to secure the information, please answer to the extent
possible, specifying your inability to answer the remainder and stating whatever
information you have concerning the unanswered portions.  If your answer is qualified in
any way, set forth the details of such qualification.

The singular form of a noun or pronoun includes within its meaning the plural form
of the noun or pronoun so used and vice versa; the use of any tense of any verb also includes
within its meaning all other tenses of the verb so used, whenever such construction results
in a broader request for information.

## **DEFINITIONS**

1.     The term "ADVERTISE" (along with any variation of the term used herein)
refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without
limitation, the act of posting or publishing information on YOUR WEBSITE.

2.     The term "CLASS PERIOD" refers to the time period between May 19, 2016
through the conclusion of the action.

3.     The terms "DOCUMENT" or "DOCUMENTS" refer to all writings,
recordings and photographs as such terms are defined in Rule 1001 of the Federal Rules of
Evidence, as well as all documents or electronically stored information stored in any
medium from which information can be obtained either directly or after translation into a
reasonably usable form (see Rule 34(a)(1) of the Federal Rules of Civil Procedure),
including, without limitation, any and all documents, correspondence, communications,
recordings, tapes, electronic data, electronic mail, instant messages, SMS and text
messages, WhatsApp messages, postings and direct messages on social media (*e.g.*,
Facebook, Instagram, Twitter, and LinkedIn), computer printouts, records, reports,
spreadsheets, slides, photographs, notes, working papers, analyses, books, agreements,
contracts, memoranda, maps, charts, plans, diagrams, specifications, calculations,

telegrams, telexes, transcriptions, notes or memoranda made of any telephone communications, and all other communications.  The terms include any writing, recording, or other tangible thing consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilations from which information can be obtained or translated through detection devices into reasonably usable form.  The terms include the original and any copies thereof which differ in any manner whatsoever from the originals, and all drafts thereof.

4.      The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE, including, without limitation, the items sold in the categories listed in "New In," "Clothing," "Dresses," "Tops," "Shoes," and "Accessories."  The terms are inclusive of all subcategories within New In, Clothing, Shoes, and Accessories, such as Tops, Dresses, Coats & Jackets, Sweaters, Skirts, Lingerie,  Jeans, Activewear, PLT Plus, PLT Petite, PLT Tall, Boots, Heels, Flats, Bags & Purses, Jewelry, Belts, etc.  This list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS."  The terms shall not, however, include any items in the "Beauty" category.

5.      The term "PRODUCT CODE" refers to the code you assign to each product, typically with approximately seven characters, starting with letters and also including numbers, with each PRODUCT CODE referring to a unique PRODUCT.

6.      The term "REFERENCE PRICE" refers to the higher price listed with regards to all, or nearly all, PRODUCTS on YOUR WEBSITE that is represented to consumers as being substantially marked down, and which typically, but not necessarily, may be displayed with a strikethrough.  On days YOU are running a promotion on YOUR WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g., GIMME50), the term "REFERENCE PRICE" refers to the price displayed for PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo

or coupon code is applied to obtain the purported discount or markdown.  In the following example, $68.00 is the REFERENCE PRICE and the PRODUCT CODE is CMN3532.

Home  /  PRETTYLITTLETHING Stone Colour Block Zip Sweat Jumpsuit





**PRETTYLITTLETHING STONE COLOUR BLOCK ZIP SWEAT JUMPSUIT**

~~$68.00~~

**$41.00** (40% OFF)

**Color:** Stone

**US Size:**

0 (XS)   2 (S)   4 (S)   6 (M)   8 (M)

10 (L)   12 (L)

Size Guide

SELECT SIZE

Pay in 4 easy instalments every 2 weeks with **Klarna**

Pay in 4 easy instalments every 2 weeks with **afterpay**

FURTHER REDUCTIONS - UP TO 80% OFF EVERYTHING* - HURRY LIMITED TIME ONLY

CMN3532

PRETTYLITTLETHING Stone Colour Block Zip Sweat Jumpsuit

Give your off-duty look a chilled vibe with this jumpsuit doll. Featuring a colour blocked design with a zip front and tie waist detail, we're obsessed. Style with fresh kicks for a statement weekend worthy combo.

- Length approx 132cm/52" (Based on a sample size UK 8)
- Model wears size UK 8/ EU 36/ AUS 8/ US 4
- Model Height - 5ft 6"

Share

7.    The term "WEBSITE" refers to https://prettylittlething.us and any other web address YOU used to sell YOUR PRODUCTS in the United States during the CLASS PERIOD.

8.    The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC, Prettylittlething.com USA Inc., and Prettylittlething.com Limited, and shall include their officers, directors, principals, employees, personnel, contractors, attorneys, accountants, agents, representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their behalf.

**PLAINTIFF HAYA HILTON'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all reports, spreadsheets, or other DOCUMENTS listing each PRODUCT by PRODUCT CODE and product description offered for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form that includes the following information for each PRODUCT:  (a) the time period during which the PRODUCT was, or has been, offered for sale, (b) the date the PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT was offered for sale (*e.g.*, New In, Clothing, Dresses, Tops, Shoes, Accessories, Sale, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date,  (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, in a form that includes the following information: (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (k)

if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce the data referenced in Request for Production of Documents No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information: (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the total actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales on that date, of that PRODUCT, and (i) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the data referenced in Request for Production of Documents No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present

concerning the use, importance, lack of importance, or effectiveness of REFERENCE PRICES in connection with ADVERTISING merchandise to consumers.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions in connection with ADVERTISING merchandise to consumers.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of YOUR customers in the United States, including, without limitation, their age, gender, income, race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period of January 1, 2016, to the present concerning the demographics of the customers YOU seek to target in the United States, including, without limitation, the age, gender, income, race, ethnicity, location, education, and shopping preferences of YOUR target customers either identified by the customers or noted by YOU or any artificial intelligence system YOU use.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of

sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to employees or contractors within YOUR organization concerning the use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to investors, potential investors, or other third parties concerning the use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS constituting or reflecting all instances during the CLASS PERIOD on which any of the merchandise Plaintiff Haya Hilton purchased from YOU sold for the REFERENCE PRICE ADVERTISED to Ms. Hilton.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS constituting or reflecting the order confirmations sent to Plaintiff Haya Hilton by e-mail for any of the merchandise Ms. Hilton purchased from YOU.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS constituting or reflecting the shipping confirmations sent to Plaintiff Haya Hilton by e-mail for any of the merchandise Ms. Hilton purchased

1  from YOU.

2  **REQUEST FOR PRODUCTION NO. 17:**

3       Any and all correspondence, e-mails, communications, or other DOCUMENTS

4  exchanged between YOU, on the one hand, and Plaintiff Haya Hilton, on the other hand.

5  **REQUEST FOR PRODUCTION NO. 18:**

6       Any and all information and DOCUMENTS generated and retained by YOU,

7  relating to the sale made to Plaintiff Haya Hilton reflected in the operative complaint.

8  **REQUEST FOR PRODUCTION NO. 19:**

9       Any and all organizational charts of all departments, divisions, units, and teams

10  within YOUR company during the CLASS PERIOD.

11  **REQUEST FOR PRODUCTION NO. 20:**

12       Any and all directories or listings of all of YOUR officers, directors, and employees

13  by name, title, and location applicable during the CLASS PERIOD.  For each person,

14  please also identify the department, division, unit, and/or team of which they are a part.

15  **REQUEST FOR PRODUCTION NO. 21:**

16       Any and all memoranda, reports, presentations, analyses, training materials, e-mails,

17  correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR

18  policies and procedures concerning REFERENCE PRICES ADVERTISED for YOUR

19  PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

20  **REQUEST FOR PRODUCTION NO. 22:**

21       Any and all memoranda, reports, presentations, analyses, training materials, e-mails,

22  correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR

23  policies and procedures concerning the offering of sales, markdowns, discounts, or

24  promotions for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

25  **REQUEST FOR PRODUCTION NO. 23:**

26`      Any and all internal memoranda, correspondence, e-mails, social media messages,

27  or other DOCUMENTS exchanged between or amongst YOUR officers, directors,

28  employees, contractors, or agents relating to (a) REFERENCE PRICES ADVERTISED on

-10-

YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between any of YOUR officers, directors, employees, contractors, or agents, on the one hand, and any other person, whether within or outside your organization, on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Mahmud Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Carol Kane, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Umar Kamani, on the one hand, and any other person

on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between John Lyttle, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Neil Catto, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all e-mail blasts disseminated to YOUR customers, including e-mail list subscribers, in the United States during the CLASS PERIOD, to ADVERTISE YOUR PRODUCTS, YOUR WEBSITE, or any sales, markdowns, discounts, or promotions on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all e-mails, chat logs, or other written correspondence, and other DOCUMENTS constituting or reflecting complaints, comments, or feedback from customers in the United States concerning REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between YOU, on the one hand, and any customer in the United States, on the other hand, relating to REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the use of REFERENCE PRICES on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the offering of sales, markdowns, discounts, or promotions on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS relating to YOUR operations in the State of California during the CLASS PERIOD, including, without limitation, employees, independent contractors, social media influencers, models, celebrities, offices, distribution and storage facilities, manufacturing facilities, facilities and personnel used to design YOUR PRODUCTS, facilities and personnel used to create marketing materials for YOUR PRODUCTS, all forms of marketing, ADVERTISING, and promotion conducted in California, information technology infrastructure, property owned in California, and any other activity in California related to marketing, ADVERTISING, sales or operation of the WEBSITE.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS sufficient to identify by name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTS referencing any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever YOU performed regarding prices at which products comparable to YOUR PRODUCTS were sold by other companies, including which specific other companies' products in the marketplace were comparable to which specific PRODUCTS sold by YOU.

Dated:  January 5, 2021                     ALMADANI LAW

                                            By:       /s/ Yasin M. Almadani
                                                      Yasin M. Almadani, Esq.

                                            AI LAW, PLC

                                            By:       /s/ Ahmed Ibrahim
                                                      Ahmed Ibrahim, Esq.

                                            Attorneys for Plaintiff, Individually and
                                            On Behalf of All Others Similarly Situated

**PLAINTIFF HAYA HILTON'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

# EXHIBIT 6

1  ALMADANI LAW
   Yasin M. Almadani, State Bar No. 242798
2  14742 Beach Blvd., Suite 410
   La Mirada, CA 90638
3  Ph: 213-335-3935
   Fax: 213-296-6278
4  yma@lawalm.com

5  AI LAW, PLC
   Ahmed Ibrahim, State Bar No. 238739
6  4343 Von Karman Ave, Suite 250
   Newport Beach, CA 92660
7  Ph.:  949-260-1240
   Fax:  949-260-1280
8  aibrahim@ailawfirm.com

9  Attorneys for Plaintiff Haya Hilton, Individually
   and On Behalf of All Others Similarly Situated
10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  HAYA HILTON, an individual, on        Case No.: 2:20-cv-04658-GW-JEMx,
    behalf of herself and all others similarly  consolidated for pretrial purposes
14  situated,                            with *Khan v. Boohoo.com USA, Inc., et
                                         al.,* No. 2:20-cv-03332-GW-JEMx
15              Plaintiff,               (Lead Case) and *Lee v. NastyGal.com
         vs.                             USA Inc., et al.*, No. 2:20-cv-04659-
16                                       GW-JEMx
    PRETTYLITTLETHING.COM    USA
17  INC.,   a   Delaware   corporation,
    PRETTYLITTLETHING.COM               **PLAINTIFF HAYA HILTON'S
18  LIMITED, a United Kingdom private    REQUESTS FOR ADMISSION TO
    limited company, BOOHOO GROUP        DEFENDANTS BOOHOO GROUP
19  PLC, a Jersey public limited company,  PLC, PRETTYLITTLETHING.COM
    and DOES 1-10, inclusive.            USA INC., AND
20                                       PRETTYLITTLETHING.COM
                                         LIMITED, SET ONE**
21              Defendants.

22

23  ────────────────────────────
    AND ALL CONSOLIDATED
24  ACTIONS

25

26

27

28

1  PROPOUNDING PARTY:      PLAINTIFF HAYA HILTON

2  RESPONDING PARTY:       BOOHOO GROUP PLC,

3                          PRETTYLITTLETHING.COM USA INC., AND

4                          PRETTYLITTLETHING.COM LIMITED

5  SET NO.:                ONE

6

7       PLEASE TAKE NOTICE that pursuant to Rule 36 of the Federal Rules of Civil

8  Procedure, Plaintiff Haya Hilton, on behalf of herself and all others similarly situated

9  ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Prettylittlething.com

10 USA Inc., and Prettylittlething.com Limited, ("Defendants") respond, in writing, to the

11 following Requests for Admission within thirty (30) days after service hereof.

12                          **DEFINITIONS**

13      1.     The term "ADVERTISE" (along with any variation of the term used herein)

14 refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without

15 limitation, the act of posting or publishing information on YOUR WEBSITE.

16      2.     The term "CLASS PERIOD" refers to the time period between May 19, 2016

17 through the conclusion of the action.

18      3.     The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell

19 on YOUR WEBSITE including, without limitation, the items sold in the categories listed

20 in "New In," "Clothing," "Dresses," "Tops," "Shoes," and "Accessories."  The terms are

21 inclusive of all subcategories within New In, Clothing, Shoes, and Accessories, such as

22 Tops, Dresses, Coats & Jackets, Sweaters, Skirts, Lingerie, Jeans, Activewear, PLT Plus,

23 PLT Petite, PLT Tall, Boots, Heels, Flats, Bags & Purses, Jewelry, Belts, etc.  This list is

24 provided by way of example and is not to be construed as an exhaustive list of merchandise

25 covered by the terms "PRODUCT" or "PRODUCTS."  The terms shall not, however,

26 include any items in the "Beauty" category.

27      4.     The term "REFERENCE PRICE" refers to the higher price listed with regards

28 to all, or nearly all, of the PRODUCTS on YOUR WEBSITE that is represented to

1  consumers as being substantially marked down, and which typically, but not necessarily,

2  may be displayed with a strikethrough.  On days YOU are running a promotion on YOUR

3  WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g.,

4  GIMME50), the term "REFERENCE PRICE" refers to the price displayed for

5  PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo

6  or coupon code is applied to obtain the purported discount or markdown.  In the following

7  example, $68.00 is the REFERENCE PRICE.

Home  /  PRETTYLITTLETHING Stone Colour Block Zip Sweat Jumpsuit




PRETTYLITTLETHING STONE COLOUR BLOCK ZIP SWEAT
JUMPSUIT
$68.00
**$41.00** (40% OFF)

**Color:** Stone

**US Size:**
0 (XS)   2 (S)   4 (S)   6 (M)   8 (M)
10 (L)   12 (L)

Size Guide

SELECT SIZE

Pay in 4 easy instalments every 2 weeks with **Klarna**    Pay in 4 easy instalments every 2 weeks with **afterpay**

FURTHER REDUCTIONS - UP TO 80% OFF EVERYTHING* - HURRY LIMITED TIME ONLY

CMN3532

PRETTYLITTLETHING Stone Colour Block Zip Sweat Jumpsuit

Give your off-duty look a chilled vibe with this jumpsuit doll. Featuring a colour blocked
design with a zip front and tie waist detail, we're obsessed. Style with fresh kicks for a
statement weekend worthy combo.

- Length approx 132cm/52" (Based on a sample size UK 8)
- Model wears size UK 8/ EU 36/ AUS 8/ US 4
- Model Height - 5ft 6"

Share

8  5.    The term "WEBSITE" refers to https://prettylittlething.us and any other web

24 address YOU used to sell YOUR PRODUCTS in the United States during the CLASS

25 PERIOD.

26  6.    The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC,

27 Prettylittlething.com USA Inc., and Prettylittlething.com Limited, and shall include their

officers, directors, principals, employees, personnel, contractors, attorneys, accountants, agents, representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their behalf.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that less than ten (10) percent of the total dollar amount of YOUR total sales of PRODUCTS on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 2:**

Admit that less than ten (10) percent of the total dollar amount of YOUR total sales of PRODUCTS on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 3:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 4:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 5:**

Admit that none of the PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were offered for sale by YOU at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale (*e.g.*, a PRODUCT with a REFERENCE PRICE of $25 on December 1, 2020, was not offered for sale on YOUR WEBSITE at or above that REFERENCE PRICE ($25 in this example) for 9 or more of the then-previous 90 days).

**REQUEST FOR ADMISSION NO. 6:**

Admit that in the United States during the CLASS PERIOD, YOUR PRODUCTS have been sold exclusively on YOUR WEBSITE.  Please be advised that this Request is not asking YOU about sales by private individuals or sales by persons or entities who are not YOUR authorized retailers or distributors.

**REQUEST FOR ADMISSION NO. 7:**

Admit that in the United States during the CLASS PERIOD, YOU have not owned or operated any physical retail stores.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU ADVERTISED REFERENCE PRICES for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were inaccurate.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were misleading.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR WEBSITE in the previous 90 days.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE in the previous 90 days.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR WEBSITE for more than 5 of the previous 90 days.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE for more than 5 of the previous 90 days.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the original (initial) price the PRODUCT sold for on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD were not created by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable to each of the individual PRODUCTS YOU sold on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the retail price of the PRODUCT as sold or made available for sale at some WEBSITE other than yours.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the regular price of the PRODUCT.

1

**REQUEST FOR ADMISSION NO. 19:**

2

     Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

3

for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

4

the PRODUCT was ADVERTISED to be sold for the majority of the time it was

5

ADVERTISED to be sold on YOUR WEBSITE.

6

**REQUEST FOR ADMISSION NO. 20:**

7

     Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

8

for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

9

YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time

10

period (for example, as of today, for a PRODUCT with a REFERENCE PRICE of $25,

11

that product has not had a most-frequently charged price of $25 over the previous 10 days

12

or 20 days or 90 days, or any number of days).

13

**REQUEST FOR ADMISSION NO. 21:**

14

     Admit that YOU ADVERTISED REFERENCE PRICES on YOUR WEBSITE

15

across all of YOUR product lines (excluding beauty products) during the CLASS PERIOD.

16

17

Dated:  January 5, 2021         ALMADANI LAW

18

19

                       By:      /s/ Yasin M. Almadani
                             Yasin M. Almadani, Esq.

20

21

                       AI LAW, PLC

22

                       By:      /s/ Ahmed Ibrahim

23

                             Ahmed Ibrahim, Esq.

24

                       Attorneys for Plaintiff, Individually and
                       On Behalf of All Others Similarly Situated

25

26`

27

28

# EXHIBIT 7

1
2   ALMADANI LAW
    Yasin M. Almadani, State Bar No. 242798
3   14742 Beach Blvd., Suite 410
    La Mirada, CA 90638
4   Ph: 213-335-3935
    Fax: 213-296-6278
    yma@lawalm.com
5
6   AI LAW, PLC
    Ahmed Ibrahim, State Bar No. 238739
7   4343 Von Karman Ave, Suite 250
    Newport Beach, CA 92660
8   Ph.:  949-260-1240
    Fax:  949-260-1280
    aibrahim@ailawfirm.com
9
    Attorneys for Plaintiff Olivia Lee, Individually
10  and On Behalf of All Others Similarly Situated

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13  OLIVIA LEE, an individual, on behalf   Case No.: 2:20-cv-04659-GW-JEMx,
    of herself and all others similarly    consolidated for pretrial purposes
14  situated,                              with *Khan v. Boohoo.com USA, Inc., et
                                           al.,* No. 2:20-cv-03332-GW-JEMx
15              Plaintiff,                  (Lead Case) and *Hilton v.
         vs.                               Prettylittlething.com USA Inc., et al.*,
16                                         No. 2:20-cv-04658-GW-JEMx
    NASTYGAL.COM     USA     INC.,    a
17  Delaware corporation, NASTY GAL
    LIMITED, a United Kingdom private      **PLAINTIFF OLIVIA LEE'S**
18  limited company, BOOHOO GROUP          **INTERROGATORIES TO**
    PLC, a Jersey public limited company,  **DEFENDANTS BOOHOO GROUP**
19  and DOES 1-10, inclusive.              **PLC, NASTYGAL.COM USA INC.,**
                                           **AND NASTY GAL LIMITED, SET**
20              Defendants.                 **ONE**

21
22
23  AND ALL CONSOLIDATED
    ACTIONS
24
25
26
27
28

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF OLIVIA LEE |
| RESPONDING PARTY: | BOOHOO GROUP PLC, NASTYGAL.COM USA INC., |
| | AND NASTY GAL LIMITED |
| SET NO.: | ONE |

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Olivia Lee, on behalf of herself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Nastygal.com USA Inc., and Nasty Gal Limited, ("Defendants") respond, in writing, under oath, to the following Interrogatories within thirty (30) days after service hereof.

## **DEFINITIONS**

1.     The term "ADVERTISE" (along with any variation of the term used herein) refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without limitation, the act of posting or publishing information on YOUR WEBSITE.

2.     The term "CLASS PERIOD" refers to the time period between March 1, 2017 through the conclusion of the action.

3.     The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE, including, without limitation, the items sold in the categories listed in "New," "Clothes," "Dresses," "Tops," "Shoes + Boots," "Plus Size," and "Accessories." The terms are inclusive of all subcategories within New, Clothes, Dresses, Tops, Shoes + Boots, Plus Size, and Accessories, such as Tops, Dresses, Coats + Jackets, Skirts, Lingerie, Jeans, Sneakers, Heels, Sandals, Bags + Backpacks, Jewelry, Belts, etc.   This list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS."   The terms shall not, however, include any items in the "Beauty" category.

4.     The term "PRODUCT CODE" refers to the code you assign to each product and may also be referred to as the "style #", typically with approximately eight characters, starting with letters and also including numbers, with each PRODUCT CODE referring to

1

a unique PRODUCT.

5.    The term "REFERENCE PRICE" refers to the higher price listed with regards to all, or nearly all, PRODUCTS on YOUR WEBSITE that is represented to consumers as being substantially marked down, and which typically, but not necessarily, may be displayed with a strikethrough.  On days YOU are running a promotion on YOUR WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g., GIMME50), the term "REFERENCE PRICE" refers to the price displayed for PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo or coupon code is applied to obtain the purported discount or markdown.  In the following example, $160.00 is the REFERENCE PRICE and the PRODUCT CODE is AGG79834.



6.    The term "WEBSITE" refers to https://nastygal.com and any other web address YOU used to sell YOUR PRODUCTS in the United States during the CLASS PERIOD.

7.    The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC, Nastygal.com USA Inc., and Nasty Gal Limited, and shall include their officers, directors,

1   principals,   employees,   personnel,   contractors,   attorneys,   accountants,   agents,

2   representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their

3   behalf.

4          8.     The term "ACTIVITIES" refers to any and all acts undertaken on behalf of,

5   for the benefit of, or to the detriment of Boohoo Group PLC, Nastygal.com USA Inc., and

6   Nasty Gal Limited, and/or any of their respective subsidiaries.

7          9.     Whenever the term "IDENTIFY" is used herein, it is intended for YOU to

8   state the name, title, address, and telephone number when referring to an individual or

9   entity, or when referring to a DOCUMENT, for YOU to describe the DOCUMENT with

10   particularity and to IDENTIFY its current custodian(s), or when referring to a date, for

11   YOU to state the month, day, and year.

12         10.    The term "PERSON/ENTITY" refers to any natural person, individual, sole

13   proprietorship, partnership, unincorporated association, corporation, business trust, limited

14   liability company, or other entity or form of organization or association, or public entity

15   connected to the marketing and sale of products in California by DEFENDANTS. Such

16   PERSONS/ENTITIES include those connected to DEFENDANTS through employment

17   or other contract, including but not limited to, by way of example, models, social media

18   influencers, brand ambassadors, website developers, website operators, administrators,

19   assistants, interns, manufacturers, suppliers, shippers, marketing experts, procurement

20   experts, products specialists, managers, supervisors, administrative assistants, etc.

21

22                      **INTERROGATORIES**

23   **INTERROGATORY NO. 1:**

24        Please list each PRODUCT by PRODUCT CODE and product description offered

25   for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form

26` that includes the following information for each PRODUCT:  (a) the time period during

27   which the PRODUCT was, or has been, offered for sale, (b) the date the PRODUCT was

28   first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories

in which the PRODUCT was offered for sale (*e.g.*, New In, Clothing, Dresses, Tops, Shoes, Accessories, Sale, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date,  (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 2:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, including the following information:  (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sale, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 3:**

Please provide the information referenced in Interrogatory No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**INTERROGATORY NO. 4:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United

States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information:  (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales on that date, of that PRODUCT, and (i) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**INTERROGATORY NO. 5:**

Please provide the information referenced in Interrogatory No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**INTERROGATORY NO. 6:**

Identify the PRODUCTS, along with dates during the CLASS PERIOD, for which YOU did not ADVERTISE a sale or promotion on YOUR WEBSITE of at least 35% off all PRODUCTS.

**INTERROGATORY NO. 7:**

Please explain is as much detail as possible why PRODUCTS YOU sell on the WEBSITE in the "NEW IN" category already have an ADVERTISED REFERENCE PRICE that is higher than the price at which it is ADVERTISED to be sold given the lack of history to establish a REFERENCE PRICE for PRODUCTS in the "NEW IN" category.

**INTERROGATORY NO. 8:**

Please provide the name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**INTERROGATORY NO. 9:**

For each purchaser identified in Interrogatory No. 8 above, describe each of their

purchases by providing: (a) the date of purchase, (b) the PRODUCTS purchased, (c) the price paid for each PRODUCT purchased, and (d) the REFERENCE PRICE of each PRODUCT purchased.

**INTERROGATORY NO. 10:**

Please state all reasons why YOU ADVERTISE REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE.

**INTERROGATORY NO. 11:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, or making decisions concerning, the REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 12:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, creating, or making decisions concerning, the ADVERTISEMENT of sales, markdowns, discounts, or promotions on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 13:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with designing, configuring, defining the requirements for, or making decisions concerning, any software, algorithms, artificial intelligence, or applications YOU use relating to the posting of REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**INTERROGATORY NO. 14:**

Please state all reasons why YOU believe the REFERENCE PRICES on PRODUCTS ADVERTISED on YOUR WEBSITE during the CLASS PERIOD are

accurate and not misleading.  To the extent YOU believe the REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE during the CLASS PERIOD are inaccurate and misleading, please so state in YOUR response.

**INTERROGATORY NO. 15:**

Please IDENTIFY all offices or other physical facilities YOU have purchased, leased, rented, or otherwise used for a business purpose in the United States during the CLASS PERIOD and state the purpose and ACTIVITIES performed therein. For each such office or facility, please also IDENTIFY all PERSONS/ENTITIES who have used said office or facility and their purpose for using said office or facility.

**INTERROGATORY NO. 16:**

For each response to the Requests for Admission ("RFA") served with these Interrogatories that is not an unqualified admission: (a) state the number of the RFA; (b) state all facts upon which you base your response; (c) IDENTIFY all PERSONS who have knowledge of those facts; and (d) IDENTIFY all DOCUMENTS and other tangible things that support your response and IDENTIFY the PERSON who has each such DOCUMENT or thing.[1]

Dated:  January 5, 2021          ALMADANI LAW

                                 By:      /s/ Yasin M. Almadani
                                          Yasin M. Almadani, Esq.

                                 AI LAW, PLC

                                 By:      /s/ Ahmed Ibrahim
                                          Ahmed Ibrahim, Esq.

                                          Attorneys for Plaintiff, Individually and
                                          On Behalf of All Others Similarly Situated

---

[1] This interrogatory is modeled after interrogatory 17.1 found in State of California Judicial Council Form DISC-001.

# EXHIBIT 8

1    ALMADANI LAW
     Yasin M. Almadani, State Bar No. 242798
2    14742 Beach Blvd., Suite 410
     La Mirada, CA 90638
3    Ph: 213-335-3935
     Fax: 213-296-6278
4    yma@lawalm.com

5    AI LAW, PLC
     Ahmed Ibrahim, State Bar No. 238739
6    4343 Von Karman Ave, Suite 250
     Newport Beach, CA 92660
7    Ph.:  949-260-1240
     Fax:  949-260-1280
8    aibrahim@ailawfirm.com

9    Attorneys for Plaintiff Olivia Lee, Individually
     and On Behalf of All Others Similarly Situated
10

11                  **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13   OLIVIA LEE, an individual, on behalf      **Case No.: 2:20-cv-04659-GW-JEMx,**
     of herself and all others similarly       **consolidated for pretrial purposes**
14   situated,                                 **with *Khan v. Boohoo.com USA, Inc., et***
                                               ***al.,* No. 2:20-cv-03332-GW-JEMx**
15                      Plaintiff,             **(Lead Case) and *Hilton v.***
            vs.                                ***Prettylittlething.com USA Inc., et al.*,**
16                                             **No. 2:20-cv-04658-GW-JEMx**
     NASTYGAL.COM   USA   INC.,   a
17   Delaware corporation, NASTY GAL
     LIMITED, a United Kingdom private         **PLAINTIFF OLIVIA LEE'S**
18   limited company, BOOHOO GROUP             **REQUESTS FOR PRODUCTION OF**
     PLC, a Jersey public limited company,     **DOCUMENTS TO DEFENDANTS**
19   and DOES 1-10, inclusive.                 **BOOHOO GROUP PLC,**
                                               **NASTYGAL.COM USA INC., AND**
20                      Defendants.            **NASTY GAL LIMITED, SET ONE**

21

22
     _____
23   AND ALL CONSOLIDATED
     ACTIONS
24

25

26

27

28

PROPOUNDING PARTY:      PLAINTIFF OLIVIA LEE

RESPONDING PARTY:      BOOHOO GROUP PLC, NASTYGAL.COM USA INC., AND NASTY GAL LIMITED

SET NO.:      ONE

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Olivia Lee, on behalf of herself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Nastygal.com USA Inc., and Nasty Gal Limited, ("Defendants") respond, in writing, to the following Requests for Production of Documents within thirty (30) days after service hereof, and produce the documents, tangible things, and/or electronically stored information described below which are in Defendants' possession or under Defendants' control, or which are in the possession or under the control of the Defendants' representatives, agents, contractors, and designees, including any drafts, versions, or edited copies, and to permit inspection and copying.

## INSTRUCTIONS

1.      The requested documents should be produced for inspection and copying at the offices of the undersigned counsel unless other arrangements are made by agreement of counsel.  In addition to production in hard copy, where the requested documents are also kept by Defendants as electronically stored information ("ESI"), such ESI should be produced on a CD, hard drive, flash drive, or other conventional storage medium, containing data in the form of searchable and bates-numbered images (in ".tiff" or other similar format) along with load files enabling the data to be uploaded to a database for processing and viewing on industry-standard legal software applications.   All ESI produced in this case should also be produced in native format with embedded metadata intact.

2.      If any document identified in an answer to any REQUEST FOR PRODUCTION was, but no longer is, in your possession, state what disposition was made

**PLAINTIFF OLIVIA LEE'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

of it or what became of it.

3. If you object to any part of a REQUEST FOR PRODUCTION and refuse to answer that part, state the grounds for your objection with specificity and answer the remaining portion of that REQUEST FOR PRODUCTION.  No part of any REQUEST FOR PRODUCTION shall be left unanswered merely because an objection has been interposed to another part of that REQUEST FOR PRODUCTION.

4. The information sought in these REQUESTS FOR PRODUCTION is not limited to your personal knowledge but extends to any knowledge or information available to you or your attorneys, employees, agents, subsidiaries, affiliates, representatives, and experts.

5. If any information is withheld on the basis of a claim of privilege, please set forth in writing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including the following information to sufficiently identify the document, communication, or thing for which a claim of privilege is made:

    i. the exact or approximate date, and manner of recording, creating, or otherwise preparing the document, communication, or thing;

    ii. the name of each sender of the document, communication, or thing;

    iii. the name of each person (other than stenographic or clerical assistants) participating in the preparation or creation of the document, communication, or thing;

    iv. the name of each person to whom the contents, or any portions of the contents, of the document, communication, or thing have been communicated by copy, exhibition, reading, or summarization; and

    v. a statement of the basis on which privilege is claimed with respect to each document, communication, or thing.

6. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to amend or supplement all responses to these REQUESTS FOR PRODUCTION if any information requested by any REQUEST FOR PRODUCTION is discovered by you or comes into your custody or control after your initial response to the REQUEST FOR

PRODUCTION.

7.    If any of the following REQUESTS FOR PRODUCTION cannot be answered in full after exercising due diligence to secure the information, please answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.  If your answer is qualified in any way, set forth the details of such qualification.

The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used and vice versa; the use of any tense of any verb also includes within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information.

## **DEFINITIONS**

1.    The term "ADVERTISE" (along with any variation of the term used herein) refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without limitation, the act of posting or publishing information on YOUR WEBSITE.

2.    The term "CLASS PERIOD" refers to the time period between March 1, 2017 through the conclusion of the action.

3.    The terms "DOCUMENT" or "DOCUMENTS" refer to all writings, recordings and photographs as such terms are defined in Rule 1001 of the Federal Rules of Evidence, as well as all documents or electronically stored information stored in any medium from which information can be obtained either directly or after translation into a reasonably usable form (see Rule 34(a)(1) of the Federal Rules of Civil Procedure), including, without limitation, any and all documents, correspondence, communications, recordings, tapes, electronic data, electronic mail, instant messages, SMS and text messages, WhatsApp messages, postings and direct messages on social media (*e.g.*, Facebook, Instagram, Twitter, and LinkedIn), computer printouts, records, reports, spreadsheets, slides, photographs, notes, working papers, analyses, books, agreements, contracts, memoranda, maps, charts, plans, diagrams, specifications, calculations, telegrams, telexes, transcriptions, notes or memoranda made of any telephone

communications, and all other communications. The terms include any writing, recording, or other tangible thing consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilations from which information can be obtained or translated through detection devices into reasonably usable form. The terms include the original and any copies thereof which differ in any manner whatsoever from the originals, and all drafts thereof.

4. The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE, including, without limitation, the items sold in the categories listed in "New," "Clothes," "Dresses," "Tops," "Shoes + Boots," "Plus Size," and "Accessories." The terms are inclusive of all subcategories within New, Clothes, Dresses, Tops, Shoes + Boots, Plus Size, and Accessories, such as Tops, Dresses, Coats + Jackets, Skirts, Lingerie, Jeans, Sneakers, Heels, Sandals, Bags + Backpacks, Jewelry, Belts, etc. This list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS." The terms shall not, however, include any items in the "Beauty" category.

5. The term "PRODUCT CODE" refers to the code you assign to each product and may also be referred to as the "style #", typically with approximately eight characters, starting with letters and also including numbers, with each PRODUCT CODE referring to a unique PRODUCT.

6. The term "REFERENCE PRICE" refers to the higher price listed with regards to all, or nearly all, PRODUCTS on YOUR WEBSITE that is represented to consumers as being substantially marked down, and which typically, but not necessarily, may be displayed with a strikethrough. On days YOU are running a promotion on YOUR WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g., GIMME50), the term "REFERENCE PRICE" refers to the price displayed for PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo or coupon code is applied to obtain the purported discount or markdown. In the following

-4-

**PLAINTIFF OLIVIA LEE'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

example, $160.00 is the REFERENCE PRICE and the PRODUCT CODE is AGG79834.



7.     The term "WEBSITE" refers to https://nastygal.com and any other web address YOU used to sell YOUR PRODUCTS in the United States during the CLASS PERIOD.

8.     The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC, Nastygal.com USA Inc., and Nasty Gal Limited, and shall include their officers, directors, principals, employees, personnel, contractors, attorneys, accountants, agents, representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their behalf.

## **DOCUMENTS TO BE PRODUCED**

## **REQUEST FOR PRODUCTION NO. 1:**

Any and all reports, spreadsheets, or other DOCUMENTS listing each PRODUCT by PRODUCT CODE and product description offered for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form that includes the following

information for each PRODUCT:  (a) the time period during which the PRODUCT was, or has been, offered for sale, (b) the date the PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT was offered for sale (*e.g.*, New, Clothes, Dresses, Tops, Shoes + Boots, Plus Size, Accessories, Sale, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date,  (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, in a form that includes the following information: (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce the data referenced in Request for Production of Documents No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information: (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the total actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales on that date, of that PRODUCT, and (i) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the data referenced in Request for Production of Documents No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of REFERENCE PRICES in connection with ADVERTISING merchandise to consumers.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys,

focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions in connection with ADVERTISING merchandise to consumers.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of YOUR customers in the United States, including, without limitation, their age, gender, income, race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period of January 1, 2016, to the present concerning the demographics of the customers YOU seek to target in the United States, including, without limitation, the age, gender, income, race, ethnicity, location, education, and shopping preferences of YOUR target customers either identified by the customers or noted by YOU or any artificial intelligence system YOU use.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS

provided or presented to YOUR officers, directors, or executives concerning the use of
REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on
YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS
provided or presented to employees or contractors within YOUR organization concerning
the use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in
connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS
provided or presented to investors, potential investors, or other third parties concerning the
use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in connection
with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS constituting or reflecting all instances during the CLASS
PERIOD on which any of the merchandise Plaintiff Olivia Lee purchased from YOU sold
for the REFERENCE PRICE ADVERTISED to Ms. Lee.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS constituting or reflecting the order confirmations sent to
Plaintiff Olivia Lee by e-mail for any of the merchandise Ms. Lee purchased from YOU.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS constituting or reflecting the shipping confirmations
sent to Plaintiff Olivia Lee by e-mail for any of the merchandise Ms. Lee purchased from
YOU.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all correspondence, e-mails, communications, or other DOCUMENTS
exchanged between YOU, on the one hand, and Plaintiff Olivia Lee, on the other hand.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all information and DOCUMENTS generated and retained by YOU, relating to the sale made to Plaintiff Olivia Lee reflected in the operative complaint.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all organizational charts of all departments, divisions, units, and teams within YOUR company during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all directories or listings of all of YOUR officers, directors, and employees by name, title, and location applicable during the CLASS PERIOD.  For each person, please also identify the department, division, unit, and/or team of which they are a part.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning REFERENCE PRICES ADVERTISED for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning the offering of sales, markdowns, discounts, or promotions for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all internal memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between or amongst YOUR officers, directors, employees, contractors, or agents relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between any of YOUR officers, directors, employees, contractors, or agents, on the one hand, and any other person, whether within or outside your organization, on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Mahmud Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Carol Kane, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Umar Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR

WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between John Lyttle, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Neil Catto, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all e-mail blasts disseminated to YOUR customers, including e-mail list subscribers, in the United States during the CLASS PERIOD, to ADVERTISE YOUR PRODUCTS, YOUR WEBSITE, or any sales, markdowns, discounts, or promotions on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all e-mails, chat logs, or other written correspondence, and other DOCUMENTS constituting or reflecting complaints, comments, or feedback from customers in the United States concerning REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between YOU, on the one hand, and any customer in the United

States, on the other hand, relating to REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the use of REFERENCE PRICES on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the offering of sales, markdowns, discounts, or promotions on YOUR WEBSITE during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS relating to YOUR operations in the State of California during the CLASS PERIOD, including, without limitation, employees, independent contractors, social media influencers, models, celebrities, offices, distribution and storage facilities, manufacturing facilities, facilities and personnel used to design YOUR PRODUCTS, facilities and personnel used to create marketing materials for YOUR PRODUCTS, all forms of marketing, ADVERTISING, and promotion conducted in California, information technology infrastructure, property owned in California, and any other activity in California related to marketing, ADVERTISING, sales or operation of the WEBSITE.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS sufficient to identify by name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTS referencing any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever YOU performed

regarding prices at which products comparable to YOUR PRODUCTS were sold by other

companies, including which specific other companies' products in the marketplace were

comparable to which specific PRODUCTS sold by YOU.


Dated:  January 5, 2021                    ALMADANI LAW

                                           By:  _____/s/ Yasin M. Almadani_____
                                                Yasin M. Almadani, Esq.

                                           AI LAW, PLC

                                           By:  _____/s/ Ahmed Ibrahim_____
                                                Ahmed Ibrahim, Esq.

                                           Attorneys for Plaintiff, Individually and
                                           On Behalf of All Others Similarly Situated

# EXHIBIT 9

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Ph: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Ph.:  949-260-1240
Fax:  949-260-1280
aibrahim@ailawfirm.com

Attorneys for Plaintiff Olivia Lee, Individually
and On Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA LEE, an individual, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NASTYGAL.COM USA INC., a Delaware corporation, NASTY GAL LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive.<br><br>                    Defendants.<br><br>_____<br>AND ALL CONSOLIDATED ACTIONS | Case No.: **2:20-cv-04659-GW-JEMx, consolidated for pretrial purposes with *Khan v. Boohoo.com USA, Inc., et al.,* No. 2:20-cv-03332-GW-JEMx (Lead Case) and *Hilton v. Prettylittlething.com USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx**<br><br>**PLAINTIFF OLIVIA LEE'S REQUESTS FOR ADMISSION TO DEFENDANTS BOOHOO GROUP PLC, NASTYGAL.COM USA INC., AND NASTY GAL LIMITED, SET ONE** |

PROPOUNDING PARTY:      PLAINTIFF OLIVIA LEE

RESPONDING PARTY:      BOOHOO GROUP PLC, NASTYGAL.COM USA INC.,

AND NASTY GAL LIMITED

SET NO.:      ONE

PLEASE TAKE NOTICE that pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Olivia Lee, on behalf of herself and all others similarly situated ("Plaintiff"), hereby demands that Defendants Boohoo Group PLC, Nastygal.com USA Inc., and Nasty Gal Limited, ("Defendants") respond, in writing, to the following Requests for Admission within thirty (30) days after service hereof.

## DEFINITIONS

1.      The term "ADVERTISE" (along with any variation of the term used herein) refers to any act taken to market, promote, or sell YOUR PRODUCTS, including, without limitation, the act of posting or publishing information on YOUR WEBSITE.

2.      The term "CLASS PERIOD" refers to the time period between March 1, 2017 through the conclusion of the action.

3.      The terms "PRODUCT" or "PRODUCTS" refer to the merchandise YOU sell on YOUR WEBSITE including, without limitation, the items sold in the categories listed in "New," "Clothes," "Dresses," "Tops," "Shoes + Boots," "Plus Size," and "Accessories." The terms are inclusive of all subcategories within New, Clothes, Dresses, Tops, Shoes + Boots, Plus Size, and Accessories, such as Tops, Dresses, Coats + Jackets, Skirts, Lingerie, Jeans, Sneakers, Heels, Sandals, Bags + Backpacks, Jewelry, Belts, etc.  This list is provided by way of example and is not to be construed as an exhaustive list of merchandise covered by the terms "PRODUCT" or "PRODUCTS."  The terms shall not, however, include any items in the "Beauty" category.

4.      The term "REFERENCE PRICE" refers to the higher price listed with regards to all, or nearly all, PRODUCTS on YOUR WEBSITE that is represented to consumers as being substantially marked down, and which typically, but not necessarily, may be

displayed with a strikethrough.   On days YOU are running a promotion on YOUR WEBSITE where YOU provide customers with a sitewide promo or coupon code (e.g., GIMME50), the term "REFERENCE PRICE" refers to the price displayed for PRODUCTS on YOUR WEBSITE without a strikethrough, but before the sitewide promo or coupon code is applied to obtain the purported discount or markdown.   In the following example, $160.00 is the REFERENCE PRICE.



5.     The term "WEBSITE" refers to https://nastygal.com and any other web address YOU used to sell YOUR PRODUCTS in the United States during the CLASS PERIOD.

6.     The terms "YOU" and "YOUR" refer to Defendants Boohoo Group PLC, Nastygal.com USA Inc., and Nasty Gal Limited, and shall include their officers, directors, principals, employees, personnel, contractors, attorneys, accountants, agents, representatives, subsidiaries, affiliates, and/or anyone acting or purporting to act on their behalf.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that less than ten (10) percent of the total dollar amount of YOUR total sales of PRODUCTS on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 2:**

Admit that less than ten (10) percent of the total dollar amount of YOUR total sales of PRODUCTS on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 3:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 4:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**REQUEST FOR ADMISSION NO. 5:**

Admit that none of the PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were offered for sale by YOU at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale (*e.g.*, a PRODUCT with a REFERENCE PRICE of $25 on December 1, 2020, was not offered for sale on YOUR WEBSITE at or above that REFERENCE PRICE ($25 in this example) for 9 or more of the then-previous 90 days).

**REQUEST FOR ADMISSION NO. 6:**

Admit that in the United States during the CLASS PERIOD, YOUR PRODUCTS have been sold exclusively on YOUR WEBSITE.  Please be advised that this Request is not asking YOU about sales by private individuals or sales by persons or entities who are

1  not YOUR authorized retailers or distributors.

2  **REQUEST FOR ADMISSION NO. 7:**

3    Admit that in the United States during the CLASS PERIOD, YOU have not owned

4  or operated any physical retail stores.

5  **REQUEST FOR ADMISSION NO. 8:**

6    Admit that YOU ADVERTISED REFERENCE PRICES for YOUR PRODUCTS

7  on YOUR WEBSITE during the CLASS PERIOD.

8  **REQUEST FOR ADMISSION NO. 9:**

9    Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU

10 ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were inaccurate.

11 **REQUEST FOR ADMISSION NO. 10:**

12   Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU

13 ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were misleading.

14 **REQUEST FOR ADMISSION NO. 11:**

15   Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

16 for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

17 the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR

18 WEBSITE in the previous 90 days.

19 **REQUEST FOR ADMISSION NO. 12:**

20   Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

21 for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

22 the particular PRODUCT associated with the REFERENCE PRICE had been offered for

23 sale on YOUR WEBSITE in the previous 90 days.

24 **REQUEST FOR ADMISSION NO. 13:**

25   Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE

26` for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which

27 the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR

28 WEBSITE for more than 5 of the previous 90 days.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE for more than 5 of the previous 90 days.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the original (initial) price the PRODUCT sold for on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD were not created by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable to each of the individual PRODUCTS YOU sold on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the retail price of the PRODUCT as sold or made available for sale at some WEBSITE other than yours.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the regular price of the PRODUCT.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the PRODUCT was ADVERTISED to be sold for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time period (for example, as of today, for a PRODUCT with a REFERENCE PRICE of $25, that product has not had a most-frequently charged price of $25 over the previous 10 days or 20 days or 90 days, or any number of days).

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU ADVERTISED REFERENCE PRICES on YOUR WEBSITE across all of YOUR product lines (excluding beauty products) during the CLASS PERIOD.

Dated:  January 5, 2021        ALMADANI LAW

                      By:      /s/ Yasin M. Almadani

                           Yasin M. Almadani, Esq.

                      AI LAW, PLC

                      By:      /s/ Ahmed Ibrahim

                           Ahmed Ibrahim, Esq.

                           Attorneys for Plaintiff, Individually and On Behalf of All Others Similarly Situated

# EXHIBIT 10

1
2
3
4

EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:   (916) 844-2965
Facsimile:    (916) 241-0501

5
6
7
8
9

EVERSHEDS SUTHERLAND (US) LLP
Ronald W. Zdrojeski (admitted *PHV*)
ronzdrojeski@eversheds-sutherland.com
1114 6th Avenue, 40th Floor
New York, NY 10036
Telephone:   (212) 389-5000
Facsimile:    (212) 389-5099

ASHBY LAW FIRM PC
Joseph R. Ashby (SBN 248579)
joseph@ashbylawfirm.com
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:   (213) 393-6235
Facsimile:    (213) 429-0976

10

Attorneys for Defendants

11

UNITED STATES DISTRICT COURT

12

CENTRAL DISTRICT OF CALIFORNIA

13
14
15

FARID KHAN, an individual, on behalf
of himself and all others similarly
situated,

                    Plaintiff,

16

          vs.

17
18
19
20
21
22

BOOHOO.COM, USA INC., a
Delaware corporation, BOOHOO.COM
UK LIMITED, a United Kingdom
private limited company, BOOHOO
GROUP PLC, a Jersey public limited
company , and DOES 1-100, inclusive,

                    Defendants.

NO. 2:20-cv-03332-GW-JEM

Consolidated for Pretrial Purposes with:
NO. 2:20-cv-04658-GW-JEM
NO. 2:20-cv-04659-GW-JEM

**DEFENDANTS' CONSOLIDATED
OBJECTIONS AND RESPONSES TO
PLAINTIFF FARID KHAN'S
INTERROGATORIES TO
DEFENDANTS  BOOHOO.COM,
USA INC., BOOHOO.COM UK
LIMITED, AND BOOHOO GROUP
PLC, SET ONE**

23
24

The Honorable George H. Wu

25
26
27

Courtroom: 9D
Address:      U.S. Courthouse
                    350 W. First Street
                    Los Angeles, CA 90012

28

PROPOUNDING PARTY:     FARID KHAN

RESPONDING PARTY:     BOOHOO.COM USA INC., BOOHOO.COM UK LIMITED, AND BOOHOO GROUP PLC

SET NO.:     ONE

Defendants Boohoo.com USA, Inc., Boohoo.com UK Limited, and Boohoo Group PLC hereby respond to Plaintiff Farid Khan's Interrogatories, Set One pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## **GENERAL OBJECTIONS**

Defendants hereby incorporate the following General Objections into each and every response to Plaintiff's Interrogatories below. These General Objections are neither waived nor limited by Defendants' specific responses.

1.     Defendants object to these Interrogatories, including the Definitions, to the extent they purport to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Court's instructions, and any other applicable laws, rules or orders.

2.     Defendants object to each and every Interrogatory to the extent that it seeks information, documents, and/or other things protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege. Any specific objections stated below on the grounds of attorney-client privilege and/or work product doctrine in no way limit this general objection. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, trade secret privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Interrogatory may be construed as calling for disclosure of information, documents, and/or other things protected by such privileges or doctrines, a continuing objection to each and every such

2

Interrogatory is hereby incorporated. Any inadvertent disclosure by Defendants of such information shall not be deemed a waiver of any such privileges, doctrines, or protections

3.      Defendants object to these Interrogatories to the extent they seek information that is not relevant to the subject matter of this case, reasonably calculated to lead to the discovery of admissible evidence, or proportionate to the needs of the case.

4.      Defendants object to these Interrogatories, including the Definitions, to the extent they seek documents, communications, and/or information that does not exist, that is already in Plaintiff's possession or control, or that is as accessible to Plaintiff as it is to Defendants.

5.      Defendants object to these Interrogatories, including the Definitions, to the extent they are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may, therefore, make responses misleading or incorrect.

6.      Defendants object to these Interrogatories to the extent that they purport to require the creation of documents that do not currently exist.

7.      Defendants object to the definition of "advertise" or any variations of the term as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

8.      Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

9.      Defendants object to the definition of "product code" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not

1    reasonably calculated to lead to the discovery of admissible evidence, and making

2    the burden or expense of discovery outweigh its likely benefit.

3           10.    Defendants object to the definition of "reference price" as vague and

4    ambiguous, overbroad, not relevant to any party's claims or defenses, not

5    reasonably calculated to lead to the discovery of admissible evidence, and making

6    the burden or expense of discovery outweigh its likely benefit. To the extent that

7    the term "reference price" is defined as "products on your website that is

8    represented to consumers as being substantially marked down" Defendants object

9    because "substantially marked down" is a legal conclusion that has not yet been

10   reached in this case, and Defendants expressly reserve the right to challenged he

11   alleged reference price. To the extent that the term "reference price" is attempted

12   to be defined by use of an exemplar purporting to be a screen shot of Defendants'

13   website, Defendants object to the use this photograph because it is

14   unauthenticated.

15          11.    Defendants object to the definition of "website" as vague and

16   ambiguous, overbroad, not relevant to any party's claims or defenses, not

17   reasonably calculated to lead to the discovery of admissible evidence, and making

18   the burden or expense of discovery outweigh its likely benefit

19          12.    Defendants object to the expansive definitions of "You" and "Your"

20   to the extent these definitions include counsel for Defendants, which may

21   implicate the attorney-client privilege and/or attorney-work product doctrines.

22   Defendants further object to these definitions to the extent such a definition would

23   purport to require Defendants to produce documents or things that are not within

24   its possession custody or control, and to the extent such a definition renders a

25   request overbroad, not relevant to any party's claims or defenses, not reasonably

26   calculated to lead to the discovery of admissible evidence, and making the burden

27   or expense of such discovery outweigh its likely benefit.

28          13.    Defendants object to the term "activities" as vague and ambiguous,

overbroad, not relevant to any party's claims or defenses, not reasonably

calculated to lead to the discovery of admissible evidence, and making the burden

or expense of discovery outweigh its likely benefit.

14.    Defendants object to the term "identify" as vague and ambiguous,

overbroad, not relevant to any party's claims or defenses, not reasonably

calculated to lead to the discovery of admissible evidence, and making the burden

or expense of discovery outweigh its likely benefit.

15.    Defendants object to Plaintiff's definition of "Person" or "Persons"

and "entity" or "entities" to the extent such a definition purports to include

persons or entities of whom Defendants are not aware.

16.    Defendants object to the extent these Interrogatories go beyond

discovery warranted at the class certification stage. Discovery related to the merits

of the case is not permitted at this time, and to the extent these Interrogatories are

irrelevant to the certification of Plaintiff's putative class, Defendants object and will

withhold documents accordingly.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Please list each PRODUCT by PRODUCT CODE and product description

offered for sale in the United States on YOUR WEBSITE during the CLASS

PERIOD in a form that includes the following information for each PRODUCT:

(a) the time period during which the PRODUCT was, or has been, offered for sale,

(b) the date the PRODUCT was first offered for sale, (c) the date the PRODUCT

was last offered for sale, (d) all categories in which the PRODUCT was offered for

sale (*e.g.*, New In, Clothing, Shoes & Accessories, Dresses, Sale, Mens, etc.), (e)

for each PRODUCT displayed on the website on the WEBSITE, all REFERENCE

PRICES, corresponding to date, (f) for each PRODUCT displayed on the

WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding

to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which

the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each product."  Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information. Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants object to this Interrogatory as not relevant to any party's claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information regarding pricing on dates when the products were not sold.  Defendants further object to part (h) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related

brands with pricing information from March 28, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.

**INTERROGATORY NO. 2:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, including the following information:  (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sale, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g*., location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information. Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants'

computer systems and/or databases.  Defendants further object to part (k) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.

**INTERROGATORY NO. 3:**

Please provide the information referenced in Interrogatory No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory No. 2. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (k) of the

1  Interrogatory as it relates to highly personal information of Defendants' customers,

2  the majority of which is irrelevant to the certification of Plaintiff's putative class.

3        Subject to and without waiving the foregoing objections, Defendants refer

4  Plaintiff to Defendants' response to Interrogatory No. 2.

5  **INTERROGATORY NO. 4:**

6        Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the

7  United States on YOUR WEBSITE for each day during the CLASS PERIOD

8  where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this

9  information in a form that includes the following information: (a) date, (b) product

10  code, (c) product description, (d) the total amount of the daily sales (i.e., the

11  amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED

12  for the PRODUCT on the day of the sale, (f) the actual discounts or markdowns

13  (including promo and coupon codes) applied, (g) the total number of units sold of

14  the PRODUCT, (h) the total cost of goods sold applicable to the sales, on that date,

15  of that PRODUCT, and (i) if available, the demographic information (e.g., location

16  (city and state), gender, age, income, race, ethnicity, shopping preferences either

17  identified by the customer or noted by YOU or any artificial intelligence system

18  YOU use, etc.) of each customer who bought the PRODUCT.

19        **Response:** Defendants incorporate by reference the General Objections set

20  forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory

21  No. 1. Defendants object to this Interrogatory on the grounds that it is overly broad,

22  vague, and unduly burdensome, including without limitation as to "each day."

23  Defendants object to this Interrogatory as improperly compound and containing

24  multiple subparts.  Defendants object to this Interrogatory to the extent it calls for

25  the disclosure of information subject to the attorney-client privilege, the attorney

26  work product doctrine, or any other applicable privilege. Defendants object to this

27  Interrogatory insofar as it seeks competitive sensitive business and financial

28  information.  Defendants object to this Interrogatory to the extent it calls for the

9

disclosure of product information that is not saved and/or tracked in Defendants'

computer systems and/or databases.  Defendants further object to part (i) of the

Interrogatory as it relates to highly personal information of Defendants' customers,

the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer

Plaintiff to Defendants' response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Please provide the information referenced in Interrogatory No. 4 broken

down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set

forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory

No. 1 and No. 4. Defendants object to this Interrogatory on the grounds that it is

overly broad, vague, and unduly burdensome, including without limitation as to

"each day." Defendants object to this Interrogatory as improperly compound and

containing multiple subparts.  Defendants object to this Interrogatory to the extent it

calls for the disclosure of information subject to the attorney-client privilege, the

attorney work product doctrine, or any other applicable privilege. Defendants object

to this Interrogatory insofar as it seeks competitive sensitive business and financial

information.  Defendants object to this Interrogatory to the extent it calls for the

disclosure of product information that is not saved and/or tracked in Defendants'

computer systems and/or databases.  Defendants further object to part (i) of the

Interrogatory as it relates to highly personal information of Defendants' customers,

the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer

Plaintiff to Defendants' response to Interrogatory No. 1 and No. 4.

**INTERROGATORY NO. 6:**

Identify the PRODUCTS, along with dates during the CLASS PERIOD, for

which YOU did not ADVERTISE a sale or promotion on YOUR WEBSITE of at

least 35% off all PRODUCTS.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their response to Interrogatory No. 1 and No. 4, and the historical promotional calendars for the Boohoo related brands.

**INTERROGATORY NO. 7:**

Please explain in as much detail as possible why PRODUCTS YOU sell on the WEBSITE in the "NEW IN" category already have an ADVERTISED REFERENCE PRICE that is higher than the price at which it is ADVERTISED to be sold given the lack of history to establish a REFERENCE PRICE for PRODUCTS in the "NEW IN" category.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

**INTERROGATORY NO. 8:**

Please provide the name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein.   Defendants further object because this Interrogatory seeks highly personal information of Defendants' customers and information irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants will agree to produce information related to customers' location by state along with a customer identification number and direct Plaintiff to Defendants' responses to Interrogatory Nos. 1-5 and the related responsive documents to be produced by Defendants pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 9:**

For each purchaser identified in Interrogatory No. 8 above, describe each of their purchases by providing: (a) the date of purchase, (b) the PRODUCTS purchased, (c) the price paid for each PRODUCT purchased, and (d) the REFERENCE PRICE of each PRODUCT purchased.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, see Defendants' responses to Interrogatory Nos. 1-5 and the related responsive documents to be produced by Defendants pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 10:**

Please state all reasons why YOUR ADVERTISE REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing

structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

**INTERROGATORY NO. 11:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, or making decisions concerning, the REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to the language "any material involvement with approving, formulating, setting, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals with knowledge of the process for approving, formulating, setting, or making decisions concerning reference prices for product advertised on the website during the class period:  Rob Davies (Merchandising Director, Manchester); Sam Brocklebank (Trading Director, Manchester).

14

**INTERROGATORY NO. 12:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, creating, or making decisions concerning, the ADVERTISEMENT of sales, markdowns, discounts, or promotions on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to the language "any material involvement with approving, formulating, setting, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals with knowledge of the process for approving, formulating, setting, creating, or making decisions concerning, the advertisement of sales, markdowns, discounts, or promotions on the website during the class period: Murray Beckett (Digital Marketing Director, Manchester); Anjeli Patel (Head of Marketing, Manchester)

**INTERROGATORY NO. 13:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with designing, configuring, defining the requirements for, or making decisions concerning, any software, algorithms, artificial intelligence, or applications YOU use relating to the posting of REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

15

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to the language "any material involvement with designing, configuring, defining the requirements for, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals with knowledge relating to the process used for posting of reference prices for products advertised on the website during the class period: Murray Beckett (Digital Marketing Director, Manchester); Andrew Thomson (Group E-commerce Director, Manchester).

**INTERROGATORY NO. 14:**

Please state all reasons why YOU believe the REFERENCE PRICES on PRODUCTS ADVERTISED on YOUR WEBSITE during the CLASS PERIOD are accurate and not misleading.  To the extent YOU believe the REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE during the CLASS PERIOD are inaccurate and misleading, please so state in YOUR response.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given the certain factors.

**INTERROGATORY NO. 15:**

Please IDENTIFY all offices or other physical facilities YOU have purchased, leased, rented, or otherwise used for a business purpose in the United States during the CLASS PERIOD and state the purpose and ACTIVITIES performed therein.  For each such office or facility, please also IDENTIFY all PERSONS/ENTITIES who have used said office or facility and their purpose for using said office or facility.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will not respond to Interrogatory No. 15 as it seeks information that is not relevant to class certification discovery.

17

**INTERROGATORY NO. 16:**

For each response to the Requests for Admission ("RFA") served with these Interrogatories that is not an unqualified admission: (a) state the number of the RFA; (b) state all facts upon which you base your response; (c) IDENTIFY all PERSONS who have knowledge of those facts; and (d) IDENTIFY all DOCUMENTS and other tangible things that support your response and IDENTIFY the PERSON who has each such DOCUMENT or thing.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory as improperly compound and containing multiple subparts.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

RFA No. 6:  Boohoo considers its products exclusive to Boohoo.  However, Boohoo cannot rule out that if Boohoo buys garments from a wholesaler, the same wholesaler may sell the same products to a competitor.

RFA No. 7: Boohoo has held non-transactional pop-up stores, or otherwise known as short-term, temporary spaces where no cash or orders were place. These pop-up stores were created to raise local brand awareness and allow customers to try-on clothes, post outfits on social media, view new collections and meet influencers. Customers could sign up to receive email correspondence from Boohoo, and if they liked items in the pop-up store, they could take away the product number to shop the item online.

RFA No. 9: The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing

of the same, similar or comparable products on the Defendants' websites;
established pricing structures for certain product lines carried on the Defendants'
websites; pricing of similar or comparable products on competitors' websites,
particularly U.K.-based competitors; the buyer's market knowledge and expertise;
cost of goods; overhead costs; margin; U.S. pricing adjustments (including without
limitation to account for differences in exchange rates, shipping costs, other U.S.-
specific costs, U.S.-based competitors, and the U.S. market); industry data; sales
performance, market demand, and/or market trends.  In setting the reference price
for a particular product, more or less weight, or no weight, might be given to certain
factors.

RFA No. 10: The reference price is set by experienced buyers based on a
variety of factors. These factors may include, but are not limited to, previous pricing
of the same, similar or comparable products on the Defendants' websites;
established pricing structures for certain product lines carried on the Defendants'
websites; pricing of similar or comparable products on competitors' websites,
particularly U.K.-based competitors; the buyer's market knowledge and expertise;
cost of goods; overhead costs; margin; U.S. pricing adjustments (including without
limitation to account for differences in exchange rates, shipping costs, other U.S.-
specific costs, U.S.-based competitors, and the U.S. market); industry data; sales
performance, market demand, and/or market trends.  In setting the reference price
for a particular product, more or less weight, or no weight, might be given to certain
factors.

RFA No. 16: The reference price is set by experienced buyers based on a
variety of factors. These factors may include, but are not limited to, previous pricing
of the same, similar or comparable products on the Defendants' websites;
established pricing structures for certain product lines carried on the Defendants'
websites; pricing of similar or comparable products on competitors' websites,
particularly U.K.-based competitors; the buyer's market knowledge and expertise;

cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

RFA No. 17: Defendants are without sufficient information to admit or deny the price of our Products on websites other than our own.

DATED:   February 4, 2021        EVERSHEDS SUTHERLAND (US) LLP


By  */s/ Ian S. Shelton*
_____
Ian S. Shelton

Attorneys for Defendants Boohoo.com
USA Inc., Boohoo.com UK Limited and
Boohoo Group PLC

1

## VERIFICATION

2       I, Neil Catto, am a director of Boohoo.com UK Limited.  I have read the

3 foregoing interrogatory responses.  I believe, based on a reasonable inquiry and

4 investigation, that the responses are true and correct to the best of my knowledge,

5 information and belief.  The responses were prepared based upon information

6 contained in records maintained in the ordinary course of business, and/or

7 information supplied from various individuals with personal knowledge.  I do not

8 necessarily have personal knowledge regarding each specific response, but I am

9 informed and believe that the responses are true and correct as of the date of these

10 responses.

11       I verify under penalty of perjury that the foregoing is true and correct.

12

13 DATED:  February 4, 2021

14

15

16 _____

NEIL CATTO

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 11

1  EVERSHEDS SUTHERLAND (US) LLP
   Ian S. Shelton (SBN 264863)
2  ianshelton@eversheds-sutherland.com
   500 Capitol Mall, Suite 1750
3  Sacramento, CA 95814
   Telephone:  (916) 844-2965
4  Facsimile:   (916) 241-0501

5  EVERSHEDS SUTHERLAND (US) LLP        SERGENIAN ASHBY LLP
   Ronald W. Zdrojeski (admitted *PHV*)   Joseph R. Ashby (SBN 248579)
6  ronzdrojeski@eversheds-sutherland.com   joseph@sergenianashby.com
   1114 6th Avenue, 40th Floor            1055 West Seventh Street, 33rd Floor
7  New York, NY 10036                     Los Angeles, CA 90017
   Telephone:  (212) 389-5000             Telephone:  (323) 318-7771
8  Facsimile:   (212) 389-5099

9
10 Attorneys for Defendants

11                 UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13 FARID KHAN, an individual, on behalf       NO. 2:20-cv-03332-GW-JEM
14 of himself and all others similarly
   situated,                                  Consolidated for Pretrial Purposes with:
15                                            NO. 2:20-cv-04658-GW-JEM
                Plaintiff,                     NO. 2:20-cv-04659-GW-JEM
16
           vs.
17                                            **DEFENDANTS' CONSOLIDATED
18 BOOHOO.COM USA INC. a Delaware             OBJECTIONS AND RESPONSES TO
   corporation, BOOHOO.COM UK                 PLAINTIFF FARID KHAN'S
19 LIMITED, a United Kingdom private          REQUESTS FOR PRODUCTION OF
   limited company, BOOHOO GROUP              DOCUMENTS TO DEFENDANTS
20 PLC, a Jersey public limited company ,     BOOHOO.COM USA INC., BOOHOO
   and DOES 1-100, inclusive,                 UK LIMITED, AND BOOHOO
21                                            GROUP PLC, SET ONE**
                Defendants.
22
23                                            The Honorable George H. Wu
24
25                                            Courtroom:  9D
26                                            Address:     U.S. Courthouse
                                                           350 W. First Street
27                                                         Los Angeles, CA 90012

28

1    PROPOUNDING PARTY:          FARID KHAN

2    RESPONDING PARTY:           BOOHOO.COM USA INC., BOOHOO.COM UK
                                 LIMITED, AND BOOHOO GROUP PLC
3
     SET NO.:                    ONE
4

5          Defendants Boohoo Group PLC, Boohoo.com USA Inc., and Boohoo.com

6    UK Limited, hereby respond to Plaintiff Farid Khan's Requests for Production of

7    Documents, Set One pursuant to Rules 26 and 34 of the Federal Rules of Civil

8    Procedure.

9                            **GENERAL OBJECTIONS**

10         Defendants hereby incorporate the following General Objections into each

11   and every response to Plaintiff's Requests below. These General Objections are

12   neither waived nor limited by Defendants' specific responses.

13         1.     Defendants object to these Requests, including the Instructions and

14   Definitions, to the extent they purport to impose duties and obligations beyond those

15   required by the Federal Rules of Civil Procedure, the Court's instructions, and any

16   other applicable laws, rules or orders.

17         2.     Defendants object to each and every Request to the extent that it seeks

18   information, documents, and/or other things protected from disclosure by the

19   attorney-client privilege, the work product doctrine, the common interest privilege,

20   or any other applicable privilege. Any specific objections stated below on the

21   grounds of attorney-client privilege and/or work product doctrine in no way limit

22   this general objection. Nothing contained in this response is intended to be nor

23   should be considered a waiver of any attorney-client privilege, work product

24   protection, trade secret privilege, the right of privacy, or any other applicable

25   privilege or doctrine, and to the extent that any Request may be construed as calling

26   for disclosure of information, documents, and/or other things protected by such

27   privileges or doctrines, a continuing objection to each and every such Request is

28

                                        2

hereby incorporated. Any inadvertent disclosure by Defendants of such information shall not be deemed a waiver of any such privileges, doctrines, or protections.

3.      Defendants object to these Requests to the extent they seek information that is not relevant to the subject matter of this case, reasonably calculated to lead to the discovery of admissible evidence, or proportionate to the needs of the case.

4.      Defendants object to these Requests, including the Instructions and Definitions, to the extent they seek documents, communications, and/or information that does not exist, that is already in Plaintiff's possession or control, or that is as accessible to Plaintiff as it is to Defendants.

5.      Defendants object to these Requests, including the Instructions and Definitions, to the extent they are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may, therefore, make responses misleading or incorrect.

6.      Defendants object to these Requests to the extent that they call for the production of documents that contain or otherwise reveal any trade secrets, proprietary business information, competitively sensitive business or commercial information, strategic planning information, or other private, confidential information. To the extent that Defendants have responsive documents containing confidential information, it will produce such documents pursuant to an agreed-upon stipulation and protective order appropriately governing the production and exchange of confidential material, or in some other manner agreed by the parties that would ensure the confidentiality of such documents until such time as an appropriate order can be entered.

7.      Defendants object to these Requests to the extent that they purport to require the creation of documents that do not currently exist.

8.      Defendants object to Plaintiff's definition of "Electronically Stored information" or "ESI." on the grounds that it is overbroad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiff purports to include

information not ordinarily captured and/or overwritten in the ordinary course of operating Defendants' business. Notwithstanding these objections, to the extent any responsive documents or ESI are produced, Defendants will produce reasonably available, relevant, non-privileged information in readily usable formats. Documents that contain redactions will be produced in static image format.

9.     Defendants object to the definition of "advertise" or any variations of the term as vague, ambiguous, and overbroad, and to the extent the use of which could yield production of documents not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

10.     Defendants object to Plaintiff's definition for "Document" or "documents" to the extent the examples listed do not fall within the definition of "writings and recordings" in F.R.E. 1001(1).

11.     Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

12.     Defendants object to the definitions of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object because "substantially marked down" is a legal conclusion that has not yet been reached in this case, and Defendants expressly reserve the right to challenge the alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants'

website, Defendants object to the use this photograph because it is unauthenticated.

13.     Defendants object to the expansive definitions of "You" and "Your" to the extent these definitions include counsel for Defendants, which may implicate the attorney-client privilege and/or attorney-work product doctrines. Defendants further object to these definitions to the extent such a definition would purport to require Defendants to produce documents or things that are not within its possession custody or control, and to the extent such a definition renders a Request overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of such discovery outweigh its likely benefit.

14.     Defendants object to the phrase "artificial intelligence" used throughout these document Requests as vague and ambiguous.

15.     Defendants object to the extent these Requests go beyond discovery warranted at the class certification stage. Discovery related to the merits of the case is not permitted at this time, and to the extent these Request are irrelevant to the certification of Plaintiff's putative class, Defendants object and will withhold documents accordingly.

16.     Defendants object to each and every Request to the extent that it seeks information, documents, and/or other things related to Defendants' business activities outside the United States.

**OBJECTIONS AND REPONSES TO REQUESTS FOR PRODUCTION**
**REQUEST FOR PRODUCTION NO. 1:**

Any and all reports, spreadsheets, or other DOCUMENTS listing each PRODUCT by PRODUCT CODE and product description offered for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form that includes the following information for each PRODUCT:  (a) the time period during which the PRODUCT was, or has been, offered for sale, (b) the date the

PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT was offered for sale (*e.g.*, New In, Clothing, Shoes & Accessories, Dresses, Sale, Mens, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date, (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and as to "each product." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive and sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants object to this Request as not relevant to any party's claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information regarding pricing on dates when the products were not sold. Defendants further object to part (h) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.  To the extent this Request

1   seeks information contained in email correspondence, Defendants object to this

2   request as overly broad and unduly burdensome.

3       Defendants will withhold documents on the basis of their objections to this

4   Request.  Subject to and without waiving the foregoing objections, Defendants will

5   produce the United States sales data for Boohoo related brands with pricing

6   information from March 28, 2016 to present containing the following data fields in a

7   native format:  website, order date, state, zip code, product code, product

8   description, product category, units, currency, website price, actual sold price, sales

9   tax, estimated cost, and boohoo internal system ID. Such data will identify the

10  customer by an identification number and include the geographic location of the

11  customer (by state and zip code) to the extent that information is available.

12  Defendants object to production of email correspondence on the grounds of

13  overbreadth, oppression and undue burden, and lack of relevance to the limited class

14  certification discovery authorized by the Court at this time.  Due to the sheer volume

15  of information requested, Defendants agree to meet and confer with Plaintiff in good

16  faith to discuss whether production of additional documents beyond those

17  specifically agreed upon in this response is feasible, will avoid undue burden and

18  hardship on Defendants, and will be proportional to the needs of the case and the

19  limited class certification discovery authorized by the Court at this time.  To the

20  extent Defendants agree to production of certain documents in this response, or

21  agree to production of additional documents in the future, any such documents will

22  be produced on a rolling basis and subject to these objections and any modifications

23  agreed upon by the parties.

24  **REQUEST FOR PRODUCTION NO. 2:**

25       Any and all reports, spreadsheets, or other DOCUMENTS constituting or

26  reflecting data regarding YOUR sales of PRODUCTS in the United States on

27  YOUR WEBSITE for each day during the CLASS PERIOD, in a form that includes

28  the following information:  (a) date, (b) PRODUCT CODE, (c) product description,

(d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and "each day." Defendant object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive and sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (k) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present containing the following data fields in a

native format:  website, order date, state, zip code, product code, product description, product category, units, currency, website price, actual sold price, sales tax, estimated cost, and boohoo internal system ID. Such data will identify the customer by an identification number and include the geographic location of the customer (by state and zip code) to the extent that information is available. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce the data referenced in Request for Production of Documents No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 2. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product

9

doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants further object to part (k) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information:  (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the total actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, and (i) if available, the demographic information (e.g., location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 1. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants

10

object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants further object to part (i) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the data referenced in Request for Production of Documents No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 1 and Request No. 4. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Request as improperly compound and containing multiple subparts.  Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or

11

databases.  Defendants further object to part (i) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 1 and Request No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of REFERENCE PRICES in connection with ADVERTISING merchandise to consumers.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and the terms and phrases, "use, importance, lack of importance or effectiveness." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged

documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for Boohoo related brands.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions in connection with ADVERTISING merchandise to consumers.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and "use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United

States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or sales, discounts, markdowns, or promotions and advertising for Boohoo related brands.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever

performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of YOUR customers in the United States, including, without limitation, their age, gender, income, race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all" and "artificial intelligence system." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request for highly personal information of Defendants' customers relating to "their age, gender, income, race, ethnicity" and "education, and shopping preferences."  Such information is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this request. Other than the state of the customer's residence, information regarding customer demographics is irrelevant to this action and not likely to lead to the discovery of admissible evidence.  Defendants also object on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of the customers YOU seek to target in the United States, including, without limitation, their age, gender, income,

race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all" and "artificial intelligence system." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request for highly personal information of Defendants' customers relating to "their age, gender, income, race, ethnicity" and "education, and shopping preferences." Such information is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this request. Other than the state of the customer's residence, information regarding customer demographics is irrelevant to this action and not likely to lead to the discovery of admissible evidence. Defendants also object on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to

Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce responsive, non-privileged documents in its possession, custody or control in response to this Request that specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of REFERENCE PRICES in connection with ADVERTISING

YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce responsive, non-privileged documents in its possession, custody or control in response to this Request that specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional

18

documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to employees or contractors within YOUR organization concerning the use of sales, discounts, markdowns, promotions or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or sales, discounts, markdowns, or promotions and advertising for Boohoo related brands.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery

authorized by the Court at this time.  Due to the sheer volume of information

requested, Defendants agree to meet and confer with Plaintiff in good faith to

discuss whether production of additional documents beyond those specifically

agreed upon in this response is feasible, will avoid undue burden and hardship on

Defendants, and will be proportional to the needs of the case and the limited class

certification discovery authorized by the Court at this time.  To the extent

Defendants agree to production of certain documents in this response, or agree to

production of additional documents in the future, any such documents will be

produced on a rolling basis and subject to these objections and any modifications

agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all PowerPoint presentations, memoranda, reports, or other

DOCUMENTS provided or presented to investors, potential investors, or other

third parties concerning the use of sales, discounts, markdowns, promotions, or

REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS

on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set

forth herein. Defendants object to this Request on the grounds that it is overly broad,

vague, and unduly burdensome including without limitation as to "any and all."

Defendants object to this Request to the extent that it seeks information related to

Defendants' business activities outside the United States. Defendants object to this

Request to the extent it calls for the disclosure of information subject to the

attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege. Defendants object to this Request insofar as it seeks competitive sensitive

business and financial information.

Defendants will withhold documents on the basis of their objections to this

request.  Subject to and without waiving the foregoing objections, to the extent such

documents exist, Defendants will conduct a reasonable search and produce

20

responsive, non-privileged documents in its possession, custody or control in
response to this Request that are directed to investors and/or third parties and
specifically discuss reference prices in connection with advertising on the U.S.
website.  Defendants object to production of email correspondence on the grounds
of overbreadth, oppression and undue burden, and lack of relevance to the limited
class certification discovery authorized by the Court at this time.  Due to the sheer
volume of information requested, Defendants agree to meet and confer with Plaintiff
in good faith to discuss whether production of additional documents beyond those
specifically agreed upon in this response is feasible, will avoid undue burden and
hardship on Defendants, and will be proportional to the needs of the case and the
limited class certification discovery authorized by the Court at this time.  To the
extent Defendants agree to production of certain documents in this response, or
agree to production of additional documents in the future, any such documents will
be produced on a rolling basis and subject to these objections and any modifications
agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS constituting or reflecting all instances during the
CLASS PERIOD on which any of the merchandise Plaintiff Farid Khan purchased
from YOU sold for the REFERENCE PRICE ADVERTISED to Mr. Khan.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome including without limitation as to "any and all."
Defendants also object to this Request to the extent that it seeks information that is
in the possession of other parties such that it is at least equally accessible to Plaintiff
as it is to Defendants. Defendants object to this Request to the extent it calls for the
disclosure of information subject to the attorney-client privilege, the attorney work
product doctrine, or any other applicable privilege. Defendants object to this
Request insofar as it seeks competitive sensitive business and financial information.

1    Defendants will withhold documents on the basis of their objections to this

2    request.  Subject to and without waiving the foregoing objections, Defendants refer

3    Plaintiff to their response to Request Nos. 1-5.

4    **REQUEST FOR PRODUCTION NO. 15:**

5    Any and all DOCUMENTS constituting or reflecting the order

6    confirmations sent to Plaintiff Farid Khan by e-mail for any of the merchandise

7    Mr. Khan purchased from YOU.

8    **Response:** Defendants incorporate by reference the General Objections set

9    forth herein. Defendants object to this Request on the grounds that it is overly broad,

10   vague, and unduly burdensome including without limitation as to "any and all."

11   Defendants also object to this Request to the extent that it seeks information that is

12   already in possession of Plaintiff and is more accessible to Plaintiff than to

13   Defendants. Defendants object to this Request to the extent it calls for the disclosure

14   of information subject to the attorney-client privilege, the attorney work product

15   doctrine, or any other applicable privilege. Defendants object to this Request insofar

16   as it seeks competitive sensitive business and financial information.

17   Defendants will withhold documents on the basis of their objections to this

18   request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff

19   in connection with purchases he made on the U.S. website.  Defendants object to

20   production of email correspondence on the grounds of overbreadth, oppression and

21   undue burden, and lack of relevance to the limited class certification discovery

22   authorized by the Court at this time. To the extent Plaintiff does not already possess

23   the documents he requests related to Plaintiff's own orders from the U.S. website,

24   Defendants agree to meet and confer with Plaintiff in good faith to discuss whether

25   production of specific documents related to is feasible, will avoid undue burden and

26   hardship on Defendants, and will be proportional to the needs of the case and the

27   limited class certification discovery authorized by the Court at this time.  To the

28   extent Defendants agree to production of additional documents in the future, any

1   such documents will be produced on a rolling basis and subject to these objections

2   and any modifications agreed upon by the parties.

3   **REQUEST FOR PRODUCTION NO. 16:**

4          Any and all DOCUMENTS constituting or reflecting the shipping

5   confirmations sent to Plaintiff Farid Khan by e-mail for any of the merchandise

6   Mr. Khan purchased from YOU.

7          **Response:** Defendants incorporate by reference the General Objections set

8   forth herein. Defendants object to this Request on the grounds that it is overly broad,

9   vague, and unduly burdensome including without limitation as to "any and all."

10  Defendants also object to this Request to the extent that it seeks information that is

11  in the possession of other parties such that it is at least equally accessible to Plaintiff

12  as it is to Defendants. Defendants object to this Request to the extent it calls for the

13  disclosure of information subject to the attorney-client privilege, the attorney work

14  product doctrine, or any other applicable privilege. Defendants object to this

15  Request insofar as it seeks competitive sensitive business and financial information.

16         Defendants will withhold documents on the basis of their objections to this

17  request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff

18  in connection with purchases he made on the U.S. website.  Defendants object to

19  production of email correspondence on the grounds of overbreadth, oppression and

20  undue burden, and lack of relevance to the limited class certification discovery

21  authorized by the Court at this time. To the extent Plaintiff does not already possess

22  the documents he requests related to Plaintiff's own orders from the U.S. website,

23  Defendants agree to meet and confer with Plaintiff in good faith to discuss whether

24  production of specific documents related to is feasible, will avoid undue burden and

25  hardship on Defendants, and will be proportional to the needs of the case and the

26  limited class certification discovery authorized by the Court at this time.  To the

27  extent Defendants agree to production of additional documents in the future, any

28

such documents will be produced on a rolling basis and subject to these objections
and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all correspondence, e-mails, communications, or other
DOCUMENTS exchanged between YOUR, on the one hand, and Plaintiff Farid
Khan, on the other hand.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome including without limitation as to "any and all."
Defendants also object to this Request to the extent that it seeks information that is
in the possession of other parties such that it is at least equally accessible to Plaintiff
as it is to Defendants. Defendants object to this Request to the extent it calls for the
disclosure of information subject to the attorney-client privilege, the attorney work
product doctrine, or any other applicable privilege. Defendants object to this
Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this
request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff
in connection with purchases he made on the U.S. website.  Defendants object to
production of email correspondence on the grounds of overbreadth, oppression and
undue burden, and lack of relevance to the limited class certification discovery
authorized by the Court at this time. To the extent Plaintiff does not already possess
the documents he requests related to Plaintiff's own orders from the U.S. website,
Defendants agree to meet and confer with Plaintiff in good faith to discuss whether
production of specific documents related to is feasible, will avoid undue burden and
hardship on Defendants, and will be proportional to the needs of the case and the
limited class certification discovery authorized by the Court at this time.  To the
extent Defendants agree to production of additional documents in the future, any

1  such documents will be produced on a rolling basis and subject to these objections

2  and any modifications agreed upon by the parties.

3  **REQUEST FOR PRODUCTION NO. 18:**

4       Any and all information and DOCUMENTS generated and retained by

5  YOU, relating to the sale made to Plaintiff Farid Khan reflected in the operative

6  complaint.

7       **Response:** Defendants incorporate by reference the General Objections set

8  forth herein. Defendants object to this Request on the grounds that it is overly broad,

9  vague, and unduly burdensome including without limitation as to "any and all."

10  Defendants also object to this Request to the extent that it seeks information that is

11  in the possession of other parties such that it is at least equally accessible to Plaintiff

12  as it is to Defendants. Defendants object to this Request to the extent it calls for the

13  disclosure of information subject to the attorney-client privilege, the attorney work

14  product doctrine, or any other applicable privilege. Defendants object to this

15  Request insofar as it seeks competitive sensitive business and financial information.

16       Defendants will withhold documents on the basis of their objections to this

17  request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff

18  in connection with purchases he made on the U.S. website.  Defendants object to

19  production of email correspondence on the grounds of overbreadth, oppression and

20  undue burden, and lack of relevance to the limited class certification discovery

21  authorized by the Court at this time. To the extent Plaintiff does not already possess

22  the documents he requests related to Plaintiff's own orders from the U.S. website,

23  Defendants agree to meet and confer with Plaintiff in good faith to discuss whether

24  production of specific documents related to is feasible, will avoid undue burden and

25  hardship on Defendants, and will be proportional to the needs of the case and the

26  limited class certification discovery authorized by the Court at this time.  To the

27  extent Defendants agree to production of additional documents in the future, any

28

such documents will be produced on a rolling basis and subject to these objections
and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all organizational charts of all departments, divisions, units, and
teams within YOUR company during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome, including without limitation as to "any and all."
Defendants object to this Request to the extent that it seeks information related to
Defendants' business activities outside the United States. Defendants object to this
Request to the extent it calls for the disclosure of information subject to the
attorney-client privilege, the attorney work product doctrine, or any other applicable
privilege. Defendants object to this Request insofar as it seeks competitive sensitive
business and financial information. Defendants also object to this Request as
overbroad, unduly burdensome, and wholly irrelevant to the certification of
Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this
request.  Subject to and without waiving the foregoing objections, see Defendants'
Initial Disclosure Responses served January 29, 2021 for a list of persons with
knowledge related to this matter.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all directories or listings of all of YOUR officers, directors, and
employees by name, title, and location applicable during the CLASS PERIOD.
For each person, please also identify the department, division, unit, and/or team of
which they are part.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome including without limitation as to "any and all."

Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants also object to this Request as overbroad, unduly burdensome, and wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this request. Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosure Responses served January 29, 2021 for a list of persons with knowledge related to this matter.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning REFERENCE PRICES ADVERTISED for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information

contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for Boohoo related brands.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning the offering of sales, markdowns, discounts, or promotions for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad,

vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for Boohoo related brands.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all internal memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between or amongst YOUR officers, directors, employees, contractors, or agents relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time. To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a

rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between any of YOUR officers, directors, employees, contractors, or agents, on the one hand, and any other person, whether within or outside your organization, on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is

feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Mahmud Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume

of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Carol Kane, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome as including without limitation to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Defendants object to production of email correspondence on the grounds of

overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time. To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Umar Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time. To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between John Lyttle, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks

competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Neil Catto, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request as improperly compound and containing multiple subparts. Defendants

36

object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all e-mail blasts disseminated to YOUR customers, including e-mail list subscribers, in the United Sates during the CLASS PERIOD, to ADVERTISE YOUR PRODUCTS, YOUR WEBSITE, or any sales, markdowns, discounts, or promotions on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product

37

doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request as it relates to personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this request. Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants agree to produce responsive, non-privileged documents in its possession, custody or control consisting of promotional calendars for 2016-2021 reflecting the historical promotional data for Boohoo related brands, and advertisements and newsletters sent via e-mail to subscribed customers, to the extent they are available.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all e-mails, chat logs, or other written correspondence, and other DOCUMENTS constituting or reflecting complaints, comments, or feedback from customers in the United States concerning REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants also object to this Request as overbroad, unduly burdensome, and not relevant to class certification discovery.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

1    Defendants will withhold documents on the basis of their objections to this

2    request.  Defendants object to production of email correspondence on the grounds of

3    overbreadth, oppression and undue burden, and lack of relevance to the limited class

4    certification discovery authorized by the Court at this time.  Due to the sheer volume

5    of information requested, Defendants agree to meet and confer with Plaintiff in good

6    faith to discuss whether production of documents responsive to this Request is

7    feasible, will avoid undue burden and hardship on Defendants, and will be

8    proportional to the needs of the case and the limited class certification discovery

9    authorized by the Court at this time.  To the extent Defendants agree to production

10   of additional documents in the future, any such documents will be produced on a

11   rolling basis and subject to these objections and any modifications agreed upon by

12   the parties.

13   **REQUEST FOR PRODUCTION NO. 32:**

14    Any and all memoranda, correspondence, e-mails, social media messages, or

15   other DOCUMENTS exchanged between YOU, on the one hand, and any

16   customer in the United Sates, on the other hand, relating to REFERENCE PRICES

17   ADVERTISED on YOUR WEBSITE.

18    **Response:** Defendants incorporate by reference the General Objections set

19   forth herein. Defendants object to this Request on the grounds that it is overly broad,

20   vague, and unduly burdensome, including without limitation as to "any and all."

21   Defendants object to this Request to the extent it calls for the disclosure of

22   information subject to the attorney-client privilege, the attorney work product

23   doctrine, or any other applicable privilege. Defendants object to this Request insofar

24   as it seeks competitive sensitive business and financial information.

25    Defendants will withhold documents on the basis of their objections to this

26   request.  Defendants object to production of email correspondence on the grounds of

27   overbreadth, oppression and undue burden, and lack of relevance to the limited class

28   certification discovery authorized by the Court at this time.  Due to the sheer volume

39

of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the use of REFERENCE PRICES on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles,

internal or competitor data on pricing, or reference prices and advertising for
Boohoo related brands.  Defendants object to production of email correspondence
on the grounds of overbreadth, oppression and undue burden, and lack of relevance
to the limited class certification discovery authorized by the Court at this time.  Due
to the sheer volume of information requested, Defendants agree to meet and confer
with Plaintiff in good faith to discuss whether production of additional documents
beyond those specifically agreed upon in this response is feasible, will avoid undue
burden and hardship on Defendants, and will be proportional to the needs of the case
and the limited class certification discovery authorized by the Court at this time.  To
the extent Defendants agree to production of certain documents in this response, or
agree to production of additional documents in the future, any such documents will
be produced on a rolling basis and subject to these objections and any modifications
agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other
DOCUMENTS YOU use to train or educate YOUR employees regarding the
offering of sales, markdowns, discounts, or promotions on YOUR WEBSITE
during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome, including without limitation as to "any and all."
Defendants object to this Request to the extent that it seeks information related to
Defendants' business activities outside the United States. Defendants object to this
Request to the extent it calls for the disclosure of information subject to the
attorney-client privilege, the attorney work product doctrine, or any other applicable
privilege. Defendants object to this Request insofar as it seeks competitive sensitive
business and financial information. To the extent this Request seeks information

contained in email correspondence, Defendants object to this Request as overly

broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this

request.  Subject to and without waiving the foregoing objections, to the extent such

documents exist, Defendants will agree to produce responsive, non-privileged

documents in its possession, custody or control constituting internal and third-party

reports, analyses, and presentations concerning internal or competitor data on styles,

internal or competitor data on pricing, or reference prices and advertising for

Boohoo related brands.  Defendants object to production of email correspondence

on the grounds of overbreadth, oppression and undue burden, and lack of relevance

to the limited class certification discovery authorized by the Court at this time.  Due

to the sheer volume of information requested, Defendants agree to meet and confer

with Plaintiff in good faith to discuss whether production of additional documents

beyond those specifically agreed upon in this response is feasible, will avoid undue

burden and hardship on Defendants, and will be proportional to the needs of the case

and the limited class certification discovery authorized by the Court at this time.  To

the extent Defendants agree to production of certain documents in this response, or

agree to production of additional documents in the future, any such documents will

be produced on a rolling basis and subject to these objections and any modifications

agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS relating to YOUR operations in the State of

California during the CLASS PERIOD, including, without limitation, employees,

independent contractors, social media influencers, models, celebrities, offices,

distribution and storage facilities, manufacturing facilities, facilities and personnel

used to design YOUR PRODUCTS, facilities and personnel used to create

marketing materials for YOUR PRODUCTS, all forms of marketing,

ADVERTISING, and promotion conducted in California, information technology

infrastructure, property owned in California, and any other activity in California related to marketing, ADVERTISING, sales or operation of the WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this request.    This Request for any and all documents relating to Defendants' California operations, without limitation, is grossly overbroad, unduly burdensome, oppressive and harassing.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS sufficient to identify by name, address, telephone number, and e-mail address each person who purchased any of YOUR products during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request to the extent it seeks highly personal information of

Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's
putative class.

Defendants will withhold documents on the basis of their objections to this
request.  Subject to and without waiving the foregoing, Defendants refer Plaintiff to
its response to Request Nos. 1-5 and the sales data Defendants have agreed to
produce.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTS referencing any memoranda, studies, analyses,
surveys, focus groups, reports, or other assessments of any kind whatsoever YOU
performed regarding prices at which products comparable to YOUR PRODUCTS
were sold by other companies, including which specific other companies' products
in the marketplace were comparable to which specific PRODUCTS sold by YOU.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome, including without limitation as to "any and all."
Defendants object to this Request to the extent that it seeks information related to
Defendants' business activities outside the United States. Defendants object to this
Request to the extent it calls for the disclosure of information subject to the
attorney-client privilege, the attorney work product doctrine, or any other applicable
privilege. Defendants object to this Request insofar as it seeks competitive sensitive
business and financial information. To the extent this Request seeks information
contained in email correspondence, Defendants object to this Request as overly
broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this
request.  Subject to and without waiving the foregoing objections, to the extent such
documents exist, Defendants will agree to produce responsive, non-privileged
documents in its possession, custody or control constituting internal and third-party
reports, analyses, and presentations concerning internal or competitor data on styles,

internal or competitor data on pricing, or reference prices and advertising for Boohoo related brands.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

DATED:   February 4, 2021          EVERSHEDS SUTHERLAND (US) LLP


                                   By   */s/ Ian S. Shelton*
                                        Ian S. Shelton

                                        Attorneys for Defendants Boohoo.com
                                        USA Inc., Boohoo.com UK Limited and
                                        Boohoo Group PLC

# EXHIBIT 12

1
2
3
4

EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:   (916) 844-2965
Facsimile:   (916) 241-0501

5
6
7
8
9

EVERSHEDS SUTHERLAND (US) LLP
Ronald W. Zdrojeski (admitted *PHV*)
ronzdrojeski@eversheds-sutherland.com
1114 6th Avenue, 40th Floor
New York, NY 10036
Telephone:   (212) 389-5000
Facsimile:   (212) 389-5099

ASHBY LAW FIRM PC
Joseph R. Ashby (SBN 248579)
joseph@ashbylawfirm.com
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:   (213) 393-6235
Facsimile:   (213) 429-0976

10

Attorneys for Defendants

11

UNITED STATES DISTRICT COURT

12

CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16

FARID KHAN, an individual, on behalf of himself and all others similarly situated,

                    Plaintiff,

          vs.

17
18
19
20
21
22

BOOHOO.COM USA INC. a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company , and DOES 1-100, inclusive,

                    Defendants.

NO. 2:20-cv-03332-GW-JEM

Consolidated for Pretrial Purposes with:
NO. 2:20-cv-04658-GW-JEM
NO. 2:20-cv-04659-GW-JEM

**DEFENDANTS' CONSOLIDATED OBJECTIONS AND RESPONSES TO PLAINTIFF FARID KHAN'S REQUESTS FOR ADMISSION TO DEFENDANTS BOOHOO.COM USA INC., BOOHOO.COM UK LIMITED, AND, BOOHOO GROUP PLC, SET ONE**

23
24

The Honorable George H. Wu

25
26
27

Courtroom:  9D
Address:       U.S. Courthouse
                    350 W. First Street
                    Los Angeles, CA 90012

28

PROPOUNDING PARTY:           FARID KHAN

RESPONDING PARTY:            BOOHOO.COM USA INC., BOOHOO.COM UK LIMITED, AND BOOHOO GROUP PLC

SET NO.:                     ONE

Defendants Boohoo.com USA Inc., Boohoo.com UK Limited, and Boohoo Group PLC hereby respond to Plaintiff Farid Khan's Requests for Admission, Set One pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## **GENERAL OBJECTIONS**

Defendants hereby incorporate the following General Objections into each and every response to Plaintiff's Requests below. These General Objections are neither waived nor limited by Defendants' specific responses.

1.      Defendants object to these Requests, including the Definitions, to the extent they purport to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Court's instructions, and any other applicable laws, rules or orders.

2.      Defendants object to each and every Request to the extent that it seeks information, documents, and/or other things protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege. Any specific objections stated below on the grounds of attorney-client privilege and/or work product doctrine in no way limit this general objection. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, trade secret privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or other things protected by such privileges or doctrines, a continuing objection to each and every such Request is hereby incorporated. Any inadvertent disclosure by Defendants of such information shall not be deemed a waiver of any such privileges, doctrines, or protections.

2

3.     Defendants object to these Requests to the extent they seek information that is not relevant to the subject matter of this case, reasonably calculated to lead to the discovery of admissible evidence, or proportionate to the needs of the case.

4.     Defendants object to these Requests, including the Definitions, to the extent they seek documents, communications, and/or information that does not exist, that is already in Plaintiff's possession or control, or that is as accessible to Plaintiff as it is to Defendants.

5.     Defendants object to these Requests, including the Definitions, to the extent they are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may, therefore, make responses misleading or incorrect

6.     Defendants object to the definition of "advertise" or any variations of the term as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

7.     Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

8.     Defendants object to the definition of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object because "substantially marked down" is a legal conclusion that has not yet been reached in this case, and Defendants expressly reserve the right to challenged he

3

alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants' website, Defendants object to the use this photograph because it is unauthenticated.

9. Defendants object to the definition of "website" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit

10. Defendants object to the expansive definitions of "You" and "Your" to the extent these definitions include counsel for Defendants, which may implicate the attorney-client privilege and/or attorney-work product doctrines. Defendants further object to these definitions to the extent such a definition would purport to require Defendants to produce documents or things that are not within its possession custody or control, and to the extent such a definition renders a request overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of such discovery outweigh its likely benefit.

11. Defendants object to the extent these Requests go beyond discovery warranted at the class certification stage. Discovery related to the merits of the case is not permitted at this time, and to the extent these Requests are irrelevant to the certification of Plaintiff's putative class, Defendants object and will withhold documents accordingly.

## OBJECTIONS AND REPONSES TO REQUESTS FOR ADMISSION
## REQUEST FOR ADMISSION NO. 1:

Admit that less than ten (10) percent of the total dollar amount of YOUR sales of PRODUCTS on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

1       **<u>Response:</u>**   Defendants incorporate by reference the General Objections set

2   forth herein. Defendants object to this Request to the extent it calls for the disclosure

3   of information subject to the attorney-client privilege, the attorney work product

4   doctrine, or any other applicable privilege.

5       Defendants object to this Request to the extent it calls for the disclosure of

6   product information that is not saved and/or tracked in Defendants' computer

7   systems and/or databases.

8       Defendants object to this Request as vague and ambiguous as to the terms

9   "less than ten (10) percent of the total dollar amount."

10      Defendants object to this Request as oppressive and unduly burdensome, in

11  that the answer to this Request may be determined by examining, auditing,

12  compiling, abstracting, or summarizing Defendants' business records (including

13  electronically stored information), and the burden of deriving or ascertaining the

14  answer will be substantially the same for either party.  Subject to and without

15  waiving the foregoing objections, Defendants will produce the United States sales

16  data for Boohoo related brands with pricing information from March 28, 2016 to

17  present.  Such data will include the geographic location of the customer (by state) to

18  the extent that information is available.  Plaintiff and/or his experts should bear the

19  burden and expense of processing and manipulating this voluminous data and

20  performing the complex mathematical calculations identified in this Request.

21      Defendants object to this Request as oppressive and unduly burdensome, in

22  that the information requested is not maintained in the regular course of business

23  and is not readily identifiable.

24      Defendants object to this Request as oppressive and unduly burdensome, in

25  that the Request asks Defendants to perform complex mathematical calculations

26  with respect to millions of individual sales transactions over a four year period.  For

27

28

example, PrettyLittleThing had in excess of 16.8 million sales transactions[1] in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

---

[1] The tally of sales transactions refers to each individual product sold, even if multiple products are purchased by the same customer at the same time.

6

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that less than ten (10) percent of the total dollar amount of YOUR sales of PRODUCTS on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total dollar amount."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available. Plaintiff and/or his experts should bear the

7

burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period. For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total units sold."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without

9

waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |

| 2020.12.14 | 526,220 |
|------------|---------|
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four
year period, including in excess of 36 million transactions for Boohoo and 12
million transactions for Nasty Gal.  Defendants object to incurring the burden and
expense of processing and manipulating this voluminous data and performing the
complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and
assistance both as to the appropriate manner of processing and manipulating this
voluminous data and performing the complex mathematical calculations identified
in this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS
YOU sold on YOUR WEBSITE in California during the CLASS PERIOD were of
sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request to the extent it calls for the disclosure
of information subject to the attorney-client privilege, the attorney work product
doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of
product information that is not saved and/or tracked in Defendants' computer
systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms
"less than ten (10) percent of the total units sold."

Defendants object to this Request as oppressive and unduly burdensome, in
that the answer to this Request may be determined by examining, auditing,

11

compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |

| | |
|---|---|
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that none of the PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were offered for sale by YOU at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale (*e.g.*, a PRODUCT with a REFERENCE PRICE of $25 on December 1, 2020, was not offered for sale on YOUR WEBSITE at or above that REFERENCE PRICE ($25 in this example) for 9 or more of the then-previous 90 days).

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

13

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |

14

| | |
|---|---|
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that in the United States during the CLASS PERIOD, YOUR PRODUCTS have been sold exclusively on YOUR WEBSITE.  Please be advised that this Request is not asking YOU about sales by private individuals or sales by persons or entities who are not YOUR authorized retailers or distributors.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request as vague and ambiguous as to the term "sold exclusively," and as to the exclusion for "sales by persons or entities who are not YOUR authorized retailers or distributors."

Subject to and without waiving the foregoing objections, Defendants responds as follows: Defendants lack sufficient information to admit or deny whether each and every product sold on the website during the class period was sold exclusively by Defendants.

**REQUEST FOR ADMISSION NO. 7:**

Admit that in the United States during the CLASS PERIOD, YOU have not owned or operated any physical retail stores.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request as compound and disjunctive.

Defendants object to this Request as vague and ambiguous as to the terms "owned or operated" and "physical retail stores."

Subject to and without waiving the foregoing objections, Defendants responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU ADVERTISED REFERENCE PRICES for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to the Request as vague and ambiguous as to the term "ADVERTISED REFERENCE PRICES," including the definition of the term "REFERENCE PRICE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

17

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

 Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

1    **REQUEST FOR ADMISSION NO. 9:**

2         Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU

3    ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were inaccurate.

4         **Response:** Defendants incorporate by reference the General Objections set

5    forth herein. Defendants object to this request on the ground that the term

6    "inaccurate" is vague and ambiguous. Defendants object to this Request to the

7    extent it calls for the disclosure of information subject to the attorney-client

8    privilege, the attorney work product doctrine, or any other applicable privilege.

9         Subject to and without waiving the foregoing objections, Defendants responds

10   as follows: Deny.

11   **REQUEST FOR ADMISSION NO. 10:**

12        Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU

13   ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were

14   misleading.

15        **Response:** Defendants incorporate by reference the General Objections set

16   forth herein. Defendants object to this request on the ground that the term

17   "misleading" is vague and ambiguous. Defendants object to this Request to the

18   extent it calls for the disclosure of information subject to the attorney-client

19   privilege, the attorney work product doctrine, or any other applicable privilege.

20        Subject to and without waiving the foregoing objections, Defendants respond

21   as follows: Deny.

22   **REQUEST FOR ADMISSION NO. 11:**

23        Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR

24   WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent

25   the price at which the particular PRODUCT associated with the REFERENCE

26   PRICE had sold on YOUR WEBSITE in the previous 90 days.

27        **Response:** Defendants incorporate by reference the General Objections set

28   forth herein. Defendants object to this Request to the extent it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "in the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available. Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period. For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE in the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "offered for sale" and "in the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period. For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR WEBSITE for more than 5 of the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "more than 5 of the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the

burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE for more than 5 of the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "offered for sale" and "more than 5 of the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the

answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|------------------|------------------------|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |

| | |
|---|---|
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the original (initial) price the PRODUCT sold for on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "the original (initial) price the PRODUCT sold for on YOUR WEBSITE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |

| | |
|---|---|
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD were not created by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable to each of the individual PRODUCTS YOU sold on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

30

Defendants object to the Request as vague and ambiguous as to the term "by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the retail price of the PRODUCT as sold or made available for sale at some WEBSITE other than yours.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to the Request as vague and ambiguous as to the terms "the retail price" and "as sold or made available for sale at some WEBSITE other than yours."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants respond as follows: Defendants are without sufficient information to admit or deny the price of our products on websites other than our own.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the regular price of the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure

31

of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to the Request as vague and ambiguous as to the term "the regular price of the PRODUCT."

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to the Request as vague and ambiguous as to the term "the regular price," and "REFERENCE PRICES YOU ADVERTISED," including the definition of the term "REFERENCE PRICE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For

example, PrettyLittleThing had in excess of 16.8 million sales transactions in the
United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four
year period, including in excess of 36 million transactions for Boohoo and 12
million transactions for Nasty Gal.  Defendants object to incurring the burden and
expense of processing and manipulating this voluminous data and performing the
complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and
assistance both as to the appropriate manner of processing and manipulating this
voluminous data and performing the complex mathematical calculations identified
in this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the PRODUCT was ADVERTISED to be sold for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time period (for example, as of today, for a PRODUCT with a REFERENCE PRICE of $25, that product has not had a most-frequently charged price of $25 over the previous 10 days or 20 days or 90 days, or any number of days).

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "the price at which YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time period."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Subject to and without waiving the foregoing objections, Defendants will produce the United States sales

36

data for Boohoo related brands with pricing information from March 28, 2016 to present.  Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |

| TOTAL | 16,819,720 |
|-------|------------|

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU ADVERTISED REFERENCE PRICES on YOUR WEBSITE across all of YOUR product lines (excluding beauty products) during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to the Request as vague and ambiguous as to the term "ADVERTISED REFERENCE PRICES," including the definition of the term "REFERENCE PRICE," and "all of YOUR product lines (excluding beauty products)."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing,

compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from March 27, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or his experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |

| 2020.09.21 | 780,944 |
|---|---|
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

DATED:   February 4, 2021          EVERSHEDS SUTHERLAND (US) LLP

By  */s/ Ian S. Shelton*
Ian S. Shelton

Attorneys for Defendants Boohoo.com USA Inc., Boohoo.com UK Limited and Boohoo Group PLC

# EXHIBIT 13

1  EVERSHEDS SUTHERLAND (US) LLP
   Ian S. Shelton (SBN 264863)
2  ianshelton@eversheds-sutherland.com
   500 Capitol Mall, Suite 1750
3  Sacramento, CA 95814
   Telephone:   (916) 844-2965
4  Facsimile:    (916) 241-0501

5  EVERSHEDS SUTHERLAND (US) LLP        ASHBY LAW FIRM PC
   Ronald W. Zdrojeski (admitted *PHV*)     Joseph R. Ashby (SBN 248579)
6  ronzdrojeski@eversheds-sutherland.com    joseph@ashbylawfirm.com
   1114 6th Avenue, 40th Floor              1055 West Seventh Street, 33rd Floor
7  New York, NY 10036                       Los Angeles, CA 90017
   Telephone:   (212) 389-5000              Telephone:   (213) 393-6235
8  Facsimile:    (212) 389-5099             Facsimile:    (213) 429-0976

9
10 Attorneys for Defendants

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13 HAYA HILTON, an individual, on          NO. 2:20-cv-04658-GW-JEM
   behalf of herself and all others similarly
14 situated,                               Consolidated for Pretrial Purposes with:
15                                         NO. 2:20-cv-03332-GW-JEM
             Plaintiff,                    NO. 2:20-cv-04659-GW-JEM
16
        vs.
17                                         **DEFENDANTS' CONSOLIDATED**
   PRETTYLITTLETHING.COM USA               **OBJECTIONS AND RESPONSES TO**
18 INC., a Delaware corporation,           **PLAINTIFF HAYA HILTON'S**
   PRETTYLITTLETHING.COM                   **INTERROGATORIES TO**
19 LIMITED, a United Kingdom private       **DEFENDANTS**
   limited company, BOOHOO GROUP           **PRETTYLITTLETHING.COM USA**
20 PLC, a Jersey public limited company ,  **INC., PRETTYLITTLETHING.COM**
   and DOES 1-100, inclusive,              **LIMITED AND BOOHOO GROUP**
21                                         **PLC, SET ONE**
             Defendants.
22
23                                         The Honorable George H. Wu
24
25                                         Courtroom:  9D
26                                         Address:     U.S. Courthouse
                                                        350 W. First Street
27                                                      Los Angeles, CA 90012
28

PROPOUNDING PARTY:      HAYA HILTON

RESPONDING PARTY:       PRETTYLITTLETHING.COM USA INC.,
                        PRETTYLITTLETHING.COM LIMITED, AND
                        BOOHOO GROUP PLC

SET NO.:                ONE

Defendants PrettyLittleThing.com USA Inc., and PrettyLittleThing.com Limited and Boohoo Group PLC hereby respond to Plaintiff Haya Hilton's Interrogatories, Set One pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Defendants hereby incorporate the following General Objections into each and every response to Plaintiff's Interrogatories below. These General Objections are neither waived nor limited by Defendants' specific responses.

1.      Defendants object to these Interrogatories, including the Definitions, to the extent they purport to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Court's instructions, and any other applicable laws, rules or orders.

2.      Defendants object to each and every Interrogatory to the extent that it seeks information, documents, and/or other things protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege. Any specific objections stated below on the grounds of attorney-client privilege and/or work product doctrine in no way limit this general objection. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, trade secret privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Interrogatory may be construed as calling for disclosure of information, documents, and/or other things protected by such privileges or doctrines, a continuing objection to each and every such

Interrogatory is hereby incorporated. Any inadvertent disclosure by Defendants of such information shall not be deemed a waiver of any such privileges, doctrines, or protections

3.      Defendants object to these Interrogatories to the extent they seek information that is not relevant to the subject matter of this case, reasonably calculated to lead to the discovery of admissible evidence, or proportionate to the needs of the case.

4.      Defendants object to these Interrogatories, including the Definitions, to the extent they seek documents, communications, and/or information that does not exist, that is already in Plaintiff's possession or control, or that is as accessible to Plaintiff as it is to Defendants.

5.      Defendants object to these Interrogatories, including the Definitions, to the extent they are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may, therefore, make responses misleading or incorrect.

6.      Defendants object to these Interrogatories to the extent that they purport to require the creation of documents that do not currently exist.

7.      Defendants object to the definition of "advertise" or any variations of the term as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

8.      Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

9.      Defendants object to the definition of "product code" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not

reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

10.    Defendants object to the definition of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object because "substantially marked down" is a legal conclusion that has not yet been reached in this case, and Defendants expressly reserve the right to challenged he alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants' website, Defendants object to the use this photograph because it is unauthenticated.

11.    Defendants object to the definition of "website" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit

12.    Defendants object to the expansive definitions of "You" and "Your" to the extent these definitions include counsel for Defendants, which may implicate the attorney-client privilege and/or attorney-work product doctrines. Defendants further object to these definitions to the extent such a definition would purport to require Defendants to produce documents or things that are not within its possession custody or control, and to the extent such a definition renders a request overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of such discovery outweigh its likely benefit.

13.    Defendants object to the term "activities" as vague and ambiguous,

4

overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

14.    Defendants object to the term "identify" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

15.    Defendants object to Plaintiff's definition of "Person" or "Persons" and "entity" or "entities" to the extent such a definition purports to include persons or entities of whom Defendants are not aware.

16.    Defendants object to the extent these Interrogatories go beyond discovery warranted at the class certification stage. Discovery related to the merits of the case is not permitted at this time, and to the extent these Interrogatories are irrelevant to the certification of Plaintiff's putative class, Defendants object and will withhold documents accordingly.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Please list each PRODUCT by PRODUCT CODE and product description offered for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form that includes the following information for each PRODUCT: (a) the time period during which the PRODUCT was, or has been, offered for sale, (b) the date the PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT was offered for sale (*e.g.*, New In, Clothing, Dresses, Tops, Shoes, Accessories, Sale, etc.), (e) for each PRODUCT displayed on the website on the WEBSITE, all REFERENCE PRICES, corresponding to date, (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which

the PRODUCT actually sold, corresponding to date, and (h) if available, the
demographic information (*e.g.*, location (city and state), gender, age, income, race,
ethnicity, shopping preferences either identified by the customer or noted by YOU
or any artificial intelligence system YOU use, etc.) of each customer who bought
the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Interrogatory on the grounds that it is overly
broad, vague, and unduly burdensome, including without limitation as to "each
product." Defendants object to this Interrogatory as improperly compound and
containing multiple subparts.  Defendants object to this Interrogatory to the extent it
calls for the disclosure of information subject to the attorney-client privilege, the
attorney work product doctrine, or any other applicable privilege. Defendants object
to this Interrogatory insofar as it seeks competitive sensitive business and financial
information. Defendants object to this Interrogatory to the extent it calls for the
disclosure of product information that is not saved and/or tracked in Defendants'
computer systems and/or databases.  Defendants object to this Interrogatory as not
relevant to any party's claims or defenses, and not reasonably calculated to lead to
the discovery of admissible evidence, because it seeks information regarding pricing
on dates when the products were not sold.  Defendants further object to part (h) of
the Interrogatory as it relates to highly personal information of Defendants'
customers, the majority of which is irrelevant to the certification of Plaintiff's
putative class.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this
Interrogatory may be determined by examining, auditing, compiling, abstracting, or
summarizing Defendants' business records (including electronically stored
information), and the burden of deriving or ascertaining the answer will be
substantially the same for either party.  Subject to and without waiving the foregoing
objections, Defendants will produce the United States sales data for

6

PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.

**INTERROGATORY NO. 2:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, including the following information:  (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sale, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information. Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants'

7

computer systems and/or databases.  Defendants further object to part (k) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.

**INTERROGATORY NO. 3:**

Please provide the information referenced in Interrogatory No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory No. 2. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (k) of the

Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information: (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (i) if available, the demographic information (e.g., location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory No. 1. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the

9

disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (i) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Please provide the information referenced in Interrogatory No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory No. 1 and No. 4. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (i) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 1 and No. 4.

**INTERROGATORY NO. 6:**

Identify the PRODUCTS, along with dates during the CLASS PERIOD, for which YOU did not ADVERTISE a sale or promotion on YOUR WEBSITE of at

least 35% off all PRODUCTS.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their response to Interrogatory No. 1 and No. 4, and the historical promotional calendars for the PrettyLittleThing related brands.

**INTERROGATORY NO. 7:**

Please explain in as much detail as possible why PRODUCTS YOU sell on the WEBSITE in the "NEW IN" category already have an ADVERTISED REFERENCE PRICE that is higher than the price at which it is ADVERTISED to be sold given the lack of history to establish a REFERENCE PRICE for PRODUCTS in the "NEW IN" category.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this

Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends. In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

**INTERROGATORY NO. 8:**

Please provide the name, address, telephone number, and e-mail address of each person who purchased any of YOUR products during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants further object because this Interrogatory seeks highly personal information of Defendants' customers and information irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants will agree to produce information related to customers' location by state along with a customer identification number and direct Plaintiff to Defendants' responses to Interrogatory Nos. 1-5 and the related responsive documents to be produced by Defendants pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 9:**

For each purchaser identified in Interrogatory No. 8 above, describe each of their purchases by providing: (a) the date of purchase, (b) the PRODUCTS purchased, (c) the price paid for each PRODUCT purchased, and (d) the REFERENCE PRICE of each PRODUCT purchased.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, see Defendants' responses to Interrogatory Nos. 1-5 and the related responsive documents to be produced by Defendants pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 10:**

Please state all reasons why YOUR ADVERTISE REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing

structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

**INTERROGATORY NO. 11:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, or making decisions concerning, the REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to the language "any material involvement with approving, formulating, setting, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals with knowledge of the process for approving, formulating, setting, or making decisions concerning reference prices for products advertised on the website during the class period: Tom Binns (Finance Director, Manchester); Nicki Capstick (Marketing Director, Manchester); Mark Baker (Trading Director, Manchester).

14

**INTERROGATORY NO. 12:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, creating, or making decisions concerning, the ADVERTISEMENT of sales, markdowns, discounts, or promotions on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to the language "any material involvement with approving, formulating, setting, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals with knowledge of the process for approving, formulating, setting, creating, or making decisions concerning, the advertisement of sales, markdowns, discounts, or promotions on the website during the class period:  Tom Binns (Finance Director, Manchester); Nicki Capstick (Marketing Director, Manchester); Mark Baker (Trading Director, Manchester).

**INTERROGATORY NO. 13:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with designing, configuring, defining the requirements for, or making decisions concerning, any software, algorithms, artificial intelligence, or applications YOU use relating to the posting of REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information. Defendants object to the language "any material involvement with designing, configuring, defining the requirements for, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individuals with knowledge relating to the process used for posting of reference prices for products advertised on the website during the class period:  Tom Binns (Finance Director, Manchester); Nicki Capstick (Marketing Director, Manchester); Mark Baker (Trading Director, Manchester).

**INTERROGATORY NO. 14:**

Please state all reasons why YOU believe the REFERENCE PRICES on PRODUCTS ADVERTISED on YOUR WEBSITE during the CLASS PERIOD are accurate and not misleading.  To the extent YOU believe the REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE during the CLASS PERIOD are inaccurate and misleading, please so state in YOUR response.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

**INTERROGATORY NO. 15:**

Please IDENTIFY all offices or other physical facilities YOU have purchased, leased, rented, or otherwise used for a business purpose in the United States during the CLASS PERIOD and state the purpose and ACTIVITIES performed therein.  For each such office or facility, please also IDENTIFY all PERSONS/ENTITIES who have used said office or facility and their purpose for using said office or facility.  Defendants object to this interrogatory as seeking information that is not relevant to the subject matter of this case, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

17

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants will not respond to Interrogatory No. 15 as it seeks information that is not relevant to class certification discovery.

**INTERROGATORY NO. 16:**

For each response to the Requests for Admission ("RFA") served with these Interrogatories that is not an unqualified admission: (a) state the number of the RFA; (b) state all facts upon which you base your response; (c) IDENTIFY all PERSONS who have knowledge of those facts; and (d) IDENTIFY all DOCUMENTS and other tangible things that support your response and IDENTIFY the PERSON who has each such DOCUMENT or thing.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information. Defendants object to this Interrogatory as improperly compound and containing multiple subparts.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

RFA No. 6: PrettyLittleThing ("PLT") considers its products exclusive to PLT. However, PLT cannot rule out that if PLT buys garments from a wholesaler, the same wholesaler may sell the same products to a competitor. Other retailers will sell similar products and may even sell products made by the same supplier. Branded beauty lines will be sold by other retailers and are sold by PLT at prices dictated by the brands; such products can only be discounted with approval of the brands.

RFA No. 7: PLT operates showrooms in California and Florida, but they do not make retail sales.  PLT held a sample sale on March 13, 2020 lasting for one day. In total, $4,089 was made and the money was donated to charity. Approximately 350 people visited the showroom in total. Customers were invited to attend the sample sale, fill one PLT bag of items, and each customer was charged $10.00.

RFA No. 9: The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

RFA No. 10: The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price

1   for a particular product, more or less weight, or no weight, might be given to certain
2   factors.

3          RFA No. 16: The reference price is set by experienced buyers based on a
4   variety of factors. These factors may include, but are not limited to, previous
5   pricing of the same, similar or comparable products on the Defendants' websites;
6   established pricing structures for certain product lines carried on the Defendants'
7   websites; pricing of similar or comparable products on competitors' websites,
8   particularly U.K.-based competitors; the buyer's market knowledge and expertise;
9   cost of goods; overhead costs; margin; U.S. pricing adjustments (including without
10  limitation to account for differences in exchange rates, shipping costs, other U.S.-
11  specific costs, U.S.-based competitors, and the U.S. market); industry data; sales
12  performance, market demand, and/or market trends.  In setting the reference price
13  for a particular product, more or less weight, or no weight, might be given to
14  certain factors.

15         RFA No. 17: Defendants are without sufficient information to admit or
16  deny the price of our products on websites other than our own.

17

18

19  DATED:   February 4, 2021          EVERSHEDS SUTHERLAND (US) LLP

20

21                                     By  */s/ Ian S. Shelton*
                                       Ian S. Shelton
22

23                                     Attorneys for Defendants
                                       Prettylittlething.com USA Inc.,
24                                     Prettylittlething.com Limited, and
                                       Boohoo Group PLC
25

26

27

28

                                        20

**VERIFICATION**

I, Neil Catto, am a director of PrettyLittleThing.com Limited.  I have read the foregoing interrogatory responses.  I believe, based on a reasonable inquiry and investigation, that the responses are true and correct to the best of my knowledge, information and belief.  The responses were prepared based upon information contained in records maintained in the ordinary course of business, and/or information supplied from various individuals with personal knowledge.  I do not necessarily have personal knowledge regarding each specific response, but I am informed and believe that the responses are true and correct as of the date of these responses.

I verify under penalty of perjury that the foregoing is true and correct.

DATED:   February 4, 2021

_____

NEIL CATTO

# EXHIBIT 14

EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:   (916) 844-2965
Facsimile:   (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
Ronald W. Zdrojeski (admitted *PHV*)
ronzdrojeski@eversheds-sutherland.com
1114 6th Avenue, 40th Floor
New York, NY 10036
Telephone:   (212) 389-5000
Facsimile:   (212) 389-5099

ASHBY LAW FIRM PC
Joseph R. Ashby (SBN 248579)
joseph@ashbylawfirm.com
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:   (213) 393-6235
Facsimile:   (213) 429-0976

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYA HILTON, an individual, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>PRETTYLITTLETHING.COM USA INC., a Delaware corporation, PRETTYLITTLETHINGS.COM LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company , and DOES 1-100, inclusive,<br><br>          Defendants. | NO. 2:20-cv-04658-GW-JEM<br><br>Consolidated for Pretrial Purposes with:<br>NO. 2:20-cv-03332-GW-JEM<br>NO. 2:20-cv-04659-GW-JEM<br><br>**DEFENDANTS' CONSOLIDATED OBJECTIONS AND RESPONSES TO PLAINTIFF HAYA HILTON'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PRETTYLITTLETHING.COM USA INC., PRETTYLITTLETHING.COM LIMITED, AND BOOHOO GROUP PLC, SET ONE**<br><br>The Honorable George H. Wu<br><br>Courtroom:  9D<br>Address:      U.S. Courthouse<br>                    350 W. First Street<br>                    Los Angeles, CA 90012 |

| | |
|---|---|
| PROPOUNDING PARTY: | HAYA HILTON |
| RESPONDING PARTY: | PRETTYLITTLETHING.COM USA INC., PRETTYLITTLETHING.COM LIMITED, AND BOOHOO GROUP PLC |
| SET NO.: | ONE |

Defendants Boohoo Group PLC, PrettyLittleThing.com USA Inc., and PrettyLittleThing.com Limited hereby respond to Plaintiff Haya Hilton's Requests for Production of Documents, Set One pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Defendants hereby incorporate the following General Objections into each and every response to Plaintiff's Requests below. These General Objections are neither waived nor limited by Defendants' specific responses.

1.      Defendants object to these Requests, including the Instructions and Definitions, to the extent they purport to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Court's instructions, and any other applicable laws, rules or orders.

2.      Defendants object to each and every Request to the extent that it seeks information, documents, and/or other things protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege. Any specific objections stated below on the grounds of attorney-client privilege and/or work product doctrine in no way limit this general objection. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, trade secret privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or other things protected by such privileges or doctrines, a continuing objection to each and every such Request is

2

hereby incorporated. Any inadvertent disclosure by Defendants of such information shall not be deemed a waiver of any such privileges, doctrines, or protections.

3.     Defendants object to these Requests to the extent they seek information that is not relevant to the subject matter of this case, reasonably calculated to lead to the discovery of admissible evidence, or proportionate to the needs of the case.

4.     Defendants object to these Requests, including the Instructions and Definitions, to the extent they seek documents, communications, and/or information that does not exist, that is already in Plaintiff's possession or control, or that is as accessible to Plaintiff as it is to Defendants.

5.     Defendants object to these Requests, including the Instructions and Definitions, to the extent they are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may, therefore, make responses misleading or incorrect.

6.     Defendants object to these Requests to the extent that they call for the production of documents that contain or otherwise reveal any trade secrets, proprietary business information, competitively sensitive business or commercial information, strategic planning information, or other private, confidential information. To the extent that Defendants have responsive documents containing confidential information, it will produce such documents pursuant to an agreed-upon stipulation and protective order appropriately governing the production and exchange of confidential material, or in some other manner agreed by the parties that would ensure the confidentiality of such documents until such time as an appropriate order can be entered.

7.     Defendants object to these Requests to the extent that they purport to require the creation of documents that do not currently exist.

8.     Defendants object to Plaintiff's definition of "Electronically Stored information" or "ESI." on the grounds that it is overbroad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiff purports to include

information not ordinarily captured and/or overwritten in the ordinary course of operating Defendants' business. Notwithstanding these objections, to the extent any responsive documents or ESI are produced, Defendants will produce reasonably available, relevant, non-privileged information in readily usable formats. Documents that contain redactions will be produced in static image format.

9.    Defendants object to the definition of "advertise" or any variations of the term as vague, ambiguous, and overbroad, and to the extent the use of which could yield production of documents not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

10.    Defendants object to Plaintiff's definition for "Document" or "documents" to the extent the examples listed do not fall within the definition of "writings and recordings" in F.R.E. 1001(1).

11.    Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

12.    Defendants object to the definitions of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object because "substantially marked down" is a legal conclusion that has not yet been reached in this case, and Defendants expressly reserve the right to challenge the alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants'

website, Defendants object to the use this photograph because it is unauthenticated.

13.     Defendants object to the expansive definitions of "You" and "Your" to the extent these definitions include counsel for Defendants, which may implicate the attorney-client privilege and/or attorney-work product doctrines. Defendants further object to these definitions to the extent such a definition would purport to require Defendants to produce documents or things that are not within its possession custody or control, and to the extent such a definition renders a Request overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of such discovery outweigh its likely benefit.

14.     Defendants object to the phrase "artificial intelligence" used throughout these document Requests as vague and ambiguous.

15.     Defendants object to the extent these Requests go beyond discovery warranted at the class certification stage. Discovery related to the merits of the case is not permitted at this time, and to the extent these Request are irrelevant to the certification of Plaintiff's putative class, Defendants object and will withhold documents accordingly.

16.     Defendants object to each and every Request to the extent that it seeks information, documents, and/or other things related to Defendants' business activities outside the United States.

**OBJECTIONS AND REPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all reports, spreadsheets, or other DOCUMENTS listing each PRODUCT by PRODUCT CODE and product description offered for sale in the United States on YOUR WEBSITE during the CLASS PERIOD in a form that includes the following information for each PRODUCT:  (a) the time period during which the PRODUCT was, or has been, offered for sale, (b) the date the

PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered for sale, (d) all categories in which the PRODUCT was offered for sale (*e.g.*, New In, Clothing, Dresses, Tops, Shoes, Accessories, Sale, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date, (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and as to "each product." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive and sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants object to this Request as not relevant to any party's claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information regarding pricing on dates when the products were not sold. Defendants further object to part (h) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.  To the extent this Request

seeks information contained in email correspondence, Defendants object to this
Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this
Request.  Subject to and without waiving the foregoing objections, Defendants will
produce the United States sales data for the PrettyLittleThing brand with pricing
information from February 29, 2016 to present containing the following data fields
in a native format:  email/customer ID; order number; order date; SKU code;
product description; product category; gross original price; gross markdown; gross
post markdown; gross promotion discount; gross product sales; net product sales;
gross original price LC; gross markdown LC; gross post markdown LC; gross
promotion discount LC; gross product sales LC; net product sales LC; units;
markdown; product cost; region. Such data will identify the customer by a customer
identification number and include the geographic location of the customer (by state)
to the extent that information is available.  Defendants object to production of email
correspondence on the grounds of overbreadth, oppression and undue burden, and
lack of relevance to the limited class certification discovery authorized by the Court
at this time.  Due to the sheer volume of information requested, Defendants agree to
meet and confer with Plaintiff in good faith to discuss whether production of
additional documents beyond those specifically agreed upon in this response is
feasible, will avoid undue burden and hardship on Defendants, and will be
proportional to the needs of the case and the limited class certification discovery
authorized by the Court at this time.  To the extent Defendants agree to production
of certain documents in this response, or agree to production of additional
documents in the future, any such documents will be produced on a rolling basis and
subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or
reflecting data regarding YOUR sales of PRODUCTS in the United States on

7

YOUR WEBSITE for each day during the CLASS PERIOD, in a form that includes the following information:  (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and "each day." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive and sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (k) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, Defendants will

8

produce the United States sales data for the PrettyLittleThing brand with pricing information from February 29, 2016 to present containing the following data fields in a native format:  email/customer ID; order number; order date; SKU code; product description; product category; gross original price; gross markdown; gross post markdown; gross promotion discount; gross product sales; net product sales; gross original price LC; gross markdown LC; gross post markdown LC; gross promotion discount LC; gross product sales LC; net product sales LC; units; markdown; product cost; region. Such data will identify the customer by a customer identification number and include the geographic location of the customer (by state) to the extent that information is available.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce the data referenced in Request for Production of Documents No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this request as duplicative of Request No. 2. Defendants object to this Request on the grounds that it is overly broad, vague, and

unduly burdensome, including without limitation as to "each day." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants further object to part (k) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE. Please produce this information in a form that includes the following information: (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the total actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, and (i) if available, the demographic information (e.g., location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 1. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants further object to part (i) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the data referenced in Request for Production of Documents No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 1 and Request No. 4. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Request as improperly compound and containing multiple subparts.  Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work

11

product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants further object to part (i) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 1 and Request No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of REFERENCE PRICES in connection with ADVERTISING merchandise to consumers.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and the terms and phrases, "use, importance, lack of importance or effectiveness." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information

contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the PrettyLittleThing brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions in connection with ADVERTISING merchandise to consumers.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and "use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or sales, discounts, markdowns, or promotions and advertising for the PrettyLittleThing brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to

production of additional documents in the future, any such documents will be
produced on a rolling basis and subject to these objections and any modifications
agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses,
surveys, focus groups, reports, or other assessments of any kind whatsoever
performed (whether internally or by a third-party) during the time period January 1,
2016, to the present concerning the demographics of YOUR customers in the United
States, including, without limitation, their age, gender, income, race, ethnicity,
location, education, and shopping preferences either identified by the customer or
noted by YOU or any artificial intelligence system YOU use.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome including without limitation as to "any and all" and
"artificial intelligence system." Defendants object to this Request to the extent it
calls for the disclosure of information subject to the attorney-client privilege, the
attorney work product doctrine, or any other applicable privilege. Defendants object
to this Request insofar as it seeks competitive sensitive business and financial
information. Defendants further object to this Request for highly personal
information of Defendants' customers relating to "their age, gender, income, race,
ethnicity" and "education, and shopping preferences." Such information is wholly
irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this
Request. Other than the state of the customer's residence, information regarding
customer demographics is irrelevant to this action and not likely to lead to the
discovery of admissible evidence. Defendants also object on the grounds of
overbreadth, oppression and undue burden, and lack of relevance to the limited class
certification discovery authorized by the Court at this time.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of the customers YOU seek to target in the United States, including, without limitation, their age, gender, income, race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all" and "artificial intelligence system." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request for highly personal information of Defendants' customers relating to "their age, gender, income, race, ethnicity" and "education, and shopping preferences." Such information is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.   Other than the state of the customer's residence, information regarding customer demographics is irrelevant to this action and not likely to lead to the discovery of admissible evidence.  Defendants also object on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives

concerning the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce responsive, non-privileged documents in its possession, custody or control in response to this Request that specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional

documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce responsive, non-privileged documents in its possession, custody or control in response to this Request that specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of

additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to employees or contractors within YOUR organization concerning the use of sales, discounts, markdowns, promotions or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party

reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or sales, discounts, markdowns, or promotions and advertising for the PrettyLittleThing brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to investors, potential investors, or other third parties concerning the use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable

20

privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce responsive, non-privileged documents in its possession, custody or control in response to this Request that are directed to investors and/or third parties and specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS constituting or reflecting all instances during the CLASS PERIOD on which any of the merchandise Plaintiff Haya Hilton purchased from YOU sold for the REFERENCE PRICE ADVERTISED to Ms. Hilton.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all."

Defendants also object to this Request to the extent that it seeks information that is in the possession of other parties such that it is at least equally accessible to Plaintiff as it is to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their response to Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS constituting or reflecting the order confirmations sent to Plaintiff Haya Hilton by e-mail for any of the merchandise Ms. Hilton purchased from YOU.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants also object to this Request to the extent that it seeks information that is already in possession of Plaintiff and is more accessible to Plaintiff than to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff in connection with purchases she made on the U.S. website. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. To the extent Plaintiff does not already possess

the documents she requests related to Plaintiff's own orders from the U.S. website, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of specific documents related to is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS constituting or reflecting the shipping confirmations sent to Plaintiff Haya Hilton by e-mail for any of the merchandise Ms. Hilton purchased from YOU.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants also object to this Request to the extent that it seeks information that is in the possession of other parties such that it is at least equally accessible to Plaintiff as it is to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff in connection with purchases she made on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. To the extent Plaintiff does not already possess the documents she requests related to Plaintiff's own orders from the U.S. website,

23

Defendants agree to meet and confer with Plaintiff in good faith to discuss whether

production of specific documents related to is feasible, will avoid undue burden and

hardship on Defendants, and will be proportional to the needs of the case and the

limited class certification discovery authorized by the Court at this time.  To the

extent Defendants agree to production of additional documents in the future, any

such documents will be produced on a rolling basis and subject to these objections

and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all correspondence, e-mails, communications, or other

DOCUMENTS exchanged between YOUR, on the one hand, and Plaintiff Haya

Hilton, on the other hand.

**Response:** Defendants incorporate by reference the General Objections set

forth herein. Defendants object to this Request on the grounds that it is overly broad,

vague, and unduly burdensome including without limitation as to "any and all."

Defendants also object to this Request to the extent that it seeks information that is

in the possession of other parties such that it is at least equally accessible to Plaintiff

as it is to Defendants. Defendants object to this Request to the extent it calls for the

disclosure of information subject to the attorney-client privilege, the attorney work

product doctrine, or any other applicable privilege. Defendants object to this

Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this

Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff

in connection with purchases she made on the U.S. website.  Defendants object to

production of email correspondence on the grounds of overbreadth, oppression and

undue burden, and lack of relevance to the limited class certification discovery

authorized by the Court at this time. To the extent Plaintiff does not already possess

the documents she requests related to Plaintiff's own orders from the U.S. website,

Defendants agree to meet and confer with Plaintiff in good faith to discuss whether

production of specific documents related to is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all information and DOCUMENTS generated and retained by YOU, relating to the sale made to Plaintiff Haya Hilton reflected in the operative complaint.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants also object to this Request to the extent that it seeks information that is in the possession of other parties such that it is at least equally accessible to Plaintiff as it is to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff in connection with purchases she made on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. To the extent Plaintiff does not already possess the documents she requests related to Plaintiff's own orders from the U.S. website, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of specific documents related to is feasible, will avoid undue burden and

hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all organizational charts of all departments, divisions, units, and teams within YOUR company during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants also object to this Request as overbroad, unduly burdensome, and wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosure Responses served January 29, 2021 for a list of persons with knowledge related to this matter.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all directories or listings of all of YOUR officers, directors, and employees by name, title, and location applicable during the CLASS PERIOD. For each person, please also identify the department, division, unit, and/or team of which they are part.

26

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants also object to this Request as overbroad, unduly burdensome, and wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosure Responses served January 29, 2021 for a list of persons with knowledge related to this matter.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning REFERENCE PRICES ADVERTISED for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the PrettyLittleThing brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning the offering of sales, markdowns, discounts, or promotions for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the PrettyLittleThing brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will

be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all internal memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between or amongst YOUR officers, directors, employees, contractors, or agents relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery

authorized by the Court at this time.  To the extent Defendants agree to production

of additional documents in the future, any such documents will be produced on a

rolling basis and subject to these objections and any modifications agreed upon by

the parties.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all memoranda, correspondence, e-mails, social media messages, or

other DOCUMENTS exchanged between any of YOUR officers, directors,

employees, contractors, or agents, on the one hand, and any other person, whether

within or outside your organization, on the other hand, relating to (a)

REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS

PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in

connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE

during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set

forth herein. Defendants object to this Request on the grounds that it is overly broad,

vague, and unduly burdensome including without limitation as to "any and all."

Defendants object to this Request to the extent that it seeks information related to

Defendants' business activities outside the United States. Defendants object to this

Request to the extent it calls for the disclosure of information subject to the

attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege. Defendants object to this Request insofar as it seeks competitive sensitive

business and financial information. To the extent this Request seeks information

contained in email correspondence, Defendants object to this Request as overly

broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this

Request.  Defendants object to production of email correspondence on the grounds

of overbreadth, oppression and undue burden, and lack of relevance to the limited

class certification discovery authorized by the Court at this time.  Due to the sheer

volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Mahmud Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds

of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time. To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Carol Kane, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome as including without limitation to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time. To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Umar Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information

contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between John Lyttle, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject

35

to the attorney-client privilege, the attorney work product doctrine, or any other
applicable privilege. Defendants object to this Request insofar as it seeks
competitive sensitive business and financial information. To the extent this Request
seeks information contained in email correspondence, Defendants object to this
Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this
Request.  Defendants object to production of email correspondence on the grounds
of overbreadth, oppression and undue burden, and lack of relevance to the limited
class certification discovery authorized by the Court at this time.  Due to the sheer
volume of information requested, Defendants agree to meet and confer with Plaintiff
in good faith to discuss whether production of documents responsive to this Request
is feasible, will avoid undue burden and hardship on Defendants, and will be
proportional to the needs of the case and the limited class certification discovery
authorized by the Court at this time.  To the extent Defendants agree to production
of additional documents in the future, any such documents will be produced on a
rolling basis and subject to these objections and any modifications agreed upon by
the parties.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all memoranda, correspondence, e-mails, social media messages, or
other DOCUMENTS exchanged between Neil Catto, on the one hand, and any
other person on the other hand, relating to (a) REFERENCE PRICES
ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use
of sales, discounts, markdowns, or promotions in connection with ADVERTISING
YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome, including without limitation as to "any and all."
Defendants object to this Request to the extent that it seeks information related to

Defendants' business activities outside the United States. Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all e-mail blasts disseminated to YOUR customers, including e-mail list subscribers, in the United Sates during the CLASS PERIOD, to ADVERTISE YOUR PRODUCTS, YOUR WEBSITE, or any sales, markdowns, discounts, or promotions on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all."

Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request as it relates to personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants agree to produce responsive, non-privileged documents in its possession, custody or control consisting of promotional calendars for 2016-2021 reflecting the historical promotional data for PrettyLittleThing brand, and advertisements and newsletters sent via e-mail to subscribed customers, to the extent they are available.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all e-mails, chat logs, or other written correspondence, and other DOCUMENTS constituting or reflecting complaints, comments, or feedback from customers in the United States concerning REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants also object to this Request as overbroad, unduly burdensome, and not relevant to class certification discovery.  To the extent this Request seeks information contained in

email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between YOU, on the one hand, and any customer in the United Sates, on the other hand, relating to REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds

39

of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the use of REFERENCE PRICES on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged

documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the PrettyLittleThing brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the offering of sales, markdowns, discounts, or promotions on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive

business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the PrettyLittleThing brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS relating to YOUR operations in the State of California during the CLASS PERIOD, including, without limitation, employees, independent contractors, social media influencers, models, celebrities, offices, distribution and storage facilities, manufacturing facilities, facilities and personnel used to design YOUR PRODUCTS, facilities and personnel used to create marketing materials for YOUR PRODUCTS, all forms of marketing,

ADVERTISING, and promotion conducted in California, information technology infrastructure, property owned in California, and any other activity in California related to marketing, ADVERTISING, sales or operation of the WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request.  This Request for any and all documents relating to Defendants' California operations, without limitation, is grossly overbroad, unduly burdensome, oppressive and harassing.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS sufficient to identify by name, address, telephone number, and e-mail address each person who purchased any of YOUR products during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request to the extent it seeks highly personal information of

43

1  Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's

2  putative class.

3      Defendants will withhold documents on the basis of their objections to this

4  Request.  Subject to and without waiving the foregoing, Defendants refer Plaintiff to

5  its response to Request Nos. 1-5 and the sales data Defendants have agreed to

6  produce.

7  **REQUEST FOR PRODUCTION NO. 37:**

8      Any and all DOCUMENTS referencing any memoranda, studies, analyses,

9  surveys, focus groups, reports, or other assessments of any kind whatsoever YOU

10 performed regarding prices at which products comparable to YOUR PRODUCTS

11 were sold by other companies, including which specific other companies' products

12 in the marketplace were comparable to which specific PRODUCTS sold by YOU.

13     **Response:** Defendants incorporate by reference the General Objections set

14 forth herein. Defendants object to this Request on the grounds that it is overly broad,

15 vague, and unduly burdensome, including without limitation as to "any and all."

16 Defendants object to this Request to the extent that it seeks information related to

17 Defendants' business activities outside the United States. Defendants object to this

18 Request to the extent it calls for the disclosure of information subject to the

19 attorney-client privilege, the attorney work product doctrine, or any other applicable

20 privilege. Defendants object to this Request insofar as it seeks competitive sensitive

21 business and financial information. To the extent this Request seeks information

22 contained in email correspondence, Defendants object to this Request as overly

23 broad and unduly burdensome.

24     Defendants will withhold documents on the basis of their objections to this

25 Request.  Subject to and without waiving the foregoing objections, to the extent

26 such documents exist, Defendants will agree to produce responsive, non-privileged

27 documents in its possession, custody or control constituting internal and third-party

28 reports, analyses, and presentations concerning internal or competitor data on styles,

44

internal or competitor data on pricing, or reference prices and advertising for the
PrettyLittleThing brand.  Defendants object to production of email correspondence
on the grounds of overbreadth, oppression and undue burden, and lack of relevance
to the limited class certification discovery authorized by the Court at this time.  Due
to the sheer volume of information requested, Defendants agree to meet and confer
with Plaintiff in good faith to discuss whether production of additional documents
beyond those specifically agreed upon in this response is feasible, will avoid undue
burden and hardship on Defendants, and will be proportional to the needs of the case
and the limited class certification discovery authorized by the Court at this time.  To
the extent Defendants agree to production of certain documents in this response, or
agree to production of additional documents in the future, any such documents will
be produced on a rolling basis and subject to these objections and any modifications
agreed upon by the parties.

DATED:   February 4, 2021            EVERSHEDS SUTHERLAND (US) LLP


                                     By   */s/ Ian S. Shelton*
                                          Ian S. Shelton

                                          Attorneys for Defendants
                                          Prettylittlething.com USA Inc.,
                                          Prettylittlething.com Limited and Boohoo
                                          Group PLC

# EXHIBIT 15

1  EVERSHEDS SUTHERLAND (US) LLP
   Ian S. Shelton (SBN 264863)
2  ianshelton@eversheds-sutherland.com
   500 Capitol Mall, Suite 1750
3  Sacramento, CA 95814
   Telephone:   (916) 844-2965
4  Facsimile:    (916) 241-0501

5
   EVERSHEDS SUTHERLAND (US) LLP        ASHBY LAW FIRM PC
6  Ronald W. Zdrojeski (admitted *PHV*)   Joseph R, Ashby (SBN 248579)
   ronzdrojeski@eversheds-sutherland.com   joseph@ashbylawfirm.com
7  1114 6th Avenue, 40th Floor          1055 West Seventh Street, 33rd Floor
   New York, NY 10036                   Los Angeles, CA 90017
8  Telephone:   (212) 389-5000          Telephone:   (213) 393-6235
   Facsimile:    (212) 389-5099          Facsimile:    (213) 429-0976
9

10 Attorneys for Defendants

11                  UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13 HAYA HILTON, an individual, on          NO. 2:20-cv-04658-GW-JEM
   behalf of herself and all others similarly   Consolidated for Pretrial Purposes with:
14 situated,                               NO. 2:20-cv-03332-GW-JEM
15                                          NO. 2:20-cv-04659-GW-JEM
              Plaintiff,
16                                          **DEFENDANTS' CONSOLIDATED
        vs.                                **OBJECTIONS AND RESPONSES TO
17                                          **PLAINTIFF HAYA HILTON'S
   PRETTYLITTLETHING.COM USA              **REQUESTS FOR ADMISSION TO
18 INC., a Delaware corporation,           **DEFENDANTS
   PRETTYLITTLETHINGS.COM                 **PRETTYLITTLETHING.COM USA
19 LIMITED, a United Kingdom private       **INC., AND
   limited company, BOOHOO GROUP          **PRETTYLITTLETHING.COM
20 PLC, a Jersey public limited company ,   **LIMITED, AND BOOHOO GROUP
   and DOES 1-100, inclusive,              **PLC, SET ONE**
21
              Defendants.
22                                          The Honorable George H. Wu
23
24                                          Courtroom:  9D
25                                          Address:      U.S. Courthouse
26                                                            350 W. First Street
27                                                            Los Angeles, CA 90012
28

PROPOUNDING PARTY:      HAYA HILTON

RESPONDING PARTY:       PRETTYLITTLETHING.OM USA INC.,
                        PRETTYLITTLETHING.COM LIMITED, AND
                        BOOHOO GOUP PLC

SET NO.:                ONE

      Defendants PrettyLittleThing.com USA Inc., PrettyLittleThing.com Limited and Boohoo Group PLC hereby respond to Plaintiff Haya Hilton's Requests for Admission, Set One pursuant to Rule 26 and 36 of the Federal Rules of Civil Procedure.

## <u>GENERAL OBJECTIONS</u>

      Defendants hereby incorporate the following General Objections into each and every response to Plaintiff's Requests below. These General Objections are neither waived nor limited by Defendants' specific responses.

      1.     Defendants object to these Requests, including the Definitions, to the extent they purport to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Court's instructions, and any other applicable laws, rules or orders.

      2.     Defendants object to each and every Request to the extent that it seeks information, documents, and/or other things protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege. Any specific objections stated below on the grounds of attorney-client privilege and/or work product doctrine in no way limit this general objection. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, trade secret privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or other things protected by such privileges or doctrines, a continuing objection to each and every such Request is

hereby incorporated. Any inadvertent disclosure by Defendants of such information shall not be deemed a waiver of any such privileges, doctrines, or protections.

3.      Defendants object to these Requests to the extent they seek information that is not relevant to the subject matter of this case, reasonably calculated to lead to the discovery of admissible evidence, or proportionate to the needs of the case.

4.      Defendants object to these Requests, including the Definitions, to the extent they seek documents, communications, and/or information that does not exist, that is already in Plaintiff's possession or control, or that is as accessible to Plaintiff as it is to Defendants.

5.      Defendants object to these Requests, including the Definitions, to the extent they are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may, therefore, make responses misleading or incorrect

6.      Defendants object to the definition of "advertise" or any variations of the term as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

7.      Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

8.      Defendants object to the definitions of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object

3

because "substantially marked down" is a legal conclusion that has not yet been reached in this case, and Defendants expressly reserve the right to challenged he alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants' website, Defendants object to the use this photograph because it is unauthenticated.

9.     Defendants object to the definition of "website" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit

10.     Defendants object to the expansive definitions of "You" and "Your" to the extent these definitions include counsel for Defendants, which may implicate the attorney-client privilege and/or attorney-work product doctrines. Defendants further object to these definitions to the extent such a definition would purport to require Defendants to produce documents or things that are not within its possession custody or control, and to the extent such a definition renders a request overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of such discovery outweigh its likely benefit.

11.     Defendants object to the extent these Requests go beyond discovery warranted at the class certification stage. Discovery related to the merits of the case is not permitted at this time, and to the extent these Requests are irrelevant to the certification of Plaintiff's putative class, Defendants object and will withhold documents accordingly.

## OBJECTIONS AND REPONSES TO REQUESTS FOR ADMISSION
## REQUEST FOR ADMISSION NO. 1:

Admit that less than ten (10) percent of the total dollar amount of YOUR sales of PRODUCTS on YOUR WEBSITE in the United States during the CLASS

PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total dollar amount."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or herexperts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For

example, PrettyLittleThing had in excess of 16.8 million sales transactions[1] in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

---

[1] The tally of sales transactions refers to each individual product sold, even if multiple products are purchased by the same customer at the same time.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that less than ten (10) percent of the total dollar amount of YOUR sales of PRODUCTS on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total dollar amount."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should

bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period. For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total units sold."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without

waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |

| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total units sold."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing,

compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |

| 2020.09.21 | 780,944 |
| --- | --- |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that none of the PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were offered for sale by YOU at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale (*e.g.*, a PRODUCT with a REFERENCE PRICE of $25 on December 1, 2020, was not offered for sale on YOUR WEBSITE at or above that REFERENCE PRICE ($25 in this example) for 9 or more of the then-previous 90 days).

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |

| | |
|---|---|
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that in the United States during the CLASS PERIOD, YOUR PRODUCTS have been sold exclusively on YOUR WEBSITE.  Please be advised that this Request is not asking YOU about sales by private individuals or sales by persons or entities who are not YOUR authorized retailers or distributors.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request as vague and ambiguous as to the term "sold exclusively," and as to the exclusion for "sales by persons or entities who are not YOUR authorized retailers or distributors."

Subject to and without waiving the foregoing objections, Defendants responds as follows: Defendants lack sufficient information to admit or deny whether each and every product sold on the website during the class period was sold exclusively by Defendants.

**REQUEST FOR ADMISSION NO. 7:**

Admit that in the United States during the CLASS PERIOD, YOU have not owned or operated any physical retail stores.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request as compound and disjunctive. Defendants object to this Request as vague and ambiguous as to the terms "owned or operated" and "physical retail stores."

Subject to and without waiving the foregoing objections, Defendants responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU ADVERTISED REFERENCE PRICES for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to the Request as vague and ambiguous as to the term "ADVERTISED REFERENCE PRICES," including the definition of the term "REFERENCE PRICE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |

| | |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 9:**

1    Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU
2  ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were inaccurate.

3    **Response:** Defendants incorporate by reference the General Objections set
4  forth herein. Defendants object to this request on the ground that the term
5  "inaccurate" is vague and ambiguous. Defendants object to this Request to the
6  extent it calls for the disclosure of information subject to the attorney-client
7  privilege, the attorney work product doctrine, or any other applicable privilege.

8    Subject to and without waiving the foregoing objections, Defendants respond
9  as follows: Deny.

10  **REQUEST FOR ADMISSION NO. 10:**

11    Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU
12  ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were
13  misleading.

14    **Response:** Defendants incorporate by reference the General Objections set
15  forth herein. Defendants object to this request on the ground that the term
16  "misleading" is vague and ambiguous. Defendants object to this Request to the
17  extent it calls for the disclosure of information subject to the attorney-client
18  privilege, the attorney work product doctrine, or any other applicable privilege.

19    Subject to and without waiving the foregoing objections, Defendants respond
20  as follows: Deny.

21  **REQUEST FOR ADMISSION NO. 11:**

22    Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR
23  WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent
24  the price at which the particular PRODUCT associated with the REFERENCE
25  PRICE had sold on YOUR WEBSITE in the previous 90 days.

26    **Response:** Defendants incorporate by reference the General Objections set
27  forth herein. Defendants object to this Request to the extent it calls for the disclosure

28

of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "in the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |

| | |
|---|---|
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent

21

the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE in the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "offered for sale" and "in the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For

example, PrettyLittleThing had in excess of 16.8 million sales transactions in the
United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four
year period, including in excess of 36 million transactions for Boohoo and 12
million transactions for Nasty Gal.  Defendants object to incurring the burden and
expense of processing and manipulating this voluminous data and performing the
complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and
assistance both as to the appropriate manner of processing and manipulating this
voluminous data and performing the complex mathematical calculations identified
in this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR WEBSITE for more than 5 of the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "more than 5 of the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

1    Defendants object to this Request as calling for an expert opinion and

2    assistance both as to the appropriate manner of processing and manipulating this

3    voluminous data and performing the complex mathematical calculations identified

4    in this Request.

5    **REQUEST FOR ADMISSION NO. 14:**

6    Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR

7    WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent

8    the price at which the particular PRODUCT associated with the REFERENCE

9    PRICE had been offered for sale on YOUR WEBSITE for more than 5 of the

10   previous 90 days.

11   **Response:** Defendants incorporate by reference the General Objections set

12   forth herein. Defendants object to this Request to the extent it calls for the disclosure

13   of information subject to the attorney-client privilege, the attorney work product

14   doctrine, or any other applicable privilege.

15   Defendants object to this Request to the extent it calls for the disclosure of

16   product information that is not saved and/or tracked in Defendants' computer

17   systems and/or databases.

18   Defendants object to this Request as vague and ambiguous as to the terms

19   "offered for sale" and "more than 5 of the previous 90 days."

20   Defendants object to this Request as oppressive and unduly burdensome, in

21   that the answer to this Request may be determined by examining, auditing,

22   compiling, abstracting, or summarizing Defendants' business records (including

23   electronically stored information), and the burden of deriving or ascertaining the

24   answer will be substantially the same for either party.  Subject to and without

25   waiving the foregoing objections, Defendants will produce the United States sales

26   data for PrettyLittleThing related brands with pricing information from February 29,

27   2016 to present. Such data will include the geographic location of the customer (by

28   state) to the extent that information is available.  Plaintiff and/or her experts should

bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four
year period, including in excess of 36 million transactions for Boohoo and 12
million transactions for Nasty Gal.  Defendants object to incurring the burden and
expense of processing and manipulating this voluminous data and performing the
complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and
assistance both as to the appropriate manner of processing and manipulating this
voluminous data and performing the complex mathematical calculations identified
in this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR
WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent
the original (initial) price the PRODUCT sold for on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request to the extent it calls for the disclosure
of information subject to the attorney-client privilege, the attorney work product
doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of
product information that is not saved and/or tracked in Defendants' computer
systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "the
original (initial) price the PRODUCT sold for on YOUR WEBSITE."

Defendants object to this Request as oppressive and unduly burdensome, in
that the answer to this Request may be determined by examining, auditing,
compiling, abstracting, or summarizing Defendants' business records (including
electronically stored information), and the burden of deriving or ascertaining the
answer will be substantially the same for either party.  Subject to and without
waiving the foregoing objections, Defendants will produce the United States sales

data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |

| TOTAL | 16,819,720 |
|-------|-----------|

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD were not created by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable to each of the individual PRODUCTS YOU sold on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to the Request as vague and ambiguous as to the term "by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 17:**

1    Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR
2   WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent
3   the retail price of the PRODUCT as sold or made available for sale at some
4   WEBSITE other than yours.

5    **Response:**  Defendants incorporate by reference the General Objections set
6   forth herein. Defendants object to this Request to the extent it calls for the disclosure
7   of information subject to the attorney-client privilege, the attorney work product
8   doctrine, or any other applicable privilege.

9    Defendants object to the Request as vague and ambiguous as to the terms "the
10   retail price" and "as sold or made available for sale at some WEBSITE other than
11   yours."

12    Subject to and without waiving the foregoing objections, Defendants respond
13   as follows: Defendants are without sufficient information to admit or deny the price
14   of our products on websites other than our own.

15   **REQUEST FOR ADMISSION NO. 18:**

16    Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR
17   WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent
18   the regular price of the PRODUCT.

19    **Response:** Defendants incorporate by reference the General Objections set
20   forth herein. Defendants object to this Request to the extent it calls for the disclosure
21   of information subject to the attorney-client privilege, the attorney work product
22   doctrine, or any other applicable privilege.

23    Defendants object to this Request to the extent it calls for the disclosure of
24   product information that is not saved and/or tracked in Defendants' computer
25   systems and/or databases.

26    Defendants object to the Request as vague and ambiguous as to the term "the
27   regular price," and "REFERENCE PRICES YOU ADVERTISED," including the
28   definition of the term "REFERENCE PRICE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016  to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |

| | |
|---|---|
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the PRODUCT was ADVERTISED to be sold for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |

| | |
|---|---|
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time period (for example, as of today, for a PRODUCT with a

REFERENCE PRICE of $25, that product has not had a most-frequently charged price of $25 over the previous 10 days or 20 days or 90 days, or any number of days).

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "the price at which YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time period."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for PrettyLittleThing related brands with pricing information from February 29, 2016 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

37

1    Defendants object to this Request as calling for an expert opinion and

2    assistance both as to the appropriate manner of processing and manipulating this

3    voluminous data and performing the complex mathematical calculations identified

4    in this Request.

5    **REQUEST FOR ADMISSION NO. 21:**

6    Admit that YOU ADVERTISED REFERENCE PRICES on YOUR

7    WEBSITE across all of YOUR product lines (excluding beauty products) during

8    the CLASS PERIOD.

9    **Response:** Defendants incorporate by reference the General Objections set

10   forth herein. Defendants object to this Request to the extent it calls for the disclosure

11   of information subject to the attorney-client privilege, the attorney work product

12   doctrine, or any other applicable privilege.

13   Defendants object to this Request to the extent it calls for the disclosure of

14   product information that is not saved and/or tracked in Defendants' computer

15   systems and/or databases.

16   Defendants object to the Request as vague and ambiguous as to the term

17   "ADVERTISED REFERENCE PRICES," including the definition of the term

18   "REFERENCE PRICE," and "all of YOUR product lines (excluding beauty

19   products)."

20   Defendants object to this Request as oppressive and unduly burdensome, in

21   that the answer to this Request may be determined by examining, auditing,

22   compiling, abstracting, or summarizing Defendants' business records (including

23   electronically stored information), and the burden of deriving or ascertaining the

24   answer will be substantially the same for either party.  Subject to and without

25   waiving the foregoing objections, Defendants will produce the United States sales

26   data for PrettyLittleThing related brands with pricing information from

27   PrettyLittleThing to present. Such data will include the geographic location of the

28   customer (by state) to the extent that information is available.  Plaintiff and/or her

experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

DATED:   February 4, 2021          EVERSHEDS SUTHERLAND (US) LLP

By  */s/ Ian S. Shelton*
     Ian S. Shelton

     Attorneys for Defendants
     Prettylittlething.com USA Inc.,
     Prettylittlething.com Limited, and
     Boohoo Group PLC

# EXHIBIT 16

1  EVERSHEDS SUTHERLAND (US) LLP
   Ian S. Shelton (SBN 264863)
2  ianshelton@eversheds-sutherland.com
   500 Capitol Mall, Suite 1750
3  Sacramento, CA 95814
   Telephone:  (916) 844-2965
4  Facsimile:  (916) 241-0501

5
   EVERSHEDS SUTHERLAND (US) LLP       ASHBY LAW FIRM PC
6  Ronald W. Zdrojeski (admitted *PHV*)    Joseph R. Ashby (SBN 248579)
   ronzdrojeski@eversheds-sutherland.com   joseph@ashbylawfirm.com
7  1114 6th Avenue, 40th Floor          1055 West Seventh Street, 33rd Floor
   New York, NY 10036                   Los Angeles, CA 90017
8  Telephone:  (212) 389-5000          Telephone:  (213) 393-6235
   Facsimile:  (212) 389-5099          Facsimile:  (213) 429-0976
9
10 Attorneys for Defendants

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13 OLIVIA LEE, an individual, on behalf    NO. 2:20-cv-04659-GW-JEM
   of herself and all others similarly
14 situated,

15                                          Consolidated for Pretrial Purposes with:
              Plaintiff,                    NO. 2:20-cv-03332-GW-JEM
16                                          NO. 2:20-cv-04658-GW-JEM
         vs.
17                                          **DEFENDANTS' CONSOLIDATED
   NASTYGAL.COM USA INC., a                 OBJECTIONS AND RESPONSES TO
18 Delaware corporation, NASTYGAL           PLAINTIFF OLIVIA LEE'S
   LIMITED, a United Kingdom private        INTERROGATORIES TO
19 limited company, BOOHOO GROUP            DEFENDANTS NASTYGAL.COM
   PLC, a Jersey public limited company ,   USA INC., NASTY GAL LIMITED,
20 and DOES 1-100, inclusive,               AND BOOHOO GROUP PLC SET
                                            ONE**
21            Defendants.

22
                                           The Honorable George H. Wu
23

24
                                           Courtroom:  9D
25                                         Address:     U.S. Courthouse
26                                                      350 W. First Street
                                                        Los Angeles, CA 90012
27

28

1  PROPOUNDING PARTY:        OLIVIA LEE

2  RESPONDING PARTY:         NASTYGAL.COM USA INC., NASTY GAL
                             LIMITED, AND BOOHOO GROUP PLC
3
   SET NO.:                  ONE
4

5       Defendants Nastygal.com USA Inc., Nasty Gal Limited, and Boohoo Group

6  PLC hereby respond to Plaintiff Olivia Lee's Interrogatories, Set One pursuant to

7  Rule 33 of the Federal Rules of Civil Procedure.

8                          **GENERAL OBJECTIONS**

9       Defendants hereby incorporate the following General Objections into each

10 and every response to Plaintiff's Interrogatories below. These General Objections

11 are neither waived nor limited by Defendants' specific responses.

12      1.    Defendants object to these Interrogatories, including the Definitions, to

13 the extent they purport to impose duties and obligations beyond those required by

14 the Federal Rules of Civil Procedure, the Court's instructions, and any other

15 applicable laws, rules or orders.

16      2.    Defendants object to each and every Interrogatory to the extent that it

17 seeks information, documents, and/or other things protected from disclosure by the

18 attorney-client privilege, the work product doctrine, the common interest privilege,

19 or any other applicable privilege. Any specific objections stated below on the

20 grounds of attorney-client privilege and/or work product doctrine in no way limit

21 this general objection. Nothing contained in this response is intended to be nor

22 should be considered a waiver of any attorney-client privilege, work product

23 protection, trade secret privilege, the right of privacy, or any other applicable

24 privilege or doctrine, and to the extent that any Interrogatory may be construed as

25 calling for disclosure of information, documents, and/or other things protected by

26 such privileges or doctrines, a continuing objection to each and every such

27 Interrogatory is hereby incorporated. Any inadvertent disclosure by Defendants of

28

                                        2

1  such information shall not be deemed a waiver of any such privileges, doctrines, or

2  protections

3        3.     Defendants object to these Interrogatories to the extent they seek

4  information that is not relevant to the subject matter of this case, reasonably

5  calculated to lead to the discovery of admissible evidence, or proportionate to the

6  needs of the case.

7        4.     Defendants object to these Interrogatories, including the Definitions, to

8  the extent they seek documents, communications, and/or information that does not

9  exist, that is already in Plaintiff's possession or control, or that is as accessible to

10  Plaintiff as it is to Defendants.

11        5.     Defendants object to these Interrogatories, including the Definitions, to

12  the extent they are vague or ambiguous or contain terms or phrases that are

13  undefined and subject to varying interpretations or meanings and may, therefore,

14  make responses misleading or incorrect.

15        6.     Defendants object to these Interrogatories to the extent that they

16  purport to require the creation of documents that do not currently exist.

17        7.     Defendants object to the definition of "advertise" or any variations

18  of the term as vague and ambiguous, overbroad, not relevant to any party's claims

19  or defenses, not reasonably calculated to lead to the discovery of admissible

20  evidence, and making the burden or expense of discovery outweigh its likely

21  benefit.

22        8.     Defendants object to the definitions of "product" or "products" as

23  vague and ambiguous, overbroad, not relevant to any party's claims or defenses,

24  not reasonably calculated to lead to the discovery of admissible evidence, and

25  making the burden or expense of discovery outweigh its likely benefit.

26        9.     Defendants object to the definition of "product code" as vague and

27  ambiguous, overbroad, not relevant to any party's claims or defenses, not

28  reasonably calculated to lead to the discovery of admissible evidence, and making

the burden or expense of discovery outweigh its likely benefit.

10.     Defendants object to the definition of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object because "substantially marked down" is a legal conclusion that has not yet been reached in this case, and Defendants expressly reserve the right to challenged he alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants' website, Defendants object to the use this photograph because it is unauthenticated.

11.     Defendants object to the definition of "website" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit

12.     Defendants object to the expansive definitions of "You" and "Your" to the extent these definitions include counsel for Defendants, which may implicate the attorney-client privilege and/or attorney-work product doctrines. Defendants further object to these definitions to the extent such a definition would purport to require Defendants to produce documents or things that are not within its possession custody or control, and to the extent such a definition renders a request overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of such discovery outweigh its likely benefit.

13.     Defendants object to the term "activities" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably

4

calculated to lead to the discovery of admissible evidence, and making the burden
or expense of discovery outweigh its likely benefit.

14.     Defendants object to the term "identify" as vague and ambiguous,
overbroad, not relevant to any party's claims or defenses, not reasonably
calculated to lead to the discovery of admissible evidence, and making the burden
or expense of discovery outweigh its likely benefit.

15.     Defendants object to Plaintiff's definition of "Person" or "Persons"
and "entity" or "entities" to the extent such a definition purports to include
persons or entities of whom Defendants are not aware.

16.     Defendants object to the extent these Interrogatories go beyond
discovery warranted at the class certification stage. Discovery related to the merits
of the case is not permitted at this time, and to the extent these Interrogatories are
irrelevant to the certification of Plaintiff's putative class, Defendants object and will
withhold documents accordingly.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Please list each PRODUCT by PRODUCT CODE and product description
offered for sale in the United States on YOUR WEBSITE during the CLASS
PERIOD in a form that includes the following information for each PRODUCT:
(a) the time period during which the PRODUCT was, or has been, offered for sale,
(b) the date the PRODUCT was first offered for sale, (c) the date the PRODUCT
was last offered for sale, (d) all categories in which the PRODUCT was offered for
sale (*e.g.*, New In, Clothing, Dresses, Tops, Shoes, Accessories, Sale, etc.), (e) for
each PRODUCT displayed on the website on the WEBSITE, all REFERENCE
PRICES, corresponding to date, (f) for each PRODUCT displayed on the
WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding
to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which
the PRODUCT actually sold, corresponding to date, and (h) if available, the

demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each product." Defendants object to this Interrogatory as improperly compound and containing multiple subparts. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information. Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants object to this Interrogatory as not relevant to any party's claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information regarding pricing on dates when the products were not sold. Defendants further object to part (h) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such

data will include the geographic location of the customer (by state) to the extent that information is available.

**INTERROGATORY NO. 2:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, including the following information:  (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sale, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g*., location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information. Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (k) of the

Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.

**INTERROGATORY NO. 3:**

Please provide the information referenced in Interrogatory No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory No. 2. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (k) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Please provide YOUR sales of PRODUCTS, by PRODUCT CODE, in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information: (a) date, (b) product code, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, (h) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (i) if available, the demographic information (e.g., location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory No. 1. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (i) of the

Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Please provide the information referenced in Interrogatory No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory as duplicative of Interrogatory No. 1 and No. 4. Defendants object to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Interrogatory as improperly compound and containing multiple subparts.  Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (i) of the Interrogatory as it relates to highly personal information of Defendants' customers, the majority of which is irrelevant to the certification of Plaintiff's putative class.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 1 and No. 4.

**INTERROGATORY NO. 6:**

Identify the PRODUCTS, along with dates during the CLASS PERIOD, for which YOU did not ADVERTISE a sale or promotion on YOUR WEBSITE of at least 35% off all PRODUCTS.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 1 and No. 4, and the historical promotional calendars for the Nasty Gal related brands.

**INTERROGATORY NO. 7:**

Please explain in as much detail as possible why PRODUCTS YOU sell on the WEBSITE in the "NEW IN" category already have an ADVERTISED REFERENCE PRICE that is higher than the price at which it is ADVERTISED to be sold given the lack of history to establish a REFERENCE PRICE for PRODUCTS in the "NEW IN" category.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

1   Subject to and without waiving the foregoing objections, Defendants respond

2   as follows:

3   The reference price is set by experienced buyers based on a variety of factors.

4   These factors may include, but are not limited to, previous pricing of the same,

5   similar or comparable products on the Defendants' websites; established pricing

6   structures for certain product lines carried on the Defendants' websites; pricing of

7   similar or comparable products on competitors' websites, particularly U.K.-based

8   competitors; the buyer's market knowledge and expertise; cost of goods; overhead

9   costs; margin; U.S. pricing adjustments (including without limitation to account for

10  differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based

11  competitors, and the U.S. market); industry data; sales performance, market

12  demand, and/or market trends.  In setting the reference price for a particular product,

13  more or less weight, or no weight, might be given to certain factors.

14  **INTERROGATORY NO. 8:**

15  Please provide the name, address, telephone number, and e-mail address of

16  each person who purchased any of YOUR products during the CLASS PERIOD.

17  **Response:** Defendants incorporate by reference the General Objections set

18  forth herein.   Defendants further object because this Interrogatory seeks highly

19  personal information of Defendants' customers and information irrelevant to the

20  certification of Plaintiff's putative class.

21  Subject to and without waiving the foregoing objections, Defendants will

22  agree to produce information related to customers' location by state along with a

23  customer identification number and direct Plaintiff to Defendants' responses to

24  Interrogatory Nos. 1-5 and the related responsive documents to be produced by

25  Defendants pursuant to Federal Rule of Civil Procedure 33(d).

26  **INTERROGATORY NO. 9:**

27  For each purchaser identified in Interrogatory No. 8 above, describe each of

28  their purchases by providing: (a) the date of purchase, (b) the PRODUCTS

12

purchased, (c) the price paid for each PRODUCT purchased, and (d) the REFERENCE PRICE of each PRODUCT purchased.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, see Defendants' responses to Interrogatory Nos. 1-5 and the related responsive documents to be produced by Defendants pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 10:**

Please state all reasons why YOUR ADVERTISE REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead

13

costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

**INTERROGATORY NO. 11:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, or making decisions concerning, the REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to the language "any material involvement with approving, formulating, setting, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individual with knowledge of the process for approving, formulating, setting, or making decisions concerning reference prices for product advertised on the website during the class period:  Kelly Byrne (Commercial Director, Manchester); Claire Asher (Product Director, Manchester).

**INTERROGATORY NO. 12:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with approving, formulating, setting, creating, or making decisions

concerning, the ADVERTISEMENT of sales, markdowns, discounts, or promotions on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to the language "any material involvement with approving, formulating, setting, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individual with knowledge of the process for approving, formulating, setting, creating, or making decisions concerning, the advertisement of sales, markdowns, discounts, or promotions on the website during the class period:  Kelly Byrne (Commercial Director, Manchester); Murray Beckett (Digital Marketing Director, Manchester).

**INTERROGATORY NO. 13:**

Identify (by name, title, and location) all of YOUR officers, directors, employees, contractors, or agents responsible for, or who had any material involvement with designing, configuring, defining the requirements for, or making decisions concerning, any software, algorithms, artificial intelligence, or applications YOU use relating to the posting of REFERENCE PRICES for PRODUCTS YOU ADVERTISED on the WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial

information.  Defendants object to the language "any material involvement with designing, configuring, defining the requirements for, or making decisions concerning" as vague and ambiguous, and overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants identify the following individual with knowledge relating to the process used for posting of reference prices for products advertised on the website during the class period: Kelly Byrne (Commercial Director, Manchester); Andrew Thomson (Group E-commerce Director, Manchester); Murray Beckett (Digital Marketing Director, Manchester).

**INTERROGATORY NO. 14:**

Please state all reasons why YOU believe the REFERENCE PRICES on PRODUCTS ADVERTISED on YOUR WEBSITE during the CLASS PERIOD are accurate and not misleading.  To the extent YOU believe the REFERENCE PRICES on PRODUCTS offered for sale on YOUR WEBSITE during the CLASS PERIOD are inaccurate and misleading, please so state in YOUR response.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based

competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

**INTERROGATORY NO. 15:**

Please IDENTIFY all offices or other physical facilities YOU have purchased, leased, rented, or otherwise used for a business purpose in the United States during the CLASS PERIOD and state the purpose and ACTIVITIES performed therein.  For each such office or facility, please also IDENTIFY all PERSONS/ENTITIES who have used said office or facility and their purpose for using said office or facility.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants will not respond to Interrogatory No. 15 as it seeks information that is not relevant to class certification discovery.

**INTERROGATORY NO. 16:**

For each response to the Requests for Admission ("RFA") served with these Interrogatories that is not an unqualified admission: (a) state the number of the RFA; (b) state all facts upon which you base your response; (c) IDENTIFY all PERSONS who have knowledge of those facts; and (d) IDENTIFY all DOCUMENTS and other tangible things that support your response and

17

IDENTIFY the PERSON who has each such DOCUMENT or thing.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Interrogatory to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory insofar as it seeks competitive sensitive business and financial information.  Defendants object to this Interrogatory as improperly compound and containing multiple subparts.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

RFA No. 6:  Nasty Gal considers its products exclusive to Nasty Gal. However, Nasty Gal cannot rule out that if Nasty Gal buys garments from a wholesaler, the same wholesaler may sell the same products to a competitor.

RFA No. 7: Nasty Gal has held a non-transactional pop-up stores, or otherwise known as short-term, temporary spaces where no cash or orders were place. The pop-up store was created to raise local brand awareness and allow customers to try-on clothes, post outfits on social media, view new collections and meet influencers. Customers could sign up to receive email correspondence from Nasty Gal, and if they liked items in the pop-up store, they could take away the product number to shop the item online.

RFA No. 9: The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-

specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

RFA No. 10: The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

RFA No. 16: The reference price is set by experienced buyers based on a variety of factors. These factors may include, but are not limited to, previous pricing of the same, similar or comparable products on the Defendants' websites; established pricing structures for certain product lines carried on the Defendants' websites; pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors; the buyer's market knowledge and expertise; cost of goods; overhead costs; margin; U.S. pricing adjustments (including without limitation to account for differences in exchange rates, shipping costs, other U.S.-specific costs, U.S.-based competitors, and the U.S. market); industry data; sales performance, market demand, and/or market trends.  In setting the reference price for a particular product, more or less weight, or no weight, might be given to certain factors.

1   RFA No. 17: Defendants are without sufficient information to admit or deny

2 the price of our products on websites other than our own.

3

4

5

6 DATED: February 4, 2021   EVERSHEDS SUTHERLAND (US) LLP

7

8           By */s/ Ian S. Shelton*

9             Ian S. Shelton

10           Attorneys for Defendants NastyGal.com

11           USA Inc., Nasty Gal Limited and
            Boohoo Group PLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Neil Catto, am a director of Nasty Gal Limited.  I have read the foregoing interrogatory responses.  I believe, based on a reasonable inquiry and investigation, that the responses are true and correct to the best of my knowledge, information and belief.  The responses were prepared based upon information contained in records maintained in the ordinary course of business, and/or information supplied from various individuals with personal knowledge.  I do not necessarily have personal knowledge regarding each specific response, but I am informed and believe that the responses are true and correct as of the date of these responses.

I verify under penalty of perjury that the foregoing is true and correct.

DATED:   February 4, 2021

_____

NEIL CATTO

# EXHIBIT 17

1  EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
2  ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
3  Sacramento, CA 95814
Telephone:  (916) 844-2965
4  Facsimile:   (916) 241-0501

5  EVERSHEDS SUTHERLAND (US) LLP    SERGENIAN ASHBY LLP
Ronald W. Zdrojeski (admitted *PHV*)    Joseph R. Ashby (SBN 248579)
6  ronzdrojeski@eversheds-sutherland.com    joseph@sergenianashby.com
1114 6th Avenue, 40th Floor    1055 West Seventh Street, 33rd Floor
7  New York, NY 10036    Los Angeles, CA 90017
Telephone:  (212) 389-5000    Telephone:  (323) 318-7771
8  Facsimile:   (212) 389-5099

9
10  Attorneys for Defendants

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  OLIVIA LEE, an individual, on behalf    NO. 2:20-cv-04659-GW-JEM
14  of herself and all others similarly
situated,                                  Consolidated for Pretrial Purposes with:
15                                          NO. 2:20-cv-03332-GW-JEM
           Plaintiff,                      NO. 2:20-cv-04658-GW-JEM
16
      vs.
17                                          **DEFENDANTS' CONSOLIDATED
NASTYGAL.COM USA INC. a                    OBJECTIONS AND RESPONSES TO
18  Delaware corporation, NASTY GAL        PLAINTIFF OLIVIA LEE'S
LIMITED, a United Kingdom private          REQUESTS FOR PRODUCTION OF
19  limited company, BOOHOO GROUP          DOCUMENTS TO DEFENDANTS
PLC, a Jersey public limited company ,     BOOHOO GROUP PLC,
20  and DOES 1-100, inclusive,             NASTYGAL.COM LIMITED, AND
                                           NASTY GAL LIMITED, SET ONE**
21         Defendants.
22                                          The Honorable George H. Wu

23
24                                          Courtroom:  9D
25                                          Address:      U.S. Courthouse
                                                          350 W. First Street
26                                                        Los Angeles, CA 90012
27
28

PROPOUNDING PARTY:        OLIVIA LEE

RESPONDING PARTY:         NASTYGAL.COM USA INC., NASTY GAL LIMITED, AND BOOHOO GROUP PLC

SET NO.:                  ONE

Defendants Boohoo Group PLC, NastyGal.com USA Inc., and Nasty Gal Limited hereby respond to Plaintiff Olivia Lee's Requests for Production of Documents, Set One pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

Defendants hereby incorporate the following General Objections into each and every response to Plaintiff's Requests below. These General Objections are neither waived nor limited by Defendants' specific responses.

1.      Defendants object to these Requests, including the Instructions and Definitions, to the extent they purport to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Court's instructions, and any other applicable laws, rules or orders.

2.      Defendants object to each and every Request to the extent that it seeks information, documents, and/or other things protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege. Any specific objections stated below on the grounds of attorney-client privilege and/or work product doctrine in no way limit this general objection. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, trade secret privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or other things protected by such privileges or doctrines, a continuing objection to each and every such Request is hereby incorporated. Any inadvertent disclosure by Defendants of such information

2

1  shall not be deemed a waiver of any such privileges, doctrines, or protections.

2      3.      Defendants object to these Requests to the extent they seek information

3  that is not relevant to the subject matter of this case, reasonably calculated to lead to

4  the discovery of admissible evidence, or proportionate to the needs of the case.

5      4.      Defendants object to these Requests, including the Instructions and

6  Definitions, to the extent they seek documents, communications, and/or information

7  that does not exist, that is already in Plaintiff's possession or control, or that is as

8  accessible to Plaintiff as it is to Defendants.

9      5.      Defendants object to these Requests, including the Instructions and

10 Definitions, to the extent they are vague or ambiguous or contain terms or phrases

11 that are undefined and subject to varying interpretations or meanings and may,

12 therefore, make responses misleading or incorrect.

13      6.      Defendants object to these Requests to the extent that they call for the

14 production of documents that contain or otherwise reveal any trade secrets,

15 proprietary business information, competitively sensitive business or commercial

16 information, strategic planning information, or other private, confidential

17 information. To the extent that Defendants have responsive documents containing

18 confidential information, it will produce such documents pursuant to an agreed-upon

19 stipulation and protective order appropriately governing the production and

20 exchange of confidential material, or in some other manner agreed by the parties

21 that would ensure the confidentiality of such documents until such time as an

22 appropriate order can be entered.

23      7.      Defendants object to these Requests to the extent that they purport to

24 require the creation of documents that do not currently exist.

25      8.      Defendants object to Plaintiff's definition of "Electronically Stored

26 information" or "ESI." on the grounds that it is overbroad, unduly burdensome, and

27 beyond the scope of permissible discovery to the extent Plaintiff purports to include

28 information not ordinarily captured and/or overwritten in the ordinary course of

operating Defendants' business. Notwithstanding these objections, to the extent any responsive documents or ESI are produced, Defendants will produce reasonably available, relevant, non-privileged information in readily usable formats. Documents that contain redactions will be produced in static image format.

9.     Defendants object to the definition of "advertise" or any variations of the term as vague, ambiguous, and overbroad, and to the extent the use of which could yield production of documents not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

10.     Defendants object to Plaintiff's definition for "Document" or "documents" to the extent the examples listed do not fall within the definition of "writings and recordings" in F.R.E. 1001(1).

11.     Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

12.     Defendants object to the definitions of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object because "substantially marked down" is a legal conclusion that has not yet been reached in this case, and Defendants expressly reserve the right to challenge the alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants' website, Defendants object to the use this photograph because it is

4

1  unauthenticated.

2      13.    Defendants object to the expansive definitions of "You" and "Your"

3  to the extent these definitions include counsel for Defendants, which may

4  implicate the attorney-client privilege and/or attorney-work product doctrines.

5  Defendants further object to these definitions to the extent such a definition would

6  purport to require Defendants to produce documents or things that are not within

7  its possession custody or control, and to the extent such a definition renders a

8  Request overbroad, not relevant to any party's claims or defenses, not reasonably

9  calculated to lead to the discovery of admissible evidence, and making the burden

10  or expense of such discovery outweigh its likely benefit.

11      14.    Defendants object to the phrase "artificial intelligence" used

12  throughout these document Requests as vague and ambiguous.

13      15.    Defendants object to the extent these Requests go beyond discovery

14  warranted at the class certification stage. Discovery related to the merits of the

15  case is not permitted at this time, and to the extent these Request are irrelevant to

16  the certification of Plaintiff's putative class, Defendants object and will withhold

17  documents accordingly.

18      16.    Defendants object to each and every Request to the extent that it seeks

19  information, documents, and/or other things related to Defendants' business

20  activities outside the United States.

21  **OBJECTIONS AND REPONSES TO REQUESTS FOR PRODUCTION**

22  **REQUEST FOR PRODUCTION NO. 1:**

23      Any and all reports, spreadsheets, or other DOCUMENTS listing each

24  PRODUCT by PRODUCT CODE and product description offered for sale in the

25  United States on YOUR WEBSITE during the CLASS PERIOD in a form that

26  includes the following information for each PRODUCT:  (a) the time period during

27  which the PRODUCT was, or has been, offered for sale, (b) the date the

28  PRODUCT was first offered for sale, (c) the date the PRODUCT was last offered

for sale, (d) all categories in which the PRODUCT was offered for sale (*e.g.*, New, Clothes, Dresses, Tops, Shoes + Boots, Plus Size, Accessories, Sale, etc.), (e) for each PRODUCT displayed on the WEBSITE, all REFERENCE PRICES, corresponding to date, (f) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT was offered for sale, corresponding to date, (g) for each PRODUCT displayed on the WEBSITE, all prices at which the PRODUCT actually sold, corresponding to date, and (h) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and as to "each product." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive and sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants object to this Request as not relevant to any party's claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks information regarding pricing on dates when the products were not sold. Defendants further object to part (h) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.  To the extent this Request

seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for the Nasty Gal brand with pricing information from February 28, 2017 to present containing the following data fields in a native format:  website, order date, state, zip code, product code, product description, product category, units, currency, website price, actual sold price, sales tax, estimated cost, and boohoo internal system ID. Such data will identify the customer by an identification number and include the geographic location of the customer (by state and zip code) to the extent that information is available. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD, in a form that includes the following information:  (a) date, (b) PRODUCT CODE, (c) product description,

(d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the ADVERTISED price of the PRODUCT on the day of the sale, (g) the discount or markdown offered on the PRODUCT on the day of the sale, (h) the total actual discounts or markdowns (including promo and coupon codes) applied, (i) the total number of units sold of the PRODUCT, (j) the total cost of goods sold applicable to the sales, on that date, of that PRODUCT, and (k) if available, the demographic information (*e.g.*, location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and "each day." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive and sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.  Defendants further object to part (k) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for the Nasty Gal brand with pricing information from February 28, 2017 to present containing the following data fields

in a native format:  website, order date, state, zip code, product code, product description, product category, units, currency, website price, actual sold price, sales tax, estimated cost, and boohoo internal system ID.  Such data will identify the customer by an identification number and include the geographic location of the customer (by state and zip code) to the extent that information is available. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce the data referenced in Request for Production of Documents No. 2 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 2. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product

doctrine, or any other applicable privilege. Defendants object to this request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants further object to part (k) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all reports, spreadsheets, or other DOCUMENTS constituting or reflecting data regarding YOUR sales of PRODUCTS in the United States on YOUR WEBSITE for each day during the CLASS PERIOD where YOU sold PRODUCTS at the REFERENCE PRICE.  Please produce this information in a form that includes the following information:  (a) date, (b) PRODUCT CODE, (c) product description, (d) the total amount of the daily sales (i.e., the amount actually paid by customers), (e) the REFERENCE PRICE ADVERTISED for the PRODUCT on the day of the sale, (f) the total actual discounts or markdowns (including promo and coupon codes) applied, (g) the total number of units sold of the PRODUCT, and (i) if available, the demographic information (e.g., location (city and state), gender, age, income, race, ethnicity, shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use, etc.) of each customer who bought the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 1. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants

object to this Request as improperly compound and containing multiple subparts. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases. Defendants further object to part (i) of the Request as it relates to highly personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving their objections, Defendants refer Plaintiff to their response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce the data referenced in Request for Production of Documents No. 4 broken down by the state from which purchasers purchased the PRODUCTS.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request as duplicative of Request No. 1 and Request No. 4. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "each day." Defendants object to this Request as improperly compound and containing multiple subparts.  Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or

11

databases.  Defendants further object to part (i) of the Request as it relates to highly
personal information of Defendants' customers, which is wholly irrelevant to the
certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this
Request. Subject to and without waiving their objections, Defendants refer Plaintiff
to their response to Request No. 1 and Request No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses,
surveys, focus groups, reports, or other assessments of any kind whatsoever
performed (whether internally or by a third-party) during the time period January
1, 2016, to the present concerning the use, importance, lack of importance, or
effectiveness of REFERENCE PRICES in connection with ADVERTISING
merchandise to consumers.

**Response:**   Defendants incorporate by reference the General Objections set
forth herein. Defendants object to this Request on the grounds that it is overly broad,
vague, and unduly burdensome, including without limitation as to "any and all" and
the terms and phrases, "use, importance, lack of importance or effectiveness."
Defendants object to this Request to the extent that it seeks information related to
Defendants' business activities outside the United States. Defendants object to this
Request to the extent it calls for the disclosure of information subject to the
attorney-client privilege, the attorney work product doctrine, or any other applicable
privilege. Defendants object to this Request insofar as it seeks competitive sensitive
business and financial information. To the extent this Request seeks information
contained in email correspondence, Defendants object to this Request as overly
broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this
Request.  Subject to and without waiving the foregoing objections, to the extent
such documents exist, Defendants will agree to produce responsive, non-privileged

documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the Nasty Gal brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions in connection with ADVERTISING merchandise to consumers.

**Response:**  Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all" and "use, importance, lack of importance, or effectiveness of offering sales, discounts, markdowns, or promotions." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United

13

States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or sales, discounts, markdowns, or promotions and advertising for the Nasty Gal brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever

performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of YOUR customers in the United States, including, without limitation, their age, gender, income, race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all" and "artificial intelligence system." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request for highly personal information of Defendants' customers relating to "their age, gender, income, race, ethnicity" and "education, and shopping preferences." Such information is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Other than the state of the customer's residence, information regarding customer demographics is irrelevant to this action and not likely to lead to the discovery of admissible evidence. Defendants also object on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever performed (whether internally or by a third-party) during the time period January 1, 2016, to the present concerning the demographics of the customers YOU seek to target in the United States, including, without limitation, their age, gender, income,

race, ethnicity, location, education, and shopping preferences either identified by the customer or noted by YOU or any artificial intelligence system YOU use.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all" and "artificial intelligence system." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request for highly personal information of Defendants' customers relating to "their age, gender, income, race, ethnicity" and "education, and shopping preferences." Such information is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Other than the state of the customer's residence, information regarding customer demographics is irrelevant to this action and not likely to lead to the discovery of admissible evidence. Defendants also object on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to

Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce responsive, non-privileged documents in its possession, custody or control in response to this Request that specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to YOUR officers, directors, or executives concerning the use of REFERENCE PRICES in connection with ADVERTISING

YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce responsive, non-privileged documents in its possession, custody or control in response to this Request that specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional

18

documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to employees or contractors within YOUR organization concerning the use of sales, discounts, markdowns, promotions or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or sales, discounts, markdowns, or promotions and advertising for the Nasty Gal brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery

authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all PowerPoint presentations, memoranda, reports, or other DOCUMENTS provided or presented to investors, potential investors, or other third parties concerning the use of sales, discounts, markdowns, promotions, or REFERENCE PRICES in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will conduct a reasonable search and produce

20

responsive, non-privileged documents in its possession, custody or control in response to this Request that are directed to investors and/or third parties and specifically discuss reference prices in connection with advertising on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS constituting or reflecting all instances during the CLASS PERIOD on which any of the merchandise Plaintiff Olivia Lee purchased from YOU sold for the REFERENCE PRICE ADVERTISED to Ms. Lee.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants also object to this Request to the extent that it seeks information that is in the possession of other parties such that it is at least equally accessible to Plaintiff as it is to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving the foregoing objections, Defendants refer Plaintiff to their response to Request Nos. 1-5.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS constituting or reflecting the order confirmations sent to Plaintiff Olivia Lee by e-mail for any of the merchandise Ms. Lee purchased from YOU.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants also object to this Request to the extent that it seeks information that is already in possession of Plaintiff and is more accessible to Plaintiff than to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff in connection with purchases she made on the U.S. website. Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. To the extent Plaintiff does not already possess the documents she requests related to Plaintiff's own orders from the U.S. website, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of specific documents related to is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time. To the extent Defendants agree to production of additional documents in the future, any

22

such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS constituting or reflecting the shipping confirmations sent to Plaintiff Olivia Lee by e-mail for any of the merchandise Ms. Lee purchased from YOU.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants also object to this Request to the extent that it seeks information that is in the possession of other parties such that it is at least equally accessible to Plaintiff as it is to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff in connection with purchases she made on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. To the extent Plaintiff does not already possess the documents she requests related to Plaintiff's own orders from the U.S. website, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of specific documents related to is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any

such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all correspondence, e-mails, communications, or other DOCUMENTS exchanged between YOUR, on the one hand, and Plaintiff Olivia Lee, on the other hand.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants also object to this Request to the extent that it seeks information that is in the possession of other parties such that it is at least equally accessible to Plaintiff as it is to Defendants. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff in connection with purchases she made on the U.S. website.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time. To the extent Plaintiff does not already possess the documents she requests related to Plaintiff's own orders from the U.S. website, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of specific documents related to is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any

1  such documents will be produced on a rolling basis and subject to these objections

2  and any modifications agreed upon by the parties.

3  **REQUEST FOR PRODUCTION NO. 18:**

4          Any and all information and DOCUMENTS generated and retained by

5  YOU, relating to the sale made to Plaintiff Olivia Lee reflected in the operative

6  complaint.

7          **Response:** Defendants incorporate by reference the General Objections set

8  forth herein. Defendants object to this Request on the grounds that it is overly broad,

9  vague, and unduly burdensome including without limitation as to "any and all."

10  Defendants also object to this Request to the extent that it seeks information that is

11  in the possession of other parties such that it is at least equally accessible to Plaintiff

12  as it is to Defendants. Defendants object to this Request to the extent it calls for the

13  disclosure of information subject to the attorney-client privilege, the attorney work

14  product doctrine, or any other applicable privilege. Defendants object to this

15  Request insofar as it seeks competitive sensitive business and financial information.

16          Defendants will withhold documents on the basis of their objections to this

17  Request. Plaintiff is already in possession of emails that Defendants sent to Plaintiff

18  in connection with purchases she made on the U.S. website.  Defendants object to

19  production of email correspondence on the grounds of overbreadth, oppression and

20  undue burden, and lack of relevance to the limited class certification discovery

21  authorized by the Court at this time. To the extent Plaintiff does not already possess

22  the documents she requests related to Plaintiff's own orders from the U.S. website,

23  Defendants agree to meet and confer with Plaintiff in good faith to discuss whether

24  production of specific documents related to is feasible, will avoid undue burden and

25  hardship on Defendants, and will be proportional to the needs of the case and the

26  limited class certification discovery authorized by the Court at this time.  To the

27  extent Defendants agree to production of additional documents in the future, any

28

1  such documents will be produced on a rolling basis and subject to these objections
2  and any modifications agreed upon by the parties.

3  **REQUEST FOR PRODUCTION NO. 19:**

4      Any and all organizational charts of all departments, divisions, units, and
5  teams within YOUR company during the CLASS PERIOD.

6      **Response:** Defendants incorporate by reference the General Objections set
7  forth herein. Defendants object to this Request on the grounds that it is overly broad,
8  vague, and unduly burdensome, including without limitation as to "any and all."
9  Defendants object to this Request to the extent that it seeks information related to
10 Defendants' business activities outside the United States. Defendants object to this
11 Request to the extent it calls for the disclosure of information subject to the
12 attorney-client privilege, the attorney work product doctrine, or any other applicable
13 privilege. Defendants object to this Request insofar as it seeks competitive sensitive
14 business and financial information. Defendants also object to this Request as
15 overbroad, unduly burdensome, and wholly irrelevant to the certification of
16 Plaintiff's putative class.

17     Defendants will withhold documents on the basis of their objections to this
18 Request.  Subject to and without waiving the foregoing objections, see Defendants'
19 Initial Disclosure Responses served January 29, 2021 for a list of persons with
20 knowledge related to this matter.

21 **REQUEST FOR PRODUCTION NO. 20:**

22     Any and all directories or listings of all of YOUR officers, directors, and
23 employees by name, title, and location applicable during the CLASS PERIOD.
24 For each person, please also identify the department, division, unit, and/or team of
25 which they are part.

26     **Response:** Defendants incorporate by reference the General Objections set
27 forth herein. Defendants object to this Request on the grounds that it is overly broad,
28 vague, and unduly burdensome including without limitation as to "any and all."

Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants also object to this Request as overbroad, unduly burdensome, and wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosure Responses served January 29, 2021 for a list of persons with knowledge related to this matter.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning REFERENCE PRICES ADVERTISED for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information

contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the Nasty Gal brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all memoranda, reports, presentations, analyses, training materials, e-mails, correspondence, or other DOCUMENTS constituting, reflecting, or relating to YOUR policies and procedures concerning the offering of sales, markdowns, discounts, or promotions for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad,

vague, and unduly burdensome including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles, internal or competitor data on pricing, or reference prices and advertising for the Nasty Gal brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all internal memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between or amongst YOUR officers, directors, employees, contractors, or agents relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a

1  rolling basis and subject to these objections and any modifications agreed upon by
2  the parties.
3  **REQUEST FOR PRODUCTION NO. 24:**
4      Any and all memoranda, correspondence, e-mails, social media messages, or
5  other DOCUMENTS exchanged between any of YOUR officers, directors,
6  employees, contractors, or agents, on the one hand, and any other person, whether
7  within or outside your organization, on the other hand, relating to (a)
8  REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS
9  PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in
10  connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE
11  during the CLASS PERIOD.
12      **Response:** Defendants incorporate by reference the General Objections set
13  forth herein. Defendants object to this Request on the grounds that it is overly broad,
14  vague, and unduly burdensome including without limitation as to "any and all."
15  Defendants object to this Request to the extent that it seeks information related to
16  Defendants' business activities outside the United States. Defendants object to this
17  Request to the extent it calls for the disclosure of information subject to the
18  attorney-client privilege, the attorney work product doctrine, or any other applicable
19  privilege. Defendants object to this Request insofar as it seeks competitive sensitive
20  business and financial information. To the extent this Request seeks information
21  contained in email correspondence, Defendants object to this Request as overly
22  broad and unduly burdensome.
23      Defendants will withhold documents on the basis of their objections to this
24  Request.  Defendants object to production of email correspondence on the grounds
25  of overbreadth, oppression and undue burden, and lack of relevance to the limited
26  class certification discovery authorized by the Court at this time.  Due to the sheer
27  volume of information requested, Defendants agree to meet and confer with Plaintiff
28  in good faith to discuss whether production of documents responsive to this Request

31

is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Mahmud Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer

volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Carol Kane, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome as including without limitation to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds

33

of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Umar Kamani, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

1  Defendants will withhold documents on the basis of their objections to this
2  Request.  Defendants object to production of email correspondence on the grounds
3  of overbreadth, oppression and undue burden, and lack of relevance to the limited
4  class certification discovery authorized by the Court at this time.  Due to the sheer
5  volume of information requested, Defendants agree to meet and confer with Plaintiff
6  in good faith to discuss whether production of documents responsive to this Request
7  is feasible, will avoid undue burden and hardship on Defendants, and will be
8  proportional to the needs of the case and the limited class certification discovery
9  authorized by the Court at this time.  To the extent Defendants agree to production
10  of additional documents in the future, any such documents will be produced on a
11  rolling basis and subject to these objections and any modifications agreed upon by
12  the parties.

13  **REQUEST FOR PRODUCTION NO. 28:**

14  Any and all memoranda, correspondence, e-mails, social media messages, or
15  other DOCUMENTS exchanged between John Lyttle, on the one hand, and any
16  other person on the other hand, relating to (a) REFERENCE PRICES
17  ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use
18  of sales, discounts, markdowns, or promotions in connection with ADVERTISING
19  YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

20  **Response:** Defendants incorporate by reference the General Objections set
21  forth herein. Defendants object to this Request on the grounds that it is overly broad,
22  vague, and unduly burdensome, including without limitation as to "any and all."
23  Defendants object to this Request to the extent that it seeks information related to
24  Defendants' business activities outside the United States. Defendants object to this
25  Request as improperly compound and containing multiple subparts. Defendants
26  object to this Request to the extent it calls for the disclosure of information subject
27  to the attorney-client privilege, the attorney work product doctrine, or any other
28  applicable privilege. Defendants object to this Request insofar as it seeks

competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between Neil Catto, on the one hand, and any other person on the other hand, relating to (a) REFERENCE PRICES ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request as improperly compound and containing multiple subparts. Defendants

36

object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all e-mail blasts disseminated to YOUR customers, including e-mail list subscribers, in the United Sates during the CLASS PERIOD, to ADVERTISE YOUR PRODUCTS, YOUR WEBSITE, or any sales, markdowns, discounts, or promotions on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product

37

doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request as it relates to personal information of Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request. Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants agree to produce responsive, non-privileged documents in its possession, custody or control consisting of promotional calendars for 2016-2021 reflecting the historical promotional data for Nasty Gal brand, and advertisements and newsletters sent via e-mail to subscribed customers, to the extent they are available.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all e-mails, chat logs, or other written correspondence, and other DOCUMENTS constituting or reflecting complaints, comments, or feedback from customers in the United States concerning REFERENCE PRICES ADVERTISED on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants also object to this Request as overbroad, unduly burdensome, and not relevant to class certification discovery.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

1   Defendants will withhold documents on the basis of their objections to this

2   Request.  Defendants object to production of email correspondence on the grounds

3   of overbreadth, oppression and undue burden, and lack of relevance to the limited

4   class certification discovery authorized by the Court at this time.  Due to the sheer

5   volume of information requested, Defendants agree to meet and confer with Plaintiff

6   in good faith to discuss whether production of documents responsive to this Request

7   is feasible, will avoid undue burden and hardship on Defendants, and will be

8   proportional to the needs of the case and the limited class certification discovery

9   authorized by the Court at this time.  To the extent Defendants agree to production

10  of additional documents in the future, any such documents will be produced on a

11  rolling basis and subject to these objections and any modifications agreed upon by

12  the parties.

13  **REQUEST FOR PRODUCTION NO. 32:**

14      Any and all memoranda, correspondence, e-mails, social media messages, or

15  other DOCUMENTS exchanged between YOU, on the one hand, and any

16  customer in the United Sates, on the other hand, relating to REFERENCE PRICES

17  ADVERTISED on YOUR WEBSITE.

18      **Response:** Defendants incorporate by reference the General Objections set

19  forth herein. Defendants object to this Request on the grounds that it is overly broad,

20  vague, and unduly burdensome, including without limitation as to "any and all."

21  Defendants object to this Request to the extent it calls for the disclosure of

22  information subject to the attorney-client privilege, the attorney work product

23  doctrine, or any other applicable privilege. Defendants object to this Request insofar

24  as it seeks competitive sensitive business and financial information.

25      Defendants will withhold documents on the basis of their objections to this

26  Request.  Defendants object to production of email correspondence on the grounds

27  of overbreadth, oppression and undue burden, and lack of relevance to the limited

28  class certification discovery authorized by the Court at this time.  Due to the sheer

volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of documents responsive to this Request is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the use of REFERENCE PRICES on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.  To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles,

internal or competitor data on pricing, or reference prices and advertising for the Nasty Gal brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all memoranda, guides, manuals, tutorials, handbooks, or other DOCUMENTS YOU use to train or educate YOUR employees regarding the offering of sales, markdowns, discounts, or promotions on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information

1  contained in email correspondence, Defendants object to this Request as overly

2  broad and unduly burdensome.

3        Defendants will withhold documents on the basis of their objections to this

4  Request.  Subject to and without waiving the foregoing objections, to the extent

5  such documents exist, Defendants will agree to produce responsive, non-privileged

6  documents in its possession, custody or control constituting internal and third-party

7  reports, analyses, and presentations concerning internal or competitor data on styles,

8  internal or competitor data on pricing, or reference prices and advertising for the

9  Nasty Gal brand.  Defendants object to production of email correspondence on the

10  grounds of overbreadth, oppression and undue burden, and lack of relevance to the

11  limited class certification discovery authorized by the Court at this time.  Due to the

12  sheer volume of information requested, Defendants agree to meet and confer with

13  Plaintiff in good faith to discuss whether production of additional documents

14  beyond those specifically agreed upon in this response is feasible, will avoid undue

15  burden and hardship on Defendants, and will be proportional to the needs of the case

16  and the limited class certification discovery authorized by the Court at this time.  To

17  the extent Defendants agree to production of certain documents in this response, or

18  agree to production of additional documents in the future, any such documents will

19  be produced on a rolling basis and subject to these objections and any modifications

20  agreed upon by the parties.

21  **REQUEST FOR PRODUCTION NO. 35:**

22        Any and all DOCUMENTS relating to YOUR operations in the State of

23  California during the CLASS PERIOD, including, without limitation, employees,

24  independent contractors, social media influencers, models, celebrities, offices,

25  distribution and storage facilities, manufacturing facilities, facilities and personnel

26  used to design YOUR PRODUCTS, facilities and personnel used to create

27  marketing materials for YOUR PRODUCTS, all forms of marketing,

28  ADVERTISING, and promotion conducted in California, information technology

infrastructure, property owned in California, and any other activity in California related to marketing, ADVERTISING, sales or operation of the WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information.

Defendants will withhold documents on the basis of their objections to this Request. This Request for any and all documents relating to Defendants' California operations, without limitation, is grossly overbroad, unduly burdensome, oppressive and harassing.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS sufficient to identify by name, address, telephone number, and e-mail address each person who purchased any of YOUR products during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. Defendants further object to this Request to the extent it seeks highly personal information of

Defendants' customers, which is wholly irrelevant to the certification of Plaintiff's putative class.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing, Defendants refer Plaintiff to its response to Request Nos. 1-5 and the sales data Defendants have agreed to produce.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTS referencing any memoranda, studies, analyses, surveys, focus groups, reports, or other assessments of any kind whatsoever YOU performed regarding prices at which products comparable to YOUR PRODUCTS were sold by other companies, including which specific other companies' products in the marketplace were comparable to which specific PRODUCTS sold by YOU.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request on the grounds that it is overly broad, vague, and unduly burdensome, including without limitation as to "any and all." Defendants object to this Request to the extent that it seeks information related to Defendants' business activities outside the United States. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants object to this Request insofar as it seeks competitive sensitive business and financial information. To the extent this Request seeks information contained in email correspondence, Defendants object to this Request as overly broad and unduly burdensome.

Defendants will withhold documents on the basis of their objections to this Request.  Subject to and without waiving the foregoing objections, to the extent such documents exist, Defendants will agree to produce responsive, non-privileged documents in its possession, custody or control constituting internal and third-party reports, analyses, and presentations concerning internal or competitor data on styles,

44

internal or competitor data on pricing, or reference prices and advertising for the Nasty Gal brand.  Defendants object to production of email correspondence on the grounds of overbreadth, oppression and undue burden, and lack of relevance to the limited class certification discovery authorized by the Court at this time.  Due to the sheer volume of information requested, Defendants agree to meet and confer with Plaintiff in good faith to discuss whether production of additional documents beyond those specifically agreed upon in this response is feasible, will avoid undue burden and hardship on Defendants, and will be proportional to the needs of the case and the limited class certification discovery authorized by the Court at this time.  To the extent Defendants agree to production of certain documents in this response, or agree to production of additional documents in the future, any such documents will be produced on a rolling basis and subject to these objections and any modifications agreed upon by the parties.

DATED:   February 4, 2021          EVERSHEDS SUTHERLAND (US) LLP


                                                    By   */s/ Ian S. Shelton*
                                                         Ian S. Shelton

                                                         Attorneys for Defendants NastyGal.com USA Inc., Nasty Gal Limited and Boohoo Group PLC

# EXHIBIT 18

1 | EVERSHEDS SUTHERLAND (US) LLP
2 | Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
3 | 500 Capitol Mall, Suite 1750
Sacramento, CA 95814
4 | Telephone:  (916) 844-2965
Facsimile:   (916) 241-0501

5 | EVERSHEDS SUTHERLAND (US) LLP        ASHBY LAW FIRM PC
6 | Ronald W. Zdrojeski (admitted *PHV*)   Joseph R. Ashby (SBN 248579)
ronzdrojeski@eversheds-sutherland.com   joseph@ashbylawfirm.com
7 | 1114 6th Avenue, 40th Floor           1055 West Seventh Street, 33rd Floor
New York, NY 10036                    Los Angeles, CA 90017
8 | Telephone:  (212) 389-5000           Telephone:  (213) 393-6235
Facsimile:   (212) 389-5099           Facsimile:   (213) 429-0976

10 | Attorneys for Defendants

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | OLIVIA LEE, an individual, on behalf      NO. 2:20-cv-04659-GW-JEM
14 | of herself and all others similarly
situated,

15 |                                         Consolidated for Pretrial Purposes with:
                 Plaintiff,                  NO. 2:20-cv-03332-GW-JEM
16 |                                          NO. 2:20-cv-04658-GW-JEM
         vs.

17 |                                          **DEFENDANTS' CONSOLIDATED
18 | NASTYGAL.COM USA INC. a              OBJECTIONS AND RESPONSES TO
Delaware corporation, NASTY GAL       PLAINTIFF OLIVIA LEE'S
LIMITED, a United Kingdom private     REQUESTS FOR ADMISSION TO
19 | limited company, BOOHOO GROUP      DEFENDANTS NASTYGAL.COM
PLC, a Jersey public limited company ,  USA INC., NASTY GAL LIMITED,
20 | and DOES 1-100, inclusive,          AND BOOHOO GROUP PLC, SET
                                          ONE**
21 |               Defendants.

23 |                                          The Honorable George H. Wu

25 |                                          Courtroom:  9D
26 |                                          Address:     U.S. Courthouse
                                                        350 W. First Street
27 |                                                        Los Angeles, CA 90012

PROPOUNDING PARTY:          OLIVIA LEE

RESPONDING PARTY:          NASTYGAL.COM USA INC., NASTY GAL LIMITED, AND BOOHOO GROUP PLC

SET NO.:          ONE

Defendants NastyGal.com USA Inc., Nasty Gal Limited, and Boohoo Group PLC hereby respond to Plaintiff Olivia Lee's Requests for Admission, Set One pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## <u>GENERAL OBJECTIONS</u>

Defendants hereby incorporate the following General Objections into each and every response to Plaintiff's Requests below. These General Objections are neither waived nor limited by Defendants' specific responses.

1.     Defendants object to these Requests, including the Definitions, to the extent they purport to impose duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Court's instructions, and any other applicable laws, rules, or orders.

2.     Defendants object to each and every Request to the extent that it seeks information, documents, and/or other things protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege. Any specific objections stated below on the grounds of attorney-client privilege and/or work product doctrine in no way limit this general objection. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product protection, trade secret privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Request may be construed as calling for disclosure of information, documents, and/or other things protected by such privileges or doctrines, a continuing objection to each and every such Request is hereby incorporated. Any inadvertent disclosure by Defendants of such information

shall not be deemed a waiver of any such privileges, doctrines, or protections.

3.      Defendants object to these Requests to the extent they seek information that is not relevant to the subject matter of this case, reasonably calculated to lead to the discovery of admissible evidence, or proportionate to the needs of the case.

4.      Defendants object to these Requests, including the Definitions, to the extent they seek documents, communications, and/or information that does not exist, that is already in Plaintiff's possession or control, or that is as accessible to Plaintiff as it is to Defendants.

5.      Defendants object to these Requests, including the Definitions, to the extent they are vague or ambiguous or contain terms or phrases that are undefined and subject to varying interpretations or meanings and may, therefore, make responses misleading or incorrect

6.      Defendants object to the definition of "advertise" or any variations of the term as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

7.      Defendants object to the definitions of "product" or "products" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit.

8.      Defendants object to the definition of "reference price" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit. To the extent that the term "reference price" is defined as "products on your website that is represented to consumers as being substantially marked down" Defendants object because "substantially marked down" is a legal conclusion that has not yet been

reached in this case, and Defendants expressly reserve the right to challenged he alleged reference price. To the extent that the term "reference price" is attempted to be defined by use of an exemplar purporting to be a screen shot of Defendants' website, Defendants object to the use this photograph because it is unauthenticated.

9.      Defendants object to the definition of "website" as vague and ambiguous, overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of discovery outweigh its likely benefit

10.     Defendants object to the expansive definitions of "You" and "Your" to the extent these definitions include counsel for Defendants, which may implicate the attorney-client privilege and/or attorney-work product doctrines. Defendants further object to these definitions to the extent such a definition would purport to require Defendants to produce documents or things that are not within its possession custody or control, and to the extent such a definition renders a request overbroad, not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and making the burden or expense of such discovery outweigh its likely benefit.

11.     Defendants object to the extent these Requests go beyond discovery warranted at the class certification stage. Discovery related to the merits of the case is not permitted at this time, and to the extent these Requests are irrelevant to the certification of Plaintiff's putative class, Defendants object and will withhold documents accordingly.

## OBJECTIONS AND REPONSES TO REQUESTS FOR ADMISSION
## REQUEST FOR ADMISSION NO. 1:

Admit that less than ten (10) percent of the total dollar amount of YOUR sales of PRODUCTS on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for

the PRODUCT.

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total dollar amount."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For

example, PrettyLittleThing had in excess of 16.8 million sales transactions[1] in the

United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four

year period, including in excess of 36 million transactions for Boohoo and 12

million transactions for Nasty Gal.  Defendants object to incurring the burden and

expense of processing and manipulating this voluminous data and performing the

complex mathematical calculations identified in this Request.

_____

[1] The tally of sales transactions refers to each individual product sold, even if
multiple products are purchased by the same customer at the same time.

1   Defendants object to this Request as calling for an expert opinion and

2   assistance both as to the appropriate manner of processing and manipulating this

3   voluminous data and performing the complex mathematical calculations identified

4   in this Request.

5   **REQUEST FOR ADMISSION NO. 2:**

6   Admit that less than ten (10) percent of the total dollar amount of YOUR

7   sales of PRODUCTS on YOUR WEBSITE in California during the CLASS

8   PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for

9   the PRODUCT.

10   **Response:** Defendants incorporate by reference the General Objections set

11   forth herein. Defendants object to this Request to the extent it calls for the disclosure

12   of information subject to the attorney-client privilege, the attorney work product

13   doctrine, or any other applicable privilege.

14   Defendants object to this Request to the extent it calls for the disclosure of

15   product information that is not saved and/or tracked in Defendants' computer

16   systems and/or databases.

17   Defendants object to this Request as vague and ambiguous as to the terms

18   "less than ten (10) percent of the total dollar amount."

19   Defendants object to this Request as oppressive and unduly burdensome, in

20   that the answer to this Request may be determined by examining, auditing,

21   compiling, abstracting, or summarizing Defendants' business records (including

22   electronically stored information), and the burden of deriving or ascertaining the

23   answer will be substantially the same for either party.  Subject to and without

24   waiving the foregoing objections, Defendants will produce the United States sales

25   data for Nasty Gal related brands with pricing information from February 28, 2017

26   to present. Such data will include the geographic location of the customer (by state)

27   to the extent that information is available.  Plaintiff and/or her experts should bear

28

7

the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

8

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total units sold."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without

waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |

| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that less than ten (10) percent of the total units sold of PRODUCTS YOU sold on YOUR WEBSITE in California during the CLASS PERIOD were of sales of PRODUCTS that sold at the REFERENCE PRICE for the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "less than ten (10) percent of the total units sold."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing,

compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |

| | |
|---|---|
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that none of the PRODUCTS YOU sold on YOUR WEBSITE in the United States during the CLASS PERIOD were offered for sale by YOU at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale (*e.g.*, a PRODUCT with a REFERENCE PRICE of $25 on December 1, 2020, was not offered for sale on YOUR WEBSITE at or above that REFERENCE PRICE ($25 in this example) for 9 or more of the then-previous 90 days).

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

13

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "at or above the REFERENCE PRICE for the PRODUCT on at least 10% of the previous 90 days as of the time of each sale."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |

14

| 2020.03.09 | 441,575 |
|------------|---------|
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that in the United States during the CLASS PERIOD, YOUR PRODUCTS have been sold exclusively on YOUR WEBSITE.  Please be advised that this Request is not asking YOU about sales by private individuals or sales by persons or entities who are not YOUR authorized retailers or distributors.

15

**Response:**   Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request as vague and ambiguous as to the term "sold exclusively," and as to the exclusion for "sales by persons or entities who are not YOUR authorized retailers or distributors."

Subject to and without waiving the foregoing objections, Defendants responds as follows: Defendants lack sufficient information to admit or deny whether each and every product sold on the website during the class period was sold exclusively by Defendants.

**REQUEST FOR ADMISSION NO. 7:**

Admit that in the United States during the CLASS PERIOD, YOU have not owned or operated any physical retail stores.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request as compound and disjunctive.

Defendants object to this Request as vague and ambiguous as to the terms "owned or operated" and "physical retail stores."

Subject to and without waiving the foregoing objections, Defendants responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU ADVERTISED REFERENCE PRICES for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to the Request as vague and ambiguous as to the term "ADVERTISED REFERENCE PRICES," including the definition of the term "REFERENCE PRICE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal. Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were inaccurate.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this request on the ground that the term "inaccurate" is vague and ambiguous. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Defendants responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the REFERENCE PRICES for YOUR PRODUCTS that YOU ADVERTISED on YOUR WEBSITE during the CLASS PERIOD were misleading.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this request on the ground that the term "misleading" is vague and ambiguous. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR WEBSITE in the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work product
doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of
product information that is not saved and/or tracked in Defendants' computer
systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "in
the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in
that the answer to this Request may be determined by examining, auditing,
compiling, abstracting, or summarizing Defendants' business records (including
electronically stored information), and the burden of deriving or ascertaining the
answer will be substantially the same for either party.  Subject to and without
waiving the foregoing objections, Defendants will produce the United States sales
data for Nasty Gal related brands with pricing information from February 28, 2017
to present. Such data will include the geographic location of the customer (by state)
to the extent that information is available.  Plaintiff and/or her experts should bear
the burden and expense of processing and manipulating this voluminous data and
performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in
that the information requested is not maintained in the regular course of business
and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in
that the Request asks Defendants to perform complex mathematical calculations
with respect to millions of individual sales transactions over a four year period.  For
example, PrettyLittleThing had in excess of 16.8 million sales transactions in the
United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |

| | |
|---|---|
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent

the price at which the particular PRODUCT associated with the REFERENCE PRICE had been offered for sale on YOUR WEBSITE in the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the terms "offered for sale" and "in the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For

example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the particular PRODUCT associated with the REFERENCE PRICE had sold on YOUR WEBSITE for more than 5 of the previous 90 days.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "more than 5 of the previous 90 days."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

1    Defendants object to this Request as calling for an expert opinion and

2    assistance both as to the appropriate manner of processing and manipulating this

3    voluminous data and performing the complex mathematical calculations identified

4    in this Request.

5    **REQUEST FOR ADMISSION NO. 14:**

6    Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR

7    WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent

8    the price at which the particular PRODUCT associated with the REFERENCE

9    PRICE had been offered for sale on YOUR WEBSITE for more than 5 of the

10   previous 90 days.

11   **Response:** Defendants incorporate by reference the General Objections set

12   forth herein. Defendants object to this Request to the extent it calls for the disclosure

13   of information subject to the attorney-client privilege, the attorney work product

14   doctrine, or any other applicable privilege.

15   Defendants object to this Request to the extent it calls for the disclosure of

16   product information that is not saved and/or tracked in Defendants' computer

17   systems and/or databases.

18   Defendants object to this Request as vague and ambiguous as to the terms

19   "offered for sale" and "more than 5 of the previous 90 days."

20   Defendants object to this Request as oppressive and unduly burdensome, in

21   that the answer to this Request may be determined by examining, auditing,

22   compiling, abstracting, or summarizing Defendants' business records (including

23   electronically stored information), and the burden of deriving or ascertaining the

24   answer will be substantially the same for either party.  Subject to and without

25   waiving the foregoing objections, Defendants will produce the United States sales

26   data for Nasty Gal related brands with pricing information from February 28, 2017

27   to present. Such data will include the geographic location of the customer (by state)

28   to the extent that information is available.  Plaintiff and/or her experts should bear

26

the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the original (initial) price the PRODUCT sold for on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "the original (initial) price the PRODUCT sold for on YOUR WEBSITE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales

28

data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |

| TOTAL | 16,819,720 |
|-------|------------|

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD were not created by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable to each of the individual PRODUCTS YOU sold on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to the Request as vague and ambiguous as to the term "by use of a process based on a market review of the prices of PRODUCTS viewed to be comparable."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Deny.

30

**REQUEST FOR ADMISSION NO. 17:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the retail price of the PRODUCT as sold or made available for sale at some WEBSITE other than yours.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to the Request as vague and ambiguous as to the terms "the retail price" and "as sold or made available for sale at some WEBSITE other than yours."

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants are without sufficient information to admit or deny the price of our Products on websites other than our own.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the regular price of the PRODUCT.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to the Request as vague and ambiguous as to the term "the regular price," and "REFERENCE PRICES YOU ADVERTISED," including the definition of the term "REFERENCE PRICE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |

32

| | |
|---|---|
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which the PRODUCT was ADVERTISED to be sold for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "for the majority of the time it was ADVERTISED to be sold on YOUR WEBSITE."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |

| | |
|---|---|
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the REFERENCE PRICES YOU ADVERTISED on YOUR WEBSITE for YOUR PRODUCTS during the CLASS PERIOD did not represent the price at which YOUR PRODUCTS were most-commonly ADVERTISED to

be sold, over any time period (for example, as of today, for a PRODUCT with a REFERENCE PRICE of $25, that product has not had a most-frequently charged price of $25 over the previous 10 days or 20 days or 90 days, or any number of days).

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to this Request as vague and ambiguous as to the term "the price at which YOUR PRODUCTS were most-commonly ADVERTISED to be sold, over any time period."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

36

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
|---|---|
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU ADVERTISED REFERENCE PRICES on YOUR WEBSITE across all of YOUR product lines (excluding beauty products) during the CLASS PERIOD.

**Response:** Defendants incorporate by reference the General Objections set forth herein. Defendants object to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Defendants object to this Request to the extent it calls for the disclosure of product information that is not saved and/or tracked in Defendants' computer systems and/or databases.

Defendants object to the Request as vague and ambiguous as to the term "ADVERTISED REFERENCE PRICES," including the definition of the term "REFERENCE PRICE," and "all of YOUR product lines (excluding beauty products)."

Defendants object to this Request as oppressive and unduly burdensome, in that the answer to this Request may be determined by examining, auditing, compiling, abstracting, or summarizing Defendants' business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to and without waiving the foregoing objections, Defendants will produce the United States sales data for Nasty Gal related brands with pricing information from February 28, 2017 to present. Such data will include the geographic location of the customer (by state) to the extent that information is available.  Plaintiff and/or her experts should bear

the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as oppressive and unduly burdensome, in that the information requested is not maintained in the regular course of business and is not readily identifiable.

Defendants object to this Request as oppressive and unduly burdensome, in that the Request asks Defendants to perform complex mathematical calculations with respect to millions of individual sales transactions over a four year period.  For example, PrettyLittleThing had in excess of 16.8 million sales transactions in the United States in the year 2020 alone, as reflected in the following chart:

| Spreadsheet Date | Number of Transactions |
| --- | --- |
| 2020.01.13 | 438,371 |
| 2020.01.27 | 456,684 |
| 2020.02.10 | 511,449 |
| 2020.02.24 | 639,779 |
| 2020.03.09 | 441,575 |
| 2020.03.23 | 399,400 |
| 2020.04.06 | 611,562 |
| 2020.04.20 | 658,545 |
| 2020.05.04 | 707,042 |
| 2020.05.18 | 778,669 |
| 2020.06.01 | 702,927 |
| 2020.06.15 | 851,485 |
| 2020.06.29 | 803,006 |
| 2020.07.13 | 722,407 |
| 2020.07.27 | 709,588 |
| 2020.08.10 | 688,398 |
| 2020.08.24 | 626,181 |
| 2020.09.07 | 762,205 |
| 2020.09.21 | 780,944 |
| 2020.10.05 | 709,965 |
| 2020.10.19 | 584,014 |
| 2020.11.02 | 521,696 |
| 2020.11.16 | 750,449 |
| 2020.11.30 | 843,799 |
| 2020.12.14 | 526,220 |
| 2020.12.28 | 593,360 |
| **TOTAL** | **16,819,720** |

Boohoo and Nasty Gal similarly had millions of sales transactions during the four year period, including in excess of 36 million transactions for Boohoo and 12 million transactions for Nasty Gal.  Defendants object to incurring the burden and expense of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

Defendants object to this Request as calling for an expert opinion and assistance both as to the appropriate manner of processing and manipulating this voluminous data and performing the complex mathematical calculations identified in this Request.

DATED:   February 4, 2021              EVERSHEDS SUTHERLAND (US) LLP


                                        By   */s/ Ian S. Shelton*
                                             Ian S. Shelton

                                             Attorneys for Defendants NastyGal.com
                                             USA Inc., Nasty Gal Limited and
                                             Boohoo Group PLC

# EXHIBIT 19



YASIN M. ALMADANI
ATTORNEY AT LAW

4695 MACARTHUR CT., STE. 1100
NEWPORT BEACH, CA 92660
TEL: (213) 335-3935
FAX: (213) 296-6278
YMA@LAWALM.COM

February 5, 2021

Mr. Ron W. Zdrojeski
Mr. Ian Shelton
Eversheds Sutherland
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
(212) 389-5076
ronzdrojeski@eversheds-sutherland.com
ianshelton@eversheds-sutherland.com

RE: *Case No.: 2:20-cv-03332-GW-JEMx, Farid Khan v. Boohoo.com USA, Inc., Boohoo.com UK Limited, (Lead Case), consolidated with Hilton v. PrettyLittleThing USA Inc., et al., No. 2:20-cv-04658-GW-JEMx and Lee v. NastyGal.com USA Inc., et al., No. 2:20-cv-04659-GW-JEMx*

**Letter re Discovery under L.R. 37-1**

Dear Counsel:

I'm following up on our video call and emails. Please treat this letter as my request for a telephonic pre-filing conference of counsel as specified in L.R. 37-1.

The consolidated cases were filed approximately ten (10) months ago and detailed our false pricing/false marketing theories very clearly. The Court set this case on a tight schedule, making timely production of discovery important.

On February 4, 2021, the date your discovery responses were due, you asked for a teleconference to explain that you would not be producing any emails responsive to the discovery requests because the volume was too large for you to review. You stated that you wanted us to work with you in good faith to conduct targeted searches concerning the emails, but that other responsive documents, including all the sales data, would be produced that day. You also agreed that we would reserve all rights concerning the breadth of our discovery requests while working with you to conduct keyword and custodian searches to make the production more manageable for you. We agreed to work in good faith with you.



ALMADANI LAW

Mr. Ron Zdrojeski
Mr. Ian Shelton
Letter re Discovery under L.R. 37-1
February 5, 2021
Page 2


     However, we cannot help but note that you knew or should have known well in advance of the February 4 production date that you were going to withhold all emails (and possibly other communications and correspondence), which is important evidence that should not be withheld. You could have communicated with us in advance of the production date to work out the rolling production you proposed on the date the discovery responses were due. Nevertheless, per your proposal we are willing to work with you on keyword and custodian searches while reserving our right to the full breadth of our requests.

     Regardless, because of the short timeline we have and the lack of any transparency up to now as to what you will produce by way of communications and when they will be produced, please be advised that this letter triggers our 10-day meet and confer period under L.R. 37-1 concerning Defendants' failure to produce any e-mails, social media messages, correspondence, or other communications responsive to our document demands, including Requests for Production of Document Nos. 21 through 32.

     We understand that you have the responsive documents and communications loaded on an e-discovery platform, which means searches reflecting volume can be done with very little effort and in a short amount of time. By noon Monday Pacific Time, please provide us the volume of documents for the following keywords and custodians

| Keywords | Custodians |
|---|---|
| pric! | All |
| markdown! | Mahmud Kamani |
| discount! | Carol Kane |
| promo! | Umar Kamani |
| sale! | John Lyttle |
| market! | Neil Catto |
| advertis! | Natalie McGrath |
| psych! | Christina McGonagle |
| behavior! | Jackie Felice |
| fake | Lissette Cid |
| false | Kayla Goddard |



ALMADANI LAW

Mr. Ron Zdrojeski
Mr. Ian Shelton
Letter re Discovery under L.R. 37-1
February 5, 2021
Page 3

| | |
|---|---|
| original!<br>fraud!<br>violat!<br>competi!<br>decep!<br>reference<br>consumer! | Alisia Jimenez<br>Kelley Churukian<br>Ashley Thomas<br>Sam Brocklebank<br>Rob Davies<br>Andrew Thompson<br>Danielle Robinson<br>Laura McKellar<br>Murray Beckett<br>Jocelyn Thurlow<br>Darren Johnson<br>Anjeli Patel<br>Kelly Byrne (Nasty Gal)<br>Claire Asher (Nasty Gal)<br>Asia Riaz (Nasty Gal)<br>Nicki Capstick (PLT)<br>Gemma Dunne (PLT)<br>Mark Baker (PLT)<br>Jonathan Haycock (PLT) |

These are the keywords and custodians that come to mind at present. There may be additional keywords and custodians we will need you to search.

As a final matter, please note that we will not engage in mediation without responsive documents, including emails and other communications and correspondence, which means that if Defendants are interested in early resolution, then they should produce the documents quickly. We owe obligations to our clients and the class and must engage in a proper review before discussing settlement. Please be advised that, depending on the date of production, we may need to continue the mediation date. We hope that will not be the case and that you will work diligently to provide us with the requested discovery.



ALMADANI LAW

Mr. Ron Zdrojeski
Mr. Ian Shelton
Letter re Discovery under L.R. 37-1
February 5, 2021
Page 4

We look forward to working with you on this.

Sincerely,

ALMADANI LAW

Yasin M. Almadani
Attorney at Law

AI LAW

Ahmed Ibrahim
Attorney at Law

# EXHIBIT 20



February 10, 2021

**VIA E-MAIL**

Ron Zdrojeski
Ian Shelton
Eversheds Sutherland (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
ronzdrojeski@eversheds-sutherland.com
ianshelton@eversheds-sutherland.com

Re:     *Khan v. Boohoo.com USA Inc., et al.*, No. 03332-GW-JEMx (and other matters
          consolidated for pretrial purposes)
          Defendants' Responses to Plaintiffs' RFPs, RFAs, and ROGs

Dear Counsel,

This is a follow up letter to our Local Rule 37-1 correspondence dated February 5, 2021, and to respond to your letter dated February 8, 2021.  Before a formal motion to compel is filed by way of the joint stipulation procedure set forth in Local Rule 37-1, we would like to schedule a meet and confer call this Friday, February 12, 2021 at 11:00 a.m. Pacific Time.  Please let us know if you are available to have a call at that time.

**A.     Defendants Failed to Produce Any E-Mails or Other Communications**

As you know, in this case, Plaintiffs allege Defendants misled the Class by advertising false reference prices and fake sales in connection with the sale of their merchandise on http://us.boohoo.com, http://prettylittlething.us, and http://nastygal.com. Plaintiffs therefore propounded requests for production of documents targeting Defendants' e-mail and other written communications relating to their practice of utilizing reference prices and sales on their websites during the class period.  (*See* Khan RFP Nos. 21-29; Hilton RFP Nos. 21-29; Lee RFP Nos. 21-29.)  For example, Khan requested that the Boohoo Defendants produce:

> Any and all internal memoranda, correspondence, e-mails, social media messages, or other DOCUMENTS exchanged between or amongst YOUR officers, directors, employees, contractors, or agents relating to (a) REFERENCE PRICES

**Tel** 949 266 1240  **Fax** 949 266 1280  **E-mail** aibrahim@ailawfirm.com
4695 MacArthur Court, Suite 1100, Newport Beach, CA 92660

Ron Zdrojeski
Ian Shelton
February 10, 2021
Page 2

> ADVERTISED on YOUR WEBSITE during the CLASS PERIOD, or (b) the use of sales, discounts, markdowns, or promotions in connection with ADVERTISING YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD.

(Khan RFP 23.)  Because these requests are directed specifically to the subject matter of this litigation—namely, the use of reference prices and of sales, discounts, promotions, and markdowns on your clients' websites—these requests are narrowly tailored.  We are at a loss to understand why you believe these requests are overbroad.

That the volume of responsive communications is high is not uncommon for litigation of this size covering three separate lawsuits, three websites, and a class period covering more than four years.  Moreover, it is not a problem of Plaintiffs' making.  Plaintiffs propounded narrowly tailored requests.  It is Defendants' job to produce documents responsive to the requests within their possession, custody, or control.

However, Defendants failed to produce a single e-mail by the response deadline.  This is unacceptable.

Defendants also complain that the volume of e-mails as reported in your letter dated February 8, 2021, does not include the list of persons ("custodians") compiled by Plaintiffs whose e-mail inboxes should be searched.  However, this list cannot possibly be objectionable because it consists largely of the witnesses Defendants have themselves self-selected in their initial disclosures and Interrogatory answers.  (*See*, *e.g.*, Khan Interrogatory Nos. 11-13.).  Indeed, in addition to this list of persons, Plaintiffs identified witnesses in the U.S. who work in marketing for one of the Defendant companies along with key executives identified by name in the RFPs.  (*See*, *e.g.*, Khan RFP Nos. 25-29.)

As a first step towards coming into compliance with Defendants' obligations to comply with the above-referenced Requests for Production of Documents, Plaintiffs demand Defendants produce:

1.      all communications you identified in your letter as having less than 7,750 "unique hits," which you found by running the search terms **markdown\*, discount\*, advertis\*, psych\*, behavior\*, fake, FALSE, fraud\*, violat\*, compete\*, decep\*, and consumer\*** by Friday, February 19, 2021.  We expect that this production will include the communications of all custodians we identified in our February 5 letter.

Ron Zdrojeski
Ian Shelton
February 10, 2021
Page 3

     2.     all communications you identified in your letter as having less than 50,000 "unique hits," which you found by running the search terms **pric\*, promo\*, original\*, and reference** by Friday, February 26, 2021.  We expect that this production will include the communications of all custodians we identified in our February 5 letter.

     3.     on a rolling basis over the month of March all remaining communications you identified in your letter, which consist of communications found by running the search terms **sale\*** and **market\***.  We expect that this production will include the communications of all custodians we identified in our February 5 letter.

**B.    Defendants' Sales Data (RFP Nos. 1-5; Interrogatory Nos. 1-6)**

     In our call, we would like to understand more about the sales data Defendants have produced.  Among other things, we would like to know whether Defendants have produced all of the data we requested (i.e., for all three websites and for the entirety of the class period) and what do the various columns in the sales data spreadsheets represent?  We hope we can avoid any motion practice with regards to these RFPs and Interrogatories.

**C.    Defendants Refuse to Produce Documents Responsive to RFP Nos. 6-9, 10-13, 14-18, 21-22, 33-34.**

     Defendants refuse to produce documents responsive to:

- **RFPs Nos. 6-9** (surveys and analyses re:  reference prices, offering of sales, discounts, markdowns, etc., and your customer demographics),
- **RFP Nos. 10-13** (internal and investor Powerpoints, memos, and reports re: reference prices, and offering of sales, discounts, markdowns, etc.)
- **RFP Nos. 14-18** (documents concerning the purchases of the class representatives and communications with the class representatives)
- **RFP Nos. 21-22** (memos, reports, training materials, policies, and procedures re: reference prices, and offering of sales, discounts, markdowns, etc.)
- **RFP Nos. 33-34** (memos, guides, manuals, handbooks re:  training of employees regarding reference prices, and offering of sales, discounts, markdowns, etc.)

     All of these documents are plainly relevant to the subject matter of this lawsuit.  With these documents, we intend to prove that Defendants had a companywide policy and practice during the class period of advertising false reference prices and fake sales on their websites from which class members made their purchases.  Therefore, unless you are conceding the Rule 23 elements or that common issues predominate, the

Ron Zdrojeski
Ian Shelton
February 10, 2021
Page 4

requested materials must be produced because they are relevant to Plaintiffs' motion for
class certification.

The only documents you have agreed to produce are "internal and third-party
reports, analyses, and presentations concerning internal or competitor data on styles,
internal or competitor data on pricing, or reference prices and advertising for Boohoo
related brands."  With the collective decades of experience on your side of the case, it is
astonishing that your understanding of your discovery obligations in federal court litigation
is that a party may simply produce what it wants to produce and nothing else.  That is not
how the process works. Withholding discovery is a waste of resources and is
sanctionable.  As a courtesy, before we move to compel and possibly move for sanctions
in light of the brazen discovery violation, we ask that you produce all responsive
documents immediately.

**D.      Defendants Refuse to Provide Substantive Answers to Interrogatory Nos. 7.
         9, 14, 15, and 16.**

As with the document demands, it is unfortunate that Defendants elected to forge
a similar path of obstruction and stonewalling with regards to their answers to Plaintiffs'
Interrogatories.   Defendants copied and pasted the same boilerplate answer to
Interrogatory Nos. 7, 9, 14, and 16.  Defendants' answer, however, does not come close
to actually answering the questions posed by the Interrogatories.   All of these
Interrogatories deal with what Plaintiffs contend is Defendants' uniform practice of
advertising reference prices that are false because they never (or rarely) sold their
merchandise at the advertised reference prices.  The answer the lawyers have drafted
avoids having to admit the uncomfortable truth that Defendants simply chose to
misrepresent the truth to customers during the class period about their prices—and
elected to do so as a classwide practice.  To avoid a motion to compel, please produce
compliant, amended answers immediately.

In addition, Defendants failed to provide any substantive answer to Plaintiffs'
Interrogatory No. 15.  This Interrogatory was propounded in anticipation of Defendants
arguing, as they did in their motion to dismiss and strike, that Plaintiffs should not be
permitted to pursue a nationwide class.  If you have decided to drop that argument, please
let us know.  If not, please provide an amended answer to Interrogatory No. 15.

**E.      Defendants Refuse to Provide Substantive Answers to Requests for
         Admission Nos. 1-6, 8, 11-15, 18-21.**

Defendants refused to answer Requests for Admission (RFA) Nos. 1-5, 11-15, 18-
20 concerning the frequency with which they sold and offered products at advertised

Ron Zdrojeski
Ian Shelton
February 10, 2021
Page 5

reference prices. Because these requests go directly to the uniformity of Defendants' unlawful practice, they are plainly relevant to class certification. The complexity of the mathematical calculations are grossly exaggerated. As reflected by the production, the data is available in databases. Defendants track the reference price and state of each purchaser for each transaction. Therefore, Defendants, which use state of the art data analytics software and employ data analytics engineers, are more than capable of using the tools and expertise on hand to answer these Requests.

Defendants also incredibly refuse to provide any answer to RFA Nos. 8 and 21. RFA No. 8 asks you to "[a]dmit that YOU ADVERTISED REFERENCE PRICES for YOUR PRODUCTS on YOUR WEBSITE during the CLASS PERIOD." RFA No. 21 asks you to "[a]dmit that YOU ADVERTISED REFERENCE PRICES on YOUR WEBSITE across all of YOUR product lines (excluding beauty products) during the CLASS PERIOD." Contrary to your objections, these requests are not vague. We defined the capitalized terms and even included a screenshot example from your websites concerning what a reference price is. The requests also do not call for expert opinion. As the parties who operated the websites and sold merchandise, Defendants—not paid experts—would know whether Defendants used reference prices during the class period. Moreover, this case is about false reference prices. There is thus no argument that the request is irrelevant or is not appropriate for class certification. Defendants' failure to respond is sanctionable.

Accordingly, please provide substantive responses to RFA Nos. 1-5, 8, 11-15, and 18-21 that comply with Rule 36 without further delay.

Finally, Defendants' answer to RFA No. 6 is profoundly evasive. Incredibly, Defendants contend they do not know if they have sold products exclusively on their website. Defendants answer: "Defendants lack sufficient information to admit or deny whether each and every product sold on the website during the class period was sold exclusively by Defendants." Defendants, in their response to Interrogatory No. 16 contend that "Boohoo considers its products exclusive to Boohoo. However, Boohoo cannot rule out that if Boohoo buys garments from a wholesaler, the same wholesaler may sell the same products to a competitor." Plaintiffs clearly were not asking about garments similar to those sold by Defendants that may be sold by wholesalers to competitors. Rather, the requests asks about Defendants' "PRODUCTS"—defined as "the merchandise YOU sell on YOUR WEBSITE . . ." Please amend your answer immediately.

Ron Zdrojeski
Ian Shelton
February 10, 2021
Page 6


**F.      Conclusion.**

We hope we can work together to resolve these issues.  Judge Wu has ordered a tight schedule for class certification and we have many depositions we will need to schedule and coordinate after we have received the discovery.  If Defendants are unwilling to cooperate and insist on pursuing meritless objections and continuing to withhold documents, we will unfortunately be left with no choice but to initiate the motion to compel procedures under Local Rule 37-1.

Sincerely,

Ahmed Ibrahim, Esq.

Yasin M. Almadani, Esq.

Attorneys for Plaintiffs

# EXHIBIT 21



February 17, 2021

**VIA E-MAIL**

Ron Zdrojeski
Ian Shelton
Eversheds Sutherland (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
ronzdrojeski@eversheds-sutherland.com
ianshelton@eversheds-sutherland.com

Re:   *Khan v. Boohoo.com USA Inc., et al.*, No. 03332-GW-JEMx (and other matters
        consolidated for pretrial purposes)
        Follow Up Regarding Defendants' Responses to Plaintiffs' Written Discovery

Dear Counsel,

       Thank you for participating yesterday in the Local Rule 37-1 telephone conference to discuss Defendants' responses to Plaintiffs' Requests for Production of Documents, Interrogatories, and Requests for Admission.  This letter memorializes the topics we discussed and action items.

       1.       We agreed to have another call tomorrow (i.e., Thursday, February 18), to discuss items we were not able to get to in sections C through E of our letter dated February 10 (relating to Defendants' Interrogatory, RFA, and RFP responses), and to hopefully get answers to the questions we raised during the call, including those set forth below.

       2.       We went through the chart of search terms and number of hits in your letter dated February 8 and you agreed to prioritize the production of documents with less than 20,000 document hits, as identified in your February 8 letter.  As discussed, this covers documents returned from the following search terms:  **psych*** (10,188 hits with only 784 unique hits), **behavior*** (5,080 hits with only 618 unique hits), **fake** (8,403 hits with only 680 unique hits), **False** (18,675 hits with only 5,533 unique hits), **fraud*** (16,658 hits with only 4,195 unique hits), **violat*** (5,661 hits with only 873 unique hits), and **decep*** (358 hits with only 8 unique hits).  Given the low volume, we believe these emails can and should be produced within the next week.  As discussed, this is only an initial step to try to prioritize the production of communications covered by RFPs 21-29 and should not be

Ron Zdrojeski
Ian Shelton
February 17, 2021
Page 2

construed as a waiver of our right to receive additional communication documents covered by our requests.

3.      We requested that you explain to us what you meant by the phrase "unique hits" in your letters dated February 8 and 11.  Although you provided a cursory explanation, you indicated that you need to consult with one of the other attorneys on your team who was unavailable for the call to make sure you are giving us accurate information. We also would like a clear understanding of the accurate document count *after* de-duplication.

4.      We requested that you identify for us which column on the sales data spreadsheets denotes the (a) reference prices displayed on your clients' websites (a phrase we define in our discovery requests and complaints with screenshots, and which Ian referred to in the call as the "strikethrough price"), along with (b) the sale price for which the item was actually sold.  We also requested that you provide us with a key or legend containing a short explanation of what each column in the sales data spreadsheets (both the CSV and PSV files) means. You indicated that you would ask your client and get back to us on these issues.

5.      To make our evaluation of damages more efficient, we asked that your client provide us with summary level data that provides total sales and the other figures listed in the spreadsheets for each website during the class periods.  Ideally, these reports would provide us with totals for California versus the United States broken down by website and year.  You agreed that this would be useful and indicated you would discuss the issue with your client.

We look forward to continuing our discussion tomorrow in the hopes we can narrow our discovery disputes.  Please be advised that nothing stated herein should be construed as a waiver of any right to pursue a motion to compel further responses or documents pursuant to the procedures set forth in the Local Rules.

Sincerely,

Ahmed Ibrahim, Esq.

Yasin M. Almadani, Esq.

Attorneys for Plaintiffs

# EXHIBIT 22



YASIN M. ALMADANI
ATTORNEY AT LAW

4695 MacArthur Ct., Ste. 1100
Newport Beach, CA 92660
Tel: (213) 335-3935
Fax: (213) 296-6278
yma@LawAlm.com

February 18, 2021

Mr. Ron W. Zdrojeski
Mr. Ian Shelton
Eversheds Sutherland
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
(212) 389-5076
ronzdrojeski@eversheds-sutherland.com
ianshelton@eversheds-sutherland.com

RE: *Case No.: 2:20-cv-03332-GW-JEMx, Farid Khan v. Boohoo.com USA, Inc., Boohoo.com UK Limited, (Lead Case), consolidated with Hilton v. PrettyLittleThing USA Inc., et al., No. 2:20-cv-04658-GW-JEMx and Lee v. NastyGal.com USA Inc., et al., No. 2:20-cv-04659-GW-JEMx*

Follow-up Letter re Discovery under L.R. 37-1

Dear Counsel:

I'm following up on our numerous calls, emails, and letters pursuant to L.R. 37. As you alluded to in your last letter, our previous call was unnecessarily heated, but the fault was on both sides, not just ours. I am glad that we were able to discuss the issue on the phone this morning and resolve it.

Turning to the substantive issues relating to Plaintiffs' discovery, Defendants unfortunately continue to refuse to answer simple questions like which columns in your spreadsheets denote sale prices and reference prices (as specifically defined in our discovery requests)—a question we have been asking for quite some time now. We cannot imagine why you insist on withholding this basic information. It goes to the heart of the case and is important for both class certification and mediation.

The meet and confer process is meant to provide clarity and resolution. However, some parties misuse it as a vehicle to obstruct and delay discovery. We take you at your word that you want to proceed in good faith, but your refusal to provide basic discovery speaks otherwise. Out of respect and courtesy, we have



ALMADANI LAW

Mr. Ron Zdrojeski
Mr. Ian Shelton
Follow-up Letter re Discovery under L.R. 37-1
February 18, 2021
Page 2

given you more latitude than we would others but none of our calls have been productive—every time, you beat around the bush and kick the can to another call. We cannot keep doing this. We believe we have discharged the meet and confer obligation with respect to the issues raised in our letters, and seem to be at an impasse.

As a courtesy, if you think another call can be fruitful, we would be willing to have a call early next week with the caveat that you answer the following two questions clearly in writing:

(1) Which columns in the CSV and PSV spreadsheets denote reference prices (as defined in our discovery requests) and which columns denote the actual sale prices?

(2) Clearly explain what the term "unique hits" in your letters means. We are not looking for a convoluted lawyer answer. Simply, how did your e-discovery vendor define it in your database as of the date of your February 8 letter?

We believe that answers to these basic questions may actually help us make progress with discussing the e-mails and other communications that need to be produced, and we would take your answers as a sign that another call may be productive. Otherwise, there is no point in wasting each other's time. We will take your last letter as your final word.

/ / /


/ / /



ALMADANI LAW

Mr. Ron Zdrojeski
Mr. Ian Shelton
Follow-up Letter re Discovery under L.R. 37-1
February 18, 2021
Page 3

Please let us know by tomorrow.

Sincerely,

ALMADANI LAW

Yasin M. Almadani
Attorney at Law


AI LAW

Ahmed Ibrahim
Attorney at Law

# EXHIBIT 23



## ALMADANI LAW

YASIN M. ALMADANI
ATTORNEY AT LAW

4695 MACARTHUR CT., STE. 1100
NEWPORT BEACH, CA 92660
TEL: (213) 335-3935
FAX: (213) 296-6278
yma@LawAlm.com

March 8, 2021

Mr. Ron W. Zdrojeski
Mr. Ian Shelton
Eversheds Sutherland
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
(212) 389-5076
ronzdrojeski@eversheds-sutherland.com
ianshelton@eversheds-sutherland.com

RE: *Case No.: 2:20-cv-03332-GW-JEMx, Farid Khan v. Boohoo.com USA, Inc., Boohoo.com UK Limited, (Lead Case), consolidated with Hilton v. PrettyLittleThing USA Inc., et al., No. 2:20-cv-04658-GW-JEMx and Lee v. NastyGal.com USA Inc., et al., No. 2:20-cv-04659-GW-JEMx*

Follow-up Letter re Discovery under L.R. 37-1

Dear Counsel:

      I'm following up on our numerous calls, emails, and letters pursuant to L.R. 37. In efforts to meet and confer, the parties exchanged approximately nine letters and participated in at least three telephonic conferences over the course of a month. Despite these efforts, Defendants' responses and document production remain deficient and thereby unduly prejudice Plaintiffs' ability to meet their class certification burden, as explained in our previous letters, phone calls, and in the attached joint stipulation in support of Plaintiffs' motion to compel further discovery responses. Please kindly provide your responses as soon as possible, but no later than March 12, 2021, as required by L.R. 37.

/ / /


/ / /



ALMADANI LAW

Mr. Ron Zdrojeski
Mr. Ian Shelton
Follow-up Letter re Discovery under L.R. 37-1
March 8, 2021
Page 2

        Plaintiffs reserve all rights.

                      Sincerely,

                      ALMADANI LAW

                      Yasin M. Almadani
                      Attorney at Law

                      AI LAW

                      Ahmed Ibrahim
                      Attorney at Law

# EXHIBIT 24

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

EVERSHEDS
SUTHERLAND

February 8, 2021

**Via E-Mail**

ALMADANI LAW                         AI LAW, PLC
Yasin M. Almadani                    Ahmed Ibrahim
14742 Beach Blvd., Suite 410         4343 Von Karman Ave, Suite 250
La Mirada, CA 90638                  Newport Beach, CA 92660
Phone: 213-335-3935                  Phone: 949-260-1240
Fax: 213-296-6278                    Fax: 949-260-1280
yma@lawalm.com                       aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA,  Inc.*,
        *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v.
        PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v.
        NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

        <u>Response to February 5, 2021 Letter re Discovery under L.R. 37-1</u>

Dear Counsel:

I am writing to in response to your letter date February 5, 2021. Pursuant to your request, we
ran the following search terms, which yielded the below results:

| Name | Documents with hits | Documents with hits, including group | Unique hits |
|------|---------------------|--------------------------------------|-------------|
| pric* | 219,720 | 328,602 | 44,212 |
| markdown* | 35,528 | 53,391 | 2,701 |
| discount* | 109,921 | 181,994 | 7,707 |
| promo* | 244,045 | 351,562 | 33,151 |
| sale* | 527,595 | 660,895 | 223,984 |
| market* | 536,857 | 732,782 | 179,490 |
| advertis* | 49,925 | 73,971 | 7,485 |
| psych* | 10,188 | 20,454 | 784 |
| behavior* | 5,080 | 15,006 | 618 |

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under
Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

February 8, 2021
Page 2

| fake | 8,403 | 17,075 | 680 |
| FALSE | 18,675 | 42,120 | 5,533 |
| original* | 126,576 | 186,574 | 35,682 |
| fraud* | 16,658 | 30,456 | 4,195 |
| violat* | 5,661 | 11,281 | 873 |
| competi* | 71,754 | 107,051 | 7,735 |
| decep* | 358 | 793 | 8 |
| reference | 83,222 | 131,317 | 26,120 |
| consumer* | 39,923 | 60,212 | 5,345 |

As you can see, the term "sale" alone received over 500,000 hits, which at this point does not include all of the custodians Plaintiffs requested. It would seem reasonable to conclude that adding yet more custodians would only serve to enlarge the number of hits. As Plaintiffs are well aware, the court ordered discovery narrowly tailored to class certification. We do not believe that the review of hundreds of thousands of documents and emails across dozens of custodians can reasonably be described as narrowly tailored.

We hope to continue to work together to narrow the discovery requests to a reasonable number and scope. We believe that if you are able to send us search terms, custodians, and/or date ranges that rationally narrow the discovery requests, then we can continue to timely produce documents to you on a rolling basis.

If we work together, we believe that the mediation can take place in March as planned. However, if you have concerns with mediation going forward, then we should postpone. Please let us know your position.

Finally, given that we reached out to you in good faith last week in the hopes of initiating a productive dialogue in narrowing discovery requests and avoid debate with you, we were somewhat surprised by your letter and its tone. Unless you can point us to specific authority, we are under no obligation to disclose document production objections prior to a discovery deadline, and our objections to your requests were timely served on February 4, 2021. We were not privy to your requests, including their scope, until January 5, 2021.  At your request, we prioritized and produced approximately 28 GB of data related to Defendants' pricing and sales, the central issue in the case, in addition to other documents related to those issues.

In conclusion, we continue to look forward to working together to resolve these discovery disputes and this case in an effective and prompt manner.

Sincerely,

/s/

Ronald W. Zdrojeski

# EXHIBIT 25

**EVERSHEDS SUTHERLAND**

Eversheds Sutherland (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

February 11, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA, Inc.*, *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

**Response to February 10, 2021 Letter re: Discovery under L.R. 37-1**

Dear Ahmed and Yasin,

Thank you for your letter. We want to be very clear that we take our responsibility to produce documents and our discovery obligations very seriously.  In that regard, to date, we have provided approximately 58GB of data consisting of, to the extent available, pertinent sales and pricing data for all brands over the class period, historical promotional calendars for all brands over the class period, thousands of pricing and marketing reports and analyses, and tens of thousands of email advertisement files, all within days following the service of our discovery responses.  We do not believe it is accurate to suggest that we have not complied with our discovery obligations.  The material we have provided was prioritized because we believe it goes to the heart of the issues in the case.  Further, we do not wish to quarrel about discovery, generally, or the production of emails, specifically. However, we are faced with certain challenges and realities in attempting to meet the demands outlined in your most recent correspondence, and these must be considered:

1.  As a reminder, this is not merits-based discovery. The Court has allowed discovery solely for the purpose of determining whether or not these three matters are suitable for class treatment.  It is apparent from hearings that the Court contemplated that the class discovery the parties are currently undergoing would be narrow in scope.

2.  The scope of documents you request we review and produce would constitute over 1.25 million documents.  This amount of documents would be impossible to review

EVERSHEDS
SUTHERLAND

and produce within the necessary time constraints. Further, the cost alone to review this amount of documents is hard to quantify, but we estimate would be over $3 million.

3.  The processes of document collection, review, and production is all being done during a pandemic, where key people facilitating these tasks are forced to work remotely under stay at home orders, and this results in slower and less effective communication.

4.  A further result of these remote working conditions is limited technological capabilities, which is hampering the collection of this material.

Accordingly, while we strive to work with you to come to an agreement on the production of emails, your demands need to be narrowed.

In our prior letter, we conveyed a hit report, which provided the number of documents within our database run over certain requested custodians that contained those search terms. The "unique hits" information conveyed in our prior letter is important for discerning which terms are likely to be more responsive terms because terms with a lower number of unique hits are showing up more often together with other terms run in that specific search. However, while terms that have a lower number of unique hits may be deemed more likely to be responsive, that does not mean that the resulting documents pulled will not be large. Specifically, Plaintiffs' demands outlined in your February 10 letter yield the following total document counts:

| Search Terms | Total Documents with Hits | Total Documents with Hits, including Family | Plaintiffs' Demand for Production |
|---|---|---|---|
| Markdown* Discount* Advertis* Psych* Behavior* Fake False Fraud* Violat* Compete* Decep* Consumer* | 270,601 | 408,145 | February 19, 2021 |
| pric* promo* original* reference | 375,038 | 469,503 | February 26, 2021 |
| sale* market | 333,521 | 374,758 | Rolling production in March |
| **TOTAL** | **979,160** | **1,252,406** | March 31, 2021 |

February 11, 2021
Page 3

**EVERSHEDS
SUTHERLAND**

Please note the results above were only run across the custodians you requested that were already loaded into our database. We are continuing to upload some of the custodians you identified. Running your proposed search terms over any additional custodians once they are loaded to the database will only increase the number of documents to be reviewed.

It is unclear from your letter why you propose certain custodians, as many of the requested custodians were not listed in Defendants' Initial Disclosures, such as Carol Kane, Natalie McGrath, Jackie Felice, Lissette Cid, Kayla Goddard, Alicia Jimenez, Kelly Churukian, and Ashley Thomas.  As for the remaining requested custodians, it is important to remember that not every single employee mailbox should be searched in order to comply with discovery obligations.  Searching every mailbox is a burdensome task, and Defendants' obligation is to conduct a reasonable search for responsive documents.

As you can see from the results above, to review and produce this number of documents containing hits and their families is unreasonable.  While we want to work with you, the spirit of the discovery rules are violated when discovery is used as a tactical weapon, rather than for its intended purpose. Moreover, given the expense that would be incurred, we cannot help but believe that your request is being used to achieve some litigation advantage or force a settlement regardless of the merits of the case.  Discovery is a tool to be utilized in litigation to *discover* the relevant facts, clarify issues, and build a claim or defense. Plaintiffs' burdensome demand far exceeds the very purpose of conducting discovery.

In an effort to facilitate our negotiations concerning the review of emails and to narrow the number of documents down to a reasonable amount, we have a proposal for your consideration.  We wish to make clear, however, that any agreement to this proposal would not waive Plaintiffs' right to, upon receipt and analysis of responsive emails, renew their requests for additional information consistent with their original discovery requests.  Likewise, Defendants would maintain their right to object to any renewed request to the extent it exceeds what has already been provided.

Our proposal is to run the below search terms over the mailboxes of certain custodians we deem to be relevant:

| Responsive Search Terms | |
|---|---|
| • Inaccurate w/10 pric*<br>• Inflat* w/10 pric*<br>• False W/10 pric*<br>• Decept* w/10 pric*<br>• Mislead* w/10 pric*<br>• Investigat* AND price AND (discount OR percent OR markdown OR strikethrough OR "promo code" or "promotional code" or "coupon code")<br>• Complain* AND price<br>• Polic* AND price AND (discount or percent or markdown or strikethrough or "promo code" or promotional code" or "coupon code")<br>• Procedur* AND (price or market* Or advertis* Or discount or promo* Or coupon or code)<br>• (Comparison or analy* Or data) AND competitor* AND price<br>• Farid Khan<br>• Farid W/2 Khan | • Advertis* AND campaign AND (discount OR percent OR markdown OR strikethrough or "promo code" or "promotional code" or "coupon code")<br>• Complaint W/10 (markdown OR promo* OR sale OR discount)<br>• price W/10 (decrease OR reduce OR cut)<br>• Price W/10 ("too high" OR inflated OR excessive)<br>• price AND ("lower than competitors" OR cheap OR "least expensive" OR "beat competitors" or (lowest W/5 market) )<br>• Pric* w/5 (percent* OR original OR reference OR regular OR retail OR former OR inflated OR reduc* OR strike-through OR markdown)<br>• Zara AND price<br>• H&M AND Price |

**EVERSHEDS SUTHERLAND**

|  |  |
|---|---|
| • Haya Hilton | • Misguided AND Price |
| • Haya W/2 Hilton | • "fashion nova" AND price |
| • Olivia Lee | • "ted baker" AND price |
| • Olivia W/2 Lee | • "Dorothy perkins" AND Price |
| • Reference price | • superdry AND price |
| • Reference W/2 price | • "top shop" AND price |
| • Price W/10 (Inflated or high) | • "top man" AND price |
| • Percent off | • reiss AND price |
| • Percent W/2 off | • quiz AND price |
| • Coupon W/2 codes | |

| Custodians | | |
|---|---|---|
| 1. Mark Baker | 8. Darren Johnson | 15. Tom Duance |
| 2. Murray Beckett | 9. John Lyttle | 16. David Hare |
| 3. Sam Brocklebank | 10. Laura McKellar | 17. Samir Kamani |
| 4. Nicki Capstick | 11. Anjeli Patel | |
| 5. Neil Catto | 12. Danielle Robinson | |
| 6. Rob Davies | 13. Andrew Thompson | |
| 7. Jonathan Haycock | 14. Tom Binns | |

We believe the above list of custodian mailboxes will contain the most relevant information pertinent to this case for purposes of discovery on class certification issues.

To further narrow this reviewable set of documents, we would propose running certain exclusionary terms that are likely to yield privileged documents and irrelevant documents related to Non-U.S. business issues. Removing such documents and their families from the review set would further limit the set of documents to be reviewed.

We would then propose to perform email threading on the review set, which would further limit the documents to be reviewed to include only the most inclusive emails (and all attachments within the email string) into the review database.  With a narrower time frame applied of emails dated July 1, 2019 to present, and the parameters outlined above, the total amount of emails and families to be reviewed under this proposal is **<u>29,835 documents</u>**, 15,186 of which are responsive to your initial set of search terms in your February 10 letter.

If nothing else, this exercise will undoubtedly give the parties a more informed basis to have any future discussions concerning the relevancy of emails and their production. Further, this proposal will provide you with relevant emails more quickly, and we will all be in a better position to discuss in a more informed way why additional material may be necessary. Such discussion, if necessary, would also assist the Court in addressing any discovery issues before it, though we are hopeful to resolve this without the Court's intervention.

If you are agreeable to this proposal, we will begin the review as soon as possible and produce documents to you on a rolling basis as they are available for production, completing the review and production within three weeks from the start of the review. If you have further questions or we need to make additional accommodations to try and reach an agreement, we would be happy to discuss this proposal further.

If we are unable to come to an agreement on this issue, we may need to get the Court involved.  It is our hope that involving the Court will not be necessary.

February 11, 2021
Page 5

EVERSHEDS
SUTHERLAND

We are mindful that your letter expressed concerns about Defendants' discovery responses and objections, which we are taking under consideration. Given the significance of the issue surrounding the production of emails, we wanted to prioritize this issue for your consideration.

Please advise if you will accept this proposal or if you would like to discuss.

Sincerely,

/s/

Ronald W. Zdrojeski

45764081_2

# EXHIBIT 26

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

**EVERSHEDS SUTHERLAND**

February 17, 2021

**Via E-Mail**
ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Phone: 949-266-1240
Fax: 949-266-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA,   Inc.,
        Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v.
        PrettyLittleThing USA Inc., et al.,* No. 2:20-cv-04658-GW-JEMx and *Lee v.
        NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

        <u>**Letter re: Discovery under L.R. 37-1**</u>

Dear Counsel,

We write to follow up on our discussion in our February 16, 2021 meet and confer.

Foremost, we would like to state that even as adversaries, we should be able to work with each other respectfully and presume that we are each acting in good faith. We are finding that increasingly challenging. For example, when you asked what certain terms meant during our most recent meet and confer, the fact that we want to discuss this with our client before responding may reflect that we need to ensure that we are providing you an accurate answer. We are not being evasive; we are simply trying to provide you with accurate information and avoid further threats of sanctions. Your repeated threats of pursuing sanctions against us, Rule 11 or otherwise, is not appropriate or productive to this process.

Further, we cannot engage in discussion if it cannot be done civilly and without resort to profanity. Neither I nor any of my colleagues should be cursed at. *See e.g.,* the Central District of California's Civility and Professionalism Guidelines, available at
http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines ("We will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct"). In this regard, I also ask you to reflect on whether it is appropriate to complain that an attorney was unavailable to answer certain questions when that attorney is in the midst of a well-documented and unprecedented weather emergency in the State of Texas. To be absolutely clear, in the

EVERSHEDS
SUTHERLAND

context of future discussions, questions should be directed to me and to the extent I find it appropriate, I will invite the participation of my colleagues on the call. If you find this unsatisfactory, let me know and I will seek clarity from the Court.

## I.      Defendants' Responses and Objections to Plaintiffs' Discovery Requests

Through your discovery requests, you requested information relating to Defendants' sales and we provided it to you in the way that our clients maintain it. We appreciate given the broad nature of your requests (*e.g.*, all documents and emails relating to "pricing" and "sales") and the extraordinary amount of material that these requests generated, the data you already possess is overwhelming and challenging to discern. However, other than through the tools of discovery – for example a deposition - we have no obligation under the rules to explain this information. Our obligation pursuant to the pending discovery requests concluded with the production of the information to you. *See Caliper Techs. Corp. v. Molecular Devices Corp*, 213 F.R.D. 555, 557 (N.D. Cal. 2003). If you have authority which suggests the contrary we would welcome receipt of that so we may further reflect on our position.

Nonetheless, we appreciate that if we are to mediate this case that you need certain information. We are willing to provide you that information in order to prepare you for the mediation. In that regard, most respectfully, while we acknowledge that you are free to prepare yourself as you see fit, we believe we have insights into our clients' information. We think that at the very least it would be prudent for you to reflect on whether accepting, for example, our proposal regarding the production of emails, would be a convenient and appropriate place to start, especially where, as here, each side could reserve all their requests and/or objections.

Nonetheless, even in the absence of such agreement, we will begin producing emails to you this week.

Also in the spirit of cooperation and in good faith, we ran the searches you requested during the meet and confer (as confirmed in your February 17 letter).  From a population of nearly 2.3 million documents, the report returned 57,627 total documents with hits, and when families are included, the total documents to be reviewed would be 110,911. *See* **Exhibit A**, attached hereto.  The cost to review over 100,000 documents within a week's time would be several hundred thousand dollars.  We do not believe such an expense is reasonable or appropriate given the amounts already incurred by my clients to respond to your discovery requests.  This is especially clear where, as here, the Court ordered narrow discovery designed to assist in reaching a determination on whether class treatment is appropriate.

We believe in good faith that many of our current differences originate from the fact that your discovery requests are overly broad. We would like to discuss them with you further. It may be following that discussion we cannot reach agreement and may need the assistance of the Court. Like you, I hope that is unnecessary, but the mere fact that we might need to avail ourselves of the Court does not mean we are operating in way inconsistent with the rules or deserving of sanctions. We reiterate that "at the precertification stage, discovery in a putative class action is limited to certification issues: *e.g.,* the number of class members, the existence of common questions, typicality of claims, representative's ability to represent the class, etc." *Babbit v. Albertson's, Inc.*, No. C-92-1883 SBA (PJH), 1992 WL 605652, at *2 (N.D. Cal. Nov. 30, 1992) (citations omitted). We also emphasize that Defendants are under the obligation only to provide "relevant facts reasonably available to it" but are "not [] required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B Wright & Miller, Fed. Prac. & Proc. § 2174 (3d ed.).

Thus, your request that we interpret, or assist you in interpreting the documents we provide to you are beyond the scope of our current responsibilities.

**EVERSHEDS**
**SUTHERLAND**

### A.  Defendants' Response and Objections to Plaintiffs' Interrogatories

Courts in California have found that "[a]rgumentative interrogatories, attempts to cross-examine, multiple repetitive interrogatories (such as 'state all facts on which an allegation or a denial is based') are objectionable." *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989) (quoting *Guidelines For Discovery Motion Practice And Trial* (1989)). Thus, Defendants believe they have adequately responded to Interrogatories 7, 9, 14 and 16 as they are repetitive and argumentative. As Plaintiffs wrote in the letter dated February 10, 2021, "[a]ll of these Interrogatories deal with what Plaintiffs contend is Defendants' uniform practice of advertising reference prices that are false because they never (or rarely) sold their merchandise at the advertised reference prices."

We also believe Interrogatory No. 15 is inappropriate at this stage of the litigation. Identifying the physical locations and all persons and activities working within them goes far beyond relevant information to certify the class in this case, and verges on harassment, particularly when Defendants have produced all of the sales data for the entire class period across the entire United States. *See Kennis v. Metro. W. Asset Mgmt., LLC*, No. CV 15-8162-GW(FFMX), 2018 WL 5274166, at *4 (C.D. Cal. June 11, 2018) (Wu, G.) (citations and quotations omitted) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries.").

### B.  Defendants' Responses and Objections to Plaintiffs' Requests for Admission

We believe in many instance, the Requests for Admission ("RFAs") we have not answered are inappropriate, or at the very least, wholly premature. *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (" 'Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.' "). Convoluted requests for admission requiring Defendants to engage in expert analysis of voluminous records concerning issues outside of Defendants' personal knowledge are objectionable. We believe that Plaintiffs' RFAs Nos. 1-5, 8, 11-15, and 18 - 21 are both repetitive and require extensive analysis. Requests for admissions "that are repetitive, voluminous, convoluted, vague, or ambiguous, or that otherwise require extensive analysis or explanation, may be objectionable." Richard D. Kendall, Hon. Richard Seeborg, et al., Federal Pretrial Civil Procedure in California § 23.228[4]; *see also Nelson v. Capital One Bank*, 206 F.R.D. 499, 501 (N.D. Cal. 2001) ("[A]s with all discovery, such requests [for admission] are governed by the principle of proportionality under which consideration must be given to alternative, more efficient means of obtaining the information.") We further believe that these RFAs are not appropriate because RFAs are not to be used as a "substitute for other discovery tools, if other tools are necessary to elicit facts, establish information, or to obtain documents" 7 Moore's Federal Practice - Civil § 36.02 (2020). In fact, RFAs are "not [] discovery devices, since they presuppose that the propounding party knows or believes the facts sought and merely seeks a concession on that fact from the other party." *Jones v. McGuire*, No. CIV S-08- 2607 MCE CKD P, 2012 U.S. Dist. LEXIS 16284, at *16 (E.D. Cal. Feb. 9, 2012). Finally, RFAs No. 8 and No. 21 are improper as courts have found that RFAs "seeking legal conclusions are inappropriate." *Gem Acquisitionco, LLC v. Sorenson Group Holdings*, No. C 09-01484 SI, 2010 U.S. Dist. LEXIS 40175, at *6-9 (N.D. Cal. Apr. 5, 2010).

The goal of RFAs "is to eliminate from the trial matters as to which there is no genuine dispute. . . . . Therefore, requests for admissions are not principally discovery devices, . . . . and they are not to be treated as substitutes for discovery processes to uncover evidence. . . .' " *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citations and quotations omitted). Further, "the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation." *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

February 17, 2021
Page 4

Finally, Defendants do not seek to be evasive in their response to RFA No. 6 when they state they cannot admit or deny whether their items are sold exclusively on their websites. As clearly stated in Defendants response to RFA No. 6 "Boohoo cannot rule out that if Boohoo buys garments from a wholesaler, the same wholesaler may sell the same products to a competitor." Lack of knowledge is permissible where a "reasonable inquiry" has been made by a responding party of "readily obtainable" information. *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1982).

Defendants hope this provides clarity as to the bases for their responses and objections and that this will further facilitate our ongoing dialogue regarding the scope of discovery. We look forward to speaking with you tomorrow at 1:30 PST.

Very truly yours,

/s/

Ronald W. Zdrojeski

## EXHIBIT A

**Results Summary**

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 2,292,837 | 57,627 | 110,911 | 2,181,926 |

| Term | Documents with hits | Documents with hits, including Family | Unique hits |
|---|---|---|---|
| behavior* | 5,378 | 21,141 | 4,378 |
| decep* | 388 | 858 | 146 |
| fake | 8,667 | 17,406 | 4,091 |
| false | 19,090 | 48,506 | 13,250 |
| fraud* | 17,855 | 31,750 | 15,667 |
| psych* | 10,260 | 20,734 | 7,307 |
| violat* | 6,398 | 12,459 | 4,634 |

# EXHIBIT 27

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

EVERSHEDS
SUTHERLAND

February 19, 2021

**Via E-Mail**
ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Phone: 949-266-1240
Fax: 949-266-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA,   Inc.*,
        *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v.
        PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v.
        NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

        **Letter re: Discovery under L.R. 37-1**

Dear Counsel,

I write in response to your February 18, 2021 letter and the phone conversation we had on the same date.

As an initial matter, thank you for your call yesterday, and thank you further for your apology for your behavior during our February 16 meet and confer.  I am prepared to put this issue behind us, and I do not believe we need to indulge further in past history.

**Defendants' Discovery Responses and Meet and Confer Efforts**

Defendants believe it is their obligation, and continue to be willing, to discuss these issues with you in an attempt to come to an agreement, or at least narrow the issues that would require the involvement of the Court.  I note that your letter speaks of frustration in dealing with us, but we are likewise frustrated in dealing with you.  By way of example, you contend that Defendants have refused to produce "basic discovery."  Yet, prior to today, notwithstanding Judge Wu's admonition that this phase of discovery is narrowly limited to class certification issues, we produced over 58 gigabytes (GB) of data, including our sales and pricing information in spreadsheets that span several million pages.  In an effort to get this information to you in a timely and useful way, we produced these spreadsheets in native format.  We also produced historical promotional calendars for all brands over the class period, thousands of pricing and marketing reports and analyses, and tens of thousands of email advertisement files.  These

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

EVERSHEDS
SUTHERLAND

documents were requested by Plaintiffs and identified, collected and produced at considerable burden and expense.

Defendants do not believe that the parties have engaged in a meaningful meet and confer process consistent with the local rules, particularly as to the scope of your overbroad document requests and email search terms that would reduce the review set to a manageable size.  With respect to the production of emails, we gave you an indication of the exorbitant size of the data that is responsive to your overbroad requests (over two million documents).  We attempted to meet and confer with you to narrow this request.  Hearing no guidance, we affirmatively made a search term proposal in our February 11 letter, and noted that you could renew your requests after reviewing the content of that production.  Given Plaintiffs' inability to date to identify any tailored search terms that would meaningfully reduce the volume of data to be reviewed, Defendants are reviewing emails using the search term protocol proposed in our February 11, 2021 letter.

Consistent with that proposal, today we will be producing 119 GB of emails and attachments, consisting of 8,785 documents spanning 76,000 pages (Bates range D00082506-D00159286).  We will continue to produce documents, including emails, on a rolling basis thereafter.

As to the interrogatories and requests for admission, we barely discussed them on our February 16 call.  In our letter dated February 17, we cited case law indicating how we arrived at our position.  At the least, I think we need to have some dialogue to determine how you see this issue differently.  Moreover, we should also discuss whether these requests could be narrowed, tailored, or postponed before concluding we are at an impasse.  If we ultimately ask the Court to resolve any discovery disagreements, I think the Court will expect a much more meaningful effort at engagement and compromise.

**Plaintiffs' Requests for Information**

Your February 18 letter asks Defendants to define certain terms "[a]s a courtesy," but also as an apparent prerequisite to further meet and confer discussions.  This position is inconsistent with the discussion during our February 16 meet and confer, in which you acknowledged that impasse as to certain discovery disputes should not preclude an attempt to resolve others.  While we disagree that we have any obligation under the discovery rules to explain the meaning of documents, we will answer the two questions in your letter in the spirit of compromise, and with the understanding that we will continue to meaningfully meet, confer and *negotiate* next week in an effort to narrow or eliminate our disputes.

### Question 1

As to the first question related to the meaning of certain columns in the PSV files, we are frustrated by this request because your inquiry suggests that you might not have reviewed the PSV spreadsheets we produced—at considerable burden and expense—before claiming you were confused.  We are also frustrated because it appears that Plaintiffs did not conduct a simple Google search regarding PSV-to-CSV file conversion, which was information we provided to you during our February 16 meet and confer call.

Perhaps one of the best illustrations of this is your first question, which asks us to identify the "reference price" and the "sales price" in the PSV files that Boohoo and Nasty Gal produced.  Our U.K.-based client does not use the term "reference price" in its business.  However, if you open the spreadsheet, there are various labeled columns, which are plainly visible and also identified in our responses to the Khan and Lee requests for production:  "website, order date, state, zip code, product code, product description, product category, units, currency, website price, actual sold price, sales tax, estimated cost, and boohoo internal system ID."  The "website price" is the price the item is offered for sale on the website, and the "actual sold price" is the actual sale

February 19, 2021
Page 3

price.  Since these are the only two price categories listed in the PSV spreadsheets, we are not
certain of the source of confusion here.

As to the PrettyLittleThing (PLT) data reflected in the CSV spreadsheets, our responses to the
Hilton requests for production clearly identify the columns in those spreadsheets:
"email/customer ID; order number; order date; SKU code; product description; product
category; gross original price; gross markdown; gross post markdown; gross promotion
discount; gross product sales; net product sales; gross original price LC; gross markdown LC;
gross post markdown LC; gross promotion discount LC; gross product sales LC; net product
sales LC; units; markdown; product cost; region."

We produced these CSV files in native format in the manner maintained by our client, including
column headings.  In any event, as a general matter, the "gross original price LC" is the price of
the item inclusive of sales tax and in local currency, and the "gross product sales LC" is the
actual sales price inclusive of sales tax and in local currency.

   *Question 2*

Your second question asks us to clearly explain how our e-discovery platform (Relativity) defines
"unique hits."   Relativity defines "unique hits" as follows:   "Calculate unique hits - if set to Yes,
this setting includes a Unique hits value for each term in the search terms results. Unique hits is
the count of documents in the searchable set returned by only that particular term. If more than
one term returns a particular document, that document is not counted as a unique hit. Unique
hits reflect the total number of documents returned by a particular term and only that particular
term.  Note: Unique hits can help you identify terms in your search terms report that may be
overly inclusive."

Respectfully, as reflected in this definition, we do not believe a discussion of "unique hits" is
particularly productive.   The relevant metric for purposes of assessing scope and burden of
email review is total hits including "family members," meaning all parts of a group of documents
that are connected to each other for purposes of communication; for example, an email and its
attachments.  If Plaintiffs intend to assist us in reaching a more manageable number of hits,
Plaintiffs need to propose more narrowly defined requests and search terms tied to total hits
including "family members".

**Plaintiffs' Repeated Sanction Threats**

We are conducting a defense of this matter with clients that we have not worked with before,
that we have never met in person, who are based in the U.K., who are not familiar with U.S.
litigation procedures, and with workers working remotely due to United Kingdom stay-at-home
restrictions with limited technological tools available to them.  When we take time to answer
your questions, or request confirmation from the client regarding your inquiries, this is not us
being dilatory.  I can assure you, it is merely the consequence of the current circumstances.

Finally, we take the concerns you present seriously.  I would say, however, that in my
experience, I have not been threatened with sanctions for simply failing to negotiate solutions to
disputes.  Although I appreciate that it is "not personal," as you stated on our February 18 call,
it is not a practice with which I am familiar.  I find such threats unpleasant, unproductive, and I
do not think they are appropriate or consistent with the rules. I say this, especially here,
because I think you both are too skilled to be throwing around such terms lightly.

We hope that you find this information helpful, and we look forward to continuing our meet and
confer discussions next week.  Please provide some proposed times when you are available, and
we will get back with you regarding times that work for us.

EVERSHEDS
SUTHERLAND

Very truly yours,

/s/

Ronald W. Zdrojeski

# EXHIBIT 28

EVERSHEDS
SUTHERLAND

Eversheds Sutherland (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

March 11, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:    Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA, Inc.,*
       *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v.*
       *PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v.*
       *NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

**Discovery under L.R. 37-1**

Dear Counsel,

      Let me start by expressing my hope that you are feeling better and that your health
issues have resolved.  I am writing in response to your letter and proposed motion to the Court
dated March 8, 2021.  I was operating under the impression we would be hearing from you in
response to our invitation to further discuss discovery issues following our letters to you on
these issues and your review, or further review, of our production.

      Thus, your motion was surprising in a number of respects. First, in our last
correspondence dated February 19, we provided you with information understanding we would
continue to meet and confer.  Having not heard from you, we concluded we satisfied your
concerns.  Second, we believe that we need to meet and confer again, especially where, as here,
it is readily apparent that you do not appreciate the material in your current possession.  There
are instances where you are complaining that you did not receive documents when we have
produced all the documents that could be identified following a reasonable search. For example,
you complain in your motion that certain custodians' emails were not produced.  By simply
loading the production into your review platform and running a custodian search by name, or
by simply running (for example) Christina McGonagle's name as a keyword search, you would
learn that Defendants have not only provided emails from Ms. McGonagle's mailbox but also
from the mailboxes of Mahmud Kamani, Umar Kamani, and Carol Kane.  Third, your motion
raises issues that we have never discussed.  For example, we have never discussed your
contention that the produced sales data is unreliable, your belief that Defendants have not
produced pricing and advertising research or studies, or your belief that certain competitor
search terms are irrelevant.  You two are more experienced practitioners before this Court, so
you should have a better idea of what is expected than I do, but my experience is that the Court
would expect us to meet and confer further (especially on issues never before discussed) and,
at the least, narrow these areas of contention.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under
Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

March 11, 2021
Page 2

In an effort to facilitate such a meet and confer session, we have reviewed your motion and have prepared a chart identifying areas of disagreement and, in many instances, identifying sample responsive documents that you already have in your possession where you claim you do not possess any.  A review of these identified materials may satisfy you that we have, indeed, made a production that satisfies our obligations (as we believe). At the least, that review will further inform our discussions and may eliminate or narrow topics of contention.

In general, there are several areas where we appear to be talking past each other.  Defendants have an obligation to conduct a reasonable search and provide to Plaintiffs responsive documents within our possession, custody and control.  We believe we have done so.  If you disagree and suspect other information exists, you have every right to further inquiry, but we do not believe it is appropriate to pursue a motion to compel when we are affirming that we have made a production that satisfies our obligations under the rules.

Regarding Defendants' production of emails, when it became clear to Defendants that the broad discovery requests served by Plaintiffs would result in an enormous amount of emails to be reviewed, we engaged you to try and narrow the universe of documents to be reviewed.  During this process, we affirmatively (and repeatedly) invited a proposal from you for search terms which would yield a sampling of 20,000 to 25,000 documents. We were clear that, in doing so, each side would reserve its rights, respectively.  That is, Plaintiffs would, after a review of the responsive material produced, reserve their right to renew their requests for additional information consistent with their original discovery requests, and Defendants would maintain their right to object to any renewed request to the extent it exceeds what has been provided per the proposal.  After waiting a couple of days on a proposal from you, we affirmatively made a recommendation in our February 11 letter outlining an email search term review protocol, which you neither accepted nor rejected.  Hearing no response, we started reviewing and producing emails per this protocol, and to date we have now produced over 20,000 emails and attachments.  Our purpose in doing so was to provide you with responsive documents so that you may review those documents and refine your requests to facilitate a more meaningful discussion.  Unfortunately, this has not occurred.

This is perhaps best evidenced by the characterizations in your motion regarding the sales data produced as "unreliable gibberish," "misleading and abusive" and "nonsensical." Not only are such characterizations unproductive, but they demonstrate the fact that you do not understand what you have received. The data was produced in the manner in which it is stored and maintained in the ordinary course of business.  To the extent there are entries which do not comport with your understanding of how those documents should exist, with all due respect, is of no consequence. If Plaintiffs have questions or concerns about the data produced and its "reliability," we recommend you use the discovery tools available to you.  We do not believe you have a basis for a motion to compel, as we have produced all the sales data in its native format.  It is also not helpful to make inaccurate accusations and inflammatory comments.

We are willing to make ourselves available to discuss these issues at your convenience. We would encourage you to review the documents we identified in the attached chart to assist you in further review of the nearly 57,000 documents provided to date.  In making this offer, however, please know I may have a conflict arise due to personal issues that may render me unavailable for a call.  I wanted you to be aware in the event we may need to reschedule, and to assure you, I am not trying to evade a discussion.  That aside, we are generally available to meet and discuss and strongly recommend doing so before filing a motion with the Court.

If, after the review of this letter and its attachment, you elect not to engage further, please be advised that the combination of my personal issues and the breadth of your motion precludes a response by Defendants on or before March 15.  We would request an extension to respond by March 26.  Please let us know if you have any objections.

EVERSHEDS
SUTHERLAND

March 11, 2021
Page 3

EVERSHEDS
SUTHERLAND

Very truly yours,

/s/

Ronald W. Zdrojeski

Enclosure

## MTC: SUMMARY CHART

Broadly speaking, below are four main points applicable to Defendants' efforts to review and produce documents to Plaintiffs:

1. Defendants have conducted a reasonable search for the requested information and have produced the documents within its possession, custody, or control. In instances where we have concluded our production, we have noted on the chart below with the letters **PC** in bold, indicating the production to be complete;
2. Defendants produced the data and the documents in the manner in which they are maintained;
3. With respect to the data or the documents produced, Plaintiffs have the right to avail themselves to other discovery tools to evaluate the accuracy of the information provided and Defendants' compliance with the requests; and
4. Judge Wu clearly distinguished between class and merits discovery, indicating that class discovery was a narrow inquiry for the limited purpose of evaluating a motion for class certification.

| Category | Plaintiffs' Allegation | Defendants' Response |
|---|---|---|
| **RFPs 1-5:**<br>**Pricing and Sales Data** | Defendants have not produced complete daily pricing data. | Defendants have produced: (1) all sales data for the three brands during the class period; and (2) the historical promotional calendars for the three brands.  Pricing data is not saved or tracked in Defendants' systems or databases, and Defendants objected on this basis in its discovery responses.  Defendants do not have in their possession "daily price lists" as Plaintiffs surmise.  Pricing data is only captured if a sale is made. Thus, Plaintiffs' assumption that Defendants maintain certain data in a specific way is simply inaccurate.<br><br>**PC** |
| | Defendants have not produced complete sales data. | Defendants produced the United States sales data by product with the pricing information for the class period, to the extent available:<br>- PrettyLittleThing (2/29/2016 to 1/28/2021)<br>- Boohoo/BoohooMAN (3/28/2016 to 1/24/2021)<br>- Nasty Gal (2/28/2017 to 1/24/2021)<br>Boohoo, BoohooMAN, and Nasty Gal were produced in the same spreadsheets because that is how the data is maintained in the |

| | | |
|---|---|---|
| | | regular course of business.  The sales information was available for Nasty Gal starting on February 28, 2017.<br><br>**PC** |
| | Defendants' sales data is unreliable because some entries are in a currency other than USD, some list the "actual sold price" as higher than the "website price," and Plaintiffs cannot understand how "Gross Original Price" reflects multiple reference prices advertised on the same day. Defendants' spreadsheets contain "unreliable gibberish," is "misleading and abusive" and "nonsensical." | Defendants produced the data in the manner in which it was maintained. If Plaintiffs have questions or concerns about the data produced, they have every right to notice a deposition or draft an interrogatory to further investigate how documents or data are maintained or stored in Defendants' systems.<br><br>**PC** |
| | Defendants will not confirm or deny whether they have produced reference price information. | By letter dated February 19, 2021, in response to Plaintiffs' inquiry, Defendants clarified that, for the Boohoo and Nasty Gal sales spreadsheets, "the 'website price' is the price the item is offered for sale on the website, and the 'actual sold price' is the actual sale price." For the PLT data, the "gross original price LC" is the price of the item inclusive of sales tax and in local currency, and the 'gross product sales LC' is the actual sales price inclusive of sales tax and in local currency."  If Plaintiffs have questions or concerns about the data produced, Plaintiffs have the right to avail themselves to other discovery tools to evaluate the accuracy of the information provided or how that information is maintained or stored.<br><br>**PC** |

| | Defendants have produced "giant data dump spreadsheets." | Defendants have millions of sales transactions per year, per brand in some instances. Plaintiffs requested all sales data for the entire class period, and Defendants have provided this information. If Plaintiffs have questions or concerns about the data produced, Plaintiffs have the right to use discovery tools to evaluate the information provided.<br><br>**PC** |
| --- | --- | --- |
| **RFPs 6-13, 21-22, 33-34:  Pricing and advertisement policies and practices, research, training materials** | Defendants refuse to produce their policies and procedures concerning reference pricing practices and markdowns/discounts.<br><br>Defendants refuse to produce memos, marketing research, survey analyses, and training materials. | To the extent these materials exist, they have been produced. For example, Defendants have produced internal and external presentations, reports, and studies conducted that concern and influence decisions on pricing and advertising. *See, e.g.*, Boohoo Price & Range Survey on USA Women's Clothing (D00000127-186); Edited Report on Jumpsuits, Playsuits and Shorts containing price point analysis for Boohoo dated November 2018 (D00011605-D00011611).  Further, Defendants have produced consumer research and brand monitoring reports containing studies and data on Defendants' brands. *See, e.g.*, Nasty Gal USA & UK Customer Research, Mar. 2018 (D00223265-223371); Boohoo Brand Metrics and Brand Awareness Report for USA, Aug. 2020 (D00223372-223378); PLT Brand Metrics and Brand Awareness Report for USA, Nov. 2020 (D00223647-D00223658); *see generally*, Production 5 in its entirety for brand awareness reports.  Such information is utilized by Defendants' to make decisions on pricing and advertising.<br><br>The above documents are only a few examples, and the cover letters to Defendants' productions describe each production, which should assist the Plaintiffs in identifying these materials.  Plaintiffs should review materials already in their possession to determine if they have further questions.<br><br>**PC** |

| RFPS 23-29:<br>**Emails and other communications** | Defendants' approach to search for and produce emails and other communications is flawed because it omits relevant information, like the concept of reference pricing. Because Defendants do not use the exact term "reference price," they claim no responsive discovery can be produced, which is "nonsense." Defendants' recent production omits e-mails related to reference prices.<br><br>Defendants' RFPs on these critical issues (use of reference prices, representations to customers they are buying discounted, marked down or products on sale) are narrowly tailored and these issues are highly relevant to class certification. | When the term "price," for example, is run through Defendants' database of potentially relevant documents, there are over 300,000 documents that hit on this term.  Given the limited purpose of this production, we have repeatedly asked for a set of search terms that would result in a more appropriate number of documents.  In order to assist in establishing an appropriate set of search parameters, we have repeatedly asked for a set of terms that would produce a sample set of 20,000 to 25,000 documents to further inform our discussion in an effort to narrow this request. In doing this, we have been clear that each side would reserve its rights, to either renew its requests or stand on its objections, following the review of this sample set of documents. Plaintiffs have not undertaken to respond or provide a proposal.  In an effort to facilitate further discussion, we put Plaintiffs on notice of a proposal using the following terms via letter dated February 11:<br><ul><li>Inaccurate w/10 pric*</li><li>Inflat* w/10 pric*</li><li>False W/10 pric*</li><li>Decept* w/10 pric*</li><li>Mislead* w/10 pric*</li><li>Investigat* AND price AND (discount OR percent OR markdown OR strikethrough OR "promo code" or "promotional code" or "coupon code")</li><li>Complain* AND price</li><li>Polic* AND price AND (discount or percent or markdown or strikethrough or "promo code" or promotional code" or "coupon code")</li><li>Procedur* AND (price or market* Or advertis* Or discount or promo* Or coupon or code)</li><li>(Comparison or analy* Or data) AND competitor* AND price</li><li>Reference price</li><li>Reference W/2 price</li></ul> |

| | | |
|---|---|---|
| | | <ul><li>Price W/10 (Inflated or high)</li><li>Percent off</li><li>Percent W/2 off</li><li>Coupon W/2 codes</li><li>Advertis* AND campaign AND (discount OR percent OR markdown OR strikethrough or "promo code" or "promotional code" or "coupon code")</li><li>Complaint W/10 (markdown OR promo* OR sale OR discount)</li><li>price W/10 (decrease OR reduce OR cut)</li><li>Price W/10 ("too high" OR inflated OR excessive)</li><li>price AND ("lower than competitors" OR cheap OR "least expensive" OR "beat competitors" or (lowest W/5 market) )</li><li>Pric* w/5 (percent* OR original OR reference OR regular OR retail OR former OR inflated OR reduc* OR strike-through OR markdown)</li><li>Other search terms included the named Plaintiffs, as well as various competitor names and the term "price."</li></ul>These search terms, with other limiters to exclude potentially privileged documents and the application of email threading, yielded 29,835 documents.  We reviewed this set of documents and approximately 20,000 responsive emails from this review were produced to Plaintiffs (we note that ultimately we reviewed more than the amount suggested in the February 11 letter, as we included 5 additional custodians, for a total of 22 custodians, to accommodate Plaintiffs' request, and extended the time period to begin on January 1, 2019). |
| | Defendants failed to produce a single e-mail or other communication by the response | Defendants timely responded to Plaintiff's discovery requests within 30 days of service and made a production on that day.  Defendants served objections concerning the breadth of the email requests and |

| | | |
|---|---|---|
| | deadline of February 4, 2021, even though the case had been pending for almost a year. | have repeatedly engaged in an effort to narrow these overbroad and burdensome requests. Despite the lack of response from Plaintiffs, we have unilaterally conducted a search of emails and produced over 20,000 emails and documents to serve as the basis for Plaintiffs to reformulate their requests. |
| | Plaintiffs readily admit that "it is not Plaintiffs' role to define for Defendants how they conduct their searches." Plaintiffs' responsibility was to propound narrow requests and Defendants' responsibility was to perform a reasonable search and produce responsive documents within their care, custody, or control. | Defendants agree we are in the best position to conduct searches of relevant custodians and provide documents responsive to Plaintiffs' requests within Defendants' possession, custody or control. We continue to await a meaningful discussion to narrow the requests. |
| | Defendants have produced irrelevant documents to inappropriately bury responsive discovery and to run up the Gigabyte volume on the production. | Defendants have spent considerable cost to conduct a reasonable search for responsive documents and to produce those documents accordingly. If Plaintiffs have questions or concerns about the data produced, Plaintiffs have the right to avail themselves to other discovery tools to evaluate the information provided or its relevancy. |
| | There is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits. | As Judge Wu indicated during the November 16, 2020 hearing, "I will not allow discovery on merits issues prior to hearing that motion. I will limit the discovery solely to the issue of class certification and the things that normally arise in that regard. So I think the defense concern about having to engage in substantial liability discovery doesn't really come into play." Motion to Dismiss Hearing Transcript at 13:9-25, November 16, 2020. |

| | | |
|---|---|---|
| | Defendants' contention that the cost is too high is without merit. | Defendants disagree with Plaintiffs' accusation regarding costs. The searches Plaintiffs would have Defendants to run, review, and produce are overbroad. If there are reasonable ways to narrow the search to a more relevant review of documents to keep costs down, Plaintiffs are required to engage in a manner so this can occur. |
| | Defendants should produce all e-mails returned from keyword searches after removing privileged documents to reduce defense counsel's workload. | Given the complaints by Plaintiffs concerning the production of too many irrelevant documents, it is unclear how this is addressed by a production of documents which would certainly contain documents irrelevant to the limited and narrow class certification issues at hand. |
| | Terms like "H&M," "Zara," and "Ted Baker" are irrelevant. | Defendants' interrogatory responses make clear that competitor pricing information is relied upon in making advertising, marketing, and pricing decisions. Thus, such terms are highly relevant to the issues in this case. *See, e.g.*, Defendants' Response to Hilton's Interrogatory No. 7: "The reference price is set by experienced buyers based on a variety of factors … [such as] pricing of similar or comparable products on competitors' websites, particularly U.K.-based competitors"). |
| | Numerous custodians expected to have highly relevant information were not searched such as Christine McGonagle, Natalie McGrath, Mahmud Kamani, Carol Kane, and Umar Kamani. | As Plaintiffs readily admitted, Defendants are in the best position to determine relevant custodians. As such, Defendants have reviewed and produced emails from the following custodians:<br><br>1. Mark Baker    12. Danielle Robinson<br>2. Murray Beckett    13. Andrew Thompson<br>3. Sam Brocklebank    14. Tom Binns<br>4. Nickie Capstick    15. Tom Duance<br>5. Neil Catto    16. David Hare<br>6. Rob Davies    17. Samir Kamani<br>7. Jonathan Haycock    18. Umar Kamani<br>8. Darren Johnson    19. Mahmud Kamani |

| | | |
|---|---|---|
| | | 9.  John Lyttle<br>10. Laura McKellar<br>11. Anjeli Patel<br><br>20. Carol Kane<br>21. Kelly Byrne<br>22. Christine McGonagle<br><br>Therefore, the proposed search terms in Defendants' February 11 letter were applied across four of the specific mailboxes addressed in your motion: Mahmud Kamani, Carol Kane, Umar Kamani, and Christine McGonagle.  If Plaintiffs took the time to review the documents produced (or even run a simple filter in the document review database based on custodian) they would be aware that these custodians' emails have been provided.  Examples are found in Defendants' production:  D00225052 (custodian Umar Kamani); D00226920-D0026924 (custodian Christina McGonagle); D00229449-D00229537 (custodian Mahmud Kamani); and D00231810-D00231811 (custodian Carol Kane). |
| | Defendants' email production only covers July 1, 2019 to present.  The class period applicable to each of the three individual cases is approximately 4 to 5 years of communication and Plaintiffs should not be required to further limit the scope of these communications as to timing. | Consistent with our obligations under the rules, we objected to the overbroad and unduly onerous requests. We have repeatedly asked Plaintiffs to narrow down their overbroad requests. We made this request with the clear understanding that each party would be reserving all rights to either renew their requests or stand by objections based on a review of the sample set.  In an effort to educate the parties to have a more fully informed discussion, we reviewed and produced over 20,000 emails and attachments dated January 1, 2019 to present. At no time have Defendants ever indicated we would refuse to search an earlier time period or search different terms.  Our only request is that discovery requests be tailored to the narrow purpose at hand, which is class certification. |
| **RFPS 14-18:<br>Class Representative Purchases** | Defendants refuse to produce documents related to class representatives' purchases and | To the extent Defendants have been able to identify documents responsive to this request, we believe that they were appropriately withheld from production based on attorney-client privilege and the |

| | communications with the class representatives. | work product doctrine. Our review to determine if additional responsive material exists is ongoing. |
|---|---|---|
| **RFAs 1-6, 8, 11-15, 18-21 and Rog 16: Admissions regarding "reference price" advertisement** | Defendants refuse to answer RFAs concerning whether they advertised reference prices that they rarely if ever sold products at those reference prices. | We see this as an area that requires further discussion.  In our letter dated February 17, we cited case law indicating how we arrived at our position in responding to your requests for admission.  We invited you to review this case law and have a dialogue to determine how you see the issues differently.  We renew this invitation and would like to have a discussion to determine whether we are able to bridge the gap and narrow the potential issues before going to the Court. |
| **Rog 15: California activities** | Defendants failed to provide a substantive answer to this interrogatory regarding Defendants' activities in California. | Defendants maintain this interrogatory is irrelevant to class certification. However, as stated above, we think a discussion is warranted to determine whether we are resolve this issue further before going to the Court. |

# EXHIBIT 29



March 12, 2021

**VIA E-MAIL**

Ron Zdrojeski
Ian Shelton
Eversheds Sutherland (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
ronzdrojeski@eversheds-sutherland.com
ianshelton@eversheds-sutherland.com

Re:    *Khan v. Boohoo.com USA Inc., et al.*, No. 03332-GW-JEMx (and other matters
       consolidated for pretrial purposes)

Dear Counsel,

　　We have reviewed your letter and chart.  It appears to us that Defendants have largely rehashed their previously articulated positions in an attempt to indefinitely delay having to provide all relevant discovery.  Notably, Defendants persist in refusing to advise Plaintiffs on what is the appropriate term to search for the concept of "reference price" and which column in the spreadsheet denotes reference price.  And this is after the parties have exchanged countless letters and emails and have had several telephonic discussions.  Without being able to have a real discussion on this most fundamental of issues in the case so that we can together formulate keyword searches and verify whether Defendants have actually complied with discovery, we are at a loss as to how any progress can possibly be made with yet even more correspondence and phone calls.  We cannot continue to delay resolution of these discovery disputes.

　　However, as a professional courtesy to you and your team, to give you some more time, we are willing to move the hearing to April 13, have your response to the joint stipulation sent back to us on March 23, and provide an amended version of the joint stipulation on March 16 to address any issues that are narrowed in light of your letter (if there are any).  If all three of these conditions are acceptable, then we have an agreement to modify the Local Rule 37-1 procedure. If not, let's remain with the existing schedule and deadlines.

Sincerely,

Ahmed Ibrahim, Esq.
Yasin M. Almadani, Esq.
Attorneys for Plaintiffs

**Tel** 949 266 1240  **Fax** 949 266 1280  **E-mail** aibrahim@ailawfirm.com
4695 MacArthur Court, Suite 1100, Newport Beach, CA 92660