EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:   (916) 844-2965
Facsimile:    (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
Ronald W. Zdrojeski (admitted *PHV*)
ronzdrojeski@eversheds-sutherland.com
1114 6th Avenue, 40th Floor
New York, NY 10036
Telephone:   (212) 389-5000
Facsimile:    (212) 389-5099

ASHBY LAW FIRM PC
Joseph R, Ashby (SBN 248579)
joseph@ashbylawfirm.com
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:   (213) 393-6235
Facsimile:    (213) 429-0976

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOOHOO.COM USA INC. a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company , and DOES 1-100, inclusive,<br><br>Defendants. | NO. 2:20-cv-03332-GW-JEM<br><br>Consolidated for Pretrial Purposes with:<br>NO. 2:20-cv-04658-GW-JEM<br>NO. 2:20-cv-04659-GW-JEM<br><br>**DECLARATION OF IAN S. SHELTON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES FROM DEFENDANTS**<br><br>The Honorable John E. McDermott<br>United States Magistrate Judge<br><br>Action Filed:   April 9, 2020<br>Hearing Date:  April 13, 2021<br>Class Cert. Mot. Filed: July 1, 2021<br>Trial Date: TBD |

DECLARATION OF IAN S. SHELTON

I, Ian Shelton, declare:

1.      I am an attorney at law licensed to practice in the state of California and of counsel at the law firm of Eversheds Sutherland LLP, counsel of record for Boohoo.com USA Inc., Boohoo UK Limited, Boohoo Group PLC, Prettylittlething.com USA, Prettylittlething.com Limited, Nastygal.com USA, and Nasty Gal Limited ("Defendants"). The matters referred to in this declaration are based upon my personal knowledge, and/or when referencing documents, such documents were reviewed by me and where applicable, were obtained and compiled at my instruction by other attorneys, paralegals, and staff acting at my direction and under my supervision, and if called as a witness I could and would testify competently thereto.

2.      I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel further discovery responses from Defendants.

3.      The below chart summarizes Defendants' productions of documents to date:

| Production Date | Material Produced | Bates Range | Data Size / Documents |
|---|---|---|---|
| 02/04/2021 | United States sales and pricing data for all brands for class period; corporate structure and organizational chart; promotional calendars for PLT, NG, Boohoo; Competitor Monitoring Reports | D00000001-D00001131 | 28GB; 329 documents |
| 02/10/2021 | Edited Competitor Monitoring Reports; advertisement files (content and data/analytics); promotional calendar for boohooMAN; publicly available investor documents and presentations | D00001132-D00082505 | 30GB; 35,709 documents |
| 02/19/2021 | Emails pursuant to search terms listed in 02/11/2021 letter over 22 relevant custodians dated January 1, 2019 to present | D00082506-D00159286 | 119GB; 8,785 documents |
| 02/26/2021 | Emails pursuant to search terms listed in 02/11/2021 letter over 22 relevant custodians dated January 1, 2019 to present | D00159287-D00223257 | 22.4GB; 10,296 documents |
| 03/08/2021 | Brand monitoring reports | D00223258-D00224108 | 193MB; 308 documents |

| 03/08/2021 | Emails pursuant to search terms listed in 02/11/2021 letter over 22 relevant custodians dated January 1, 2019 to present | D00224109-D00225000 | 445MB; 255 documents |
|---|---|---|---|
| 03/09/2021 | Emails pursuant to search terms listed in 02/11/2021 letter over 22 relevant custodians dated January 1, 2019 to present custodians | D00225001-D00231832 | 5.14GB; 1,130 documents |
| 03/22/2021 | Documents responsive to RFP Nos. 15, 17, and 18. | D00231833-D00231840 | 4 documents |

4.      All documents and data produced to Plaintiffs have been produced as they are kept and maintained in the ordinary course of business.

**Identification of Exhibits**

5.      Attached as Exhibit 1 is a true and correct copy Defendants' production letter to Plaintiffs dated February 4, 2021.

6.      Attached as Exhibit 2 is a true and correct copy of Defendants' production letter to Plaintiffs dated February 10, 2021.

7.      Attached as Exhibit 3 is a true and correct copy of Defendants' production letter to Plaintiffs dated February 19, 2021.

8.      Attached as Exhibit 4 is a true and correct copy of Defendants' production letter to Plaintiffs dated February 26, 2021.

9.      Attached as Exhibit 5 is a true and correct copy of Defendants' production letter to Plaintiffs dated March 8, 2021.

10.      Attached as Exhibit 6 is a true and correct copy of Defendants' production letter to Plaintiffs dated March 9, 2021.

11.      Attached as Exhibit 7 is a true and correct copy of Defendants' production letter to Plaintiffs dated March 22, 2021.

12.      Attached as Exhibit 8 is a true and correct copy of the transcript of the Motion to Dismiss hearing before the Honorable George H. Wu in *Khan v. Boohoo.com USA Inc et al.*, NO. 2:20-cv-03332-GW (C.D. Cal), dated November 16, 2020.

13.     Attached as Exhibit 9 is a true and correct copy of the transcript of status conference hearing before the Honorable George H. Wu in *Khan v. Boohoo.com USA Inc. et al.*, NO. 2:20-cv-03332-GW (C.D. Cal), dated November 30, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:   March 23, 2021          EVERSHEDS SUTHERLAND (US) LLP

By _____

Ian S. Shelton

Attorneys for Defendants

DECLARATION OF IAN S. SHELTON

# EXHIBIT 1

**EVERSHEDS SUTHERLAND**

Eversheds Sutherland (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

February 4, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA,  Inc.*, *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

**<u>Service of Defendants' Discovery Objections and Responses and Initial Production of Responsive Documents</u>**

Dear Counsel,

In accordance with the Federal Rules of Civil Procedure, enclosed please find the following:

1. Defendants' Consolidated Objections and Responses to Plaintiff Haya Hilton's Requests for Admission to Defendants Prettylittlething.com USA, Inc., Prettylittlething.com Limited, and Boohoo Group PLC, Set One;

2. Defendants' Consolidated Objections and Responses to Plaintiff Haya Hilton's Requests for Production to Defendants Prettylittlething.com USA, Inc., Prettylittlething.com Limited, and Boohoo Group PLC, Set One;

3. Defendants' Consolidated Objections and Responses to Plaintiff Haya Hilton's Interrogatories to Defendants Prettylittlething.com USA, Inc., Prettylittlething.com Limited, and Boohoo Group PLC, Set One;

4. Defendants' Consolidated Objections and Responses to Plaintiff Olivia Lee's Requests for Admission to Defendants Nastygal.com USA Inc., Nasty Gal Limited, and Boohoo Group PLC, Set One;

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

5.  Defendants' Consolidated Objections and Responses to Plaintiff Olivia Lee's Requests for Production to Defendants Nastygal.com USA Inc., Nasty Gal Limited, and Boohoo Group PLC, Set One;

6.  Defendants' Consolidated Objections and Responses to Plaintiff Olivia Lee's Interrogatories to Defendants Nastygal.com USA Inc., Nasty Gal Limited, and Boohoo Group PLC, Set One;

7.  Defendants' Consolidated Objections and Responses to Plaintiff Farid Khan's Requests for Admission to Defendants Boohoo.com USA Inc., Boohoo.com UK Limited, and Boohoo Group PLC, Set One;

8.  Defendants' Consolidated Objections and Responses to Plaintiff Farid Khan's Requests for Production to Defendants Boohoo.com USA Inc., Boohoo.com UK Limited, and Boohoo Group PLC, Set One; and

9.  Defendants' Consolidated Objections and Responses to Plaintiff Farid Khan's Interrogatories to Defendants Boohoo.com USA Inc., Boohoo.com UK Limited, and Boohoo Group PLC, Set One.

In connection with service of Defendants discovery objections and responses, Defendants are making an initial production of documents containing documents Bates labeled D00000001-D00001131, and an approximate data size of 28 GB.  A substantial portion of the production consists of native files, each of which is assigned a single Bates number without regard to file size.  The production can be accessed at the following FTP, credentials below:

URL: https://ftp.sutherland.com/
UN: FTP_94225.0001_Prod
PW: 563SFTP32WejK

Please note the production is a zip file that is password protected.  An email will follow transmittal of this letter containing the password.

This initial production contains the following documents responsive to Plaintiffs' requests:

•  United States sales data for PLT brand by product with pricing information from February 29, 2016 to January 28, 2021;

•  United States sales data for Boohoo/BoohooMan/Nasty Gal brands by product with pricing information from March 28, 2016 to January 24, 2021 (for Boohoo/BoohooMan) and from February 28, 2017 to January 24, 2021 (for Nasty Gal);

•  Boohoo Group PLC Corporate structure and organizational chart;

•  Promotional calendars for PLT (2016 – 2021), Nasty Gal (2017 – 2020), and Boohoo brands (2016 – 2020);

•  Various internal and third party reports, analyses, and presentations concerning competitor data on styles and pricing for PLT, Nasty Gal, and Boohoo brands;

•  Competitor Monitoring monthly reports for BoohooMan brand; and

•  Competitor Monitoring monthly reports for PLT brand.

February 4, 2021
Page 3

EVERSHEDS
SUTHERLAND

Given the significant volume of documents requested, documents responsive to Plaintiffs' discovery requests will continue to be produced to Plaintiffs on a rolling basis, subject to Defendants' objections and responses.

Sincerely,

/s/

Ron W. Zdrojeski

# EXHIBIT 2

# EVERSHEDS SUTHERLAND

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

February 10, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA, Inc.*, *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

**<ins>Additional Production of Responsive Documents</ins>**

Dear Counsel,

In connection with service of Defendants discovery objections and responses on February 4, 2021, Defendants are making an additional production of documents containing documents Bates labeled D00001132-D00082505, an approximate data size of 30GB.  As with the previous production, the documents produced natively are each assigned a single Bates number.  The production (**file name VOL002.zip**) can be accessed at the following FTP, credentials below:

URL: https://ftp.sutherland.com/
UN: FTP_94225.0001_Prod
PW: 563SFTP32WejK

Please note the production is a zip file that is password protected.  An email will follow transmittal of this letter containing the password.

This production contains the following documents responsive to Plaintiffs' requests:

- Edited Competitor Monitoring Reports for Boohoo, BoohooMAN, and PLT brands concerning competitor analysis on pricing, products, trends, and promotions, including PowerPoint presentations and pricing analysis excel spreadsheets (2016-2020);

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

EVERSHEDS
SUTHERLAND

- Email marketing campaign advertisement files for Boohoo (April 2016–January 2021), BoohooMAN (January 2019–January 2021), Nasty Gal (December 2017–January 2021), and PLT (January 2019–December 2020) brands and associated report(s) containing data/analytics relating to campaign metrics;

- Promotional calendar for BoohooMAN brand (2017–2020); and

- Investor documents publicly available from Boohoo Group PLC's website (2016-2021).

The email marketing campaign materials referenced above are stored electronically in different manners based on the brand, therefore not all data was available for each brand for the entire class period. We have provided the ad content and related data available for each brand, and noted above the specific time period of ad content and relative data therefore being produced.

Sincerely,

/s/

Ron W. Zdrojeski

# EXHIBIT 3

**EVERSHEDS SUTHERLAND**

Eversheds Sutherland (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

February 19, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA, Inc.*, *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

**Additional Production of Responsive Documents**

Dear Counsel,

In connection with service of Defendants' discovery objections and responses on February 4, 2021, Defendants are making an additional production of documents containing documents Bates labeled D00082506-D00159286, an approximate data size of 119GB.  As with the previous production, the documents produced natively are each assigned a single Bates number.  The production (**file name VOL003.zip**) can be accessed at the following FTP, credentials below:

URL: https://ftp.sutherland.com/
UN: FTP_94225.0001_Prod
PW: 563SFTP32WejK

Please note the production is a zip file that is password protected.  An email will follow transmittal of this letter containing the password.  I understand you have made a request to remove the password protection for the zipped production files.  Unfortunately, I have checked with firm management, and our company policy when transmitting client information is to password protect the data.

This production contains 8,785 documents, consisting of emails and attachments which are responsive to Plaintiffs' requests for production and pursuant to the search term protocol proposed in our February 11, 2021 letter.  Defendants will continue to produce documents, including emails, on a rolling basis.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

EVERSHEDS
SUTHERLAND

Sincerely,

/s/

Ron W. Zdrojeski

# EXHIBIT 4

EVERSHEDS
SUTHERLAND

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

February 26, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA,  Inc.*, *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

**Additional Production of Responsive Documents**

Dear Counsel,

        In connection with service of Defendants' discovery objections and responses on February 4, 2021, Defendants are making an additional production of documents containing documents Bates labeled D00159287-D00223257, an approximate data size of 22.4 GB.  As with the previous production, the documents produced natively are each assigned a single Bates number.  The production (**file name VOL004.zip**) can be accessed at the following FTP, credentials below:

            URL: https://ftp.sutherland.com/
            UN: FTP_94225.0001_Prod
            PW: 563SFTP32WejK

Please note the production is a zip file that is password protected.  An email will follow transmittal of this letter containing the password.

        This production contains 10,296 documents, consisting of emails and attachments which are responsive to Plaintiffs' requests for production and pursuant to the search term protocol proposed in our February 11, 2021 letter.  Defendants will continue to produce documents, including emails, on a rolling basis.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

EVERSHEDS
SUTHERLAND

Sincerely,

/s/

Ron W. Zdrojeski

# EXHIBIT 5

EVERSHEDS
SUTHERLAND

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

March 8, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:    Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA, Inc.*, *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

<u>**Additional Production of Responsive Documents**</u>

Dear Counsel,

In connection with service of Defendants' discovery objections and responses on February 4, 2021, Defendants are making two additional productions:

| Production File | Bates Range | Approximate Data Amount |
|---|---|---|
| VOL005.zip | D00223258-D00224108 | 193 MB |
| VOL006.zip | D00224109-D00225000 | 445 MB |

The production files can be accessed at the following FTP, credentials below:

    URL: https://ftp.sutherland.com/
    UN: FTP_94225.0001_Prod
    PW: 563SFTP32WejK

Please note the production files are zip files that are password protected.  An email will follow transmittal of this letter containing the password.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

EVERSHEDS
SUTHERLAND

Production No. 5 contains 308 documents, consisting of brand marketing reports and other marketing materials for the brands Boohoo, Nasty Gal and PLT.

Production No. 6 contains 255 documents, consisting of emails and attachments which are responsive to Plaintiffs' requests for production and pursuant to the search term protocol proposed in our February 11, 2021 letter.  This concludes Defendants' production of emails pursuant to that proposal.

Sincerely,

/s/

Ronald W. Zdrojeski

# EXHIBIT 6

**EVERSHEDS
SUTHERLAND**

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

March 9, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA,  Inc.*, *Boohoo.com  UK  Limited*, (Lead  Case), consolidated  with *Hilton  v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

**Additional Production of Responsive Documents**

Dear Counsel,

Defendants' production is further supplemented by 1,130 documents which were inadvertently not included in yesterday's transmittal:

| Production File | Bates Range | Approximate Data Amount |
|---|---|---|
| VOL007.zip | D00225001-D00231832 | 5.14 GB |

The production file can be accessed at the following FTP, credentials below:

URL: http://ftp.sutherland.com/
UN: FTP_94225.0001_Prod
PW: 563SFTP32WejK

Please note the production file is a zip file that is password protected.  An email will follow transmittal of this letter containing the password.

Production No. 7 contains 1,130 documents, consisting of emails and attachments which are responsive to Plaintiffs' requests for production and pursuant to the search term

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland.  For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

March 9, 2021
Page 2

EVERSHEDS
SUTHERLAND

protocol proposed in our February 11, 2021 letter.  This concludes Defendants' production of
emails pursuant to that proposal.

Sincerely,

/s/

Ronald W. Zdrojeski

# EXHIBIT 7

# EVERSHEDS SUTHERLAND

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY  10036-7703

D: +1 212.389.5076
F: +1 212.389.5099

ronzdrojeski@
eversheds-sutherland.com

March 22, 2021

**Via E-Mail**

ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
14742 Beach Blvd., Suite 410
La Mirada, CA 90638
Phone: 213-335-3935
Fax: 213-296-6278
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4343 Von Karman Ave, Suite 250
Newport Beach, CA 92660
Phone: 949-260-1240
Fax: 949-260-1280
aibrahim@ailawfirm.com

RE:     Case No.: 2:20-cv-03332-GW-JEMx, *Farid Khan v. Boohoo.com USA,   Inc.*, *Boohoo.com UK Limited*, (Lead Case), consolidated with *Hilton v. PrettyLittleThing USA Inc., et al.*, No. 2:20-cv-04658-GW-JEMx and *Lee v. NastyGal.com USA Inc., et al.*, No. 2:20-cv-04659-GW-JEMx

### Additional Production of Responsive Documents

Dear Counsel,

In connection with service of Defendants' discovery objections and responses on February 4, 2021, Defendants are making an additional production of documents containing documents Bates labeled D00231833-D00231840. The production (**file name VOL008.zip**) can be accessed at the following FTP, credentials below:

URL: https://ftp.sutherland.com/
UN: FTP_94225.0001_Prod
PW: 563SFTP32WejK

Please note the production is a zip file that is password protected.  An email will follow transmittal of this letter containing the password.

Pursuant to Defendants' continuing discovery obligations, Defendants have identified additional responsive documents. This production contains the non-privileged documents responsive to Plaintiffs' Request for Production Nos. 15, 17, and 18 (Set One) that Defendants have identified to date.  Defendants' search for documents responsive to Plaintiffs' requests concerning Plaintiffs' purchases is ongoing, and should additional documents be identified, Defendants will supplement their production promptly.

Very truly yours,

/s/

Ron W. Zdrojeski

# EXHIBIT 8

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3    HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

4

5    FARIH KHAN,

6              Plaintiff,

7       vs.                              Case No. CV 20-3332-GW

8    BOOHOO.COM USA, INC., et al,

9              Defendants.
     _____/

10

11

12                    REPORTER'S TRANSCRIPT OF
                       MOTION TO DISMISS
13                 MONDAY, NOVEMBER 16, 2020
                        8:30 A.M.
14                 LOS ANGELES, CALIFORNIA

15

16

17

18

19

20    _____

21         TERRI A. HOURIGAN, CSR NO. 3838, CCRR
             FEDERAL OFFICIAL COURT REPORTER
22          350 WEST FIRST STREET, ROOM 4311
            LOS ANGELES, CALIFORNIA  90012
23                  (213) 894-2849

24

25

UNITED STATES DISTRICT COURT

1                    **APPEARANCES OF COUNSEL:**

2

3   **FOR THE PLAINTIFF:**

4       ALMADANI LAW
        BY:       YASIN M. ALMADANI
5           AHMED I. IBRAHIM
            Attorneys at Law
6       14742 Beach Boulevard, Suite 410
        La Mirada, California  90638
7       yma@lawalm.com

8

    **FOR THE DEFENDANT:  BOOHOO.COM USA, INC.**

9

        EVERSHEDS SUTHERLAND LLP
10      BY:  RONALD W. ZDROJESKI
        Attorney at Law
11      1114 6th Avenue, 40th Floor
        New York, New York  10036
12      ronzdrojeski@eversheds-sutherland.com

13      EVERSHEDS SUTHERLAND US LLP
        BY:  IAN SCOTT SHELTON
14      Attorney at Law
        500 Capitol Mall Suite 1750
15      Sacramento, California  95814
        IanShelton@eversheds-sutherland.com

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; MONDAY, NOVEMBER 16, 2020**

**8:30 A.M.**

**--oOo--**

THE COURT:  Let me call the matter of Hilton versus
Prettylittlething.Com and Khan versus BooHoo.com, and Lee for
NastyGal.com.

    And the defense on those cases, we have?

MR. SHELTON:  Ian Shelton and Yasin Almadani.
Ms. Almadani's papers to appear before the Court are in
progress, Your Honor.  She's a newer attorney and I was hopeful
the Court would allow her to sit on Mr. Shelton's arguments.

THE COURT:  Sure, why not.  It's always nice to have
younger attorneys argue, they are not so jaded.

THE COURT:  For the plaintiffs on the cases, we
have?

MR. ALMADANI:  Good morning, Your Honor.  Yasin
Almadani.  We represent plaintiffs.  With me I have my
co-counsel Ahmed Ibrahim.   Since there was a number of issues
raised, I will be addressing certain issues with the Court and
Mr. Ibrahim will be addressing others.

THE COURT:  Okay.  Let me ask, why don't we -- I
presume both sides want to make arguments about one thing or
another.

1    Why don't we go in terms of numerical order in terms of

2    the way the issues are raised in a tentative, that way it would

3    probably be easier.

4            MR. ZDORJESKI:  Your Honor.  This is Ron Zdrojeski,

09:43AM    5    Your Honor.  We're prepared to limit our arguments to just two

6    matters in the Court's order.  And I recognize the Court has

7    already spent a lot of time on motions this morning.

8        So, it might actually be easier, Your Honor, if you allow

9    us to address those two things than go through your whole

09:43AM   10   order.

11            THE COURT:  In that case, what are the two issues?

12            MR. ZDORJESKI:  Ian, do you want to pick it up?

13            MR. SHELTON:  Yes, Your Honor.  Ian Shelton on

14   behalf of the defendant Boohoo entities.

09:43AM   15     Boohoo would like to provide oral argument regarding

16   whether to strike the nationwide class allegations under *Mazza*

17   and we would like to stand on the arguments in our briefing as

18   to the other issues.

19        The reason we want to raise the *Mazza* issue, nationwide

09:43AM   20   class issue in oral argument is two reasons:

21        First, in the Court's tentative order, you indicated that

22   plaintiffs at the class certification stage might very well

23   have a difficult time proceeding on a nationwide class basis.

24        And this raises serious deficiency concerns to Boohoo who

09:44AM   25   does not possess unlimited resources and it is Boohoo's

1   position it would be way too burdensome to allow nationwide

2   class discovery to proceed if the result of the Mazza choice of

3   law analysis at the class certification stage is a foregone

4   conclusion.

09:44AM   5        I mean, it's Boohoo's position that it is a foregone

6   conclusion.  And we wanted to address the Court's ruling and

7   ask for the Court to reconsider a few points related to a Mazza

8   analysis.

9        In the tentative ruling the Court stated I'm, quoting:  At

09:44AM   10   this point in time no one asserts any law other than

11   California's applies in these cases.

12        Boohoo respectfully disagrees with that characterization.

13   You find Mazza at the pleading stage, Boohoo is invoking the

14   principles stated in Mazza that each class members consumer

09:45AM   15   protection claims should be governed by the consumer protection

16   laws of the jurisdiction in which the transaction took place.

17        So for class representative Ms. Lee, for example, who is a

18   California resident, Boohoo at this stage does not dispute she

19   has standing to assert claims on behalf of the California

09:45AM   20   class, and named California class members, but Boohoo does

21   dispute that she has standing and can assert claims under

22   California law on behalf of acting class members who live in

23   Texas or North Dakota or Alaska or any of the other 49 states

24   where people might have bought clothing online from Boohoo.

09:45AM   25        THE COURT:  Let me stop counsel.  I understand your

argument, but it's like a chicken or egg problem at this point.

I mean, but before I get to that, let me ask plaintiff's

counsel a quick question.  Are the plaintiffs going to be

seeking a nationwide class based upon California law?

09:46AM      MR. IBRAHIM:  Good morning, Your Honor.  This is

Ahmed Ibrahim on behalf of plaintiffs.

I will be handling this part of the argument.

To answer Your Honor's question, at this point in time our

position is that we would be pursuing a nationwide class

09:46AM  whereby we would ask -- we would be asking the Court to apply

California law across the entire class.

THE COURT:  All right.  Okay, so that answers that

question.

So let me indicate to the defense that the problem I have

09:46AM  with your arguments at this point in time is just simply that

you are trying to raise something that would be normally be

raised in a motion in opposition of a nationwide class.

But you are not -- what you have in front of me is a

motion to dismiss, so procedurally, it's weird that you want me

09:47AM  to do something which normally would be argued at a different

point in time.

MR. SHELTON:  Yes, Your Honor.  This is Ian Shelton.

If I could briefly respond to the Court's concerns.

As far as addressing Mazza at the pleading stage, Boohoo

09:47AM  has cited many cases including six of which involved California

1    defendants where the conduct of issue the defendant allegedly

2    engaged in that conduct in California.

3         We have cited cases where the Court at the pleading stage

4    did decide this issue, and said, look, it would be inefficient

09:47AM    5    and burdensome to force a defendant to engage in nationwide

6    class discovery, even assuming its a California defendant

7    because we all know that in the end the laws of the 50 states

8    are going to have to apply.

9         The Court identified --

09:47AM    10         THE COURT:  Let me stop, though.  But sometimes what

11   happens, the way that it's applied is what I think you are

12   trying to argue is that perhaps the Court decide the issue of

13   differences in the applicable law before allowing nationwide

14   discovery on other issues.

09:48AM    15    I think maybe that is what you are asking, because I mean

16   again sometimes what happens is that at this stage the

17   applicable law in this area has been discussed on a number of

18   cases, so therefore, one could say that it's often said for

19   example, that Washington state, their law, insofar as these

09:48AM    20   types of actions are concerned is very similar to California's

21   law, so therefore, one could say you could maybe not have a

22   nationwide class but you could have a class where the laws are

23   actually similar.  So therefore, you would have subclasses.  So

24   you would have class -- you wouldn't really have a nationwide

09:49AM    25   class but you have subclasses insofar as particular states are

concerned because those laws are so sufficiently similar that
we don't need to differentiate.

      For example, I know that the law in Virginia is very
different than the law in California, so therefore, you
couldn't have a nationwide class that attempts to apply
California law to Virginia purchasers.

      But in the end, that doesn't necessarily mean you don't
have a multi-state litigation.  It just simply means that you
recognize for choice of law purposes that you can't have a
nationwide class.

      But that doesn't mean that they can't attempt to proceed
in some fashion along those lines.

            MR. SHELTON:  Your Honor, two points on that.  One
relates to standing based on the Carpenter versus PetSmart
case.  Unless they have class representatives that live in
Washington or Virginia, they can't assert subclasses based on
the laws of those states.  And just identifying one case as an
example, the Court sort of identified two reasons for not
wanting to pull the trigger now.

      The Court said, one, we have California conduct allegedly.
Two, we have California class reps.

      As to the California conduct, Mazza was a California
defendant, six other cases are California defendants Shepler,
Davidson, Grandfield, Frengo, Beache, and as to the California
class rep issue, the Court focused on this included in the

1   footnotes that we have a California class rep.

2   Respectfully, Your Honor, that would not change the Mazza

3   analysis, the identity of the class rep.  We don't dispute for

4   pleading purposes that this class rep can assert a claims on

09:50AM   5   behalf of at California class.

6   But when you go through the Mazza analysis, the Court, if

7   you look at that, they didn't look at the class reps

8   citizenship, they looked at the citizenship of the unnamed

9   class members, and said the interest of Texas and Georgia and

09:51AM   10   all of the 49 states outweigh any interest even though the

11   defendant in that case was a California defendant, and even

12   though the Court said in the same decision that California

13   would have a sufficient constitutional conduct that

14   theoretically allow application of California law.  The Court

09:51AM   15   still said each state law should apply.

16   So in Brandon Bags, another case we cite, that was both

17   the California class rep and a California company.  The Court

18   still dismissed a nationwide class at the pleading stage under

19   Mazza, so that is the basis about why we would ask the Court to

09:51AM   20   consider moving this issue forward, because we think it would

21   substantially streamline the case and allow us to litigate a

22   manageable class that is actually supported by the law.

23   THE REPORTER:  Who was speaking?

24   THE COURT:  That was Mr. Shelton.

09:51AM   25   Let me indicate to counsel, when you speak you should

1    identify yourselves.

2         Let me hear response from the plaintiff's counsel.

3         MR. IBRAHIM:   Good morning, Your Honor.   I am Ahmed

4    Ibrahim for plaintiffs.

09:52AM    5    Your Honor, a number of points I want to make here.

6         First of all, we believe that Your Honor really was spot

7    with the tentative ruling.   The mode of analysis that the

8    defendants are proposing is simply not the one that applies to

9    the case before the Court.

09:52AM   10    What we have, Your Honor, is California plaintiffs suing

11   in our view California companies, where you have conduct of the

12   defendants that is substantially based in California,

13   especially as it relates to the marketing that forms the basis

14   for the alleged wrongdoing.

09:52AM   15    And while the defendants want to focus their analysis on

16   Mazza, that is really not the correct mode of analysis that

17   should be applied.

18        We don't understand why the defendants have skipped the

19   analysis and the extraterritoriality analysis from Moral Ex

09:53AM   20   Mortgage case and the Henry Clorax.   So what we're proposing

21   here is not an out of state plaintiffs bringing a case here in

22   California where the defendant then presents to the Court a

23   right choice of law analysis as Your Honor performed in the

24   Shepler case.   The Shpeler case you had an Illinois resident

09:53AM   25   bringing a case here in California, and the Court made it a

point to say that this is not Mazza situation because you have

a plaintiff who is seeking to represent a nationwide class

applying California law.

So the choice of law analysis is not properly before the

Court, Your Honor.

Secondly, let's talk about the PetSmart case.  If you look

at -- I'm referring to the Carpenter versus PetSmart, same

decision from the Court there.  I'm looking at page 21 of our

opposition brief Docket Number 28.

The defendants are relying on Carpenter versus PetSmart is

misplaced because the plaintiff there conceded that he was not

attempting to apply California law to the entire nationwide

class.  That is different from in re Clorox cases, and the

instant case.  So Your Honor, that is the beginning and the end

of the analysis.

And as far as nationwide discovery, well, our position is

that their concerns are significantly overstated.  Let's

remember that the defendants here, they are an online only

business, so what they display on their websites here in the

United States, it's going to be the same website across all 50

states.

So all of our discovery requests pertaining to what folks

in California saw is going to be the same thing that folks in

Kansas and North Dakota and all of these other states saw.

So, the discovery whether it's a California only

1    discovery, versus nationwide discovery is not going to look all

2    that different.

3         The only area where it might be a little bit different is

4    when we start talking about nationwide sales, and that is not

09:55AM   5    going to impose a heavy burden on the defendants.

6         They are presumably, like all large companies, they have

7    online software systems and they keep records of all of their

8    sales, so it's just a question of changing the filter on the

9    report that they are asking to be run, and have it run all 50

09:56AM  10    states as opposed to just California.

11         So, Your Honor, for all of those reasons, we respectfully

12    believe that Your Honor's decision in the tentative was the

13    correct one, and that there is no reason to change it.

14              THE COURT:  All right.

09:56AM  15              MR. SHELTON:  If I may briefly respond?  Your Honor,

16    this is Ian Shelton.

17         Counsel identified one fact that he said makes a

18    difference.  That even though they are asserting class action

19    claims on behalf of Alaska, Texas purchasers that the fact that

09:56AM  20    they found a California class representative, makes the

21    difference in the Mazza analysis about when to apply it.

22    Respectfully, Your Honor, that is a factual distinction that

23    has no legal significance here.

24         Because that California class representative is not going

09:57AM  25    to be able to assert claims on behalf of the Alaska purchaser

because those claims will be governed by Alaska law, and a

Alaska class rep.  This also relates to another point.

          THE COURT:  Let me stop counsel.  I understand your

point, but again, it's just a question of timing.  I might very

well agree with you, you know, at the time of the class motion

motion for class certification, but what you are asking me to

do now is to strike, and I don't see a basis for striking now.

          Let me also indicate to both sides this point.

          Once we get this motion to strike and dismiss out of the

way, the only thing that I will schedule next is the date to

hear the motion for class certification, and all of the stuff

you are talking about now will be coming into play in that

motion for class certification.

          In the end, I might agree with the defense that I'm not

going to allow a nationwide class or I might agree with the

plaintiffs that I am going to allow a nationwide class, but I

will define the scope of the case going forward at that point

in time.

          I will not allow discovery on merits issues prior to

hearing that motion.

          I will limit the discovery solely to the issue of class

certification and the things that normally arise in that

regard.

          So I think the defense concern about having to engage in

substantial liability discovery doesn't really come into play.

1    So, with that said, what else do people want to argue?

2        MR. SHELTON:  Your Honor, this is Ian Shelton.

3    We respectfully disagree with the other conclusions in the

4    tentative, given the amount of time we will just stand on our

09:59AM   5    papers as to the other arguments.

6        The second thing we were ready to discuss is the scope of

7    jurisdictional discovery related to personal jurisdiction, and

8    to set a supplemental briefing schedule on that issue.

9        Your Honor, we would also like to set a unified responsive

09:59AM   10   pleading deadline, given there is this issue hanging on as to

11   one defendant and given the volume of the allegations in the

12   complaint, we would like to file one answer after the Court --

13   for all of the defendants -- after the Court rules on the

14   personal jurisdiction objection, if possible.

09:59AM   15       THE COURT:  Let me hear from the plaintiff's

16   counsel.  Do you have any objection to that?

17       MR. IBRAHIM:  No, Your Honor, we don't have any

18   objection to that.

19       THE COURT:  Why don't I propose this:  Why don't you

09:59AM   20  talk about dates and stuff like that and see if you can reach

21   an agreement on all of this stuff.

22       In other words, why don't you agree to talk about

23   scheduling as to all of the things up until the point in time,

24   but including a hearing date for the motion for class

10:00AM   25  certification, but everything prior to that including this

**UNITED STATES DISTRICT COURT**

issue in regards to personal jurisdiction discovery and all of that other stuff, why don't you see if you can agree on all of those things.

And what I will do is give you maybe ten days or something like that to see if you can reach an agreement and give me a report then we will talk about scheduling at that point.

So, what I would propose to do is to have you come back on the 30th do November, and you, by the 25th of November, give me a status report in regards to scheduling dates, okay?

MR. IBRAHIM:  Thank you, Your Honor.

MR. SHELTON:  Your Honor, my co-counsel messaged me while the Court was talking and there is something I haven't thought about, so we will discuss this issue a unified response is proper with counsel as well.

THE COURT:  All of that stuff.  What also do people want to argue insofar as the Court's motion to motion to dismiss or motion to strike.  Anything?

MR. SHELTON:  Your Honor, I think for the defendants we have have concluded the arguments.  We thank the Court for its time.

MR. IBRAHIM:  Plaintiffs, Your Honor, we agree with the Court's tentative ruling.  We believe it should be entered.

THE COURT:  I will make my tentative my final as further discussed on the record.

And I will just simply issue just a short minute order

1   indicating that for reasons stated in the tentative and at the

2   hearing, the Court denies the motions, but will permit the

3   further discovery in regards to issue of personal jurisdiction.

4   Okay?

10:01AM   5          MR. IBRAHIM:  Thank you.

6          MR. SHELTON:  Thank you.

7          MR. ZDORJESKI:  Thank you.

8          MR. ALMADANI:  I'm looking at my calendar here and

9   I'm scheduled for a scheduling conference in person with Judge

10:02AM   10  Carter on November 30th at 8:30 a.m.

11          Is it possible that perhaps we can do this maybe later in

12  the day on November 30th as opposed to 8:30?

13          THE COURT:  Why don't I put it down for, let's say,

14  10 o'clock, because it's going to be telephonic, and I presume

10:02AM   15  that Judge Carter, you are going to do an in-person, in other

16  words you are going to appear in his courtroom on the 30th?

17          MR. ALMADANI:  That is what the order says.

18          THE COURT:  Once you leave that, you can just make a

19  telephonic appearance in front of me, that is not going to be a

10:02AM   20  a problem.

21          MR. ALMADANI:  Exactly.  Thank you.

22          THE COURT:  Why don't I schedule you for 10 o'clock.

23  If there is a problem, let me clerk know.

24          MR. ALMADANI:  Thank you, Your Honor.

10:02AM   25          MR. SHELTON:  Thank you, Your Honor.

1          THE COURT:  Thank you.  Everybody, have a very nice

2     day.

3              (The proceedings concluded at 10:02 a.m.)

4                          * * *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

|    |    |
|----|----|
| 1  | **CERTIFICATE OF OFFICIAL REPORTER** |
| 2  |    |
| 3  | COUNTY OF LOS ANGELES   ) |
|    |                         ) |
| 4  | STATE OF CALIFORNIA     ) |
| 5  |    |
| 6  |       I, TERRI A. HOURIGAN, Federal Official Realtime |
| 7  | Court Reporter, in and for the United States District Court for |
| 8  | the Central District of California, do hereby certify that |
| 9  | pursuant to Section 753, Title 28, United States Code that the |
| 10 | foregoing is a true and correct transcript of the |
| 11 | stenographically reported proceedings held in the |
| 12 | above-entitled matter and that the transcript page format is in |
| 13 | conformance with the regulations of the judicial conference of |
| 14 | the United States. |
| 15 |    |
| 16 | Date:  **DATE |
| 17 |    |
| 18 |    |
| 19 |                 /s/ TERRI A. HOURIGAN |
| 20 |            _____ |
|    |            TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR |
| 21 |              Federal Official Court Reporter |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |

**/**

**/s** [1] - 18:19

**1**

**10** [2] - 16:14, 16:22
**10036** [1] - 2:11
**10:02** [1] - 17:3
**1114** [1] - 2:11
**14742** [1] - 2:12
**16** [2] - 1:13, 3:1
**1750** [1] - 2:14

**2**

**20-3332-GW** [1] - 1:7
**2020** [2] - 1:13, 3:1
**21** [1] - 11:8
**213** [1] - 1:23
**25th** [1] - 15:8
**28** [2] - 11:9, 18:9

**3**

**30th** [4] - 15:8, 16:10, 16:12, 16:16
**350** [1] - 1:22
**3838** [2] - 1:21, 18:20

**4**

**40th** [1] - 2:11
**410** [1] - 2:6
**4311** [1] - 1:22
**49** [2] - 5:23, 9:10

**5**

**50** [3] - 7:7, 11:20, 12:9
**500** [1] - 2:14

**6**

**6th** [1] - 2:11

**7**

**753** [1] - 18:9

**8**

**894-2849** [1] - 1:23
**8:30** [4] - 1:13, 3:2, 16:10, 16:12

**9**

**90012** [1] - 1:22
**90638** [1] - 2:6

**95814** [1] - 2:15

**A**

**a.m** [2] - 16:10, 17:3
**A.M** [2] - 1:13, 3:2
**able** [1] - 12:25
**above-entitled** [1] - 18:12
**acting** [1] - 5:22
**action** [1] - 12:18
**actions** [2] - 7:20
**address** [2] - 4:9, 5:6
**addressing** [1] - 3:21, 3:22, 6:24
**agree** [6] - 15:5, 13:14, 13:15, 14:22, 15:2, 15:21
**agreement** [2] - 14:21, 15:5
**Ahmed** [3] - 3:20, 6:6, 10:3
**AHMED** [1] - 2:5
**al** [1] - 1:8
**Alaska** [5] - 5:23, 12:19, 12:25, 13:1, 13:2
**allegations** [2] - 4:16, 14:11
**alleged** [1] - 10:14
**allegedly** [2] - 7:1, 8:20
**allow** [8] - 3:13, 4:8, 5:1, 9:14, 9:21, 13:15, 13:16, 13:19
**allowing** [1] - 7:13
**Almadani** [2] - 3:10, 3:19
**ALMADANI** [7] - 2:4, 2:4, 3:18, 16:8, 16:17, 16:21, 16:24
**Almadani's** [1] - 3:11
**amount** [1] - 14:4
**analysis** [13] - 5:3, 5:8, 9:3, 9:6, 10:7, 10:15, 10:16, 10:19, 10:23, 11:4, 11:15, 12:21
**ANGELES** [4] - 1:14, 1:22, 3:1, 18:3
**answer** [2] - 6:8, 14:12
**answers** [1] - 6:12
**appear** [2] - 3:11, 16:16
**appearance** [1] - 16:19
**APPEARANCES** [1] - 2:1
**applicable** [1] - 7:13,

7:17
**application** [1] - 9:14
**applied** [2] - 7:11, 10:17
**applies** [2] - 5:11, 10:8
**apply** [6] - 6:10, 7:8, 8:5, 9:15, 11:12, 12:21
**applying** [1] - 11:3
**area** [2] - 7:17, 12:3
**argue** [4] - 3:15, 7:12, 14:1, 15:16
**argued** [1] - 6:20
**argument** [4] - 4:15, 4:20, 6:1, 6:7
**arguments** [7] - 3:13, 3:24, 4:5, 4:17, 6:15, 14:5, 15:19
**arise** [1] - 13:22
**assert** [5] - 5:19, 5:21, 8:16, 9:4, 12:25
**asserting** [1] - 12:18
**asserts** [1] - 5:10
**assuming** [1] - 7:6
**attempt** [1] - 8:11
**attempting** [1] - 11:12
**attempts** [1] - 8:5
**attorney** [1] - 3:12
**Attorney** [2] - 2:10, 2:14
**attorneys** [1] - 3:15
**Attorneys** [1] - 2:5
**Avenue** [1] - 2:11

**B**

**Bags** [1] - 9:16
**based** [4] - 6:4, 8:14, 8:16, 10:12
**basis** [4] - 4:23, 9:19, 10:13, 13:7
**Beach** [1] - 2:6
**Beache** [1] - 8:24
**beginning** [1] - 11:14
**behalf** [7] - 4:14, 5:19, 5:22, 6:6, 9:5, 12:19, 12:25
**bit** [1] - 12:3
**Boohoo** [9] - 4:14, 4:15, 4:24, 5:12, 5:13, 5:18, 5:20, 5:24, 6:24
**Boohoo's** [2] - 4:25, 5:5
**BooHoo.com** [1] - 3:7
**BOOHOO.COM** [2] - 1:8, 2:8
**bought** [1] - 5:24

**Boulevard** [1] - 2:6
**Brandon** [1] - 9:16
**brief** [1] - 11:9
**briefing** [2] - 4:17, 14:8
**briefly** [2] - 6:23, 12:15
**bringing** [2] - 10:21, 10:25
**burden** [1] - 12:5
**burdensome** [2] - 5:1, 7:5
**business** [1] - 11:19
**BY** [3] - 2:4, 2:10, 2:13

**C**

**calendar** [1] - 16:8
**CALIFORNIA** [5] - 1:2, 1:14, 1:22, 3:1, 18:4
**California** [39] - 2:6, 2:15, 5:18, 5:19, 5:20, 5:22, 6:4, 6:11, 6:25, 7:2, 7:6, 8:4, 8:6, 8:20, 8:21, 8:22, 8:23, 8:24, 9:1, 9:5, 9:11, 9:12, 9:14, 9:17, 10:10, 10:11, 10:12, 10:22, 10:25, 11:3, 11:12, 11:23, 11:25, 12:10, 12:20, 12:24, 18:8
**California's** [2] - 5:11, 7:20
**Capitol** [1] - 2:14
**Carpenter** [3] - 8:14, 11:7, 11:10
**Carter** [2] - 16:10, 16:15
**case** [15] - 4:11, 8:15, 8:17, 9:11, 9:16, 9:21, 10:9, 10:20, 10:21, 10:24, 10:25, 11:6, 11:14, 13:17
**Case** [1] - 1:7
**cases** [8] - 3:9, 3:16, 5:11, 6:25, 7:3, 7:18, 8:23, 11:13
**CCRR** [1] - 1:21
**Central** [1] - 18:8
**CENTRAL** [1] - 1:2
**certain** [1] - 3:21
**CERTIFICATE** [1] - 18:1
**certification** [7] - 4:22, 5:3, 13:6, 13:11, 13:13, 13:22, 14:25
**certify** [1] - 18:8

**change** [2] - 9:2, 12:13
**changing** [1] - 12:8
**characterization** [1] - 5:12
**chicken** [1] - 6:1
**choice** [4] - 5:2, 8:9, 10:23, 11:4
**cite** [1] - 9:16
**cited** [2] - 6:25, 7:3
**citizenship** [1] - 9:8
**claims** [7] - 5:15, 5:19, 5:21, 9:4, 12:19, 12:25, 13:1
**class** [48] - 4:16, 4:20, 4:22, 4:23, 5:2, 5:3, 5:14, 5:17, 5:20, 5:22, 6:4, 6:9, 6:11, 6:17, 7:6, 7:22, 7:24, 7:25, 8:5, 8:10, 8:15, 8:21, 8:25, 9:1, 9:3, 9:4, 9:5, 9:7, 9:9, 9:17, 9:18, 9:22, 11:2, 11:13, 12:18, 12:20, 12:24, 13:2, 13:5, 13:6, 13:11, 13:13, 13:15, 13:16, 13:21, 14:24
**clerk** [1] - 16:23
**Clorax** [1] - 10:20
**Clorox** [1] - 11:13
**clothing** [1] - 5:24
**co** [2] - 3:20, 15:11
**co-counsel** [2] - 3:20, 15:11
**Code** [1] - 18:9
**coming** [1] - 13:12
**companies** [2] - 10:11, 12:6
**company** [1] - 9:17
**complaint** [1] - 14:12
**conceded** [1] - 11:11
**concern** [1] - 13:24
**concerned** [2] - 7:20, 8:1
**concerns** [3] - 4:24, 6:23, 11:17
**concluded** [2] - 15:19, 17:3
**conclusion** [2] - 5:4, 5:6
**conclusions** [1] - 14:3
**conduct** [6] - 7:1, 7:2, 8:20, 8:22, 9:13, 10:11
**conference** [2] - 16:9, 18:13
**conformance** [1] - 18:13

**consider** [1] - 9:20
**constitutional** [1] - 9:13
**consumer** [2] - 5:14, 5:15
**correct** [3] - 10:16, 12:13, 18:10
**counsel** [10] - 3:20, 5:25, 6:3, 9:25, 10:2, 12:17, 13:3, 14:16, 15:11, 15:14
**COUNSEL** [1] - 2:1
**COUNTY** [1] - 18:3
**COURT** [21] - 1:1, 1:21, 3:6, 3:14, 3:16, 3:23, 4:11, 5:25, 6:12, 7:10, 9:24, 12:14, 13:3, 14:15, 14:19, 15:15, 15:23, 16:13, 16:18, 16:22, 17:1
**Court** [31] - 3:11, 3:13, 3:21, 4:6, 5:7, 5:9, 6:10, 7:3, 7:9, 7:12, 8:18, 8:20, 8:25, 9:6, 9:12, 9:14, 9:17, 9:19, 10:9, 10:22, 10:25, 11:5, 11:8, 14:12, 14:13, 15:12, 15:19, 16:2, 18:7, 18:20
**Court's** [6] - 4:6, 4:21, 5:6, 6:23, 15:16, 15:22
**courtroom** [1] - 16:16
**CRR** [1] - 18:20
**CSR** [2] - 1:21, 18:20
**CV** [1] - 1:7

**D**

**Dakota** [2] - 5:23, 11:24
**date** [2] - 13:10, 14:24
**Date** [1] - 18:16
**DATE** [1] - 18:16
**dates** [2] - 14:20, 15:9
**Davidson** [1] - 8:24
**days** [1] - 15:4
**deadline** [1] - 14:10
**decide** [2] - 7:4, 7:12
**decision** [3] - 9:12, 11:8, 12:12
**defendant** [9] - 4:14, 7:1, 7:5, 7:6, 8:23, 9:11, 10:22, 14:11
**DEFENDANT** [1] - 2:8

**Defendants** [1] - 1:9
**defendants** [11] - 7:1, 8:23, 10:8, 10:12, 10:15, 10:18, 11:10, 11:18, 12:5, 14:13, 15:18
**defense** [4] - 3:9, 6:14, 13:14, 13:24
**deficiency** [1] - 4:24
**define** [1] - 13:17
**denies** [1] - 16:2
**difference** [2] - 12:18, 12:21
**differences** [1] - 7:13
**different** [5] - 6:20, 8:4, 11:13, 12:2, 12:3
**differentiate** [1] - 8:2
**difficult** [1] - 4:23
**disagree** [1] - 14:3
**disagrees** [1] - 5:12
**discovery** [14] - 5:2, 7:6, 7:14, 11:16, 11:22, 11:25, 12:1, 13:19, 13:21, 13:25, 14:7, 15:1, 16:3
**discuss** [2] - 14:6, 15:13
**discussed** [2] - 7:17, 15:24
**DISMISS** [1] - 1:12
**dismiss** [3] - 6:19, 13:9, 15:17
**dismissed** [1] - 9:18
**display** [1] - 11:19
**dispute** [3] - 5:18, 5:21, 9:3
**distinction** [1] - 12:22
**DISTRICT** [3] - 1:1, 1:2, 1:3
**District** [2] - 18:7, 18:8
**DIVISION** [1] - 1:2
**Docket** [1] - 11:9
**down** [1] - 16:13

**E**

**easier** [2] - 4:3, 4:8
**egg** [1] - 6:1
**end** [4] - 7:7, 8:7, 11:14, 13:14
**engage** [2] - 7:5, 13:24
**engaged** [1] - 7:2
**entered** [1] - 15:22
**entire** [2] - 6:11, 11:12
**entities** [1] - 4:14
**entitled** [1] - 18:12

**especially** [1] - 10:13
**et** [1] - 1:8
**EVERSHEDS** [2] - 2:9, 2:13
**Ex** [1] - 10:19
**exactly** [1] - 16:21
**example** [4] - 5:17, 7:19, 8:3, 8:18
**extraterritoriality** [1] - 10:19

**F**

**fact** [2] - 12:17, 12:19
**factual** [1] - 12:22
**far** [2] - 6:24, 11:16
**FARIH** [1] - 1:5
**fashion** [1] - 8:12
**Federal** [2] - 18:6, 18:20
**FEDERAL** [1] - 1:21
**few** [1] - 5:7
**file** [1] - 14:12
**filter** [1] - 12:8
**final** [1] - 15:23
**first** [2] - 4:21, 10:6
**FIRST** [1] - 1:22
**Floor** [1] - 2:11
**focus** [1] - 10:15
**focused** [1] - 8:25
**folks** [2] - 11:22, 11:23
**footnotes** [1] - 9:1
**FOR** [2] - 2:3, 2:8
**force** [1] - 7:5
**foregoing** [1] - 18:10
**foregone** [2] - 5:3, 5:5
**format** [1] - 18:12
**forms** [1] - 10:13
**forward** [2] - 9:20, 13:17
**Frengo** [1] - 8:24
**front** [2] - 6:18, 16:19

**G**

**GEORGE** [1] - 1:3
**Georgia** [1] - 9:9
**given** [3] - 14:4, 14:10, 14:11
**governed** [2] - 5:15, 13:1
**Grandfield** [1] - 8:24

**H**

**handling** [1] - 6:7
**hanging** [1] - 14:10

**hear** [3] - 10:2, 13:11, 14:15
**hearing** [3] - 13:20, 14:24, 16:2
**heavy** [1] - 12:5
**held** [1] - 18:11
**Henry** [1] - 10:20
**hereby** [1] - 18:8
**Hilton** [1] - 3:6
**Honor** [29] - 3:12, 3:18, 4:4, 4:5, 4:8, 4:13, 6:5, 6:22, 8:13, 9:2, 10:3, 10:5, 10:6, 10:10, 10:23, 11:5, 11:14, 12:11, 12:15, 12:22, 14:2, 14:9, 14:17, 15:10, 15:11, 15:18, 15:21, 16:24, 16:25
**Honor's** [2] - 6:8, 12:12
**HONORABLE** [1] - 1:3
**hopeful** [1] - 3:12
**HOURIGAN** [4] - 1:21, 18:6, 18:19, 18:20

**I**

**IAN** [1] - 2:13
**Ian** [6] - 3:10, 4:12, 4:13, 6:22, 12:16, 14:2
**IanShelton@ eversheds** [1] - 2:15
**IanShelton@ eversheds-sutherland.com** [1] - 2:15
**Ibrahim** [4] - 3:20, 3:22, 6:6, 10:4
**IBRAHIM** [7] - 2:5, 6:5, 10:3, 14:17, 15:10, 15:21, 16:5
**identified** [3] - 7:9, 8:18, 12:17
**identify** [1] - 10:1
**identifying** [1] - 8:17
**identity** [1] - 9:3
**Illinois** [1] - 10:24
**impose** [1] - 12:5
**in-person** [1] - 16:15
**INC** [2] - 1:8, 2:8
**included** [1] - 8:25
**including** [5] - 6:25, 14:24, 14:25
**indicate** [3] - 6:14, 9:25, 13:8
**indicated** [1] - 4:21

**indicating** [1] - 16:1
**inefficient** [1] - 7:4
**insofar** [3] - 7:19, 7:25, 15:16
**instant** [1] - 11:14
**interest** [2] - 9:9, 9:10
**invoking** [1] - 5:13
**involved** [1] - 6:25
**issue** [14] - 4:19, 4:20, 7:1, 7:4, 7:12, 8:25, 9:20, 13:21, 14:8, 14:10, 15:1, 15:13, 15:25, 16:3
**issues** [7] - 3:20, 3:21, 4:2, 4:11, 4:18, 7:14, 13:19

**J**

**jaded** [1] - 3:15
**Judge** [2] - 16:9, 16:15
**JUDGE** [1] - 1:3
**judicial** [1] - 18:13
**jurisdiction** [5] - 5:16, 14:7, 14:14, 15:1, 16:3
**jurisdictional** [1] - 14:7

**K**

**Kansas** [1] - 11:24
**keep** [1] - 12:7
**KHAN** [1] - 1:5
**Khan** [1] - 3:7

**L**

**large** [1] - 12:6
**LAW** [1] - 2:4
**law** [21] - 5:3, 5:10, 5:22, 6:4, 6:11, 7:13, 7:17, 7:19, 7:21, 8:3, 8:4, 8:6, 8:9, 9:14, 9:15, 9:22, 10:23, 11:3, 11:4, 11:12, 13:1
**Law** [3] - 2:5, 2:10, 2:14
**laws** [5] - 5:16, 7:7, 7:22, 8:1, 8:17
**leave** [1] - 16:18
**Lee** [2] - 3:7, 5:17
**legal** [1] - 12:23
**liability** [1] - 13:25
**limit** [2] - 4:5, 13:21
**lines** [1] - 8:12
**litigate** [1] - 9:21

litigation [1] - 8:8
live [2] - 5:22, 8:15
LLP [2] - 2:9, 2:13
look [5] - 7:4, 9:7, 11:6, 12:1
looked [1] - 9:8
looking [2] - 11:8, 16:8
LOS [4] - 1:14, 1:22, 3:1, 18:3

**M**

Mall [1] - 2:14
manageable [1] - 9:22
marketing [1] - 10:13
matter [2] - 3:6, 18:12
matters [1] - 4:6
Mazza [14] - 4:16, 4:19, 5:2, 5:7, 5:13, 5:14, 6:24, 8:22, 9:2, 9:6, 9:19, 10:16, 11:1, 12:21
mean [5] - 5:5, 6:2, 7:15, 8:7, 8:11
means [1] - 8:8
members [4] - 5:14, 5:20, 5:22, 9:9
merits [1] - 13:19
messaged [1] - 15:11
might [7] - 4:8, 4:22, 5:24, 12:3, 13:4, 13:14, 13:15
minute [1] - 15:25
Mirada [1] - 2:6
misplaced [1] - 11:11
mode [2] - 10:7, 10:16
MONDAY [2] - 1:13, 3:1
Moral [1] - 10:19
morning [4] - 3:18, 4:7, 6:5, 10:3
Mortgage [1] - 10:20
motion [12] - 6:17, 6:19, 13:5, 13:6, 13:9, 13:11, 13:13, 13:20, 14:24, 15:16, 15:17
MOTION [1] - 1:12
motions [2] - 4:7, 16:2
moving [1] - 9:20
MR [24] - 3:10, 3:18, 4:4, 4:12, 4:13, 6:5, 6:22, 8:13, 10:3, 12:15, 14:2, 14:17,

15:10, 15:11, 15:18, 15:21, 16:5, 16:6, 16:7, 16:8, 16:17, 16:21, 16:24, 16:25
multi [1] - 8:8
multi-state [1] - 8:8

**N**

named [1] - 5:20
NastyGal.com [1] - 3:8
nationwide [2] - 4:16, 4:19, 4:23, 5:1, 6:4, 6:9, 6:17, 7:5, 7:13, 7:22, 7:24, 8:5, 8:10, 9:18, 11:2, 11:12, 11:16, 12:1, 12:4, 13:15, 13:16
necessarily [1] - 8:7
need [1] - 8:2
New [2] - 2:11
newer [1] - 3:12
next [1] - 13:10
nice [1] - 3:14, 17:1
NO [2] - 1:21, 18:20
normally [3] - 6:16, 6:20, 13:22
North [2] - 5:23, 11:24
November [4] - 15:8, 16:10, 16:12
NOVEMBER [2] - 1:13, 3:1
Number [1] - 11:9
number [3] - 3:20, 7:17, 10:5
numerical [1] - 4:1

**O**

o'clock [2] - 16:14, 16:22
objection [3] - 14:14, 14:16, 14:18
OF [1] - 1:2, 1:12, 2:1, 18:1, 18:3, 18:4
Official [2] - 18:6, 18:20
OFFICIAL [1] - 1:21, 18:1
often [1] - 7:18
once [2] - 13:9, 16:18
one [12] - 3:24, 5:10, 7:18, 7:21, 8:13, 8:17, 8:20, 10:8, 12:13, 12:17, 14:11, 14:12
online [3] - 5:24, 11:18, 12:7

oOo [1] - 3:3
opposed [2] - 12:10, 16:12
opposition [2] - 6:17, 11:9
oral [2] - 4:15, 4:20
order [6] - 4:1, 4:6, 4:10, 4:21, 15:25, 16:17
outweigh [1] - 9:10
overstated [1] - 11:17

**P**

page [2] - 11:8, 18:12
papers [2] - 3:11, 14:5
part [1] - 6:7
particular [1] - 7:25
people [3] - 5:24, 14:1, 15:16
performed [1] - 10:23
perhaps [2] - 7:12, 16:11
permit [1] - 16:2
person [2] - 16:9, 16:15
personal [4] - 14:7, 14:14, 15:1, 16:3
pertaining [1] - 11:22
PetSmart [4] - 8:14, 11:6, 11:7, 11:10
pick [1] - 4:12
place [1] - 5:16
plaintiff [2] - 11:2, 11:11
Plaintiff [1] - 1:6
PLAINTIFF [1] - 2:3
plaintiff's [3] - 6:2, 10:2, 14:15
plaintiffs [10] - 3:16, 3:19, 4:22, 6:3, 6:6, 10:4, 10:10, 10:21, 13:16, 15:21
play [2] - 13:12, 13:25
pleading [6] - 5:13, 6:24, 7:3, 9:4, 9:18, 14:10
point [12] - 5:10, 6:1, 6:8, 6:15, 6:21, 11:1, 13:2, 13:4, 13:8, 13:17, 14:23, 15:6
points [3] - 5:7, 8:13, 10:5
position [4] - 5:1,

5:5, 6:9, 11:16
possess [1] - 4:25
possible [2] - 14:14, 16:11
prepared [1] - 4:5
presents [1] - 10:22
presumably [1] - 12:6
presume [2] - 3:24, 16:14
Prettylittlething.
Com [1] - 3:7
principles [1] - 5:14
problem [4] - 6:1, 6:14, 16:20, 16:23
procedurally [1] - 6:19
proceed [2] - 5:2, 8:11
proceeding [1] - 4:23
proceedings [2] - 17:3, 18:11
progress [1] - 3:12
proper [1] - 15:14
properly [1] - 11:4
propose [2] - 14:19, 15:7
proposing [2] - 10:8, 10:20
protection [2] - 5:15
provide [1] - 4:15
pull [1] - 8:19
purchaser [1] - 12:25
purchasers [2] - 8:6, 12:19
purposes [2] - 8:9, 9:4
pursuant [1] - 18:9
pursuing [1] - 6:9
put [1] - 16:13

**Q**

quick [1] - 6:3
quoting [1] - 5:9

**R**

raise [2] - 4:19, 6:16
raised [3] - 3:21, 4:2, 6:17
raises [1] - 4:24
re [1] - 11:13
reach [1] - 14:20, 15:5
ready [1] - 14:6
really [4] - 7:24, 10:6, 10:16, 13:25

Realtime [1] - 18:6
reason [2] - 4:19, 12:13
reasons [4] - 4:20, 8:18, 12:11, 16:1
recognize [2] - 4:6, 8:9
reconsider [1] - 5:7
record [1] - 15:24
records [1] - 12:7
referring [1] - 11:7
regard [1] - 13:23
regarding [1] - 4:15
regards [2] - 15:1, 15:9, 16:3
regulations [1] - 18:13
related [2] - 5:7, 14:7
relates [3] - 8:14, 10:13, 13:2
relying [1] - 11:10
remember [1] - 11:18
rep [6] - 8:25, 9:1, 9:3, 9:4, 9:17, 13:2
report [3] - 12:9, 15:6, 15:9
reported [1] - 18:11
REPORTER [3] - 1:21, 9:23, 18:1
Reporter [2] - 18:7, 18:20
REPORTER'S [1] - 1:12
represent [2] - 3:19, 11:2
representative [3] - 5:17, 12:20, 12:24
representatives [1] - 8:15
reps [2] - 8:21, 9:7
requests [1] - 11:22
resident [2] - 5:18, 10:24
resources [1] - 4:25
respectfully [5] - 5:12, 9:2, 12:11, 12:22, 14:3
respond [2] - 6:23, 12:15
response [2] - 10:2, 15:13
responsive [1] - 14:9
result [1] - 5:2
Ron [1] - 4:4
RONALD [1] - 2:10
ronzdrojeski@
eversheds [1] - 2:12
ronzdrojeski@
eversheds-

**sutherland.com** [1] - 2:12
  **ROOM** [1] - 1:22
  **RPR** [1] - 18:20
  **rules** [1] - 14:13
  **ruling** [4] - 5:6, 5:9, 10:7, 15:22
  **run** [2] - 12:9

## S

**Sacramento** [1] - 2:15
  **sales** [2] - 12:4, 12:8
  **saw** [2] - 11:23, 11:24
  **schedule** [3] - 13:10, 14:8, 16:22
  **scheduled** [1] - 16:9
  **scheduling** [4] - 14:23, 15:6, 15:9, 16:9
  **scope** [2] - 13:17, 14:6
  **SCOTT** [1] - 2:13
  **second** [1] - 14:6
  **secondly** [1] - 11:6
  **Section** [1] - 18:9
  **see** [4] - 13:7, 14:20, 15:2, 15:5
  **seeking** [2] - 6:4, 11:2
  **serious** [1] - 4:24
  **set** [2] - 14:8, 14:9
  **SHELTON** [11] - 2:13, 3:10, 4:13, 6:22, 8:13, 12:15, 14:2, 15:11, 15:18, 16:6, 16:25
  **Shelton** [6] - 3:10, 4:13, 6:22, 9:24, 12:16, 14:2
  **Shelton's** [1] - 3:13
  **Shepler** [2] - 8:23, 10:24
  **short** [1] - 15:25
  **Shpeler** [1] - 10:24
  **sides** [2] - 3:24, 13:8
  **significance** [1] - 12:23
  **significantly** [1] - 11:17
  **similar** [3] - 7:20, 7:23, 8:1
  **simply** [4] - 6:15, 8:8, 10:8, 15:25
  **sit** [1] - 3:13
  **situation** [1] - 11:1
  **six** [2] - 6:25, 8:23
  **skipped** [1] - 10:18

**software** [1] - 12:7
**solely** [1] - 13:21
**sometimes** [2] - 7:10, 7:16
**sort** [1] - 8:18
**speaking** [1] - 9:23
**spent** [1] - 4:7
**spot** [1] - 10:6
**stage** [8] - 4:22, 5:3, 5:13, 5:18, 6:24, 7:3, 7:16, 9:18
**stand** [2] - 4:17, 14:4
**standing** [3] - 5:19, 5:21, 8:14
**start** [1] - 12:4
**STATE** [1] - 18:4
**state** [4] - 7:19, 8:8, 9:15, 10:21
**STATES** [1] - 1:1
**states** [8] - 5:23, 7:7, 7:25, 8:17, 9:10, 11:21, 11:24, 12:10
**States** [4] - 11:20, 18:7, 18:9, 18:14
**status** [1] - 15:9
**stenographically** [1] - 18:11
**still** [2] - 9:15, 9:18
**stop** [3] - 5:25, 7:10, 13:3
**streamline** [1] - 9:21
**STREET** [1] - 1:22
**strike** [4] - 4:16, 13:7, 13:9, 15:17
**striking** [1] - 13:7
**stuff** [5] - 13:11, 14:20, 14:21, 15:2, 15:15
**subclasses** [3] - 7:23, 7:25, 8:16
**substantial** [1] - 13:25
**substantially** [2] - 9:21, 10:12
**sufficient** [1] - 9:13
**sufficiently** [1] - 8:1
**suing** [1] - 10:10
**Suite** [2] - 2:6, 2:14
**supplemental** [1] - 14:8
**supported** [1] - 9:22
**SUTHERLAND** [2] - 2:9, 2:13
**sutherland.com** [2] - 2:12, 2:15
**systems** [1] - 12:7

## T

**telephonic** [2] -

16:14, 16:19
  **ten** [1] - 15:4
  **tentative** [9] - 4:2, 4:21, 5:9, 10:7, 12:12, 14:4, 15:22, 15:23, 16:1
  **terms** [2] - 4:1
  **TERRI** [4] - 1:21, 18:6, 18:19, 18:20
  **Texas** [3] - 5:23, 9:9, 12:19
  **THE** [22] - 2:3, 2:8, 3:6, 3:14, 3:16, 3:23, 4:11, 5:25, 6:12, 7:10, 9:23, 9:24, 12:14, 13:3, 14:15, 14:19, 15:15, 15:23, 16:13, 16:18, 16:22, 17:1
  **theoretically** [1] - 9:14
  **therefore** [4] - 7:18, 7:21, 7:23, 8:4
  **timing** [1] - 13:4
  **Title** [1] - 18:9
  **TO** [1] - 1:12
  **took** [1] - 5:16
  **transaction** [1] - 5:16
  **transcript** [2] - 18:10, 18:12
  **TRANSCRIPT** [1] - 1:12
  **trigger** [1] - 8:19
  **true** [1] - 18:10
  **trying** [2] - 6:16, 7:12
  **two** [7] - 4:5, 4:9, 4:11, 4:20, 8:13, 8:18, 8:21
  **types** [1] - 7:20

## U

**U.S** [1] - 1:3
  **under** [3] - 4:16, 5:21, 9:18
  **unified** [2] - 14:9, 15:13
  **UNITED** [1] - 1:1
  **United** [4] - 11:20, 18:7, 18:9, 18:14
  **unless** [1] - 8:15
  **unlimited** [1] - 4:25
  **unnamed** [1] - 9:8
  **up** [2] - 4:12, 14:23
  **US** [1] - 2:13
  **USA** [2] - 1:8, 2:8

## V

**versus** [6] - 3:6, 3:7,

8:14, 11:7, 11:10, 12:1
  **view** [1] - 10:11
  **Virginia** [3] - 8:3, 8:6, 8:16
  **volume** [1] - 14:11
  **vs** [1] - 1:7

## W

**Washington** [2] - 7:19, 8:16
**website** [1] - 11:20
**websites** [1] - 11:19
**weird** [1] - 6:19
**WEST** [1] - 1:22
**WESTERN** [1] - 1:2
**whereby** [1] - 6:10
**whole** [1] - 4:9
**words** [2] - 14:22, 16:16
**wrongdoing** [1] - 10:14
**WU** [1] - 1:3

## Y

**YASIN** [1] - 2:4
**Yasin** [2] - 3:10, 3:18
**yma@lawalm.com** [1] - 2:7
**York** [2] - 2:11
**younger** [1] - 3:15
**yourselves** [1] - 10:1

## Z

**ZDORJESKI** [3] - 4:4, 4:12, 16:7
**ZDROJESKI** [1] - 2:10
**Zdrojeski** [1] - 4:4

# EXHIBIT 9



```
 1                UNITED STATES DISTRICT COURT

 2           CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3              HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

 4

 5   OLIVIA LEE,

 6               Plaintiff,

 7        vs.                          Case No. CV 20-4659-GW

 8   NASTYGAL.COM USA, INC.,

 9               Defendants.
     _____/

10

11   HAYA HILTON,

12               Plaintiff,
                                       Case No. CV 20-4658-GW
13        vs.

14   PRETTYLITTLETHING.COM USA, INC., et al

15               Defendant.
     _____/

16
     FARIH KHAN,
17
                 Plaintiff,
18                                     Case No CV 20-3332-GW

19        vs.

20   BOOHOO.COM USA, INC., et al,

21               Defendant.
     _____/

22

23                         * * *

24

25
```



**REPORTER'S TRANSCRIPT OF**
**STATUS CONFERENCE**
**MONDAY, NOVEMBER 30, 2020**
**8:30 A.M.**
**LOS ANGELES, CALIFORNIA**

**TERRI A. HOURIGAN, CSR NO. 3838, CCRR**
**FEDERAL OFFICIAL COURT REPORTER**
**350 WEST FIRST STREET, ROOM 4311**
**LOS ANGELES, CALIFORNIA  90012**
**(213) 894-2849**

1          **APPEARANCES OF COUNSEL:**

2

3   **FOR THE PLAINTIFF:**

4       AI LAW PLC
        BY:  AHMED I. IBRAHIM
5       Attorney at Law
        4343 Von Karman Avenue, Suite 250
6       Newport Beach, California  92660
        aibrahim@ailawfirm.com
7
        ALMADANI LAW
8       BY:  YASIN M. ALMADANI
        Attorney at Law
9       14742 Beach Boulevard, Suite 410
        La Mirada, California  90638
10      yma@lawalm.com

11

    **FOR THE DEFENDANT:**
12
        EVERSHEDS SUTHERLAND US LLP
13      BY:  RONALD W. ZDROJESKI
             AMY R. ALBANESE
14      Attorneys at Law
        1114 - 6th Avenue, 40th Floor
15      New York, New York 10036
        ronzdrojeski@eversheds-sutherland.com
16
        EVERSHEDS SUTHERLAND US LLP
17      BY:  IAN SCOTT SHELTON
        Attorney at Law
18      500 Capitol Mall Suite 1750
        Sacramento, California  95814
19      IanShelton@eversheds-sutherland.com

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

1          **LOS ANGELES, CALIFORNIA; MONDAY, NOVEMBER 30, 2020**

2                          **8:30 A.M.**

3                          **--oOo--**

4

5

6          THE COURT:  Let me call the matters of *Lee versus*

7   *NastyGal, Hilton versus Prettylittlething,* and *Khan versus*

8   *Boohoo.com.*

9      For the plaintiffs in this matter, we have?

10          MR. ALMADANI:  Good morning, Your Honor.  This is

11   Yasin Almadani.  I'm representing plaintiffs, and with me is my

12   co-counsel, Ahmed Ibrahim.

13          THE COURT:  Okay.  And for the defendants, we have?

14          MR. ZDROJESKI:  Ron Zdrojeski and I'm accompanied by

15   Ian Shelton and Amy Albanese.

16      Your Honor, Amy has proffered her motion to appear

17   pro hac, and at the Court's convenience, I call your attention

18   to that motion.

19          THE COURT:  That will be processed in the normal

20   course.  I have no problem with her appearing if the

21   application has already been filed.

22      If there is a problem later on, we will address the

23   problem later on.

24      At this point in time, if she's filed it, it will be

25   processed in the normal course.

1          We are here for a status conference in this matter.

2          Let me just ask for my own edification, is it Boohoo.com,

3     is that how you pronounce it?

4               MR. ZDROJESKI:  Yes.  Boohoo.

5               MR. ALMADANI:  Yes.  This is Yasin Almadani.

6               THE COURT:  All right.  Last time there was a motion

7     to dismiss and the Court issued a tentative on this.

8          The only question at that point in time that remained was

9     in regards to whether or not there could be personal

10    jurisdiction over the -- what I referred to as Boohoo Parent,

11    in other words, a parent corporation.

12         I indicated I would allow some discovery on that, and

13    these are three separate cases, all of which have been brought

14    as class actions seeking -- I guess, what could be referenced

15    or characterized as nationwide relief; is that correct?

16              MR. ALMADANI:  Your Honor, this is --

17              MR. ZDROJESKI:  Your Honor, this is --

18              THE COURT:  Let me stop.  You have to really

19    identify yourselves when you speak.  Not only are you talking

20    over each over, but we can't figure out who talked over each

21    other.

22         Let me ask the plaintiffs, have I summarized that

23    particular aspect of the case correctly?

24              MR. ALMADANI:  This is Yasin Almadani, Your Honor,

25    yes, you have.

```
1              THE COURT:  Okay.  Let me ask defense, the defense
2    doesn't disagree?
3              MR. ZDROJESKI:  This is Mr. Zdrojeski from the
4    defense, no, Your Honor.
5         Your Honor, the issue we have now before the Court
6    concerns the timing, and we spoke of discovery that you
7    suggested that plaintiffs should be allowed as well as the
8    discovery associated with the proposed nationwide class.
9         We have also asked, on behalf of the defendants, to
10   consolidate the date on which an answer could be filed across
11   all of the complaints.
12        And finally, we also request any discovery on any issue
13   that propounds defendant to proceed pursuant to a mutually
14   agreeable protective order.
15             THE COURT:  All right.  Addressing those things, I
16   would characterize it slightly differently.
17        At this point in time, what the Court will do is I will
18   consolidate these three matters for all pretrial proceedings.
19        We will make a determination later on if the case is
20   eventually heading towards trial whether or not we will do a
21   trial on all three cases or whether or not they will be
22   separated for purposes of trial.
23        But for pretrial proceedings, they will be consolidated,
24   so that is the first thing I will order at this point in time.
25        Then the next issue is in regards to the discovery, and I
```

1    did look at and consider the parties' joint status report.

2         You are agreeable in terms of some things, and not

3    agreeable in terms of other things, but let me just describe

4    how I will envision this case going forward and then you can

5    meet again and see if you can resolve what remains in terms of

6    your disagreements in this regard.

7         At this point in time there are two issues for purposes of

8    discovery.  The first one is discovery as to the personal

9    jurisdiction over the Boohoo Parent.

10        And the second issue is discovery in regards to the motion

11   for class certification.

12        It is my practice for class action situations not to

13   schedule anything other than the hearing date for the motion

14   for class certification.

15        Obviously, if I certify the class, the case goes on

16   differently than if I were to deny the motion for class cert,

17   so those are two items for discovery at this point.

18        What I will do is I will run the discovery on those two

19   issues simultaneously, but otherwise, bifurcate or stay

20   discovery to the extent possible on all of the other issues in

21   the case.

22        So, in other words, there will be initial discovery both

23   for purposes of personal jurisdiction over Boohoo Parent, and

24   also for purposes of the motion for class certification, but

25   not discovery on other issues.

8

1        Now, I understand that in some areas there may be overlap,

2   and that is unfortunate, but that will occur.

3        What I want you to do is talk about the situation now that

4   you understand how the Court is allowing the cases to go

5   forward and to see if you can resolve all of the issues in

6   regards to discovery and anything else that would arise

7   initially.

8        Now, I do understand that the parties had some

9   disagreement insofar as the number of interrogatories, requests

10  for admissions, depositions, et cetera, et cetera, but again, I

11  want you to meet and confer on that.

12       To the extent that there is a disagreement, I will give

13  you a date -- a status conference date, where you will present

14  those issues to me, and I will resolve them.

15       I want you to talk more seriously or in more detail about

16  that, given what I have told you today.

17       Now, also in regards to depositions are concerned, unless

18  the parties agree otherwise, all depositions in this matter

19  will be taken by video.

20       And I do understand that maybe one side wants to have real

21  live depositions, but frankly, in this age of coronavirus, I

22  don't think that is advisable.

23       So therefore, unless the parties agree otherwise, all

24  depositions in this matter will be taken by video.

25            MR. ZDROJESKI:  Your Honor, this is Ron Zdrojeski

```
 1   for the defendants.  I would like to be heard on that issue.
 2               THE COURT:  Sure.
 3               MR. ZDROJESKI:  Do you want me to discuss this with
 4   the plaintiffs first?
 5               THE COURT:  Why don't you discuss it with the
 6   plaintiffs first, unless you are going to say that the defense
 7   wants every single deposition to be done live.  I presume
 8   that --
 9               MR. ZDROJESKI:  No.  We are amenable to a single
10   deposition, and our position is that the deposition should take
11   place in the foreign country for a variety of reasons.
12       I could expound further with the plaintiffs and bring it
13   back to the Court, or I can discuss it with the Court at this
14   point in time.
15               THE COURT:  I will tell you what --
16               MR. ZDROJESKI:  I do believe there are
17   constitutional implications in this case, because we are
18   dealing with an entity that has been an alien entity, it's not
19   within the United States, it's in another country.  That
20   country does not have these procedures.
21       There is no such thing as a deposition under the
22   jurisprudence of the United Kingdom.
23       Indeed, the discovery obligations imposed privately
24   against the United Kingdom is much different than those imposed
25   on the United States.
```

UNITED STATES DISTRICT COURT

     1        I think under these circumstances, there are

     2   constitutional implications with liability to represent my

     3   client in a situation where this is going to proceed virtually.

     4        I'm amenable to having my client available for a

     5   deposition.

     6        It is not unusual for Courts to acknowledge that foreign

     7   alien organizations are subject to different accommodations

     8   than ones that might be made for individuals that reside

     9   outside of a District or outside of the state in which the

    10   Court is held.

    11        But this is a significant issue, and you are doing it on

    12   top of a pandemic, and there is a stay-in-place order in that

    13   country right now.

    14        The ability to advise counsel and prepare this witness is

    15   severely limited.

    16             THE COURT:  Well, let me put it this way, what you

    17   just said might be very impactful in a sense that you might not

    18   be able to do a live deposition in the foreign country.

    19             MR. ZDROJESKI:  Well, Your Honor, we could do a live

    20   deposition once the stay-in-place order expires, at least

    21   presently, it is on the 4th or 5th.

    22             THE COURT:  Let me just ask, when you are talking

    23   about the stay-in-place orders, are you talking about this

    24   Court's stay or are you talking about something else?

    25             MR. ZDROJESKI:  We're talking about the government

1    of the United Kingdom issued a stay-in-place order for its

2    citizenry which requires people to stay in place.  We made a

3    note of the order in our status report.

4              THE COURT:  Yeah, that's the point.  In other words,

5    there can be no live deposition until such time as that

6    stay-in-place is lifted.

7         So therefore, you know, the stay-in-place may last for

8    months, and so therefore, there won't be any discovery for

9    months in this particular situation.

10        So, therefore, what can I say?

11        And I suppose it would be interesting, and I'm going to

12   allow you obviously to brief the issue, but I'm not going to

13   rule right now.

14        I do want you to discuss the issue with counsel first and

15   see how much of the stuff you can agree on, and of the stuff

16   you can't agree on, then I will tell you in a moment how we're

17   going to try to resolve that.

18        So what I will do is -- sorry, somebody else wants to

19   speak?

20             MR. ALMADANI:  I apologize, Your Honor.  This is

21   Yasin Almadani for plaintiffs.

22        I just have not put anything on the record, but we just

23   want to say we agree with the Court.

24        I have actually done multiple day live evidentiary

25   hearings on Zoom just fine without a glitch, and we are

1   scheduled for other depositions.

2        Rule 30(b)(4) allows for that.  We will brief the issue

3   for the Court, but we agree with the Court that discovery

4   should move forward and we should be able to resolve this case

5   expeditiously.

6        But we will brief it for the Court, Your Honor.  Thank

7   you.

8             THE COURT:  All right.  Let me indicate to the

9   defense counsel, I mean, if the matter goes to discovery, and

10  discovery demonstrates that the defendant is not subject to

11  this Court's personal jurisdiction, then it's out of the case

12  entirely.

13       But, conversely, however, the issue is really whether or

14  not the Court can exercise personal jurisdiction over the

15  Boohoo Parent.

16       So again, it is sort of inconsistent, because obviously

17  the Boohoo Parent is not going to be out of this lawsuit until

18  such time that I make a determination one way or the other.

19       So I will just throw that out there.

20            MR. ZDROJESKI:  Your Honor, I agree with what Your

21  Honor has said, but the Court hasn't also determined that the

22  defendant is subject to the jurisdiction for the purpose of the

23  discovery.

24            THE COURT:  Yes, I do understand that.

25            MR. ZDROJESKI:  Other Courts in that situation

1   acknowledge the fact under those circumstances an alien

2   defendant.

3        So in my further counsel for the plaintiff, I appreciate

4   that he has done Zoom hearings, I appreciate he has done

5   depositions, but those were with Americans.

6        They are not with foreigners.  They are not with foreign

7   companies.  (Inaudible)

8              THE COURT:  Let me stop both counsel.  Let me stop

9   counsel.  Counsel, counsel, you are talking over me.

10       Counsel, my reporter is not going to take down whatever it

11  is you are saying as long as I'm talking, so don't even bother

12  to try to talk over me.

13       Again, I'm not resolving that issue at this point in time,

14  it's going to be an interesting brief because it's going to

15  have to be briefed unless the parties agree one way or the

16  other, but I will take that in the normal course.

17       This is what I want, I want the parties to discuss all of

18  these discovery issues, et cetera, et cetera, and what I will

19  do is I want you to discuss the matter and give me a joint

20  document by the 17th of -- well, actually, make it the 14th of

21  December.

22       And, I want all of the areas that the parties are in

23  agreement with, and you don't have to give me the details, all

24  you need to do, for example, if you agree on the number of

25  interrogatories or things of that sort, you just tell me that

1   you have reached an agreement.

2        But insofar as the items that you have not reached an

3   agreement on, I want that to be included in the single joint

4   document.

5        And in the single joint document, I will allow the parties

6   to litigate the issue, or at least to present the issue to me

7   insofar as the issue as to whether or not the Court can force

8   the Boohoo Parent to engage in video depositions that would be

9   conducted here in this country, all right?

10       And so you will give me that on the 14th.  I will put you

11  back on calendar for the 21st, and I will give you my rulings

12  on those items.

13       When I indicate a joint document, that indicates that both

14  sides have to put in there -- whatever they want to put in

15  that single document, so therefore, there is no veto.

16       Neither side can veto the other side's request to include

17  certain materials.

18       So it will be a single document with the positions of both

19  sides, and I will resolve it, as I have indicated, on the 21st

20  of December.

21       Now, the only other thing that I was going to do today,

22  but maybe I will put it over until December the 21st, is for

23  the parties to tell me -- well, actually, I will tell you what,

24  I will tell the parties what date I'm going to give you, unless

25  you strongly disagree.

1    The only other date I indicated would be the date for the

2  Court's hearing the motion for class cert.

3    At this point in time, I will propose to hear the motion

4  for class cert on July the 1st, with the last brief being

5  provided to the Court no later than June the 17th.

6    Also, I want --

7    MR. ALMADANI:  Your Honor, this is Yasin Almadani.

8  The last brief, the Court indicated would be the reply brief?

9    THE COURT:  That would be the reply brief, yes.

10    Also, what I would do is, unless I agree with the defense

11  in regards to the video deposition of the -- I guess

12  representative from the Boohoo Parent, the hearing on the

13  motion -- I guess, a renewed motion in regards to personal

14  jurisdiction over that particular party would be heard on,

15  let's say, I will put it down for the 1st of April with the

16  last brief on that being filed by the 23rd of March.

17    MR. ZDROJESKI:  This is Ron Zdrojeski for the

18  defendants, Your Honor.

19    I apologize to the Court, what did you schedule for

20  July 1st, Your Honor?  Was that for the motion or was that for

21  the hearing?

22    THE COURT:  That is the hearing date for the motion

23  for class cert.

24    MR. ZDROJESKI:  Your Honor, do you want us to

25  indicate vis a vis the timing now or do you want us to include

1   that in the --

2          THE COURT:  You can include it, but let me indicate

3   this:  I mean, again, my problem that I have with a lot of

4   parties in class certification situations, they want to do more

5   discovery than is necessary for the Court to hear the motion

6   for class certification.

7       In other words, I don't have to have all of the liability

8   issues, et cetera, right in front of me.

9       Now, there might be some liability issues, but pretty much

10  I don't need all of them.  I certainly don't need damages

11  issues and things of that sort.

12      So again, I only want the discovery that is necessary for

13  the motion for class cert to be done.

14      And again, you will talk about it, and if you have

15  disagreements, you will present those disagreements to me on

16  the 14th of December, and I will rule on them on the 21st of

17  December, okay?

18          MR. ZDROJESKI:  Your Honor, one more -- this is Ron

19  Zdrojeski for the defendants.

20      Technically, some of these answers in the case are due, I

21  think -- we would respectfully request any answers to be due on

22  the 14th of December.

23          THE COURT:  Sorry, you also want to make the

24  answer -- you want to file the answer by the 14th of December?

25          MR. ZDROJESKI:  Correct, Your Honor.  I believe the

1  plaintiff previously had offered that.

2          THE COURT:  That is fine.  Let me ask plaintiff's

3  counsel, there is no problem with that, is there?

4          MR. ALMADANI:  There is not, Your Honor.  This is

5  Yasin Almadani for plaintiffs.

6          THE COURT:  Okay.

7          MR. ALMADANI:  Your Honor, so there is not a problem

8  with that, but just on a note, something that the Court stated

9  about that popped out in my head, and we can brief it.

10     In this type of a false advertising case, the case law

11  that I have reviewed indicates that there are going to be

12  certain -- there is going to be certain overlap with class

13  certification damages.

14     So in order for us to able to meet our burden, we are

15  going to have to do some of that discovery.

16     Like I said, I will provide you with the case law for the

17  Court, so the Court is familiar with it, but I did want to sort

18  of highlight that for the Court.

19          THE COURT:  Let me put it this way, I do understand

20  that, for example, there might be issues in regards to whether

21  or not any class member actually suffered any damages or

22  whether or not the nature of the damages that are suffered by

23  class members differ so much from each other or something of

24  that sort, I can understand that.

25     But to try to say the amount of class -- the amount of

1   damages that is raised by the class at this point in time is X

2   figure, again, I don't think -- this was not brought under --

3   was this brought under CLRA?

4        MR. ALMADANI:  This is Yasin Almadani for plaintiff.

5   Yes, Your Honor, it was brought under CLRA.

6        THE COURT:  I apologize.  Then you are right, there

7   has to be a demonstration over 5 million.

8        But again, I mean, you have the nature of the products,

9   you have the number of class members, et cetera, et cetera, so

10  I mean, again, it doesn't have to be down to the last dollar.

11       It can be a general question as to whether or not it

12  approaches an amount that is in excess of 5 million.

13       MR. ALMADANI:  That is correct, Your Honor.  And the

14  issue we would have is to be able to model our damages model

15  adequately.

16       Like I said, I will brief that for the Court, because of

17  the different types of damages that are available in claims

18  that we have brought, it is -- some of the discovery concerning

19  damages will bear upon the class certification.

20       We will brief that for the Court, Your Honor, I just

21  wanted to highlight the issue.

22       THE COURT:  All right.  Thank you.

23       Gentlemen, anything else we need to talk about at this

24  point?

25       MR. ZDROJESKI:  Ron Zdrojeski, no.  Thank you, Your

1    Honor.

2              THE COURT:  All right.  Anyone else?

3              MR. ALMADANI:  Nothing from plaintiffs.  Thank you

4    so much.

5              THE COURT:  Great, have a nice day, gentlemen.

6

7              (The proceedings concluded at 9:28 a.m.)

8                            *  *  *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                  **CERTIFICATE OF OFFICIAL REPORTER**

2

3 COUNTY OF LOS ANGELES   )
                             )

4 STATE OF CALIFORNIA     )

5

6          I, TERRI A. HOURIGAN, Federal Official Realtime

7 Court Reporter, in and for the United States District Court for

8 the Central District of California, do hereby certify that

9 pursuant to Section 753, Title 28, United States Code that the

10 foregoing is a true and correct transcript of the

11 stenographically reported proceedings held in the

12 above-entitled matter and that the transcript page format is in

13 conformance with the regulations of the judicial conference of

14 the United States.

15

16 Date: December 1, 2020

17

18

19                      /s/ TERRI A. HOURIGAN

20                TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                 Federal Official Court Reporter

21

22

23

24

25

## /

**/s** [1] - 19:19

## 1

**1** [1] - 19:16
**14th** [5] - 13:6, 13:20, 15:24, 16:5, 16:7
**17th** [2] - 13:6, 14:15
**1st** [3] - 14:14, 14:25, 15:5

## 2

**20-3332-GW** [1] - 1:18
**20-4658-GW** [1] - 1:12
**20-4659-GW** [1] - 1:7
**2020** [2] - 2:2, 19:16
**213** [3] - 2:13, 3:6, 3:11
**21st** [4] - 13:21, 14:5, 14:7, 15:25
**23rd** [1] - 15:1
**28** [1] - 19:9

## 3

**30** [1] - 2:2
**30(b)(4** [1] - 11:17
**350** [1] - 2:12
**3838** [2] - 2:11, 19:20

## 4

**4311** [1] - 2:12
**4th** [1] - 10:12

## 5

**5** [2] - 17:14, 17:19
**5th** [1] - 10:12

## 7

**753** [1] - 19:9

## 8

**894-2305** [1] - 3:6
**894-2849** [1] - 2:13
**8:30** [1] - 2:3

## 9

**90012** [1] - 2:13
**9:28** [1] - 18:12

## A

**A.M** [1] - 2:3
**a.m** [1] - 18:12
**ability** [1] - 10:5
**able** [4] - 10:9, 11:19, 16:21, 17:21
**above-entitled** [1] - 19:12
**accommodations** [1] - 9:24
**accompanied** [1] - 4:13
**acknowledge** [2] - 9:22, 12:13
**action** [1] - 7:6
**actions** [1] - 5:11
**ADDRESS** [3] - 3:5, 3:10, 3:15
**address** [1] - 4:20
**addressing** [1] - 6:9
**adequately** [1] - 17:22
**admissions** [1] - 8:3
**advisable** [1] - 8:15
**advise** [1] - 10:5
**age** [1] - 8:14
**agree** [10] - 8:11, 8:16, 11:5, 11:6, 11:13, 11:18, 12:8, 13:1, 13:10, 14:20
**agreeable** [3] - 6:8, 6:21, 6:22
**agreement** [3] - 13:8, 13:12, 13:14
**Ahmed** [1] - 4:10
**al** [2] - 1:14, 1:20
**Albanese** [1] - 4:13
**alien** [3] - 9:11, 9:23, 12:14
**allow** [3] - 5:9, 11:2, 13:15
**allowed** [1] - 6:1
**allowing** [1] - 7:22
**allows** [1] - 11:17
**ALMADANI** [10] - 4:9, 5:2, 5:13, 5:19, 11:10, 14:17, 16:12, 17:11, 17:20, 18:8
**Almadani** [4] - 11:11, 14:17, 16:13, 17:11
**amenable** [2] - 9:2, 9:21
**Americans** [1] - 12:17
**amount** [3] - 17:7, 17:19
**Amy** [2] - 4:13, 4:14
**ANGELES** [4] - 2:3, 2:13, 4:1, 19:3

## B

**answer** [3] - 6:4, 16:7
**answers** [2] - 16:3, 16:4
**apologize** [3] - 11:10, 15:4, 17:13
**appear** [1] - 4:14
**APPEARANCES** [1] - 3:1
**appearing** [1] - 4:18
**application** [1] - 4:18
**appreciate** [2] - 12:15, 12:16
**approaches** [1] - 17:19
**April** [1] - 14:25
**areas** [2] - 7:19, 13:8
**arise** [1] - 7:24
**aspect** [1] - 5:17
**associated** [1] - 6:2
**Attorney** [3] - 3:5, 3:10, 3:15
**ATTY** [12] - 3:4, 3:5, 3:6, 3:9, 3:10, 3:11, 3:14, 3:15, 3:16
**available** [2] - 9:21, 17:24

## B

**bear** [1] - 18:1
**behalf** [1] - 6:3
**bifurcate** [1] - 7:12
**Boohoo** [7] - 5:7, 7:3, 7:16, 12:3, 12:5, 13:18, 14:22
**BOOHOO.COM** [1] - 1:20
**Boohoo.com** [2] - 4:7, 4:25
**bother** [1] - 12:22
**brief** [12] - 11:2, 11:17, 11:20, 12:25, 14:14, 14:18, 14:19, 15:1, 16:16, 17:23, 18:2
**briefed** [1] - 13:1
**bring** [1] - 9:5
**brought** [5] - 5:10, 17:9, 17:10, 17:12, 17:25
**burden** [1] - 16:21
**BY** [3] - 3:4, 3:9, 3:14

## C

**calendar** [1] - 13:21
**CALIFORNIA** [5] - 1:2, 2:3, 2:13, 4:1, 19:4

## C

**California** [4] - 3:6, 3:11, 3:16, 19:8
**Case** [3] - 1:7, 1:12, 1:18
**case** [12] - 5:17, 6:13, 6:23, 7:8, 7:14, 9:10, 11:19, 11:25, 16:3, 16:17, 16:23
**cases** [3] - 5:10, 6:15, 7:22
**CCRR** [2] - 2:11
**Central** [1] - 19:8
**CENTRAL** [1] - 1:2
**cert** [5] - 7:9, 14:12, 14:14, 15:8, 15:22
**certain** [3] - 14:1, 16:18, 16:19
**certainly** [1] - 15:19
**CERTIFICATE** [1] - 19:1
**certification** [7] - 7:5, 7:7, 7:17, 15:13, 15:15, 16:19, 18:1
**certify** [2] - 7:8, 19:8
**cetera** [7] - 8:3, 13:4, 15:17, 17:16
**CFRA** [2] - 17:10, 17:12
**characterize** [1] - 6:10
**characterized** [1] - 5:12
**circumstances** [2] - 9:18, 12:14
**citizenry** [1] - 10:18
**CITY** [3] - 3:6, 3:11, 3:16
**claims** [1] - 17:24
**class** [21] - 5:11, 6:2, 7:5, 7:7, 7:8, 7:9, 7:17, 14:12, 14:14, 15:8, 15:13, 15:15, 15:22, 16:19, 17:3, 17:4, 17:7, 17:8, 17:16, 18:1
**client** [2] - 9:20, 9:21
**co** [1] - 4:10
**co-counsel** [1] - 4:10
**Code** [1] - 19:9
**companies** [1] - 12:18
**complaints** [1] - 6:5
**concerned** [1] - 8:10
**concerning** [1] - 17:25
**concerns** [1] - 5:25
**concluded** [1] - 18:12
**conducted** [1] - 13:19

## C

**confer** [1] - 8:4
**conference** [3] - 4:24, 8:6, 19:13
**CONFERENCE** [1] - 2:2
**conformance** [1] - 19:13
**consider** [1] - 6:20
**consolidate** [2] - 6:4, 6:12
**consolidated** [1] - 6:17
**constitutional** [2] - 9:10, 9:19
**convenience** [1] - 4:15
**conversely** [1] - 12:1
**coronavirus** [1] - 8:14
**corporation** [1] - 5:8
**correct** [4] - 5:12, 16:8, 17:20, 19:10
**correctly** [1] - 5:18
**COUNSEL** [1] - 3:1
**counsel** [9] - 4:10, 10:5, 11:4, 11:22, 12:15, 12:19, 12:20, 12:21, 16:10
**country** [5] - 9:12, 9:13, 10:4, 10:9, 13:19
**COUNTY** [1] - 19:3
**course** [4] - 4:18, 4:23, 13:2
**COURT** [28] - 1:1, 2:12, 4:6, 4:11, 4:17, 5:3, 5:14, 5:20, 6:9, 8:20, 8:23, 9:8, 10:7, 10:13, 10:20, 11:22, 12:12, 12:19, 14:19, 15:7, 15:11, 16:6, 16:10, 17:1, 17:13, 18:4, 18:7, 18:10
**Court** [27] - 5:4, 5:24, 6:11, 7:22, 9:6, 10:1, 11:13, 11:18, 11:20, 12:2, 12:9, 13:17, 14:15, 14:18, 15:4, 15:14, 16:15, 16:23, 16:25, 17:23, 18:2, 19:7, 19:20
**Court's** [4] - 4:15, 10:14, 11:24, 14:12
**Courts** [1] - 9:22
**CRR** [1] - 19:20
**CSR** [2] - 2:11, 19:20
**CV** [3] - 1:7, 1:12, 1:18

**UNITED STATES DISTRICT COURT**

## D

**damage** [1] - 17:3
**damages** [7] - 15:19, 16:20, 17:4, 17:8, 17:21, 17:24, 18:1
**date** [7] - 6:4, 7:7, 8:5, 8:6, 14:9, 14:11, 15:7
**Date** [1] - 19:16
**dates** [1] - 14:11
**day/date/year** [1] - 4:1
**dealing** [1] - 9:11
**December** [8] - 13:7, 14:5, 14:7, 15:24, 15:25, 16:5, 16:7, 19:16
**defendant** [4] - 6:7, 11:24, 12:10, 12:14
**DEFENDANT** [2] - 3:8, 3:13
**Defendant** [2] - 1:15, 1:21
**defendants** [6] - 4:11, 5:23, 6:3, 8:19, 15:3, 16:2
**Defendants** [1] - 1:9
**defense** [5] - 4:15, 5:20, 8:24, 11:22, 14:20
**DEFT** [8] - 3:9, 3:10, 3:11, 3:14, 3:15, 3:16
**demonstrates** [1] - 11:24
**demonstration** [1] - 17:14
**deny** [1] - 7:9
**deposition** [9] - 8:25, 9:3, 9:14, 9:22, 10:9, 10:11, 10:21, 14:21
**depositions** [8] - 8:3, 8:10, 8:11, 8:14, 8:17, 11:16, 12:16, 13:18
**describe** [1] - 6:22
**detail** [1] - 8:8
**details** [1] - 13:9
**determination** [2] - 6:13, 12:6
**determined** [1] - 12:9
**differ** [1] - 17:5
**different** [3] - 9:16, 9:23, 17:24
**differently** [2] - 6:10, 7:9
**disagree** [2] - 5:21, 14:10
**disagreement** [2] - 8:2, 8:5

**disagreements** [3] - 6:25, 15:23, 15:24
**discovery** [25] - 5:9, 5:25, 6:1, 6:6, 6:19, 7:2, 7:4, 7:10, 7:11, 7:13, 7:15, 7:18, 7:24, 9:15, 10:24, 11:18, 11:23, 12:11, 13:4, 15:14, 15:21, 16:22, 17:25
**discuss** [2] - 8:21, 8:23, 9:6, 11:4, 13:3, 13:5
**dismiss** [1] - 5:3
**DISTRICT** [3] - 1:1, 1:2, 1:3
**District** [3] - 9:25, 19:7, 19:8
**DIVISION** [1] - 1:2
**document** [6] - 13:6, 13:15, 13:23, 13:25, 14:3
**dollar** [1] - 17:17
**done** [5] - 8:25, 11:14, 12:16, 15:22
**down** [3] - 12:21, 14:25, 17:17
**due** [2] - 16:3, 16:4

## E

**edification** [1] - 4:25
**engaged** [1] - 13:18
**entirely** [1] - 11:25
**entitled** [1] - 19:12
**entity** [2] - 9:11
**envision** [1] - 6:23
**et** [9] - 1:14, 1:20, 8:3, 13:4, 15:17, 17:16
**eventually** [1] - 6:14
**evidentiary** [1] - 11:14
**example** [1] - 17:2
**excess** [1] - 17:19
**exercise** [2] - 12:2
**expediently** [1] - 11:20
**expires** [1] - 10:11
**expound** [1] - 9:5
**extent** [2] - 7:13, 8:4

## F

**fact** [2] - 12:14
**false** [1] - 16:17
**familiar** [1] - 16:24
**FARIH** [1] - 1:16
**Federal** [2] - 19:6, 19:20

**FEDERAL** [1] - 2:12
**figure** [2] - 5:16, 17:9
**file** [1] - 16:7
**filed** [4] - 4:19, 4:22, 6:4, 15:1
**finally** [1] - 6:6
**fine** [1] - 11:15
**FIRM** [3] - 3:4, 3:9, 3:14
**first** [5] - 6:18, 7:2, 8:22, 8:24, 11:4
**FIRST** [1] - 2:12
**FOR** [3] - 3:3, 3:8, 3:13
**force** [1] - 13:18
**foregoing** [1] - 19:10
**foreign** [4] - 9:4, 9:23, 10:9, 12:18
**foreigners** [1] - 12:17
**format** [1] - 19:12
**forward** [3] - 6:23, 7:23, 11:19
**frankly** [1] - 8:14
**front** [1] - 15:17

## G

**general** [1] - 17:18
**gentlemen** [2] - 18:4, 18:10
**GEORGE** [1] - 1:3
**given** [1] - 8:9
**glitch** [1] - 11:15
**government** [1] - 10:16
**great** [1] - 18:10
**guess** [3] - 5:11, 14:21, 14:23
**guys** [3] - 8:6, 13:5, 13:10

## H

**hac** [1] - 4:15
**HAYA** [1] - 1:11
**head** [1] - 16:16
**heading** [1] - 6:14
**hear** [2] - 14:13, 15:14
**heard** [2] - 8:19, 14:24
**hearing** [5] - 7:7, 14:12, 14:22, 15:6, 15:7
**hearings** [2] - 11:15, 12:16
**held** [2] - 10:1, 19:11
**hereby** [1] - 19:8
**highlight** [1] - 16:24,

18:3
**Hilton** [1] - 4:6
**HILTON** [1] - 1:11
**Honor** [21] - 4:12, 4:14, 5:13, 5:19, 5:24, 8:18, 10:10, 11:10, 11:20, 12:8, 12:9, 14:17, 15:5, 16:1, 16:8, 16:12, 16:14, 17:12, 17:20, 18:2, 18:6
**HONORABLE** [1] - 1:3
**HOURIGAN** [4] - 2:11, 19:6, 19:19, 19:20

## I

**Ian** [1] - 4:13
**Ibrahim** [1] - 4:10
**identify** [1] - 5:15
**impactful** [1] - 10:8
**implications** [2] - 9:10, 9:19
**imposed** [2] - 9:15, 9:16
**in-person** [1] - 11:25
**Inaudible** [1] - 12:18
**INC** [3] - 1:8, 1:14, 1:20
**include** [3] - 14:1, 15:10, 15:11
**included** [1] - 13:14
**inconsistent** [1] - 12:4
**indeed** [1] - 9:15
**indicate** [4] - 11:22, 12:23, 15:9, 15:11
**indicated** [4] - 5:9, 14:4, 14:11, 14:18
**indicates** [2] - 13:23, 16:18
**individuals** [1] - 9:24
**initial** [1] - 7:15
**insofar** [3] - 8:2, 13:13, 13:17
**interesting** [2] - 11:2, 12:25
**interrogatories** [2] - 8:2, 13:10
**issue** [16] - 5:24, 6:6, 6:19, 7:4, 8:19, 10:2, 11:3, 11:4, 11:17, 12:1, 12:24, 13:16, 13:17, 17:21, 18:3
**issued** [2] - 5:4, 10:17
**issues** [11] - 7:1, 7:12, 7:13, 7:18, 7:23,

8:6, 13:4, 15:17, 15:18, 15:20, 17:2
**items** [3] - 7:10, 13:13, 13:22

## J

**joint** [5] - 6:20, 13:5, 13:14, 13:15, 13:23
**JUDGE** [1] - 1:3
**judicial** [1] - 19:13
**July** [2] - 14:14, 15:5
**June** [1] - 14:15
**jurisdiction** [7] - 5:7, 7:3, 7:16, 11:25, 12:2, 12:10, 14:24
**jurisprudence** [1] - 9:14

## K

**KHAN** [1] - 1:16
**Khan** [1] - 4:7
**Kingdom** [3] - 9:14, 9:16, 10:17

## L

**last** [6] - 5:3, 10:23, 14:14, 14:18, 15:1, 17:17
**law** [2] - 16:17, 16:23
**Law** [3] - 3:5, 3:10, 3:15
**lawsuit** [1] - 12:5
**least** [2] - 10:11, 13:16
**LEE** [1] - 1:5
**Lee** [1] - 4:6
**liability** [3] - 9:19, 15:16, 15:18
**lifted** [1] - 10:22
**limited** [1] - 10:6
**litigate** [1] - 13:16
**live** [6] - 8:14, 8:25, 10:9, 10:10, 10:21, 11:14
**look** [1] - 6:20
**LOS** [4] - 2:3, 2:13, 4:1, 19:3

## M

**March** [1] - 15:1
**materials** [1] - 14:2
**matter** [7] - 4:8, 4:24, 8:11, 8:17, 11:23, 13:5, 19:12
**matters** [1] - 6:12
**mean** [4] - 11:23,

15:12, 17:15, 17:17
**meet** [3] - 6:24, 8:4, 16:21
**member** [1] - 17:3
**members** [2] - 17:5, 17:16
**might** [5] - 9:24, 10:8, 15:18, 17:2
**million** [2] - 17:14, 17:19
**model** [2] - 17:21
**moment** [1] - 11:6
**MONDAY** [1] - 2:2
**months** [2] - 10:24, 10:25
**morning** [1] - 4:12
**motion** [15] - 4:14, 4:16, 5:3, 7:4, 7:7, 7:9, 7:17, 14:12, 14:13, 14:23, 15:5, 15:7, 15:14, 15:22
**move** [1] - 11:19
**MR** [24] - 4:9, 4:12, 5:2, 5:13, 5:19, 5:22, 8:21, 9:2, 9:9, 10:10, 10:16, 11:10, 12:8, 12:13, 14:17, 15:2, 15:9, 16:1, 16:8, 16:12, 17:11, 17:20, 18:6, 18:8
**multiple** [1] - 11:14
**mutually** [1] - 6:8

## N

**NastyGal** [1] - 4:6
**NASTYGAL.COM** [1] - 1:8
**nationwide** [2] - 5:12, 6:2
**nature** [2] - 17:4, 17:15
**necessary** [2] - 15:14, 15:21
**need** [3] - 13:9, 15:19, 18:5
**next** [1] - 6:19
**nice** [1] - 18:10
**NO** [2] - 2:11, 19:20
**normal** [3] - 4:17, 4:23, 13:2
**note** [2] - 10:18, 16:15
**nothing** [1] - 18:8
**NOVEMBER** [1] - 2:2
**number** [3] - 8:2, 13:10, 17:16

## O

**obligations** [1] - 9:15
**obviously** [3] - 7:8, 11:2, 12:4
**occur** [1] - 7:20
**OF** [6] - 1:2, 2:1, 3:1, 19:1, 19:3, 19:4
**offered** [1] - 16:9
**OFFICIAL** [2] - 2:12, 19:1
**Official** [2] - 19:6, 19:20
**OLIVIA** [1] - 1:5
**once** [1] - 10:11
**one** [5] - 7:2, 8:13, 12:6, 13:1, 16:1
**ones** [1] - 9:24
**oOo** [1] - 4:3
**order** [7] - 6:8, 6:18, 10:3, 10:11, 10:17, 10:19, 16:21
**orders** [1] - 10:14
**organizations** [1] - 9:23
**otherwise** [3] - 7:12, 8:11, 8:16
**outside** [2] - 9:25
**overlap** [2] - 7:19, 16:19
**own** [1] - 4:25

## P

**page** [1] - 19:12
**pandemic** [1] - 10:3
**parent** [8] - 5:7, 5:8, 7:3, 7:16, 12:3, 12:5, 13:18, 14:22
**particular** [3] - 5:17, 10:25, 14:24
**parties** [10] - 8:1, 8:11, 8:16, 13:1, 13:3, 13:8, 13:16, 14:8, 14:9, 15:13
**parties'** [1] - 6:20
**party** [1] - 14:24
**people** [1] - 10:18
**person** [1] - 11:25
**personal** [5] - 5:6, 7:2, 7:16, 12:2, 14:23
**place** [7] - 9:3, 10:3, 10:11, 10:14, 10:17, 10:18, 10:23
**Plaintiff** [3] - 1:6, 1:12, 1:17
**plaintiff** [3] - 12:15, 16:9, 17:11
**PLAINTIFF** [1] - 3:3
**plaintiff's** [1] - 16:10

**plaintiffs** [9] - 4:8, 4:9, 6:1, 8:22, 8:24, 9:5, 11:11, 16:13, 18:8
**PLF** [6] - 3:4, 3:4, 3:5, 3:6
**point** [12] - 4:22, 5:5, 6:11, 6:18, 7:1, 7:10, 9:7, 10:20, 12:24, 14:13, 17:8, 18:5
**popped** [1] - 16:15
**position** [1] - 9:3
**positions** [1] - 14:3
**possible** [1] - 7:13
**practice** [1] - 7:5
**prepare** [1] - 10:5
**present** [3] - 8:6, 13:16, 15:23
**presently** [1] - 10:12
**presume** [1] - 8:25
**pretrial** [2] - 6:12, 6:17
**pretty** [1] - 15:18
**Prettylittlething** [1] - 4:7
**PRETTYLITTLETHING.COM** [1] - 1:14
**previously** [1] - 16:9
**privately** [1] - 9:15
**pro** [1] - 4:15
**problem** [6] - 4:18, 4:20, 4:21, 15:12, 16:11, 16:14
**procedures** [1] - 9:13
**proceed** [1] - 9:20
**proceeding** [1] - 6:7
**proceedings** [4] - 6:12, 6:17, 18:12, 19:11
**processed** [2] - 4:17, 4:23
**products** [1] - 17:15
**proffered** [1] - 4:14
**pronounce** [1] - 5:1
**propose** [1] - 14:13
**proposed** [1] - 6:2
**propounds** [1] - 6:7
**protective** [1] - 6:8
**provide** [1] - 16:23
**provided** [1] - 14:15
**purpose** [1] - 12:11
**purposes** [4] - 6:16, 7:1, 7:16, 7:17
**pursuant** [2] - 6:7, 9:9
**put** [8] - 10:7, 11:12, 13:20, 13:24, 14:7, 14:25, 17:1

## R

**raised** [1] - 17:8
**reached** [2] - 13:11, 13:13
**real** [1] - 8:13
**really** [2] - 5:14, 12:1
**Realtime** [1] - 19:6
**reasons** [1] - 9:4
**record** [1] - 11:12
**referenced** [1] - 5:11
**referred** [1] - 5:7
**regard** [1] - 6:25
**regards** [8] - 5:6, 6:19, 7:4, 7:24, 8:10, 14:21, 14:23, 17:2
**regulations** [1] - 19:13
**relief** [1] - 5:12
**remained** [1] - 5:5
**remains** [1] - 6:24
**renewed** [1] - 14:23
**reply** [2] - 14:18, 14:19
**report** [2] - 6:20, 10:19
**reported** [1] - 19:11
**REPORTER** [2] - 2:12, 19:1
**reporter** [1] - 12:21
**Reporter** [2] - 19:7, 19:20
**REPORTER'S** [1] - 2:1
**represent** [1] - 9:19
**representative** [1] - 14:22
**representing** [1] - 4:9
**request** [4] - 6:6, 8:2, 14:1, 16:4
**requires** [1] - 10:18
**reside** [1] - 9:25
**resolve** [6] - 6:24, 7:23, 8:7, 11:7, 11:19, 14:4
**resolving** [1] - 12:24
**respectfully** [1] - 16:4
**reviewed** [1] - 16:18
**Ron** [4] - 4:12, 8:18, 15:2, 16:1
**ROOM** [1] - 2:12
**RPR** [1] - 19:20
**Rule** [1] - 11:17
**rule** [2] - 11:3, 15:24
**rulings** [1] - 13:21
**run** [1] - 7:11

## S

**schedule** [2] - 7:6, 15:4
**scheduled** [1] - 11:16
**second** [1] - 7:4
**Section** [1] - 19:9
**see** [3] - 6:24, 7:23, 11:5
**seeking** [1] - 5:11
**send** [1] - 4:15
**sense** [1] - 10:8
**separate** [1] - 5:10
**separated** [1] - 6:16
**seriously** [1] - 8:8
**severely** [1] - 10:6
**Shelton** [1] - 4:13
**side** [2] - 8:13, 14:1
**side's** [1] - 14:1
**sides** [2] - 13:24, 14:4
**significant** [1] - 10:2
**simultaneously** [1] - 7:12
**single** [6] - 8:25, 9:2, 13:14, 13:15, 13:25, 14:3
**situation** [5] - 7:21, 9:20, 10:25, 12:13, 15:13
**situations** [1] - 7:6
**slightly** [1] - 6:10
**sorry** [2] - 11:8, 16:6
**sort** [5] - 12:4, 13:11, 15:20, 16:24, 17:6
**STATE** [1] - 19:4
**state** [1] - 9:25
**States** [5] - 9:12, 9:17, 19:7, 19:9, 19:14
**STATES** [1] - 1:1
**status** [4] - 4:24, 6:20, 8:5, 10:19
**STATUS** [1] - 2:2
**stay** [9] - 7:12, 10:3, 10:11, 10:14, 10:15, 10:17, 10:18, 10:22, 10:23
**stay-in-place** [4] - 10:3, 10:11, 10:14, 10:17
**stenographically** [1] - 19:11
**stop** [3] - 5:14, 12:19
**STREET** [1] - 2:12
**strongly** [1] - 14:10
**stuff** [2] - 11:5
**subject** [3] - 9:23,

11:24, 12:10
  **suffered** [2] - 17:3, 17:4
  **suggested** [1] - 5:25
  **SUITE** [3] - 3:5, 3:10, 3:15
  **summarized** [1] - 5:17
  **suppose** [1] - 11:1

## T

  **technically** [1] - 16:3
  **tentative** [1] - 5:4
  **terms** [3] - 6:21, 6:22, 6:24
  **TERRI** [4] - 2:11, 19:6, 19:19, 19:20
  **THE** [29] - 3:3, 3:8, 3:13, 4:6, 4:11, 4:17, 5:3, 5:14, 5:20, 6:9, 8:20, 8:23, 9:8, 10:7, 10:13, 10:20, 11:22, 12:12, 12:19, 14:19, 15:7, 15:11, 16:6, 16:10, 17:1, 17:13, 18:4, 18:7, 18:10
  **therefore** [5] - 8:16, 10:23, 10:24, 11:1, 13:25
  **three** [3] - 5:10, 6:12, 6:15
  **throw** [1] - 12:7
  **TIME** [1] - 4:2
  **timing** [2] - 5:25, 15:10
  **Title** [1] - 19:9
  **today** [2] - 8:9, 14:6
  **top** [1] - 10:3
  **towards** [1] - 6:14
  **TRANSCRIPT** [1] - 2:1
  **transcript** [2] - 19:10, 19:12
  **trial** [3] - 6:14, 6:15, 6:16
  **true** [1] - 19:10
  **try** [3] - 11:7, 12:23, 17:7
  **two** [3] - 7:1, 7:10, 7:11
  **type** [1] - 16:17
  **types** [1] - 17:24

## U

  **U.S** [1] - 1:3
  **under** [5] - 9:14, 9:18, 12:14, 17:9, 17:12

  **unfortunate** [1] - 7:20
  **UNITED** [1] - 1:1
  **United** [8] - 9:12, 9:14, 9:16, 9:17, 10:17, 19:7, 19:9, 19:14
  **unless** [6] - 8:10, 8:16, 8:24, 13:1, 14:9, 14:20
  **unusual** [1] - 9:22
  **USA** [3] - 1:8, 1:14, 1:20

## V

  **variety** [1] - 9:4
  **versus** [3] - 4:6, 4:7
  **veto** [2] - 13:25, 14:1
  **video** [4] - 8:12, 8:17, 13:18, 14:21
  **virtually** [1] - 9:20
  **vis** [2] - 15:9
  **vs** [3] - 1:7, 1:13, 1:19

## W

  **wants** [3] - 8:13, 8:25, 11:8
  **WEST** [1] - 2:12
  **WESTERN** [1] - 1:2
  **witness** [1] - 10:5
  **words** [3] - 7:15, 10:20, 15:16
  **WU** [1] - 1:3

## X

  **XXX** [3] - 3:11, 3:16
  **XXX-XXXX** [2] - 3:11, 3:16
  **XXXX** [2] - 3:11, 3:16

## Y

  **Yasin** [4] - 11:11, 14:17, 16:13, 17:11
  **yourself** [1] - 5:15

## Z

  **ZDORJESKI** [15] - 4:12, 5:22, 8:18, 8:21, 9:2, 9:9, 10:10, 10:16, 12:8, 12:13, 15:2, 15:9, 16:1, 16:8, 18:6
  **Zdorjeski** [5] - 4:13, 5:22, 8:18, 15:2, 16:2
  **ZIP** [3] - 3:6, 3:11,

3:16
  **Zoom** [2] - 11:15, 12:16