UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | April 13, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND DOCUMENT PRODUCTION FROM DEFENDANTS (Dkt. 67)**

Before the Court is a Motion To Compel Further Discovery Responses And Document Production ("Motion") filed on March 23, 2021 by class representative Plaintiffs Farid Khan, Haya Hilton and Olivia Lee ("Plaintiffs"). (Dkt. 67.) Defendants are Boohoo Group PLC, Boohoo.com USA, Inc., Boohoo.com UK Limited, PrettyLittleThing.com USA, Inc., PrettyLittleThing.com Limited, Nasty Gal.com USA. Inc. and Nasty Gal Limited ("Defendants"). Plaintiffs filed a Supplement to their Motion on March 30, 2021. (Dkt. 69.) Defendants did not file a supplemental memorandum. The Court GRANTS the Motion in part and DENIES it in part.

These are three deceptive marketing class actions alleging violations of California's Unfair Competition law, Cal. Bus & Prof. Code § 17200, False Advertising Law, Cal. Bus. & Prof. Code § 17500, Consumer Legal Remedies Act, Cal. Civ. Code § 1750 and fraud, fraudulent concealment and unjust enrichment. (Dkt. 1, 10, 14, 67 at 1:3-6 and n.1.)

The instant Motion concerns discovery needed by Plaintiffs for their class certification motion due to be filed on July 1, 2021. (Dkt. 52.) The District Court made clear that it would not allow discovery on the merits at this time. (Dkt. 67-2, Shelton Decl., ¶ 12, Ex. 8 at 13.)

The Court makes the following rulings:

RFPs 1-5. These requests for production seek daily price sheets in US dollars,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | April 13, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

including daily reference prices and actual offer prices for Defendants' products for each day of the class period, and reliable sales data in US dollars, including reference price and price actually paid. (JS 2.) Plaintiffs contend that Defendants have not produced daily pricing data, reliable sales data or even indicated whether they have produced reference price information.

Defendants respond that they have provided a complete production of all documents in their custody, control and possession responsive to RFP 1-5. (Dkt. 67, Summary Chart Ex. A, pp. 1-3, 150-152.) This includes the original and sale price for every product sold during the class period. (JS 31.) As they are permitted to do by Fed. R. Civ. P. Rule 34(b)(2)(E)(i), Defendants produced the data in native format in the manner in which it is maintained in the ordinary course of business. Plaintiffs contend that Defendants did not produce daily pricing data regardless of whether any sales were made at a given price. Defendants say that pricing data is not saved or tracked unless a sale is made. Plaintiffs disbelieve Defendants' assertion but offer no facts to dispute it. Plaintiffs say Defendants have not explicitly denied that pricing data absent sale exists or cannot be produced. To resolve any lingering doubt, the Court ORDERS Defendants to produce a verification by a principal (not counsel) under oath and subject to penalty of perjury that all pricing data for the class period in their possession, custody and control has been produced and that pricing data in the absence of a sale for the class period does not exist, **within 10 days of this Order**.

Defendants assert that they provided definitions and explanations and identified the reference price and sales price which are the website price (price offered) and actual sold price. (Dkt. 67-1, Almadani Decl., ¶ 29, Ex. 27.) They claim they have identified what documents have been withheld. (JS 34, n.7.) Plaintiffs raise other issues regarding reliability of the data and use of foreign currencies but these are issues better resolved by other discovery measures like depositions or interrogatories. Indeed, Plaintiffs have served a second set of interrogatories regarding pricing and sales information. Should any issues remain unresolved, Plaintiffs may submit a Status Report raising such issues. Defendants may reply **within 5 days**.

Plaintiffs' Motion as to RFPs 1-5 is DENIED without prejudice, except for the verification.

RFPs 6-9, 10-13, 21-22 and 33-34. These Requests seek information about pricing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | April 13, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

and advertisement policies and practices, research and training materials. Plaintiffs contend that Defendants' production is incomplete because documents have been withheld including emails. (JS 48-54.) Defendants respond that they have made a complete production, including emails. (JS 54-55; Dkt. 67-1, Ex. A Summary Chart at p.3, 152.) As already noted, Defendants have withheld customer contract information (JS 34 n. 7), not the information sought in these Requests. Plaintiffs present no facts that Defendants have withheld any non-privileged documents in their custody, control or possession regarding these Requests. Again, to resolve any lingering doubt, the Court ORDERS Defendants to produce a verification of the same form as described above, **within 10 days of this Order**. Plaintiffs are free to continue to probe their concerns and submit a Status Report regarding unresolved issues.

The Motion is DENIED as to RFPs 6-9, 10-13, 21-22 and 33-34 without prejudice, except for the verification.

RFPs 23-29. These Requests seek emails and other communications relating to advertisements of reference prices or discounts, markdowns and sales. Plaintiffs contend that Defendants have used search terms that tend to exclude documents that contain reference pricing or discount pricing. Defendants state that, because the parties could not agree on search terms, Defendants ran their own search terms which produced 20,000 documents. Defendants' intent was to use the information from this search as a sample to inform further discussion. (Dkt. 67, Ex. A at 4-8.) Plaintiffs apparently did not respond to this proposal or rejected it.

The Court ORDERS the parties to meet and confer in regard to the 20,000 documents Defendants have produced to determine the extent to which Defendants' search parameters produced reference pricing and discount pricing documents. The parties should then discuss how to proceed, either expanding those search terms further or reverting to Plaintiffs' search terms. The Court sees no reason why the search should not cover the entire class period from 2016. The parties also should consider additional custodians, such as those mentioned at JS 75. The parties may file a Joint Status Report **within 10 days of this Order** to address any unresolved issues. The Court admonishes the parties of their duty under Local Rule 37 to meet and confer in good faith to reduce or eliminate issues to be presented to the Court.

RFPs 14-18. These Requests seek documents regarding class representative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | April 13, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

purchases. Initially, Defendants withheld all responsive documents based on attorney-client privilege and work-product doctrine. On further review, Defendants identified and produced some responsive, non-privileged records. It also indicated that its review is ongoing and that they will produce a privilege log. The Court expects Defendants to produce all responsive, non-privileged documents in their custody, possession or control other than documents equally available to Plaintiffs.

RFAs 1-5, 8, 11-15, 18-21 and Interrogatory 16. These discovery requests seek admissions and responses regarding "reference prices." Defendants see this as an area that requires further discussion. The Court ORDERS the parties to meet and confer intensively and continuously on these requests for the next 7 days and to submit a Joint Status Report **within 10 days of this Order**.

Interrogatory No. 15. This interrogatory seeks information regarding Defendants' California activities. Defendants have agreed to provide an amended interrogatory response identifying Defendants' offices or physical facilities in the United States during the class period and a general description of the type of work employees performed at the identified facilities. (Dkt. 67, Ex. A at 9.) Thus, there does not appear to be any dispute as to this Interrogatory. The amended response should be filed **within 10 days of this Order**.

|  | : |
|---|---|
| Initials of Preparer | sa |