UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | July 19, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|
| S. Lorenzo | |
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND DOCUMENT PRODUCTION FROM PLAINTIFFS (Dkt. 76)**

Before the Court in these consolidated class action cases is Defendants' Motion To Compel Further Discovery Responses And Document Production from Plaintiffs ("Motion"), filed on July 2, 2021. (Dkt. 76.) Both parties filed supplemental memoranda on July 13, 2021. (Dkt. 81, 82.)

Defendants seek an order compelling Plaintiffs to: (a) produce information on the sufficiency of their search for documents responsive to Request for Production ("RFP") No. 4; (2) provide documents and further responses as to Request No. 5 and Interrogatory Nos. 2, 4 and 5 regarding Plaintiffs' online apparel shopping history and habits and (3) produce a privilege log containing pre-suit communications between Plaintiffs and their counsel that are responsive to Defendants' discovery requests. The Court DENIES the Motion, except as indicated below.

The Court makes the following rulings:

1. <u>RFP</u> <u>No.</u> <u>4</u>. This Request seeks communications with third parties regarding the subject purchases, the complaint or this lawsuit. Plaintiffs responded that "insofar as they exist" they will "produce responsive documents in Responding Party's possession, custody or control that Responding Party is able to locate <u>after</u> <u>conducting</u> <u>a</u> <u>diligent</u> <u>search</u> <u>and</u> <u>reasonable</u> <u>inquiry</u>." (JS 3-6.) (Emphasis added.) When Defendants raised a concern about the sufficiency of Plaintiffs' search for responsive documents to this Request, Plaintiffs provided this supplemental response:

Responding Party has not been able to locate documents responsive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | July 19, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

> to this request <u>after a reasonable search and diligent inquiry</u>. Other than privileged communications with counsel, which Responding Party does not understand are being requested in this request by Propounding Parties, Responding Party is not aware at this time of any documents that Responding Party is withholding pursuant to the objections asserted in response to this request.

(JS 8.) (Emphasis added.)

Fed. R. Civ. P. Rule 34(b)(2)(B) requires a responding party to state that inspection and related requests will be permitted as requested or state with specifity the grounds for objecting. Rule 34(b)(2)(C) provides that an objection must state whether any responsive materials are being withheld on the basis of that objection. Consistent with Rule 34, Plaintiffs state that they conducted a diligent search and do not have any responsive documents and are not withholding any responsive documents. No more is required. See <u>Powell v. Wells Fargo Home Mortg.</u>, 2018 WL 4660287*1-*2 (N.D. Cal.) ("if a litigant states he is not withholding documents based on his objections and then produces nothing, that means he didn't have the requested documents.")

Defendants cite earlier or out of circuit district court cases that rely on <u>evidence</u> of inadequate searches presumably developed in discovery through interrogatories or depositions. <u>Mathew Enter., Inc. v. Chrysler Grp. LLC</u>, 2015 WL 8482256*3 (N.D. Cal.); <u>Rawcar Grp. LLC v. Grace Med., Inc.</u>, 2013 WL 12076572 (S.D. Cal.); <u>Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.</u>, 244 F.R.D. 614, 629-30 (D. Colo. 2007); <u>Wachtel v. Health Net, Inc.</u>, 239 F.R.D. 81, 92-93 (D. N.J. 2006). Here by contrast, Defendants fail to present any declaration setting forth <u>facts</u> that Plaintiffs' search was inadequate. Defendants state, "It <u>appeared</u> that counsel for Plaintiffs <u>may</u> have asked their client whether responsive documents exist." (JS 6). (Emphasis added.) This is pure speculation. Every document production would be mired in disputes over search adequacy if it were sufficient that a propounding party merely believed without any factual or evidentiary showing that documents have been withheld.

Nonetheless, Local Rule 37-1 imposes a duty on counsel to confer in a good faith effort to reduce or eliminate disputes. Plaintiffs could have been more forthcoming about their searches to avoid this Motion. Thus, the Court ORDERS Plaintiffs to serve a verification by a principal (not counsel) under oath and subject to penalty of perjury that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | July 19, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

they have no documents responsive to RFP No. 4, **within 7 days of this Order**.

    2.  Request No. 5 and Interrogatory Nos. 2, 4 and 5 regarding Plaintiffs' online apparel shopping history.  The District Court has expressly limited discovery to class certification.  (Dkt. 53 at 7, 16.)  The Court does not believe that discovery of Plaintiffs' shopping history with non-defendant retailers is essential to class certification.  This case is about the falsity of Defendants' reference prices for their products and whether Plaintiffs were deceived by those false reference prices.  Nothing on Defendants' websites is sold on the sites or stores of other retailers.  Plaintiffs have produced all relevant information about their purchases of Defendants' products.

    Defendants have presented case authority on the relevance of purchases from retailers who do not sell Defendants' products, for general discoverability purposes.  See, e.g., Sperling v. Stein Mart, Inc., 2017 WL 90370*4 (C.D. Cal.); Evans v. DSW, Inc., 2017 WL 9480800 (C.D. Cal.).  The cases cited, however, do not address class certification.  Defendants' other cases address class certification requirements of typicality, motivation and likelihood of deception but do not concern purchases of non-defendant retailers where a defendant's products is sold only on its own website and in its own stores.  Oshena v. Coca-Cola Co., 472 F.3d 506, 514 (7th Cir. 2006); Sanchez v. WallMart Stores, Inc., 2009 WL 1514435*3 (E.D. Cal.).  The Court in any event finds Plaintiffs' authorities more persuasive.  See Astiana v. Kashi Co., 291 F.R.D. 493, 502-03 (S.D. Cal. 2013) ("variation among class members in their motivation for purchasing the product, the factual circumstances behind their purchase or the price they paid does not defeat the relatively minimal showing required to establish commonality.")  Id. at 502, quoting Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523, 537 (N.D. Cal. 2012).  Plaintiffs need not show that Defendants' representations were the only cause or even the predominant or decisive factor influencing their conduct.  Id. at 502-03, citing In Re Tobacco II Cases, 46 Cal.4th 298, 326-37 (2009).  That Plaintiffs may have considered other factors "does not make them atypical."  Id. at 503.  Both Oshana and Sanchez predate the decision in In Re Tobacco II Cases.  This Court has found Sanchez unpersuasive.  See Guido v. L'Oreal, USA, Inc., 284 F.R.D. 468, 478 n.8 (C.D. Cal. 2012) (reasoning of Sanchez "is directly contradicted by the In Re Tobacco II decision").  Defendants also did not attempt to distinguish Astiana.

    The Motion is DENIED as to Request No. 5 and Interrogatory Nos. 2, 4 and 5 for purposes of class certification.  Once the class certification issue is decided, the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-03332 GW (JEMx) | Date | July 19, 2021 |
|---|---|---|---|
| Title | Farid Khan, et al. v. Boohoo.com USA, Inc., et al. | | |

should meet and confer pursuant to Local Rule 37 on the general discoverability of Plaintiffs' online apparel shopping history. If unable to reach agreement, Defendants may bring a motion to compel at that time.

     3. <u>Privilege Log</u>. Pursuant to Rule 26(b)(5), Defendants seek a privilege log for pre-suit communications between Plaintiffs and their counsel. This request is premature until class certification is decided and a motion to compel is brought for general discoverability purposes. Only then will the Court resolve Plaintiffs' objections to these discovery requests based on overbreadth, relevance, undue burden and privacy. A party need not produce a privilege log before the court resolves such objections. <u>See</u> Adv. Comm. Notes to the 1993 Amendments; <u>United States v. Philip Morris, Inc.</u>, 347 F.3d 951, 954 (D.C. Cir. 2003); <u>Miniter v. City of Los Angeles</u>, 2011 WL 13134766*4 n.4 (C.D. Cal.). Defendants did not respond to Plaintiffs on this point.

                                                                             : 

Initials of Preparer                  slo