UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3332-GW-JEMx | Date | August 21, 2022 |
|---|---|---|---|
| Title | *Farih Khan v. Boohoo.com USA, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND STRIKE HABBERFIELD FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE TO STAY SETTLEMENT ADMINISTRATION, AND FOR SANCTIONS [159]

Attached hereto is the Court's Tentative Ruling on Defendants' Motion to Enforce Settlement [159], set for hearing on August 22, 2022 at 8:30 a.m.

:

Initials of Preparer   JG

***Khan v. Boohoo.com USA Inc., et al.***, Case No. 2:20-cv-03332-GW-(JEMx), Consolidated with ***Hilton v. Prettylittlething.com USA, Inc.***, Case No. 2:20-cv-04658-GW-(JEMx), and ***Lee v. NastyGal.com USA Inc.***, Case No. 2:20-cv-04659-GW-(JEMx)
Tentative Rulings on (1) Defendants' Motion to Enforce Settlement Agreement and Strike *Habberfield* First Amended Complaint, or in the Alternative to Stay Settlement Administration, and for Sanctions, and (2) Plaintiffs' Cross Motion to Enforce the Settlement Agreement

The defendants in these three consolidated cases – *i.e.*, *Khan v. Boohoo.com USA Inc., et al.*, Case No. 2:20-cv-03332-GW-(JEMx), *Hilton v. Prettylittlething.com USA, Inc.*, Case No. 2:20-cv-04658-GW-(JEMx)*,* and *Lee v. NastyGal.com USA Inc.,* Case No. 2:20-cv-04659-GW-(JEMx) ("consolidated cases") – have moved, principally (having also asked for sanctions), to "enforce" the settlement agreement reached (and preliminarily-approved by the Court) in these actions and to strike a First Amended Complaint filed June 22, 2022 in *Habberfield v. Boohoo.com USA, Inc.*, No. 2:22-cv-03899 (a case which was initially filed in this District on June 7, 2022, and which was transferred to this Court on June 13, 2022). The plaintiffs in these consolidated cases, along with the *Habberfield* plaintiffs, have opposed that motion, and the plaintiffs in the consolidated cases have filed their own cross-motion to "enforce" the settlement agreement, along with a request for sanctions against the defendants.

The present dispute originates in the defendants' contention that the proceedings in the *Habberfield* action are premature (because the Court has not yet granted final approval of the settlement in the consolidated cases, at which time the plaintiffs in the consolidated cases would dismiss, without prejudice, the claims of "non-California class members") and/or amount to (or should be considered as) an amendment, without leave, of the pleadings in these consolidated cases. The Court concludes – as explained briefly in the paragraphs that follow – that the defendants are incorrect in these regards, and that there was nothing – in either the settlement agreement, this Court's preliminary approval order, or in the Federal Rules of Civil Procedure – preventing the *Habberfield* plaintiffs from proceeding as they did. Consequently, the defendants' principal requests in their motion are denied, and there is no basis to sanction either the consolidated plaintiffs, the *Habberfield* plaintiffs, or their (common) attorneys for acting as they did. The Court also rejects the consolidated plaintiffs' request, in their cross-motion, for sanctions, as they did not comply with the Rule 11 safe harbor, and the Court finds insufficient reason to award sanctions under any other source of authority. The settlement agreement reached in the consolidated matters will continue to be "enforced" on the road to final approval as if this detour

1

did not occur, with the parties to agree upon any adjustment of dates as is necessary to have that occur.

The *Habberfield* plaintiffs, none of whom are citizens of California, *see Habberfield*, Docket No. 13, ¶¶ 2-11, are not parties or class representatives in the consolidated actions, and under the currently-operative pleading in their case, they do not seek to represent any class that would include California citizens, *see id.* ¶ 125. Meanwhile, the only classes that have been *provisionally/conditionally* certified in the consolidated actions are classes covering "individuals in California" who made specified purchases. See Docket No. 158, at 2:25-3:13. As a result, the named class representatives in the consolidated cases *cannot bind* the *Habberfield* plaintiffs in the agreements the consolidated actions' class representatives reach in the consolidated actions, or with respect to the merits or advancement of the *Habberfield* plaintiffs' own claims. Because they are not plaintiffs (or bound by representative plaintiffs) in the consolidated actions, to advance their own claims the *Habberfield* plaintiffs were under no obligation to proceed consistent with Federal Rules of Civil Procedure 15 and 16 in *this* consolidated proceeding. Similarly, they could not possibly have breached the settlement agreement entered into in this consolidated proceeding or violated the preliminary approval order issued in this consolidated proceeding, even if the defendants had – and they have not – successfully identified specific provisions in those documents that would otherwise appear to have been breached/violated. The *Habberfield* plaintiffs initiated their own case, as was their right.[1] They are not seeking to amend the pleadings in the consolidated cases, either to be added as new class-representative plaintiffs or in any other fashion. The cases the defendants cite on that topic are therefore not meaningful to the Court's analysis here.

It is true that the consolidated plaintiffs (and the *California* classes that have been provisionally/conditionally-certified in the consolidated cases) are, according to the settlement agreement, under no obligation to dismiss the claims of "non-California class members" (whatever

---

[1] Defendants state in their opening brief that "[d]uplicative class action lawsuits by the same counsel in the same court and on behalf of the same class are not allowed," Docket No. 159, at 15:20-21, but provide no citation immediately following that proposition. See also Docket No. 177, at 3:20-23 ("[F]rom preliminary approval on June 3 and continuing forward until final approval is granted, Plaintiffs Khan, Hilton, and Lee are still pursuing their nationwide claims. And while those claims are pending, the *Habberfield* [First Amended Complaint] cannot proceed."); *id.* at 4:2-4; *id.* at 6:6-8; *id.* at 8:10-9:4. Both cases they cite (and quote from) later in that same paragraph were *not* class proceedings, and therefore do not support such a proposed rule. See Docket No. 159, at 15:24-16:5. In subsequent briefing, the defendants rely upon *Waterfall Homeowners Association v. Viega, Inc.*, 283 F.R.D. 571, 582 (D. Nev. 2012), in that regard. See Docket No. 176, at 16 n.12; Docket No. 177, at 10:10-11:9. This Court believes that ruling in that non-controlling, non-precedential, case was wrongly-decided, and declines to follow its approach.

that term could possibly mean where there was never a certified class covering such individuals) until final approval of the settlement agreement entered into in the consolidated cases, *see* Docket No. 159, at 12 n.6, and that there is always a possibility that such final approval may not be obtained. If that were to occur, and the *Habberfield* action was still proceeding, the Court would then be open to hearing a request for further consolidation. But because the consolidated plaintiffs do not represent the *Habberfield* plaintiffs via any certified – or even provisionally/conditionally-certified – class, the mere fact that the consolidated plaintiffs' "nationwide" claims are still, at least at this time, "live," does not place any limitation on the *Habberfield* plaintiffs from advancing their own claims, even if they are based on the same facts. This also explains why "claim-splitting" is not at issue here – the *Habberfield* plaintiffs are not bound by any certified class in the consolidated proceedings.[2] *Compare Bojorquez v. Abercrombie & Fitch, Co.*, 193 F.Supp.3d 1117, 1122-27 (C.D. Cal. 2016) (applying claim-splitting doctrine where plaintiff in later case was a member of certain certified subclasses in other case). That the *Habberfield* plaintiffs would have been covered by any class or classes as *originally-alleged* in the consolidated actions is beside the point because the plaintiffs in the consolidated cases never achieved certification of any nationwide class(es).[3] There may be a *tolling* impact from this state of affairs (something not at issue in the parties' briefs or these motions), but there is no limitation on the freedom of the *Habberfield* plaintiffs to advance their own claims.

Even if certain district courts have concluded that the "first-to-file" rule can have some application where two separate actions are proceeding in the same District (and, indeed, before the *same* judicial officer), those determinations are not precedential, are not binding, and this Court disagrees, at least under the present circumstances. For the reasons already-explained, the *Habberfield* plaintiffs were not required to proceed by way of seeking an amendment to the pleadings in these consolidated cases, and there is no basis to dismiss their case simply because

---

[2] The defendants do not explain what they mean when they say that the *Habberfield* plaintiffs are "in privity with" the plaintiffs in the consolidated actions, *see, e.g.*, Docket No. 159, at 7:23, 16:20, that is if they mean something *other than* that the *Habberfield* plaintiffs were covered by the classes originally-alleged, but never certified, in the consolidated cases.

[3] The defendants' papers frequently ignore this point, referring – for example – to "[t]he remaining nationwide class members outside of California." *E.g.*, Docket No. 159, at 1:23-25; *see also id.* at 2:2-3, 12:18-20; Docket No. 176, at 1:19-20 ("[T]he ten new purported class representatives are all *current members* of the nationwide class in the first-filed suit."); Docket No. 177, at 1:9-13. It is not accurate to refer to individuals outside of California as "class members" (or to any "nationwide class") as they are not part of any certified (provisionally/conditionally or not) class in these consolidated actions.

3

they filed it separately (at least when it is already in front of the same judicial officer handling the consolidated cases).

      The motions are denied.  Proceedings towards final approval shall continue as appropriate.