ALMADANI LAW
Yasin M. Almadani, State Bar No. 242798
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Ph: 949-877-7177
Fax: 949-877-8757
yma@lawalm.com

AI LAW, PLC
Ahmed Ibrahim, State Bar No. 238739
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Ph.: 949-266-1240
Fax: 949-266-1280
aibrahim@ailawfirm.com

Attorneys for Plaintiffs

EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (CA Bar No. 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone:   (916) 844-2965
Facsimile:   (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
Ronald W. Zdrojeski (admitted *PHV*)
ronzdrojeski@eversheds-sutherland.com
1114 6th Avenue, 40th Floor
New York, NY 10036
Telephone:   (212) 389-5000
Facsimile:   (212) 389-5099

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.: 2:20-cv-03332 GW (JEMx)**<br><br>Consolidated for Pretrial Purposes with:<br>No. 2:20-cv-04658-GW-JEM<br>No. 2:20-cv-04659-GW-JEM<br><br>**STIPULATION REGARDING:**<br><br>**(1) PRESERVATION OF LEGAL ARGUMENTS AND POSITIONS, AND**<br><br>**(2) ENTRY AND CERTIFICATION OF FINAL JUDGMENT UNDER RULE 54(B)**<br><br>Action Filed:   April 9, 2020<br>Trial Date:   TBD |

| | |
|---|---|
| 1 | Plaintiffs Farid Khan, Haya Hilton, and Olivia Lee, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), on the one hand, and Defendants Boohoo Group PLC, Boohoo.com USA, Inc., Boohoo.com UK Limited, PrettyLittleThing.com USA, Inc., PrettyLittleThing.com Limited, NastyGal.com USA, Inc., and Nasty Gal Limited (collectively, "Defendants"), on the other hand, by and through their respective counsel of record in the above-referenced action (the "*Khan* Action"), hereby file this stipulation to reduce the burden on the Court, avoid impending motion practice, and preserve the status quo as to their respective legal arguments and positions as of the date of this stipulation, in the event their recent agreement in principle to settle the class claims in *Habberfield v. Boohoo.com USA, Inc., et al.*, No. 2:22-cv-03899 GW (JEMx) (the "*Habberfield* Action") is not consummated or does not receive final approval. Plaintiffs and Defendants (the "Parties") hereby stipulate and agree as follows. |

WHEREAS, the *Habberfield* Action is related to the parallel *Khan* Action, along with *Hilton v. PrettyLittleThing.com USA, Inc.*, No. 2:20-cv-04658-GW (JEMx) (the "*Hilton* Action") and *Lee v. NastyGal.com USA Inc.*, No. 2:20-cv-04659-GW (JEMx) (the "*Lee* Action") (collectively, the "Consolidated *Khan* Actions");

WHEREAS, the *Khan* Action was filed on April 9, 2020, and the *Hilton* and *Lee* Actions were filed on May 26, 2020;

WHEREAS, the class representatives in the Consolidated *Khan* Actions asserted claims against Defendants on behalf of nationwide classes of purchasers from Defendants' U.S. websites, or in the alternative, California classes of purchasers from Defendants' U.S. websites;

WHEREAS, on May 20, 2022, Plaintiffs in the Consolidated *Khan* Actions entered into a class action settlement agreement with Defendants on behalf of the California class members only, which expressly carved out and did not include the claims of non-California class members (the "*Khan* Settlement");

WHEREAS, on June 7, 2022, the plaintiffs in the *Habberfield* Action (Laura

2

*Stipulation Regarding Preservation of Legal Arguments and Rule 54(b)*    Case No. 2:20-cv-03332 GW (JEMx)

Habberfield, Keona Kalu, Katie Runnells, Juanita Carmet Cachadina, Sarah Huebner, Yesenia Valiente, Veronica Walton, Lisa Murphy, Nicole Hill, and Nicole Stewart, on behalf of themselves and all others similarly situated) (the "*Habberfield* Plaintiffs") subsequently filed a class action complaint in the *Habberfield* Action, followed by a First Amended Complaint on June 22, 2022, against Defendants to pursue claims on behalf of a nationwide class (excluding individuals from California who purchased from Defendants' U.S. websites), as well as claims on behalf of subclasses of purchasers from their respective states;

WHEREAS, on September 1, 2022, the Court entered an order consolidating the *Habberfield* Action with the *Khan* Consolidated Actions for pretrial purposes and staying the *Habberfield* Action until the Court issues its order on the motion for final approval of the *Khan* Settlement;

WHEREAS, following two formal private mediation sessions in connection with the *Habberfield* Action, the parties have agreed in principle to the material terms of a nationwide class action settlement very similar to those in the *Khan* Settlement and will begin working on memorializing the settlement (the "*Habberfield* Settlement");

WHEREAS, in light of the imminent *Habberfield* Settlement, after discussion with Defendants, the *Habberfield* Plaintiffs as well as other unnamed putative class members have agreed to forego the filing of a motion for leave to amend the complaints in the *Khan* Consolidated Actions prior to the final approval hearing in the *Khan* Consolidated Actions, seeking to: (a) be formally added as plaintiffs in the *Khan* Action by way of Rule 15 of the Federal Rules of Civil Procedure or full consolidation of the two matters, and (b) add additional non-California class representatives and claims to the *Khan* Action (the "Proposed Motion"). The main purpose of the Proposed Motion would have been to obtain leave to amend the complaints to allow putative non-California class members to benefit, for statute of limitations purposes, from the filing dates of the original complaints in the *Khan* Consolidated Actions under the relation back doctrine pursuant to Rule 15(c);

WHEREAS, in consideration of the *Habberfield* Plaintiffs and unnamed putative

class members in the *Habberfield* Action agreeing to forego the Proposed Motion, Defendants agree that any legal arguments and positions the *Habberfield* Plaintiffs and unnamed putative class members in the *Habberfield* Action have with regards to the Proposed Motion (including the ability to file the Proposed Motion at present), relation back of claims to the *Khan* Consolidated Actions, statute of limitations, and length of the class period shall be preserved as of the date of the present stipulation, and Defendants will not rely on the time period between the date of the present stipulation and the filing of the Proposed Motion to oppose such motion, in the event the *Habberfield* Settlement is not consummated or is not granted final approval;

WHEREAS, the *Habberfield* Plaintiffs likewise agree that any legal arguments and positions Defendants have with regards to the Proposed Motion, relation back of claims to the *Khan* Consolidated Actions, statute of limitations, and length of the class period shall be preserved as of the date of the present stipulation, and the *Habberfield* Plaintiffs will not rely on the time period between the date of the present stipulation and the filing of the Proposed Motion to support such motion, in the event the *Habberfield* Settlement is not consummated or is not granted final approval;

WHEREAS, the Parties agree that, in the event of and after the Final Settlement Date (as defined in § 1.14 of the *Khan* Settlement) of the California-only class settlement in the *Khan* Consolidated Actions, the California class claims in those Actions shall be dismissed on the Final Settlement Date (as defined in § 1.14 of the *Khan* Settlement), but the nationwide claims in the *Khan* Consolidated Actions shall not be dismissed as provided by Recital L of the *Khan* Settlement but instead enforcement of Recital L shall be stayed pending the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in § 1.14 of the *Khan* Settlement), so that the *Habberfield* Plaintiffs and unnamed putative class members can file the Proposed Motion in the *Khan* Consolidated Actions, and Defendants can oppose the Proposed Motion, in the unlikely event the anticipated *Habberfield* Settlement is not finally approved, as described above;

WHEREAS, the Parties further agree that if the Court grants final approval of the

*Khan* Settlement, the Parties stipulate that the Court should direct entry of, and certify, final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the claims of the California class members covered by the *Khan* Settlement, as defined in the *Khan* Settlement (*see Khan* Action, D.E. 133-1, Ex. 1), because there is little risk of inconvenience and costs of piecemeal review due to the notable similarity between the *Khan* Settlement and the anticipated *Habberfield* Settlement, delaying the benefits of the California only class members and placing their Settlement in jeopardy for the nationwide class is unjust to the California only class members who are on the precipice of receiving their settlement benefits,[1] and because there is no just reason to delay the finality of the settlement and distribution of benefits under *Khan* Settlement;

NOW THEREFORE, IT IS STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT THAT:

1.     Any legal arguments and positions the *Habberfield* Plaintiffs, unnamed putative class members in the *Habberfield* Action, and Defendants have with regards to the Proposed Motion (including the ability to file the Proposed Motion at present), relation back of claims to the *Khan* Consolidated Actions, statute of limitations, and length of the class period shall be preserved as of the date of the Parties' Stipulation in the event the *Habberfield* Settlement is not consummated or is not granted final approval, and no Party shall rely on the time period between the filing of the Parties' Stipulation and the filing of the Proposed Motion to support or oppose such motion.

2.     For the reasons stated in the recitals above, if the Court grants final approval of the *Khan* Settlement, the Court's final order and judgment shall specify that the Court is entering, and certifying, final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the claims of the California class members covered by the *Khan*

---

[1] Indeed, if an appeal is filed against the *Khan* Settlement after Rule 54(b) certification, the *Habberfield* Settlement (anticipated to be nearly identical to the *Khan* Settlement) could be stayed pending a decision from the Ninth Circuit, which would in turn inform the Parties and Court on how to proceed in the *Habberfield* Action. Rule 54(b) certification would thus conserve resources while avoiding prejudice to the California only class members whose benefits should not be delayed for the nationwide class, as they bargained for and chose to proceed on a California-only basis, in part, to avoid undue delay.

Settlement, as defined in the *Khan* Settlement (*see Khan* Action, D.E. 133-1, Ex. 1)..

3. In the event of and after the Final Settlement Date (as defined in § 1.14 of the *Khan* Settlement) of the *Khan* Settlement, the California class claims in the *Khan* Consolidated Actions shall be dismissed on the Final Settlement Date (as defined in section 1.14 of the *Khan* Settlement), but the nationwide claims in the *Khan* Consolidated Actions shall not be dismissed as provided by Recital L of the *Khan* Settlement, and instead enforcement of Recital L shall be stayed pending the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in § 1.14 of the *Khan* Settlement).[2]

4. In the event of and after final approval of the *Khan* Settlement, the judgment as to the California class in the *Khan* Settlement shall be deemed to be final for all purposes pursuant to Federal Rule of Civil Procedure 54(b).

5. The case numbers and docket in the *Khan* Consolidated Actions shall remain open and pending as to all claims other than those claims resolved by the *Khan* Settlement until the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in § 1.14 of the *Khan* Settlement) and further order of the Court.

6. In the event of and after the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in § 1.14 of the *Khan* Settlement), including exhaustion of any appeals and/or resolution of objections, if any (*see Khan* Settlement § 1.14), the nationwide claims in the *Khan* Consolidated Actions shall be dismissed with prejudice and the *Khan* Consolidated Actions shall be closed.

**SO STIPULATED.**

---

[2] Recital L of the *Khan* Settlement states the following: "Following final approval of the Settlement Agreement, Plaintiffs agree to dismiss the claims filed on behalf of the remaining non-California class members without prejudice."

1 | Dated: November 21, 2022

Respectfully submitted,[3]

ALMADANI LAW

*/s/ Yasin M. Almadani*
Yasin M. Almadani, Esq.


AI LAW, PLC

*/s/ Ahmed Ibrahim*
Ahmed Ibrahim, Esq.

*Attorneys for Plaintiffs Individually and
On Behalf of All Others Similarly Situated*


EVERSHEDS SUTHERLAND (US) LLP

*/s/ Ronald W. Zdrojeski*
Ronald W. Zdrojeski, Esq.

*Attorneys for Defendants*

---

[3] Pursuant to L.R. 5-4.3.4(a)(2), the party filing this document certifies that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing