JS-6

1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FARID KHAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOOHOO.COM USA, INC., a Delaware corporation, BOOHOO.COM UK LIMITED, a United Kingdom private limited company, BOOHOO GROUP PLC, a Jersey public limited company, and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.: CV 20-3332-GW-JEMx**<br><br>Consolidated for Pretrial Purposes with:<br>No. CV 20-4658-GW-JEMx<br>No. CV 20-4659-GW-JEMx<br><br>**<u>CLASS ACTION</u>**<br><br>**FINAL SETTLEMENT ORDER AND JUDGMENT** |

1    IT IS HEREBY ADJUDGED AND DECREED THAT:

2    1.    This Judgment incorporates by reference the definitions in the Class

3    Settlement Agreement and Release dated May 20, 2022 (the "Settlement"), attached

4    hereto as Exhibit A, and all capitalized terms used herein shall have the same

5    meanings as set forth in the Settlement unless set forth differently herein.  The terms

6    of the Settlement are fully incorporated in this Judgment as if set forth fully here.

7    2.    The Court has jurisdiction over the subject matter of this action and all

8    Parties to the action, including all Settlement Class Members who do not timely

9    exclude themselves from one or more of the Classes.  The list of excluded Settlement

10   Class Members was previously filed with the Court and is attached hereto as Exhibit

11   B.

12   3.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby

13   certifies the following Classes:

14       (a)    All individuals in California who made a
     purchase on https://us.boohoo.com or
15   https://www.boohooman.com/us or associated mobile
     phone applications between April 9, 2016 and June 16,
16   2022, excluding any and all past or present officers,
     directors, or employees of Defendants, any judge who
17   presides over this action, and any partner or employee of
     Class Counsel (the "Boohoo Class").
18
         (b)    All individuals in California who made a
19   purchase on https://prettylittlething.us or associated mobile
     phone applications between May 19, 2016 and June 16,
20   2022, excluding any and all past or present officers,
     directors, or employees of Defendants, any judge who
21   presides over this action, and any partner or employee of
     Class Counsel (the "PrettyLittleThing Class").
22
         (c)    All individuals in California who made a
23   purchase on https://nastygal.com or associated mobile
     phone applications between March 1, 2017 and June 16,
24   2022, excluding any and all past or present officers,
     directors, or employees of Defendants, any judge who
25   presides over this action, and any partner or employee of
     Class Counsel (the "Nasty Gal Class").
26
27   4.    Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or

28   entities who satisfy the Class definition above, except those Settlement Class

Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

5.    For settlement purposes only, the Court finds:

(a)    Pursuant to Federal Rule of Civil Procedure 23(a), Farid Khan is a member of the Boohoo Class, his claims are typical of the Boohoo Class, and he fairly and adequately protected the interests of the Boohoo Class throughout the proceedings in the *Khan* Action.  Accordingly, the Court hereby appoints Farid Khan as the class representative of the Boohoo Class;

(b)    Pursuant to Federal Rule of Civil Procedure 23(a), Haya Hilton is a member of the PrettyLittleThing Class, her claims are typical of the PrettyLittleThing Class, and she fairly and adequately protected the interests of the PrettyLittleThing Class throughout the proceedings in the *Hilton* Action. Accordingly, the Court hereby appoints Haya Hilton as the class representative of the PrettyLittleThing Class;

(c)    Pursuant to Federal Rule of Civil Procedure 23(a), Olivia Lee is a member of the Nasty Gal Class, her claims are typical of the Nasty Gal Class, and she fairly and adequately protected the interests of the Nasty Gal Class throughout the proceedings in the *Lee* Action.  Accordingly, the Court hereby appoints Olivia Lee as the class representative of the Nasty Gal Class;

(d)    The Classes meet all the requirements of Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) for certification of the class claims alleged in the operative complaints in the Actions (i.e., the *Khan* Action, *Hilton* Action, and *Lee* Action), including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among each of the Classes for purposes of settlement; and (f) superiority; and

(e)    Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately

1  represented the Classes for purposes of entering into and implementing the

2  Settlement.  Accordingly, the Court hereby appoints Class Counsel as counsel to

3  represent the Settlement Class Members.

4       6.      Persons who filed timely exclusion requests are not bound by this

5  Judgment or the terms of the Settlement and may pursue their own individual

6  remedies against Defendants Boohoo Group PLC, Boohoo.com USA, Inc.,

7  Boohoo.com UK Limited, PrettyLittleThing.com USA, Inc., PrettyLittleThing.com

8  Limited, NastyGal.com USA, Inc., and Nasty Gal Limited (collectively,

9  "Defendants").  However, such excluded parties are not entitled to any rights or

10 benefits provided to Settlement Class Members by the terms of the Settlement.  The

11 list of persons and entities excluded from one or more of the Classes because they

12 filed timely and valid requests for exclusion is attached hereto as Exhibit B.

13      7.      The Court directed that notice be given to Settlement Class Members by

14 publication, e-mail, mail, and other means pursuant to the notice program proposed

15 by the Parties in the Settlement and approved by the Court.  The declaration from

16 Kurtzman Carson Consulting (KCC) attesting to the dissemination of notice to the

17 Classes demonstrates compliance with this Court's Order Granting Preliminary

18 Approval of Class Settlement.  The notice program set forth in the Settlement

19 successfully advised Settlement Class Members of the terms of the Settlement, the

20 Final Approval Hearing (referred to in the Settlement as the "Fairness Hearing"), and

21 their right to appear at such hearing; their rights to remain in or opt out of one or more

22 of the Classes and to object to the Settlement; the procedures for exercising such

23 rights; and the binding effect of this Judgment, whether favorable or unfavorable, to

24 the Classes.

25      8.      The distribution of notice to the Classes constituted the best notice

26 practicable under the circumstances, and fully satisfied the requirements of Federal

27 Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and

28 any other applicable law.

9.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the Settlement proposed by the Parties is fair, reasonable, and adequate.  The terms and provisions of the Settlement are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator and former United States district judge, the Honorable Irma E. Gonzalez (Ret.).  No objection to the Settlement (timely or otherwise) has been filed.  Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

10.      Upon entry of this Final Settlement Order and Judgment, the named Plaintiffs, and each Settlement Class Member other than those listed on Exhibit B, shall be deemed to have fully, finally, and forever released and discharged all Class Released Claims against all Released Parties, as defined in the Settlement.

11.      All Settlement Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Settlement.

12.      Plaintiffs initiated the Actions, acted to protect the Classes, and assisted their counsel.  Their efforts have produced the Settlement entered into in good faith that provides a fair, reasonable, adequate, and certain result for the Classes.  Plaintiff Farid Khan is entitled to an incentive award of $5,000.  Plaintiff Haya Hilton is entitled to an incentive award of $5,000.  Plaintiff Olivia Lee is entitled to an incentive award of $5,000.  Class Counsel is entitled to reasonable attorneys' fees, which the Court finds to be $4,506,486, and costs in the amount of $243,514. Claims administrator Kurtzman Carson Consultants, LLC is entitled to $350,000 for settlement administration costs.

13.      The Court hereby dismisses with prejudice the claims of the Settlement Class Members in the Actions (which are only the claims asserted by California class members) and the Released Parties are hereby released from all further liability for

the Released Claims. The claims filed on behalf of the remaining non-California class shall be addressed consistent with the Court's November 22, 2022 order regarding (1) preservation of legal arguments and positions, and (2) entry and certification of final judgment under Rule 54(b). (Docket No. 197.) Accordingly, the claims of the remaining non-California class shall not be dismissed as provided by Recital L of the Settlement but instead enforcement of Recital L shall be stayed pending the Final Settlement Date of the anticipated *Habberfield* Settlement (consistent with how it is defined in § 1.14 of the Settlement). The case numbers and docket in the Actions shall remain open and pending as to all claims, other than those resolved by the Settlement, pursuant to the terms of the Court's November 22, 2022 order. (*See* Docket No. 197.)

14.    Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

15.    The Court hereby enters and certifies final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to the claims of the Settlement Class Members in the Actions as defined by the Settlement because there is no just reason to delay the finality of the Settlement and distribution of benefits under the Settlement for the reasons stated in the Parties' Stipulation dated November 21, 2022 (Docket No. 196), which the Court adopts herein by this reference. Thus, this Judgment as to the Settlement Class Members in the Actions shall be deemed to be final for all purposes pursuant to Federal Rule of Civil Procedure 54(b). The clerk is hereby directed to enter this Judgment forthwith.

/ / /

/ / /

/ / /

/ / /

/ / /

16.     The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Settlement that are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Settlement.


IT IS SO ORDERED.


Dated:  December 20, 2022

_____
Hon. George H. Wu
United States District Judge